UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Baila Sebrow<br><br>　　　　Defendant | Case No. 2:21-cv-20706<br>Declaration of Daniel S. Szalkiewicz, Esq. |

DANIEL S. SZALKIEWICZ declares as follows:

1. I am a partner at the law firm of Daniel Szalkiewicz & Associates, P.C., attorneys for the defendant in the above captioned action. I submit this declaration in support of Plaintiff's motion to restore this matter pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b).

2. This action was commenced by the filing of a Complaint on December 23, 2021 (**DE 1**). Immediately after filing the action, on December 29, 2021, I personally sent Defendant Baila Sebrow ("Sebrow") a true and correct copy of the Summons and Complaint, a Notice of a Lawsuit and Request to Waive Service of a Summons and two copies of a Waiver of the Service of Summons, and a prepaid USPS Priority Mail Envelope to her address.

3. On February 8, 2022, I uploaded a Certificate of Service (**DE 3**). Defendant Sebrow did not return the waiver of service form within the statutory period.

4. On February 8, 2022, I sent a copy of the complaint to our process server so that Defendant Sebrow could be personally served (a copy of the email is annexed hereto as Exhibit 1). Upon the request of my process server, I then a hard copy of the complaint.

5. The process server made several attempts to serve the Defendant. In fact, during one occasion, upon information and belief, the process server spoke with Defendant who told

1

him that "Baila" did not live there.  The process server did not serve the individual because he noticed that a package on the steps was addressed to "Betty".  Betty is a name the Defendant uses.

6. Service was completed on April 27, 2022 via nail and mail. A copy of the affidavit of service and field notes are annexed hereto as Exhibit 2.

7. Plaintiff submits this motion to reopen the matter pursuant to FRCP 60b based on excusable neglect.  "In determining whether Plaintiff is entitled to relief from dismissal for "excusable neglect," the Court considers the totality of the circumstances, including "the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." (Choi v Costco Wholesale Corp., 2020 US Dist LEXIS 181970, at *4-5 [DNJ Oct. 1, 2020, No. 2:19-cv-17916-WJM-MF]).

8. As in Costco, this case is in the nascent stage, Defendant not having answered. Plaintiff had attempted to diligently serve Defendant, first by FRCP 4(c)(1) and then personally. Plaintiff never intended to abandon this action.  While our office received the notice of call uploaded onto the docket on May 9, 2022, on May 18, 2022, I received notice that my daughter's school was closed because of Covid until May 24, 2022 and I was required to stay home with her (Exhibit 3).  While I made several appearances, they were significantly limited. The response date was inadvertently missed and the matter was dismissed.

9. Should the matter remain dismissed, Plaintiff will not be able to litigate his claims because the statute of limitations would expire.  Plaintiff would face extreme prejudice. Conversely, given the several-week delay, Defendant would face no prejudice.

10. Defendant has engaged in a four-year course of harassment against Plaintiff through the sending of anonymous text messages and the creation of defamatory websites.

11. It is important to note that besides being made aware of the lawsuit via both personal service and service by USPS mail, on December 24, 2021, a copy of the Complaint was emailed to the attorney representing Defendant in a domestic violence case filed by Plaintiff (Exhibit 4).  Defendant has actively chosen not to participate in this matter, and it is respectfully requested that the matter be restored.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
June 16, 2022

*/s/Daniel Szalkiewicz, Esq.*
Daniel S. Szalkiewicz