UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

John Doe.

        Plaintiff,

  v.

Baila Sebrow

        Defendant

Case No. 2:21-cv-20706

BRIEF OF THE PLAINTIFF IN SUPPORT OF THE MOTION TO
REINSTATE THE COMPLAINT

        Daniel Szalkiewicz, Esq.
        Daniel Szalkiewicz & Associates, PC
        23 West 73rd Street, Suite 102
        New York, NY 10023
        (212) 706-1007
        daniel@lawdss.com
        *Attorneys for Plaintiff*

LEGAL ARGUMENT

POINT I

THE CASE SHOULD BE REINSTATED AND ALLOWED TO PROCEED ON IS MERITS

This matter was dismissed because of inactivity on the docket for more than 90 days. Although the Defendant received notice of this action on December 24, 2021, she failed to participate in the matter. Service of Defendant was completed on April 27, 2022, 10 days prior to the notice of call being uploaded on the docket.

Federal Rule of Civil Procedure ("FRCP") 60(b)(1) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."

When looking at excusable neglect, "the Court considers the totality of the circumstances, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. (*Choi v Costco Wholesale Corp.*, 2020 US Dist LEXIS 181970, at *4-5 [DNJ Oct. 1, 2020, No. 2:19-cv-17916-WJM-MF]). Plaintiff's inactivity was inadvertent, and Plaintiff has not abandoned this matter. Plaintiff attempted for 4 months to serve Defendant and missed the appearance based on a calendaring error.

Additionally, there is a strong public policy for cases to be decided on the merits. In this case, given that the statute of limitations has expired, Plaintiff will have no other remedy and be unable to refile this matter. Defendant faces no prejudice as she has refused to participate in this action after receiving multiple notices. The Plaintiff is also currently engaged in a domestic violence action in state court against the Defendant based on her actions.

## CONCLUSION

For all the foregoing reasons, the Plaintiff respectfully requests that the prior Rule 41.1 dismissal be vacated, and the case reinstated.

Dated: New York, New York
       June 16, 2022

                                            */s/Daniel Szalkiewicz, Esq.*
                                            Daniel S. Szalkiewicz