UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>    Plaintiff,<br><br>v.<br><br>Baila Sebrow<br><br>    Defendant | Case No. 2:21-cv-20706<br><br>**Declaration of Daniel S. Szalkiewicz, Esq.** |

DANIEL S. SZALKIEWICZ declares as follows:

1.  I am a partner at the law firm of Daniel Szalkiewicz & Associates, P.C., attorneys for the defendant in the above captioned action. I submit this declaration in support of Plaintiff's motion for expenses incurred in making service and reasonable expenses for making this motion pursuant to Federal Rule of Civil Procedure ("FRCP") 4(d)(2).

2.  This action was commenced by the filing of a Complaint on December 23, 2021 (**DE 1**). A Summons was issued on December 28, 2021 (**DE 2**).

3.  The following day, on December 29, 2021, pursuant to FRCP 4(d)(1), I personally sent to Defendant Baila Sebrow ("Sebrow" or "Defendant") a true and correct copy of the Summons and Complaint, a Notice of a Lawsuit and Request to Waive Service of a Summons and two copies of a Waiver of the Service of Summons, and a prepaid USPS Priority Mail envelope.

4.  The papers served upon Defendant at her home address contained the name of the court where the Complaint was filed. The attached Notice of a Lawsuit and Request to Waive Service of a Summons and Waivers warned Defendant of the consequences of waiving and not waiving service and stated the date when the request was sent: December 28, 2021. Defendant

1

was further apprised that to avoid expenses, the enclosed waiver must be returned within 30 days from December 28, 2021.

5. A true and correct copy of the Notice of a Lawsuit and Request to Waive Service of a Summons, Summons in a Civil Case, and Waiver of the Service of Summons is annexed hereto as **Exhibit 1**.

6. Tracking information for the envelope sent to Defendant shows the envelope as being delivered in/at the mailbox at 9:04 on December 31, 2021. A true and correct copy of the tracking information is annexed hereto as **Exhibit 2**.

7. A reasonable amount of time – 189 days – has passed without Defendant returning the waiver.

8. Accordingly, our office retained Elite Legal Services of NY Inc. to serve Defendant (a true and correct copy of the receipt for said services is annexed hereto as **Exhibit 3**.

9. On April 27, 2022, a true copy of the Summons and Complaint and Demand for Jury Duty in a Civil Action was affixed to Defendant's door; the same documents were sent to Defendant in an envelope marked "Personal & Confidential" on May 2, 2022 (**DE 8**).

10. Accordingly, pursuant to FRCP 4(d)(2), because Defendant, who is located within the United States, has, without good cause, failed to sign and return the requested waiver to Plaintiff, who is also located within the United States, the Court must impose on Defendant the expenses incurred in making service as well as reasonable expenses, including attorney's fees, of any motion required to collect service expenses.

11. "The costs of enforcing the cost-shifting provision are themselves recoverable from a defendant who fails to return the waiver. In the absence of such a provision, the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in

relation to the small benefit secured by the plaintiff" (*Mercedes-Benz Fin. Servs. USA LLC v Chandler*, 2020 US Dist LEXIS 118230, at *13 [DNJ July 2, 2020, No. 19-cv-15716-ES-ESK]).

12. Our office maintains billing records through Clio's Legal Timekeeping & Expense Tracking Software and the attorneys in my office input our time on a daily basis. For the instant matter, a reasonable rate based on our skill and expertise is $450 an hour. Using Clio, our firm entered the time expended for our services on a daily basis. A true and correct copy of the time spent on the making of this motion (including proposed time) is annexed hereto as **Exhibit 4**.

13. In total, our firm has devoted an estimated 2.7 hours to this matter, entitling Plaintiff to fees in the amount of $1,215 and costs in the amount of $85.15, as reflected in the invoices annexed hereto as **Exhibit 5.** Plaintiff requests the ability to supplement our billing and total hours spent on the case should further briefing or oral arguments be necessary.

14. I have been admitted to practice in New York and New Jersey since 2010. My partner, Cali Madia, has been admitted to practice in New York and Florida since 2013 and 2014, respectively. We both regularly participate in CLE courses, have been named Rising Stars in "Super Lawyer" magazine, and provide all our clients with personalized skill and attention.

15. The rates charged by each attorney were the customary and normal rates charged to other clients at the times each of the services were performed. Because our billing rates are based on market conditions, it is my belief that the rates charged by us reflected rates for similarly qualified attorneys in New York, Florida, and New Jersey.

16. Had we not been representing Plaintiff in this matter, our attorneys would have been fully utilized on other billable client work

17. No prior application for the relief requested herein has been made.

WHEREFORE, the instant motion should be granted in its entirety.

Dated: New York, New York
July 7, 2022

> */s/Daniel Szalkiewicz, Esq.*
> Daniel S. Szalkiewicz

4