| | | |
|---|---|---|
| Daniel Szalkiewicz & Associates | 23 West 73rd Street<br>Suite 102<br>New York, NY 10023 | T: (212) 706-1007<br>F: (646) 849-0033<br>lawdss.com |

December 9, 2022

**ORDER**

<u>Via CEF</u>
United States Magistrate Judge Edward S. Kiel
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

*Re:*  *John Doe v. Baila Sebrow*
*United States District Court, District of New Jersey*
*Case No.: 2:21-cv-20706*

Dear Magistrate Kiel,

  We represent the plaintiff in the above-referenced matter.  Please accept this letter in accordance with the Court's Civil Case Management Order, the Court's Order dated November 10, 2022 (**DE 18**), and Local Rules 16.1 and 37.1.  Pursuant to the terms of DE 18, defendant Baila Sebrow ("Defendant") was ordered to provide her Rule 26.1 initial disclosures by November 12, 2022.  She has not[1].  On November 21, 2022, Defendant was also served with a notice of deposition requiring her appearance this morning.

  Plaintiff has acted in good faith to attempt to obtain the documents.  On November 11, 2022, I sent Defendant's counsel a copy of the November 10 Order (**Exhibit 1**).  On November 21, 2022, I sent Mr. Heller an email requesting in good faith we meet and confirm regarding ESI discovery and that he provides us with the Defendant's initial disclosures (**Exhibit 2**).  On November 23, 2022, I had an extensive telephone call with Defendant's attorney wherein I stressed, once again, the importance that Ms. Sebrow comply with discovery and turn over the initial disclosures.  During that call, Mr. Heller did inform me that he was not available for the December 9, 2022 deposition date and that he would send me additional dates.  However, he has not.  Finally, on December 5, 2022, I once again sent Mr. Heller a letter requesting his client's compliance, informing him that if we did not receive responses by December 7, 2022, we would be seeking court intervention (**Exhibit 3**).  This letter follows.

  Defendant's lack of cooperation and participation in this matter is well documented.  Defendant was served with a copy of the complaint on December 31, 2021 by priority mail and then personally served on April 27, 2022.  Defendant failed to answer, and a clerk's fault was entered.  Defendant requested Plaintiff vacate the default and he consented.  It was not until October 3, 2022 that she filed her answer.  On November 1, 2022, our office sent Defendant's counsel a copy of this court's letter order (DE 14), and despite this, Defendant failed to appear at the November 10, 2022, conference.  Now, the Defendant again is disregarding this Court's order.

---

[1] Defendant has failed to comply with any of the other deadlines contained within the November 10, 2022; however, the failure to provide initial disclosures and meet and confer for an e-discovery conference are the inactions that affirmatively impact plaintiff's ability to litigate this matter.

Daniel Szalkiewicz & Associates, P.C.

DS & A

December 9, 2022
Page 2

---

      Defendant harassed my client and his family for three years through text messages and the publication of false websites. Despite mountains of evidence to the contrary, in her counterclaim, Defendant has made very serious, false, and damaging allegations against my client. It has become apparent that Defendant intends to use this litigation as another venue to spew falsities in an attempt to publicly ruin my client's reputation.

      While I know that there is a pending settlement conference on December 21, 2022, the plaintiff still needs to prepare for this matter which has become difficult considering Defendant's nonfeasance.

      We request the ability to file a motion to compel and/or for sanctions. Thank you in advance.

Very Truly Yours,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.

By: Daniel S. Szalkiewicz, Esq.
*daniel@lawdss.com*

**As to this letter (ECF No. 20), defendant is ORDERED to serve the information required under Federal Rule of Civil Procedure 26(a)(1) by THURSDAY, DECEMBER 15, 2022. Counsel and their clients are reminded to review and abide by the order filed on November 10, 2022 (ECF No. 18), and that their collective attendance at the in-person settlement conference set for December 21, 2022 at 1:30 p.m. is MANDATORY. So Ordered.**

    **_/s/ Edward S. Kiel_**
**Edward S. Kiel, U.S.M.J.**
**Date: December 12, 2022**