UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>Plaintiff,<br><br>v.<br><br>Baila Sebrow<br><br>Defendant. | Case No. 2:21-cv-20706 |

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT BAILA SEBROW'S ANSWER, ENTER A DEFAULT, AND SET THIS MATTER DOWN FOR AN INQUEST

Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, PC
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com
*Attorneys for Plaintiff*

# TABLE OF CONTENTS


**PRELIMINARY STATEMENT & FACTUAL BACKGROUND ........................................4**

**ARGUMENT**
**DEFENDANT'S ANSWER SHOULD BE STRUCK AND A DEFAULT ENTERED ..........6**

1. **The extent of the party's personal responsibility ..........................................................6**
2. **Prejudice to Plaintiff ..........................................................................................7**
3. **History of Dilatoriness ..........................................................................................7**
4. **Willfulness or Bad Faith ..........................................................................................8**
5. **Alternative Sanctions ..........................................................................................8**
6. **Meritoriousness of the Claim ..........................................................................................9**

## TABLE OF AUTHORITIES

**Cases**

Comsat, Inc. v. Pentagon Performance, Inc., Civil Action No. 17-12132 (SDW) (LDW), 2019 U.S. Dist. LEXIS 97242, at *6 (D.N.J. Jan. 22, 2019) ........ 8

Mylifestyle Access., LLC v. Valor Fractal, LLC, Civil Action No. 20-13697 (SDW) (AME), 2022 U.S. Dist. LEXIS 208205, at *5 (D.N.J. Nov. 16, 2022) ........ 6

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984) ........ 6, 7

Ramada Worldwide, Inc. v. Veer Enters., LLC, Civil Action No. 10-6480 ES-SCM, 2013 U.S. Dist. LEXIS 46099, at *9 (D.N.J. Mar. 28, 2013) ........ 7, 8

Roman v. City of Reading, 121 F. App'x 955, 959 (3d Cir. 2005) ........ 7

Schindler Elevator Corp. v. Otis Elevator Co., Civil Action No. 09-cv-0560 (DMC), 2011 U.S. Dist. LEXIS 116883, at *18 (D.N.J. Mar. 24, 2011) ........ 6

Solomon v. Atl. City Hilton Casino & Resort, No. 10-5701 (NLH/AMD), 2013 U.S. Dist. LEXIS 65709, at *10-11 (D.N.J. Apr. 8, 2013) ........ 7

**Statutes**

FRCP 37(b)(2)(A)(iii) ........ 6

Plaintiff-Counter-Defendant John Doe ("Plaintiff"), by his attorneys, Daniel Szalkiewicz & Associates, P.C., respectfully submits this Memorandum of Law in support of Plaintiff's Motion to Strike the Answer of defendant Baila Sebrow ("Defendant" or "Sebrow"), enter a default judgment, and set this matter down for an inquest pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT & FACTUAL BACKGROUND

Defendant Sebrow has failed to meaningfully participate in this litigation and continuously violates every court order issued.

This action was commenced by the filing of a Complaint on December 23, 2021 (**DE 1**). On December 24, 2021, a copy of the Complaint was emailed to Ira Heller, Defendant Sebrow's attorney. A Summons was issued on December 28, 2021 (**DE 2**). The following day, on December 29, 2021, pursuant to FRCP 4(d)(1) Defendant Sebrow was served a true and correct copy of the Summons and Complaint, a Notice of a Lawsuit and Request to Waive Service of a Summons and two copies of a Waiver of the Service of Summons, and a prepaid USPS Priority Mail envelope.

After failing to acknowledge service, on April 27, 2022, Defendant Sebrow was served with a copy of the summons and complaint (**DE 8**). A clerk's default was issued, and after several requests for an extension, on October 13, 2022, Defendant filed an answer with counterclaims (**DE 13**). To date, this has been Defendant's only meaningful involvement in the litigation.

On October 19, 2022, the court entered a letter order scheduling an initial conference for November 10, 2022, and required the parties to "immediately" exchange the early discovery

requirements of FRCP 26 (**DE 14**). On November 1, 2022, Plaintiff emailed the defendant's counsel a copy of the order.

On November 10, 2022, the Court issued an order requiring the parties to exchange the information required under Rule 26(a)(1) by November 12, 2022 (**DE 18**). On November 11, 2022, Plaintiff again sent a courtesy copy of the order by email to Defendant's counsel.

On November 21, 2022, Defendant was served with a Notice of Deposition of Baila Sebrow, Plaintiff's First Request for the Production of Documents, and Plaintiff's First Set of Interrogatories. The deposition was to take place on December 9, 2022. Responses to the document request and interrogatories were due December 21, 2022. To date, these demands have gone unanswered.

On November 21, 2022, Plaintiff emailed Defendant a request to receive the initial disclosure. A second good faith letter was sent on December 5, 2022. On December 12, 2022, this court issued an order requiring Defendant to provide her Rule 26(a)(1) disclosures by December 15, 2022 (**DE 21**). After the disclosures were not received, a copy of the order was emailed to counsel on December 16, 2022. That same day Defendant emailed the court a letter but failed to provide her initial disclosures.

On December 19, 2022, Plaintiff sent the court and opposing counsel a letter detailing how Defendant had failed to comply with the orders and requested the ability to raise the issue at the December 21, 2022, settlement conference. After the conference, the court issued an order permitting Plaintiff to file the instant application (**DE 23**).

On December 21, 2022, Plaintiff stated he would not file the instant motion if responses were received by December 23, 2022 (see Exhibit 1). Despite two follow-up telephone calls, Defendant has still not complied with the orders. This instant motion follows.

**ARGUMENT**

**DEFENDANT'S ANSWER SHOULD BE STRUCK AND A DEFAULT ENTERED**

Pursuant to FRCP 37(b)(2)(A)(iii), a court may strike a party's pleadings for failure to obey a discovery order. "In deciding whether to impose this or related sanctions which deprive a party of the right to proceed with or defend against a claim, a district court must consider six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
> Mylifestyle Access., LLC v. Valor Fractal, LLC, Civil Action No. 20-13697 (SDW) (AME), 2022 U.S. Dist. LEXIS 208205, at *5 (D.N.J. Nov. 16, 2022) citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

Looking at each of the factors found in Poulis striking is an appropriate sanction.

1. **The extent of the party's personal responsibility**

"In determining whether dismissal is appropriate, the court looks to whether the party bears personal responsibility for the action or inaction leading to the dismissal. A finding that a party, and not solely its counsel, is responsible for a discovery violation will weigh in favor of default or dismissal." Schindler Elevator Corp. v. Otis Elevator Co., Civil Action No. 09-cv-0560 (DMC), 2011 U.S. Dist. LEXIS 116883, at *18 (D.N.J. Mar. 24, 2011)(internal brackets and citations omitted).

While Defendant Sebrow has only appeared in this action through counsel, up until October 13, 2022, she has chosen to actively ignore the lawsuit. She received a copy of the complaint by mail on December 31, 2021 (**DE 6**), was served on April 27, 2022 (**DE 8**) and was also served with a copy of Plaintiff's motion to restore (**DE** 6) and Plaintiff's motion for fees

relating to service (**DE 11**). After receiving each of these documents, Defendant did not appear or attempt to participate.

**2. Prejudice to Plaintiff**

Prejudice is defined as "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Roman v. City of Reading, 121 F. App'x 955, 959 (3d Cir. 2005). "Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." Solomon v. Atl. City Hilton Casino & Resort, No. 10-5701 (NLH/AMD), 2013 U.S. Dist. LEXIS 65709, at *10-11 (D.N.J. Apr. 8, 2013).

Plaintiff is clearly prejudiced by Defendant's utter disregard for each and every court order. Each time Defendant defaults, Plaintiff is forced to make a motion to attempt to receive even the most basic of disclosures.

**3. History of Dilatoriness**

Little needs to be said about Defendant's history of dilatoriness. As the court wrote in Polaris "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation . . . . A history . . . of ignoring these time limits is intolerable." Ramada Worldwide, Inc. v. Veer Enters., LLC, Civil Action No. 10-6480 ES-SCM, 2013 U.S. Dist. LEXIS 46099, at *9 (D.N.J. Mar. 28, 2013) citing Polaris, supra.

The court orders were uploaded on the docket and Plaintiff emailed the same orders to Defendant to encourage some sort of participation. Plaintiff's efforts failed.

**4. Willfulness or Bad Faith**

Court's have found willfulness and bad faith where "no excuse [had] been proffered for the excessive procrastination" or "where motions and orders were sent to a litigant at his home address, but he failed to respond." Ramada, supra.

In this case, it appears Defendant's lack of participation has a more nefarious motive. Defendant engaged in a three-year course of defamation and harassment towards Plaintiff. Retaliating for Plaintiff finally defending himself and initiating this action, Defendant continued her harassment by filing a frivolous, unsubstantiated counterclaim. Defendant has no proof and evidence to support her fabricated allegations so she has chosen to simply ignore this court proceeding in its entirety, doing the bare minimum to ensure she did not default by merely entering an answer.

**5. Alternative Sanctions**

A court must also consider "alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default." Comsat, Inc. v. Pentagon Performance, Inc., Civil Action No. 17-12132 (SDW) (LDW), 2019 U.S. Dist. LEXIS 97242, at *6 (D.N.J. Jan. 22, 2019). As in Comsat, it is apparent that alternative sanctions would be futile. Defendant has already been admonished twice. Even after Plaintiff was given permission by the court to file this instant motion, and Plaintiff agreed to hold it in obeyance should Defendant choose to serve her initial disclosures, she did not. "No lesser sanction than striking defendant's pleading and entering default would be effective." Comsat, Inc., supra.

**6. Meritoriousness of the Claim**

The final consideration is the merit of Plaintiff's claim. Plaintiff has already outlined his case in the confidential settlement memorandum submitted to this court. Additionally, Plaintiff has shown the level of harassment he endured in his motion to dismiss Defendant's counterclaims (**DE 15**). Without any meaningful participation by Defendant, Plaintiff's allegations are uncontroverted.

**CONCLUSION**

Whereas, the Defendant's answer should be struck, a default entered, and this matter set down for an inquest on damages, together with such further and other relief this court deems just and proper.

Dated: December 27, 2022
New York, New York

*Daniel S. Szalkiewicz, Esq.*
Daniel S. Szalkiewicz, Esq.