UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------X

JOHN DOE,                                           Case No.: 2:21-cv-20706

Plaintiff,

vs.                                                 DEFENDANT'S RULE 26(a)(1) INITIAL
                                                    DISCLOSURES

BAILA SEBROW

Defendant.
-----------------------------------------------------X

      Pursuant to Federal Rules of Civil Procedure 26(a)(1) and Local Rule 4, Defendant, by and through its undersigned attorneys, hereby makes the following required disclosures. The following initial disclosures are based on information reasonably available to them at this time. Continuing investigation and discovery may alter these disclosures and, accordingly, Defendant expressly reserves his right to amend and/or supplement this document, including as provided by Federal Rules of Civil Procedure 26(e).

      The Defendant objects to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of New Jersey, or other applicable law, rule or order. By providing these initial disclosures, the Defendant does not represent that it is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without the Defendant in any way waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by the Defendant regarding any matter. Each and every disclosure set forth below is subject to the above qualifications any limitations.

**DISCLOSURES**

I.    The name and, if known, the address and telephone number of each individual likely to have discoverable information —along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

**Parties**

1

Plaintiff, John Doe, has yet to be identified
c/o Daniel Szalkiewicz & Associates, P.C.
23 W. 73rd Street, Suite 102
New York, New York 10023
212-706-1007

Plaintiff is likely to have discoverable information regarding the allegations against the Defendant in this case.

Defendant, identified by Plaintiff as Baila Sebrow
c/o Ira Heller, Esq.
1317 Morris Avenue, 2nd Floor
Union, New Jersey 07083
908-275-8626
iwhelleresq@gmail.com

Defendant may likely to have discoverable information regarding the allegations made by the Plaintiff in this case, if and when he is properly identified.

**Third Party Witnesses**

Plaintiff's attorney, Daniel S. Szalkiewicz, is currently in the process of providing expert testimony the Trial Court of the Superior Court of New Jersey, Chancery Division, Family Part, Docket Nos.: *Docket # FV-07-265-22 and Docket # FV-07-487-22*
Now acting as his attorney in this case
23 W. 73rd Street, Suite 102
New York, NY 10023
212-706-1007.

Upon information and belief, Plaintiff's attorney attorney, Daniel S. Szalkiewicz, is also playing an active role in the Trial Court in the Supreme Court of New York, Nassau County, index No.: 611315/2021

Parties
Gabriel Solomon, Michael Kogan, Tanya Kogan and MBTA Management LLC
c/o Lloyd M. Eisenberg, Esq.
405 RXR Plaza
Uniondale, New York 11556
516-221-3700

Defendants in the above cited case were discovered to have committed the postings of which the Defendant in this matter accused Baila Sebrow, continues to accuse the Defendant, notwithstanding the revelations of who was responsible for the postings.

Spoofcard

Mark Del Bianco, Esq.
mark@markdelbianco.com

Spoofing services were used in the name of the Defendant, which Plaintiff seeks to connect to Defendant to allegations based upon circumstantial evidence.

**I.   Copies of documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following comprises the enumerated documents, data compilations, and other tangible things in the possession, control or custody of the Defendants to which the Defendant may use to supports its claims or defenses in the instant action:

- Copies of the lawsuit filed by Plaintiff against Michael Kogan and Tanya Kogan, whom Daniel S. Szalkiewicz, Esq., Plaintiff's attorney and expert witness in Nassau County matter found to have created websites created concerning Plaintiff and any evidence submitted therein to support the fact that they were the actual perpetrators of the allegations now leveled against the Defendant in this matter;
- Copies of a police report filed by Defendant against Plaintiff;
- Copies of text messages exchanged between Defendant and Plaintiff;
- Copies of WhatsApp messages exchanged between Defendant and Plaintiff:
- Copies of e-mails exchanged between Defendant and Plaintiff;
- Copies of subpoena issued to and information received from Wild West Domains;
- Copies of subpoena issued to and information received from Twitter;
- Copies of subpoena issued to and information received from Spoofcard;
- Copies of subpoena issued to and information received from Instagram;
- Copies of subpoena issued to and information received from GoDaddy;
- Copies of subpoena issued to and information received by AT&T;
- Copies of subpoena issued to and information received by Chase Bank.

Copies of these materials may be made at the office of Ira Heller, Esq., Ira Heller Law, LLC located at 1317 Morris Avenue, on the 2nd Floor, in Union, New Jersey 07083

There may be additional documents whose relevance becomes known to the Defendant during discovery or trial. The Defendant therefore reserves the right to amend or supplement these disclosures if and as appropriate, and further reserves the right to rely on any document identified by Plaintiff or produced in this case by any party or any third parties.

**II.   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 to the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendant has not yet fully computed its monetary damages, nor can it be done at this point. Defendant reserves the right to supplement this disclosure, and to make all documents and evidentiary material associated with such supplementation available to Plaintiff for inspection and copying pursuant to Rule 34, as discovery commences.

However, without prejudice, Defendant asserts:
   a. Damages to Defendant's professional reputation as result of the Plaintiff's actions and lost business opportunities as a result thereof;
   b. Damages to personal reputation with friends, family, and her religious community as a result of the Plaintiff's actions;
   c. Mental anguish resulting from the Plaintiff's actions. Further, mental anguish continues as a result of being forced to defend against multiple lawsuits filed by Plaintiff in various forums:
   d. Financial damages incurred in defending this matter;
   e. Punitive damages as a result of the Plaintiff's actions.
   f. The sum total of the aforementioned estimated in Counterclaim to be $10,000,000.

**IV. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant is not aware of any such insurance agreements.

Defendant reserves the right to supplement these responses up to and including the time of trial.

Dated: January 3, 2023

> IRA HELLER LAW, LLC
> Ira W. Heller, Esq.
> 1317 Morris Avenue
> Union, New Jersey 07083
> 908-275-8626
> iwhelleresq@gmail.com
>
> _____
> Ira W. Heller, Esq.