| | |
|---|---|
| Daniel S. Szalkiewicz, Esq. (DS2323) <br> DANIEL SZALKIEWICZ & <br> ASSOCIATES, P.C. <br> 23 West 73rd Street, Suite 102 <br> New York, New York 10023 | Abraham Borenstein <br> BORENSTEIN, MCCONNELL <br> & CALPIN, P.C. <br> 155 Morris Avenue, Suite 201 <br> Springfield, NJ 07081 |

Attorneys for the Plaintiff John Doe

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| John Doe <br><br>        Plaintiff, <br><br>   v. <br><br> Baila Sebrow <br><br>        Defendant | Case No. 2:21-cv-20706-SDW-ESK |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF HIS MOTION TO PROCEED UNDER PSEUDONYM**

**Table of Contents**

**PRELIMINARY STATEMENT** ................................................................................................ **4**

**FACTUAL BACKGROUND** ..................................................................................................... **5**

**ARGUMENT** ................................................................................................................................ **7**

**Table of Authorities**

**Cases**
Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 551 (D.N.J. 2006) .................................. 10

Doe v. Megless, 654 F.3d 404 (3d Cir. 2011) .............................................................. 7, 8, 9, 10

Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) ...................................................................... 7

Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997) ........................... 8

Doe v. Trishul Consultancy, LLC, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) ......................................................................................................................... 9

United States v. Janssen Therapeutics, 795 F. App'x 142, 144–45 (3d Cir. 2019) ...................... 8

**Statutes**
Federal Rule of Civil Procedure ("FRCP") 10(a) ......................................................................... 7

Plaintiff John Doe, by and through his attorneys, Daniel Szalkiewicz & Associates, P.C. and Borenstein, McConnell & Calpin, P.C respectfully submits this memorandum of law in support of his application for leave to proceed under a pseudonym in this matter.

## **PRELIMINARY STATEMENT**

Plaintiff brings this action after years of harassment by the defendant, Baila Sebrow ("Sebrow" or "Defendant"). Sebrow's conduct is the basis of a domestic violence case currently pending in the New Jersey Superior Court. The complaint details the numerous allegations of harassment that were designed to cause Plaintiff maximum public embarrassment and humiliation and create trauma for not only Plaintiff, but also his children, family members, and coworkers.

The New Jersey Superior Court has already issued a temporary order of protection against Sebrow based on some of the allegations in this case. After being caught fabricating text messages and evidence, Sebrow concocted a story alleging she was raped by the Plaintiff. Sebrow made these allegations as not only a scorned lover but also to protect her reputation in the Jewish community as a public figure and matchmaker. Sebrow knew that she wrote Plaintiffs hundreds of pages of horrendous texts and needed to find a way to attack his credibility. As part of this litigation, Sebrow and her attorney are continuing to perpetuate a fraud on the court, this time submitting doctored emails as evidence that will be the subject of a separate motion. The stigma and severe harm that Plaintiff would face as a result of the public disclosure of his identity in conjunction with the traumatic and humiliating circumstances of the harassment caused by Defendant require that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal his name, Defendant would accomplish her mission of destroying Plaintiff's care, name, and his family. Given the resulting lack of prejudice to any

defendant, this Court should grant Plaintiff's motion.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of his Complaint; rather, she provides the following facts relevant to this application, and respectfully directs the Court to his filed Complaint for a full recitation of her claims.

Plaintiff and Defendant engaged in a short-lived relationship. When Plaintiff informed Defendant he no longer wished to see her, she began directly harassing him and his family.

For example, concerning Plaintiff's daughter, Defendant wrote the following texts:

- Go rape your daughter again, you sicko
- your daughter couldn't deal with it, so she cut herself. And [Doe's daughter] is mentally unstable because of you. Sadly, her hubby will leave her when you stop shtupping them with money. But don't worry- I'll help him find a shidduch [match]
- Your poor son in law sees all those beautiful sexy women at work. Then he goes home to his ugly smelly fat mentally unstable wife. I daven [pray] hat he iy"H [may it be G-d's will] dumps her and has some normalcy
- This I must tell you, as a friend. [M] gypped your daughter. A good quality wig should not look so wiggy. Maybe try licking [M] a little more, and she will do better on the next wig. Lol

Defendant threatened Plaintiff that if he hired a lawyer involved, she would spread the lies that he raped her. Defendant wrote Plaintiff "Call your attorney. And I will go to the press! Perfect! It's about time people find out. Famous journalist raped by [Doe's employer] executive." Defendant also told Doe that "[m]y advice is for you to move to Israel and change your name. Here, you are known as a rapist!" Defendant also told Plaintiff "I hope you get a lawyer against me. So, I can counter sue you and make it a class action. Imagine how your kids would be embarrassed that their father is a pig who abuses women."

Defendant has already admitted that she fabricated the rape allegations yet continues to

use them to try to hurt Plaintiff's public reputation. Defendant told Plaintiff that "I love you very much. I'm very sorry that I said you raped me. I'm very sorry that I said you raped me. I was upset, and not thinking clearly. **It's not true**. I apologize for the grief it caused you. I hope you realize that I'm a sincere person with integrity." Defendant has also written emails affirming she lied about Plaintiff raping her. Yet, when Plaintiff refused to resume his relationship with her, Defendant continued her harassment.

After Defendant stopped directly texting Plaintiff, she created a Spoofcard account and sent him over 40 text messages accusing him of being a rapist and demanding a get, a Jewish divorce, although the parties were never married.

Defendant spread the same lie that Plaintiff is a date rapist and molested his daughter to third parties and solicited them to create false and harassing websites concerning Plaintiff. One such website appeared first in the Google search results out of 12,800,000 possible hits, and stated "[Doe], a [Doe's age] [Doe's profession] in [Doe's home town], NJ is accused by police of incapacitating 100s of victims by plying them with date rape drugs."

On July 14, 2021, Doe filed a New Jersey Domestic Violence Civil Complaint and was issued a Temporary Restraining Order against Sebrow. The order prohibits Sebrow from making harassing communications to Plaintiff.

Defendant appeared for her deposition on January 31, 2023, which needed to be adjourned several times because of interruptions. For example, the first day needed to be adjourned because Defendant's counsel had a hard stop time. During the second day of her deposition, Sebrow allegedly became nauseous and was unable to proceed. While Defendant appeared for a third day of depositions, the night before her counsel submitted a fabricated email as "evidence" in the case. After being presented with the original email, the parties attempted to

resolve the matter but were unable to settle. However, Sebrow, during the course of her deposition, made one thing clear: she was not done spreading lies about Doe; nor was her harassment near a conclusion. For example, for the first time, Sebrow alleged that Doe forced her to role play with him and demanded she pretend to be his daughter as he had sex with her. Sebrow alleged that every text message she sent was spoofed, and that Plaintiff had married her under Jewish law. While Sebrow could not describe with any specificity the content of images she claimed Doe took of her and used to blackmail her, she did continue the misstatement of truth that he would produce these images several times a month and use them to force her to have sex with him. Finally, Sebrow made it clear that while she served unverified interrogatory responses in this matter with similar allegations against Doe, she never saw them, was never asked to attest to their truth, and did not know what the document was.

In all, Sebrow has illegally harassed Doe for almost five years and he must be provided protection from the court.

**ARGUMENT**

While Federal Rule of Civil Procedure ("FRCP") 10(a) "generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings," New Jersey Court's "have recognized that a party may, under limited circumstances, proceed by way of pseudonym[.]" Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) (internal quotation marks and alteration omitted). In order to prevail on a motion to proceed under a pseudonym, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable[.]" Doe v. Megless, 654 F.3d 404 (3d Cir. 2011). Courts then "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." United States v. Janssen Therapeutics, 795 F.

App'x 142, 144–45 (3d Cir. 2019).

The leading case for allowing a plaintiff to proceed as Doe is <u>Doe v. Megless</u>. The Third Circuit Court of Appeals provided a list of nine factors weighing both in favor of and against proceeding anonymously. <u>Megless</u>, 654 F.3d at 410 (citing <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). Under the <u>Megless</u> test, the factors that weigh in favor of anonymity are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
> <u>Id.</u> at 409 (internal quotation marks omitted).

Conversely, the <u>Megless</u> factors weighing against anonymity are:
> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. (<u>Id</u>.).

There can be no doubt that the <u>Megless</u> factors weigh in favor of allowing Plaintiff to proceed as Doe.

First, this litigation was commenced as a John Doe action over 13 months ago. To date, Plaintiff's identity has been confidential and Defendant has taken no action to compel him to disclose his name in the public eye. Doe has worked hard to protect his identity. Any public filing made by Doe has used a pseudonym. Doe has not made any public statements regarding the embarrassment and harm caused by Defendant. Plaintiff's name is not known to the public at

large and he leads a private life.  Plaintiff tolerated Defendant's harassment for three years out of fear that Defendant would publicly humiliate him.  It was only when Defendant placed Plaintiff's name on the internet, and thrust him into the public, did Plaintiff start to protect himself.

Second, Plaintiff has a reasonable fear of severe harm.  Fear of embarrassment or economic harm are insufficient bases on which to proceed anonymously; instead "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Megless at 408.  Plaintiff's fears over public disclosure of his identity in this litigation meet this standard.  Plaintiff works in a regulated industry and his license could be suspended even by the mere false allegations made by Defendant.  Plaintiff has been emotionally destroyed, ever day living with the fear Defendant will place more allegations online.  Plaintiff spent his life building a stellar reputation, and Defendant, with false assertions and fabricate evidence, is attempting to destroy him.  The trauma and emotional toll Plaintiff overcomes on a regular basis cannot be understated.  Plaintiff has lost weight, does not sleep, and fears socializing even with friends because of Defendant's assertions.  Plaintiff is a member of a small insular community, the Orthodox Jewish community, and these allegations can destroy him.  As a result, Plaintiff reasonably fears that public disclosure of his identity in connection with the facts of this case—and the inevitable accompanying questions dissecting his experience and public visibility—will exacerbate these severe negative mental and emotional experiences and further re-traumatize him. Finally, Plaintiff's fear is reasonable, and "exposing [his] identity poses the potential for severe harm that exceeds mere embarrassment[.]" Doe v. Trishul Consultancy, LLC, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019).

Third, there is a strong public interest in protecting Plaintiff's right to anonymity. "[c]ourts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of

revictimization[.]" (Doe v Trishul Consultancy, LLC, 2019 US Dist LEXIS 169051 [DNJ Sep. 30, 2019, Civil Action No. 18-16468 (FLW)(ZNQ)]). Because Defendant is already threatening to revictimize Plaintiff, to allow a harasser free access to use the legal system to continue her illegal conduct would deter "other similarly situated litigants… from litigating claims that the public would like to have litigated[.]" Megless 654 F.3d at 410.

Fourth, there is no real public interest in disclosing Plaintiff's name. Plaintiff is a private citizen and not requesting the docket be sealed in its entirety. The public will still have the right to follow and access the proceeding.

Fifth, the Plaintiff runs the daily fear of being exposed online and without the protection of using a pseudonym, he would not have started this case.

Sixth, Plaintiff has no illegitimate ulterior motives in requesting the ability to use Doe. Plaintiff did not rape Defendant. Defendant has stated numerous times Plaintiff did not rape her. Plaintiff's use of a pseudonym protects not only him, but his daughter, children, and grandchildren, all of whom Defendant has attacked in awful messages and testimony.

Looking at the factors weighing against anonymity, the universal public interest in cases "exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym[.]" Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 551 (D.N.J. 2006). The second factor, "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[,]" Megless, 654 F.3d at 409, does not apply here because Plaintiff is a private citizen and there is no strong interest in his identity. Finally, "the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated[,]" Id., also cuts in favor of this application, as no

illegitimate motive can or will be identified for the actions that Plaintiff has taken in filing this lawsuit and seeking to do under the pseudonym John Doe. However, Defendant has submitted fabricated evidence and made baseless claims and has shown no reason why Plaintiff should not use a pseudonym.

Plaintiff should be permitted to continue to use a pseudonym as he has done without objection by Defendant for over a year, and the balancing of the interests weighs in his favor. Additionally, Docket Entry 13 should be restricted from public access because Defendant used Plaintiff's real name.

Dated: February 8, 2023

Respectfully submitted

Daniel S. Szalkiewicz, Esq.
**Daniel Szalkiewicz & Associates, .C.**
Daniel S. Szalkiewicz, Esq.
23 West 73rd Street, Suite 102
New York, New York 10023
(212) 706-1007
daniel@lawdss.com

Attorneys for Plaintiff John Doe