**Daniel Szalkiewicz & Associates**

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

February 8, 2023

**Via CEF and Email**
United States Magistrate Judge Edward S. Kiel
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

Re:   *John Doe v. Baila Sebrow*
      *United States District Court, District of New Jersey*
      *Case No.: 2:21-cv-20706*

Dear Magistrate Kiel,

  We represent the plaintiff in the above-referenced matter. Pursuant to Your Honor's Individual Rules, we seek permission of the Court to move for an order striking defendant Sebrow's answer and assessing sanctions and costs against Defendant and her counsel for spoliation of evidence, perpetration of a fraud on the Court, and perjury.

**Background:** Plaintiff produced for defendant iMessages and WhatsApp Messages that were sent by Sebrow. Defendant, without any basis in fact or one piece of evidence, asserted that they were "spoofed". However, Defendant has refused to engage in any ESI discovery, refused to sign any authorization permitting Plaintiff to access Apple data, and refused to disclose a single text message from her phone. Defendant apparently has a forensic examining Sebrow's devices but is withholding any further information from Plaintiff.

  On November 21, 2022, our office served a First Request for the Production of Documents on Sebrow. Despite several good-faith letters, Sebrow refused to respond. Finally, on January 9, 2023, Mr. Heller sent our office his purported responses. One of our demands (number 7) specifically requested all documents relating to the claim Plaintiff possessed intimate images of Sebrow. In the document response, Mr. Heller wrote "[t]o the extent that these documents exist and are in custody of the Defendant, they are attached hereto." Nothing was attached. Upon noticing that not a single document was disclosed, our office sent Mr. Heller two deficiency letters. On January 26, 2023, at 12:42 P.M., minutes before our settlement conference with this court, Mr. Heller responded (Exhibit 1[1]). Concerning the lack of documents produced, Mr. Heller wrote "[t]hat response was worded incorrectly. It should have read: "To the extent that these documents exist, they are in the possession of the defendant." Presumably, Mr. Heller meant to write Plaintiff. Irrespective of Mr. Heller's statement, he did not disclose any further documents. Essentially, from the beginning of the case until February 5, 2023, Defendant provided Plaintiff with zero documents in discovery.

  On January 31, 2023, Ms. Sebrow's deposition began. Due to multiple delays on the part of Defendant, the deposition was adjourned until February 2, 2023, and then again to February 6,

---

[1] The letter, and all other exhibits, have been redacted to remove Plaintiff's true name.

DS & A

February 9, 2023
Page 2

---

2023.  On February 5, 2023, Mr. Heller produced, for the first time, five emails. Four allegedly came from Plaintiff's Earthlink account and the fifth from his Gmail account (Exhibit 2). Plaintiff never saw the content of the subject email, and that same night, our office searched Plaintiff's email account and located the original Gmail message (Exhibit 3).  As the Court can see, Sebrow altered the original email, inserting the text "Maybe Ill go if YOU will blow me. Nice pussy pictures I have of you" when the actual text of the email reads "Maybe Ill go if YOU are there".  Equally as disturbing is the emails Mr. Heller produced were printed by his office on **July 30, 2021,** yet not disclosed until February 5, 2023, despite the requirements of Rule 26 and obligation to truthfully respond to our document requests.

***Defendant and Mr. Heller are Made Aware She is Caught Fabricating Evidence:*** On February 6, 2023, the morning of Ms. Sebrow's continued deposition, Mr. Borenstein and I presented the fabricated evidence to Mr. Heller.  We showed Mr. Heller the difference in the emails.  We provided Mr. Heller with access to Plaintiff's inbox so he could verify the authenticity of the original email.  We even printed out the headers from the original email for Mr. Heller in his presence.  Mr. Heller brought the evidence to his client, and both refused to retract the fraudulent email.  Mr. Heller and I then searched Ms. Sebrow's AOL email account.  Although Ms. Sebrow retained the forwarded, altered email she sent to her counsel, the original email sent by Plaintiff on January 23, 2018,  was no longer there.  It should be noted that Ms. Sebrow's AOL email account had over 900,000 messages, yet this one, allegedly damning, piece of evidence, was missing.  We also pointed out to Mr. Heller that the style and format of the fraudulent email led us to believe it was not authentic because the indentation of the text did not match the email body.  Despite all this evidence, Defendant and her counsel still refuse to acknowledge the fabricated evidence they are holding out as authentic.

***Defendant's Additional Conduct:*** On January 9, 2023, Mr. Heller purported to provide our office with his client's interrogatory responses.  At her deposition, Sebrow was shown the responses and denied ever seeing the document before (Exhibit 4).  When searching Defendant's AOL account for other emails sent to and from Plaintiff, it became clear that Sebrow had deleted the ones that made her look bad.  Further, Defendant has also continued to claim she was spoofed despite the evidence to the contrary and her inability to show how both iMessage and WhatsApp, two encrypted services, were hacked over the span of nearly six months.  Sebrow made light of the spoof allegations in her deposition, when she answered her knowledge of spoofing was "[w]ell, spoofing -- spoofing on shows, Saturday Night Live spoof, spoof -- playing a trick, pretending to be somebody that you're – pretending to be somebody else." Perhaps the worst part of Sebrow's fraudulent testimony during her deposition was when she alleged, for the first time, that Plaintiff would make her pretend to be his daughter while they had sex.  Sebrow will stop at no lengths to make a mockery of this action and harm Plaintiff.

***Motion and Remedies***: Plaintiff seeks permission to move to strike Defendant's answer and for sanctions (including costs) against both Defendant and her counsel. Defendant spoliated evidence by not preserving the email messages in their original electronic form and refusing to engage in any ESI discovery; perpetrated a fraud on Plaintiff and the Court by fabricating the

DS & A

February 9, 2023
Page 3

---

emails; and committed perjury at her deposition by testifying that she was spoofed. Mr. Heller should have realized the emails were not authentic upon hearing Defendant's testimony and seeing the evidence of the original email. At the least, Mr. Heller learned of the emails' falsity, and his client's perjury, upon being briefed by Plaintff's attorneys and examining Sebrow and Plaintiff's email accounts. His failure to advise the Court or take other remedial action violates the rules of professional conduct. Finally, while Mr. Heller alleges his client's phone is being forensically analyzed, he has an obligation to alter the court once he learns that she has presumably deleted all additional incriminating evidence and continued to perjure herself. He has not.

Respectfully submitted,

*Daniel S. Szalkiewicz, Esq.*

By: Daniel S. Szalkiewicz, Esq.
*daniel@lawdss.com*