UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN DOE,

Plaintiff,

vs.

BAILE SEBROW,

Defendant.

Case No. 21-cv-20706

Newark, New Jersey
January 26, 2023

TRANSCRIPT OF HEARING
(Revised; errata sheet attached)
BEFORE THE HONORABLE EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE

This transcript has been reviewed and revised in accordance with L. Civ. R. 52.1.

APPEARANCES (the parties appeared in person):

For the Plaintiff: DANIEL SZALKIEWICZ, ESQ.
Daniel Szalkiewicz & Associates, P.C.
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com

For the Defendant: IRA W. HELLER, ESQ.
Heller Morowitz & Feit PC
292 Madison Avenue
New York, NY 10017
(212) 685-7600
iwhelleresq@gmail.com

Audio Operator:

Transcription Service: KING TRANSCRIPTION SERVICES
3 South Corporate Drive, Suite 203
Riverdale, NJ 07457
(973) 237-6080

Proceedings recorded by electronic sound recording (not all parties were discernible on the record); transcript produced by transcription service.

(Commencement of proceedings)

THE COURT: All right. We're on the record in the matter of Doe versus Sebrow, Case 21-cv-20706.

If I could have the appearance on behalf of plaintiff, please.

MR. SZALKIEWICZ: Daniel Szalkiewicz, Daniel Szalkiewicz & Associates, 23 West 73rd Street, Suite 102, New York, New York 10023, for the plaintiff John Doe, who is to my left.

Good afternoon, Your Honor.

THE COURT: Good afternoon.

And how about on behalf of defendants?

MR. HELLER: Yes, good afternoon, Your Honor. Ira Heller representing Baile Sebrow, who is present to my right.

THE COURT: All right. Please be seated.

There's a lot of things pending in the case, and I want to keep my arm around it and see what's happening and just to confirm things.

There is a motion to dismiss that was filed on October 21st, 2022. And I don't think there's an opposition to it.

MR. HELLER: It will be filed this week, Your Honor.

THE COURT: How are you going to file it this week?

It's -- you're out of time. Did you make an application to anybody to file it out of time?

It was filed in October. Correct?

Did you make an application to file it out of time?

MR. HELLER: No, I did not, Your Honor.

THE COURT: Okay. If you file it without leave of Court, it's going to be stricken. I'll tell you -- so can you file it, if you like, but at this point, it's considered unopposed. Right?

Hold on one second.

I believe we discussed that last time, didn't we?

MR. HELLER: Specifically with regard to --

(Simultaneous conversation)

THE COURT: -- regard to the motion to dismiss.

There is also a motion to strike that was filed on December 27th, 2022, to strike the defendant's answer.

That motion is returnable February 6th, I believe. And your opposition was due -- I believe this past Monday.

What are you going to do about that?

MR. HELLER: I'm going to have to ask leave of the Court -- Judge.

THE COURT: Do the schedules not matter to you, Mr. Heller? I don't know what to do about it. I mean, I know if -- but every time that we have something scheduled or a motion is filed, discovery is served on you, nothing

happens.

MR. HELLER: As far as the discovery, Judge, that has been provided. I did receive a letter about deficiencies. I responded to that letter.

As far as Your Honor's order that I serve the notice upon my client, that was served.

I did get the transcript of the last proceeding, as Your Honor ordered. That -- yesterday. I have it with me. I can present my client -- I know Your Honor wanted me to send it to her with proof of service. It's enough that I hand it to her in court before Your Honor, then I will do it. Otherwise, I will follow the procedure --

As far as the others, I do have a -- my own motion in preparation to dismiss for reasons that I will outline to the judge --

And as far as the --

THE COURT: That hasn't been filed yet. Right?

MR. HELLER: No, it has -- it will be filed this week. It will be --

THE COURT: You have filed a letter -- I think -- or actually not filed a letter but sent me a letter in response to my request for a settlement memo back on December 16th. And in that letter -- and I am not giving away any secrets in the letter -- I presume that you already talked to plaintiff's counsel about this -- and you were

going to seek to file a motion to dismiss.

What's the basis for that motion to dismiss? Under what rule?

MR. HELLER: I really don't have my research in front of me, Judge.

THE COURT: No, well, that's -- I mean, what's the basis of that?

MR. HELLER: I am not prepared to argue it, Judge --

(Simultaneous conversation)

THE COURT: Well, I want to understand what the basis for it, just in a broad perspective, because I don't want to waste anybody's time, including the Court's time, because if it's an argument that there's no basis to the complaint, a failure to state a claim -- right? -- under Rule 12(b)(6), that motion has to be made within a certain period of time.

And I'm pretty certain that that time is over.

So I would ask that you take a look at the rules and what the basis for your motion to dismiss is without -- and really take a look at it and see whether it's out of time as well. Okay?

MR. HELLER: Yes.

THE COURT: Okay. Are you -- waste of time. Right? There may be another reason other than failure to

state a claim. There may be a jurisdictional issue that can brought up after the time period requires on these other motions. But generally motions are filed before you file an answer. And I think you filed an answer -- you filed an answer on October 3rd. Once you file an answer, there are certain defenses or motions, pretrial motions that are made.

Okay?

Let me ask about the status of discovery from plaintiff's counsel.

Mr. Heller just told me that he's up to date on discovery?

MR. SZALKIEWICZ: Your Honor, on January 10th -- January 5th, we received counsel's responses to our interrogatory requests and document demands. One, the interrogatories themselves are not verified. And, two, there weren't -- documents provided.

On January 10th, I sent Mr. Heller a three-page letter detailing each of the deficiencies that we've alleged and also wanting to schedule defendant's deposition.

I did not hear a response.

On January 24th, I attached a letter; sent it to them again.

I did not receive response until 12:42 today.

THE COURT: And what is that response? That's regarding depositions? Or?

MR. SZALKIEWICZ: It's regarding redline to the -- Your Honor, but a redline pretty much to the responses to everything we put in there.

But they're not agreeing to any ESI protocol -- even though they're alleging that certain --

(Simultaneous conversation)

THE COURT: The ESI protocol? This case is all about ESI, isn't it? Or it's all about emails and those things.

Mr. Heller?

Are you engaged in discovery over email -- on Internet without an ESI protocol? You just wing it?

Sir?

MR. HELLER: Judge, I will look into it. I am not even sure how to -- but I will --

MR. SZALKIEWICZ: And -- Your Honor. We put what we believed to be the discovery. And the basis of -- is that -- the defendants -- apparently, counsel or her -- client is alleging that she -- somehow spoofed or --

So without any further --

THE COURT: Well, if there's an allegation of spoofing I imagine you have to look at the metadata and download -- I would imagine that's --

MR. SZALKIEWICZ: I agree, Your Honor. My client's had his -- I -- actually -- extracted the messages from the

phone. We've turn them over already to counsel --

(Simultaneous conversation)

MR. HELLER: -- response to that, Mr. Szalkiewicz was -- expert testimony in the proceeding that's currently going on right now in New Jersey and will be -- actually within two weeks will be back -- on this.

I have not had an opportunity to cross-examine Mr. Szalkiewicz as to the procedures that he's used. He's just about finishing his testimony.

I also have my client's device in for forensic examination. It is not complete yet; so I don't have that at this time.

There are really two simultaneous proceedings going on, and, really, the other one, which long preceded this, should be completed first, Judge.

THE COURT: Well --

MR. SZALKIEWICZ: Your Honor --

THE COURT: -- what does that mean to me? I don't -- I don't know anything about the other case --

(Simultaneous conversation)

MR. HELLER: -- response he's going to get, but --

THE COURT: Well, why would you say that --

(Simultaneous conversation)

THE COURT: Well, what does that -- what does that other case have bearing on this case. There's a discovery

order in this case that has to be complied with.

MR. HELLER: Same facts and circumstances so --

THE COURT: I don't have any application before me that there's something duplicative, that this discovery here should be stayed.

You failed to show up at the -- at the conference that we had for -- you remember that? Right? And now we have a scheduling order, and you're required to comply with the scheduling order that's within -- at ECF Number 18. You were supposed to serve discovery requests.

Did you serve any discovery requests?

MR. HELLER: Not in this matter, Judge.

THE COURT: Are you planning to serve any discovery requests?

MR. HELLER: Well -- truthfully, my position is that this matter should be dismissed. That is my position.

THE COURT: There's no application before me.

MR. HELLER: I understand.

THE COURT: You haven't filed anything. There's a court order which requires discovery. And it's just fact discovery is supposed to end February 17th.

You have an obligation to this Court. I don't care what obligation you have to the state court. Right? You have an obligation to this Court.

So you're going to have to work with

Mr. Szalkiewicz to get this discovery done. Fact discovery's supposed to be done by February 17th.

Mr. Szalkiewicz, any -- any notion that it's going to be done by then?

MR. SZALKIEWICZ: I don't believe that we owe anything. So --

THE COURT: No. I mean, on the discovery from Mr. Heller to you.

MR. SZALKIEWICZ: No. I mean, I haven't got a single document, Judge -- was actually filed and referenced in the --

(Simultaneous conversation)

THE COURT: -- discovery you want to --

(Simultaneous conversation)

MR. SZALKIEWICZ: -- a copy of that.

A THE COURT: Your discovery, you want to take deposition?

MR. SZALKIEWICZ: Yeah, of course, Your Honor. I've noticed him twice already. And we provided five dates where we're available starting January 30th to February --

THE COURT: And we're going to schedule it right now.

What date do you want to take her deposition?

MR. SZALKIEWICZ: Any time next week, Your Honor. I'll cancel whatever --

THE COURT: Mr. Heller, what day are you available next week?

MR. HELLER: Your Honor, I am completely booked up until the 10th of -- excuse me -- until the 10th of February.

THE COURT: You're going to open up a date next week.

What dates can you do it? You're going to have a cancel something or rearrange something.

MR. HELLER: Judge, I have two domestic violence cases that are very hard to reschedule.

I request that I -- to the end of the second week in February.

THE COURT: Well, sir, that would certainly be reasonable if you complied with any of the orders in this case or responded to Mr. Szalkiewicz regarding the deposition dates --

(Simultaneous conversation)

THE COURT: -- you're coming -- now you're coming up to the Court and asking for three weeks -- to take her deposition?

That's not going to fly. What day next week can you take the deposition? What date can you move?

Mr. Szalkiewicz is going to move things.

MR. HELLER: -- the week of the 30th, Judge.

THE COURT: Okay.

MR. HELLER: Move something on the 31st, the 1st, or the 2nd.

THE COURT: All right.

What time on the 31st, Mr. Szalkiewicz?

What time, Mr. Heller? On the 31st.

MR. HELLER: I'm moving what I have on that date, so I'm free --

THE COURT: -- the -- deposition will be Court-ordered, January 31st at Mr. Szalkiewicz's office --

MR. SZALKIEWICZ: Your Honor, at my co-counsel's office -- co-counsel.

THE COURT: Okay. Your co-counsel, that's Mr. --

(Simultaneous conversation)

MR. HELLER: I have a question, has Mr. Borenstein filed a notice of appearance, because I have not seen one --

THE COURT: What does that matter?

MR. SZALKIEWICZ: His name's on the complaint, and the -- is listed on the complaint as well.

THE COURT: Why does it matter, Mr. Heller?

MR. HELLER: I just -- look, Your Honor, you told me that procedure is important, so --

THE COURT: It is.

MR. HELLER: Yes.

THE COURT: Okay. So it's the office -- McConnell. You're going to start that January 31st at 10 A.M.

If defendant's counsel or defendant doesn't show up, you can file a letter application for Court-ordered sanctions, and I'll address that.

All right.

So you're not going to go to the -- as I understand it, Mr. Heller. You're -- and then I ask that counsel, if they have discovery issues, that they confer on it.

There is a motion to strike, but as I understand it, there's been a response. So that motion will be denied. But if there's portions of it that are deficient -- as I understand it, you have a deficiency letter that was sent to Mr. Heller; Mr. Heller responded to it. You don't have to make a formal motion on a discovery dispute if you think that it's deficient. Put a joint letter on the docket. Please cooperate in putting a joint letter on the docket. That means that Mr. Szalkiewicz is going to send you his portion of the letter, what he believes is sufficient -- for your -- you're going to respond. And that letter can be filed on the docket. Just one letter between the two of you. So please confer.

So we'll keep the schedule for February 17th.

After this deposition is -- it doesn't sound like a lot of documents, Mr. Szalkiewicz.

Is there --

MR. SZALKIEWICZ: No, but, I mean, this is the

first time we're hearing -- a third-party -- I don't know what they're -- they're going to say.

THE COURT: Okay. Well -- whatever and you think it's relevant, make the application.

And I hope that counsel confer. If counsel need more time and it's reasonable and the parties, after conferring, have this issue, then put a joint letter on the docket as to each party's position. But I hope the parties can agree, if there is further discovery that needs to be done, both parties agree or both counsel agree to a date and just put that on a joint letter, and I'll so-order it, if there's a further extension of discovery that's needed.

MR. SZALKIEWICZ: If -- Your Honor, can I request, Your Honor, is -- discovery order -- the 31st into -- in regards to the of discovery disputes.

THE COURT: Yes.

MR. SZALKIEWICZ: Could we just have that --

THE COURT: Yeah, that'll -- well, we are not -- as to written discovery.

But, yeah, January, 31st, I'll choose that date to disputes -- well, why don't I do this right now? I'll put fact discovery to March 30th.

Any objection to that, Mr. Szalkiewicz?

MR. SZALKIEWICZ: No.

THE COURT: Any objection, Mr. Heller?

MR. HELLER: No objection.

THE COURT: Okay. I'll put it out to March 30th. And any disputes have to be brought to the Court's attention by March 3rd. Again, no formal motions. Please put that in a short letter on the docket.

All right.

So Mr. Heller, you're going to do what you need to do on those pending motions that you haven't responded to. And then we'll put it out for a follow-up telephone status conference -- let me just get a date on the calendar.

Anybody contemplating any experts Mr. Szalkiewicz?

MR. SZALKIEWICZ: -- expert --

(Simultaneous conversation)

MR. HELLER: I may, yeah.

THE COURT: All right. We'll talk about experts -- at that conference, April 5th, at 10:30 A.M. It'll be by telephone. And the order tell -- give you all the dial-in information.

All right. Let's go off the -- sorry.

Anything further for defense?

MR. HELLER: I guess -- applications that were made --

THE COURT: Yeah, I'll take care of those.

MR. HELLER: I don't know, Your Honor. We were supposed to be on today for a settlement conference. I don't

know if the Court to -- want to --

THE COURT: On a settlement conference --

MR. HELLER: Okay.

THE COURT: Okay.

Mr. Szalkiewicz, any further specifics on the record?

MR. SZALKIEWICZ: Nothing further, Judge.

THE COURT: All right. We're off the record. Let me see counsel.

(Conclusion of proceedings)

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 18 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

S/ *Sara L. Kern* — 10th of February, 2023

Signature of Approved Transcriber — Date

Sara L. Kern, CET**D-338
King Transcription Services
3 South Corporate Drive, Suite 203
Riverdale, NJ 07457
(973) 237-6080



ERRATA

1. Page 10, line : Bornstein changed to Borenstein (by Sara Kern, King Transcription, ^ date)