**Daniel Szalkiewicz & Associates**

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

February 16, 2023

**<u>Via CEF and Email</u>**  
United States Magistrate Judge Edward S. Kiel  
Frank R. Lautenberg U.S. Post Office & Courthouse Building  
2 Federal Square  
Newark, NJ 07102

*Re:   John Doe v. Baila Sebrow*  
      *United States District Court, District of New Jersey*  
      *Case No.: 2:21-cv-20706*

Dear Magistrate Kiel,

      I write this letter in reply to Defendant Sebrow's letter dated February 16, 2023. Prior to going into the substance, or lack thereof, of Mr. Heller's filing, it is imperative to address the letter's utter disregard for this court's February 10, 2023 order (DE 34). Despite the order directing parties to identify Plaintiff as "John Doe" Mr. Heller intentionally, and for no legitimate purpose, utilized Plaintiff's name 20 times in his letter and an additional 25 times in his exhibits. Even more egregiously, after I reminded Mr. Heller of the order, he refiled his letter and the exhibits under docket 40 *again* including my client's first name - twice in his letter (DE 40), five times in DE 40-1, and three times in exhibit DE 40-3. Worse yet, Plaintiff's entire name was again identified in Exhibit DE 40-3, and the names of his children and son-in-law were identified in Exhibit DE 40-1 (page 3). There is no excuse – even ignorance – for this blatant, and repeated, violation of this court's order.

      Just as Mr. Heller ignored DE 34, his letter equally ignores this court's directive to address the issues raised in our February 8, 2023 letter. First, the court ordered Mr. Heller to provide an explanation as to why the documents had been withheld since July 21, 2021, but Defendant's reply does not contain such an explanation, only excuses.

      Second, Mr. Heller ignores the fact that we showed him, directly from Plaintiff's account, the original email that Defendant altered. We printed the email, in Mr. Heller's presence, directly from Plaintiff's Gmail account, the original email. We printed, once again in Mr. Heller's presence, the headers from the email showing that it was authentic. Conversely, Mr. Heller confirms that the original email is not in his client's account, and neither are multiple other emails she sent to Plaintiff. Mr. Heller's only response, without further explanation (simply because no rational one exists), is Plaintiff "could have equally altered his email, and it need not be Ms. Sebrow who altered it." Mr. Heller continues to perpetrate a fraud on this court on behalf of his client and he is now complicit in the conduct. Mr. Heller's excuse for the spoliation of evidence, that Plaintiff allegedly had access to Sebrow's account, fails to explain two points:

1) Why would Plaintiff delete the original email he sent that shows nothing more than the benign statement "Maybe Ill go if YOU are there" and **not** delete the allegedly

DS & A

February 17, 2023
Page 2

---

        incriminating email Sebrow sent to her lawyer on July 26, 2021, which still remains in her account?

2) Why would Plaintiff delete additional nonincriminating emails that he received from Sebrow that solely make her look poorly (Exhibit 1)?

The only explanation is Defendant deleted the true emails and altered the evidence.

      Third, Mr. Heller does not deny he has failed to engage in any ESI discovery with our firm; rather he states we need to await his expert's completion of determining "what ESI is available." If history is any indication, the answer will be "none" because Sebrow has scrubbed her devices of anything relevant. Irrespective, Mr. Heller again does not address why he has disregarded the requests made in our January 10, 2023 letter (Exhibit 2, pages 2-3). Mr. Heller once again blames his "email issues[,]" although it is well documented that our office sent Mr. Heller every order and discovery demand to his correct email address.

      Fourth Mr. Heller ignores any issues with the interrogatories, specifically that his client never saw them. Mr. Heller has the audacity to say our office is harassing him because we "have been unfairly burying [him] in paper[.]" The record speaks for itself as to why each one of our filings has been necessary to date. Finally, Mr. Heller's gripes with the domestic violence cases are not before this court; what is before the court is his client's conduct.

      Our office and Plaintiff have provided Defendant and her attorney with the opportunity to do the right thing, and in exchange, they continue to engage in misconduct by disregarding court orders, submitting fabricated evidence, and flagrantly denying the authenticity of blatantly real documents. Mr. Heller's response, or lack thereof, and his conduct in exposing the Plaintiff and his relatives' identities despite a court order forbidding it is designed to hide Sebrow's bad deeds, distract Plaintiff and this court from the real issues, and inflict further emotional pain and frustration on Plaintiff.

      We ask for the imposition of sanctions by the Court based on Defendant and her counsel's failure to comply with the Court's Orders and failure to reply as directed by the Court.

      Thank you.

                                       Respectfully submitted,

                                       *Daniel S. Szalkiewicz, Esq.*

                                       By: Daniel S. Szalkiewicz, Esq.
                                       **daniel@lawdss.com**