UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY IN A DEPOSITION SERVED ON A NON-PARTY, VERIZON WIRELESS.

JOHN DOE
　　　　　Plaintiff,　　:　　Civil Action No. 2:21−CV−20706−SDW−ESK

　　v.　　　　　　　　　:　　NOTICE OF MOTION

BAILA SEBROW
　　　　　Defendant.　　:

　　　　　　　　　　　　　:

PLEASE TAKE NOTICE __DEFENDANT NAMED S BAILA SEBROW__
(Name of Moving Party)

will move before the Honorable __Susan D. Wigenton__, U.S.D.J. on __APRIL 3, 2023__

(Motion days are the 1st and 3rd Monday of each month)

for an Order __QUASHING PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION__.
(describe type of relief being sought)

In support of my motion, I will rely on the attached Motion to Quash, Supporting Law and Exhibits

　　　　　　　　　　　　　　　　　　IRA W. HELLER, ESQ.
　　　　　　　　　　　　　　　　　　Name
　　　　　　　　　　　　　　　　　　IRA HELLER LAW
　　　　　　　　　　　　　　　　　　1317 MORRIS AVENUE
　　　　　　　　　　　　　　　　　　UNION, NJ 07083
　　　　　　　　　　　　　　　　　　Address

Date: __2/28/2023__

## CERTIFICATION OF SERVICE

I, __IRA W. HELLER__, certify that a copy of my motion was served
(Name of Moving Party)

by __EMAIL AND REGULAR MAIL__ on __MARCH 1, 2023__ upon:
(Mail, Personal Service, etc.)          (Date)

JOHN DOE
(Name of Opposing Party)

C/O DANIEL SZALKIEWICZ, ESQ.

Daniel Szalkiewicz & Associates, P.C.
23 West 73rd Street, Suite 102
New York, NY 10023
(Address of Opposing Party)

_[signature]_
Name (Signature)

CC: Verizon Wireless (via fax and regular mail)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CASE NUMBER: |
| | ) 2:21−CV−20706−SDW−ESK |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BAILE SEBROW | ) MOTION TO QUASH AND |
| | ) SUPPORTING LAW |
| | ) |
| Defendant | ) |
| | ) |

**DEFENDANT'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION ON A NON-PARTY AND TO IMPOSE SANCTIONS ON PLAINTIFF AND SUPPORTING LAW**

Defendant moves to quash the subpoena to testify at a deposition in a civil action upon a non party issued by Plaintiff for extensive records dating back six years concerning her, and served on Verizon Wireless, and to impose sanctions on Plaintiff and/or his counsel for violating the Federal Rules of Civil Procedure. Defendant relies on this Motion and supporting law for each of its grounds and exhibits. A formal brief would not allow for exhibits under the Federal Court Rules which are necessary for the Court to have in making its ruling.

The grounds for this Motion are as follows:

1. FED. R. C IV. P. 10(a) requires "a complaint must state the names of the parties and address of the plaintiff." A plaintiff may proceed anonymously only in "exceptional cases," such as when he "sufficiently alleges . . . a reasonable fear of severe harm from litigating without a pseudonym" that outweighs the "public's strong interest in an open litigation process." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2012), Id. at 408-09. The principles of *Megless* also state that a party MUST have moved a Court and show good cause to file under a pseudonym. At the

1

time the subpoena was served the Plaintiff had not yet been granted the Court's permission to proceed under a pseudonym. Therefore, the subpoena is defective.

    2.    The Plaintiff has also sued a non-legal person. There is no such person as "Baila Sebrow." The "misnomer" rule operates in cases where a plaintiff has actually sued and served the correct party but has mistakenly used the wrong name of the defendant in the original caption. Federal Rule of Civil Procedure 15(c) permits amendment of a pleading to relate back to the date of the original pleading when: (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or … (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in
maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Rule 15(c)(1) permits an amendment to relate back only if plaintiff files a motion to do so. In this case, Plaintiff has yet to ask this Court for proper leave to correct the misnomer. As a result, on this basis, their subpoena should be deemed defective.

    3.    The Plaintiff 's subpoena violates Rule 45: (Plaintiff's Subpoena annexed hereto as **EXHIBIT A**). (a) In General: (1) *Form and Contents.* (A) *Requirements—In General.* Every subpoena must: … (iii) command each person to whom it is directed to do the following at a specified time and place; attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the

inspection of premises. Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" fails to comply with these requirements, and is therefore defective.

4. (c) Place of Compliance: (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person; Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" is defective, as it fails to comply with the requirements allowed by these rules. Verizon Wireless's subpoena compliance department is actually located in Texas, far beyond the geographical limits allowed by these rules.

5. (2) *For Other Discovery.* A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and (B) inspection of premises at the premises to be inspected. Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" is defective in that it fails to comply with the requirements endemic to these rules. Verizon Wireless's subpoena compliance department is actually located in Texas, far beyond the geographical limits allowed by these rules.

6. Rule 45, (a) In General. (1) *Form and Contents.* (B) *Command to Attend a Deposition—Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony. Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" is defective as it fails to comply with this requirement of this rule.

7. Rule 45, (3) *Quashing or Modifying a Subpoena.* Is permitted when (A) (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); this is clearly the case in this instance.

8. Rule 45, b) Service. (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" as Plaintiff failed to abide by the requirements of this rule. Plaintiff's subpoena was not personally served nor did he tender any fees. Therefore, Plaintiff's subpoena is defective.

9. The Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" seeks production of documents, as it states: "You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material (See Schedule A)" , however it requires these documents be submitted prior to the taking of any deposition, as indicated in the subpoena and the Plaintiff's attorney accompanying letter (see **EXHIBIT B**). This is in clear violation of Rule 45. Therefore, Plaintiff's subpoena is defective.

10. Attachment A, REQUESTS FOR PRODUCTION, of Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" asks "For the telephone number 516 849 5863 from January 1, 2017 until present the following information:"

- Account holder's name;
- Account holder's address;
- Account holder's telephone number;
- Status of account;
- Detailed billing logs;

4

      • Date account opened and closed;
      • Method of payment and detailed billing records;
      • Registration information;
      • Telephone call logs from January 1, 2017 until present;
      • SMS, MMS, and other text message logs from January 1, 2017 until present;
      • Data usage logs from January 1, 2017 until present.

11. <u>Rule</u> 45, (3) *Quashing or Modifying a Subpoena.* Is permitted when (A) (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; (2) *Claiming Privilege or Protection.* (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action" violates these rules, as it seeks information beyond the scope of the purported allegations in Plaintiff's Complaint.

12. Plaintiff's subpoena titled "Subpoena to Testify at a Deposition in a Civil Action," on its face, is overbroad and purports to ask for every single record of transaction or anything concerning a telephone number belonging to a non-party, David Sebrow, see **EXHIBIT C**, a letter from Verizon regarding the issuance of the subpoena.

13. Even if Defendant uses this telephone number, the documentation sought go back prior to the Plaintiff's own admission of the start date of his allegations in his Complaint (see paragraph 18 of Plaintiff's Complaint) and goes beyond the date of their last TELEPHONE communication, which again, is by Plaintiff's own admission in his Complaint (see paragraph 48 of Plaintiff's Complaint, July 24, 2018). Beyond that date, by Plaintiff's own admission in his Complaint, the communication was from another telephone number unknown to him, or were

5

purported emails from Defendant which have nothing to do with Verizon Wireless records. The subpoena in this case, therefore, is a fishing expedition, in violation of Federal guidelines.

14. Even more significantly, the Plaintiff 's Complaint seeks relief from an "Internet Plan" (social media posts) committed by four other people who Plaintiff is currently suing in Nassau County New York (see cover of complaint, annexed hereto as **EXHIBIT D**) in a matter filed prior to the case at bar. Interestingly, and suspect as well, is the fact that Plaintiff never named the Defendant as a party to that lawsuit, where it would have been appropriate if Plaintiff's claims were legitimate. Equally curious is the fact that none of the Defendants have sought to implead Ms. Sebrow, which would certainly have been the case had Plaintiff's allegations that Ms. Sebrow is the "mastermind" behind their plot to defame the Plaintiff.

15. Equally important for this Court is to take judicial notice of the fact that the same deception Plaintiff is attempting here with this subpoena is similar to that which they filed in a Domestic Violence matter, currently pending in the Superior Court of New Jersey, Essex County. In that matter, Plaintiff's counsel were sanctioned for their violations and willful disregard for the Court rules (see relevant portion of the Court Order issued by the Essex County Family Division, annexed hereto as **EXHIBIT E**).

16. The information sought by the Plaintiff in the Verizon Wireless subpoenas is therefore (a) largely irrelevant (b) overbroad as to the unlawful conduct they are alleging, and (c) overbroad as to the time and the character of the information being requested. Defendant accordingly objects to all of Plaintiff's demands as set forth in Attachment A of Plaintiff's subpoena.

17. The scope of discovery under a subpoena is the same as the scope of discovery under Rules 26 and 34. The court must determine whether the scope of the Subpoenas Duces

Tecum in this case is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, or is otherwise overreaching and subject to objection.

Rule 26(b)(1) provides "parties may obtain discovery regarding any non-privileged matter that is relevant to any parties claim or defense… The party resisting discovery has the burden to prove its objections by showing that the request "(1) does not come within the scope of relevance as defined in Fed.R.Civ.P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. That burden can be met in this case by examining the allegations of the Complaint and comparing them to the scope of the subpoenas. The requests are wildly overbroad and have no bearing on the alleged wrongdoing. Except for the discovery concerning telephone calls and/or text messages during the dates mentioned herein, there is no legitimate basis for Plaintiff's seeking everything else Verizon Wireless may possess concerning the telephone number belonging to David Sebrow. The Plaintiff's subpoenas demand documents that are plainly irrelevant to the claims at issue in this action, and are unlikely to lead to the discovery of admissible evidence.

18. Furthermore, the information sought is privileged and would violate the privacy of hundreds of non-parties to the issues at hand. Ms. Sebrow uses this telephone for both personal and business purposes. In the course of her business related phone calls, Ms. Sebrow's clients have a reasonable expectation of privacy in their communicates with Ms. Sebrow, and which Ms. Sebrow has a duty to protect. For the Court to permit such broad disclosure would cause immeasurable harm to Ms. Sebrow and her clients to the sensitive nature of her business which requires an assurance of confidentiality. Furthermore, a violation of this duty of confidentiality could potentially expose Ms. Sebrow to broad legal liability, to which the

Plaintiff should not be granted access. Accordingly, the potential harm to Ms. Sebrow in exposing this information to the Plaintiff goes well beyond any hoped for relevance he may discover as a result of this subpoena.

19. Additionally, copies of text messages are not kept by Verizon Wireless for more than five days. Accordingly, as to the request for production of text messages, it is not possible to produce.

20. In regard to communications between the Parties in this action, Defendant is ready and willing to exchange those items noted as part of the joint discovery plan regarding any relevant records of communications between the Parties. The Defendant is currently in the process of working with phone forensics experts who are attempting to restore and recover information on the cell phone that Ms. Sebrow possessed during the period in question identified by the Plaintiff in his Complaint.

21. Ms. Sebrow also poses no objections to providing her Verizon Wireless records, relevant to the communications between her and Plaintiff. To the extent that there are communications between Ms. Sebrow and unidentified callers, or any other discovery deemed relevant to the issues at hand, and in accordance with the Joint Discovery Plan, they will be provided.

*22.* A court, pursuant to its inherent authority, may sanction conduct considered to be an abuse of the judicial process. When imposing sanctions under its inherent powers, the court must find that the conduct in question was "without a colorable basis" and was done in "bad faith," for example, the conduct was "motivated by improper purposes such as harassment or delay." Here, Plaintiff's counsel is surely aware, since he has already been sanctioned by another

8

court for knowing violation of the rules, has once again sought to circumvent the court rules and proper legal procedures that attorneys must adhere to in the course of litigation.

23. Furthermore, there is an inference of bad faith, since Plaintiff's counsel was well aware of the efforts in progress to investigate the communications between the parties. The Defendant has already submitted for a deposition in this matter (still incomplete), during which the Defendant provided access to her email account, which conflicted with Plaintiff's account. The truth of the source of the disparities between the emails have yet to be properly explored, and has been willing to cooperate in pursuing this exploration. Nevertheless, Plaintiff's counsel submits information to the Court, which is not yet fully investigated and verified, and improperly presents it as factual evidence. Appropriate warnings should be issued to Plaintiff's counsel in this regard as to this improper conduct.

## RELIEFS REQUESTED

24. Based upon the foregoing, Defendant requests that the Court grant the following reliefs: (a) An Order to quash the non-party subpoena issued by Plaintiff's counsel based upon the reasoning presented herein; (b) require that all future subpoenas issued by the Plaintiff to non-parties, to the extent that there will be any, should be filed electronically with the Court so Defendant's counsel may have proper oversight; and (c) impose a monetary sanction on Plaintiff and/or his legal counsel, in an amount equivalent to Ms. Sebrow's attorneys' fees and costs incurred in connection with the preparation of this Motion to Quash.

## CERTIFICATION OF PRE-FILING CONFERENCE

Pursuant to Federal Court Rules, the undersigned counsel for Defendant certifies that, prior to filing the instant motion, there was significant effort invested in communications with

9

Plaintiff's counsel in a good faith effort to resolve, by agreement, the issues raised in the instant motion. Unfortunately, the parties were unable to do so.

Dated: February 28, 2023

_____
Ira W. Heller, Esq.

**Ira Heller Law, LLC**
Attorneys for Defendant
1317 Morris Avenue
Union, New Jersey 07083
Tel: 908-275-8626
Email: iwhelleresq@gmail.com