**Daniel Szalkiewicz**
**& Associates**

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
lawdss.com

February 8, 2023

<u>**Via CEF and Email**</u>
United States Magistrate Judge Edward S. Kiel
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

*Re:*   *John Doe v. Baila Sebrow*
        *United States District Court, District of New Jersey*
        *Case No.: 2:21-cv-20706*

Dear Magistrate Kiel,

        We represent the plaintiff in the above-referenced matter.  Pursuant to Your Honor's Individual Rules, we seek permission of the Court to move for an order striking defendant Sebrow's answer and assessing sanctions and costs against Defendant and her counsel for spoliation of evidence, perpetration of a fraud on the Court, and perjury.

<u>**Background:**</u>   Plaintiff produced for defendant iMessages and WhatsApp Messages that were sent by Sebrow.  Defendant, without any basis in fact or one piece of evidence, asserted that they were "spoofed".  However, Defendant has refused to engage in any ESI discovery, refused to sign any authorization permitting Plaintiff to access Apple data, and refused to disclose a single text message from her phone.  Defendant apparently has a forensic examining Sebrow's devices but is withholding any further information from Plaintiff.

        On November 21, 2022, our office served a First Request for the Production of Documents on Sebrow.  Despite several good-faith letters, Sebrow refused to respond. Finally, on January 9, 2023, Mr. Heller sent our office his purported responses. One of our demands (number 7) specifically requested all documents relating to the claim Plaintiff possessed intimate images of Sebrow. In the document response, Mr. Heller wrote "[t]o the extent that these documents exist and are in custody of the Defendant, they are attached hereto." Nothing was attached.  Upon noticing that not a single document was disclosed, our office sent Mr. Heller two deficiency letters.  On January 26, 2023, at 12:42 P.M., minutes before our settlement conference with this court, Mr. Heller responded (Exhibit 1[1]).  Concerning the lack of documents produced, Mr. Heller wrote "[t]hat response was worded incorrectly. It should have read: "To the extent that these documents exist, they are in the possession of the defendant."  Presumably, Mr. Heller meant to write Plaintiff.  Irrespective of Mr. Heller's statement, he did not disclose any further documents.  Essentially, from the beginning of the case until February 5, 2023, Defendant provided Plaintiff with zero documents in discovery.

        On January 31, 2023, Ms. Sebrow's deposition began.  Due to multiple delays on the part of Defendant, the deposition was adjourned until February 2, 2023, and then again to February 6,

---

[1] The letter, and all other exhibits, have been redacted to remove Plaintiff's true name.

DS & A

February 9, 2023
Page 2

___

2023.  On February 5, 2023, Mr. Heller produced, for the first time, five emails. Four allegedly came from Plaintiff's Earthlink account and the fifth from his Gmail account (Exhibit 2). Plaintiff never saw the content of the subject email, and that same night, our office searched Plaintiff's email account and located the original Gmail message (Exhibit 3).  As the Court can see, Sebrow altered the original email, inserting the text "Maybe Ill go if YOU will blow me. Nice pussy pictures I have of you" when the actual text of the email reads "Maybe Ill go if YOU are there".  Equally as disturbing is the emails Mr. Heller produced were printed by his office on **July 30, 2021,** yet not disclosed until February 5, 2023, despite the requirements of Rule 26 and obligation to truthfully respond to our document requests.

**_Defendant and Mr. Heller are Made Aware She is Caught Fabricating Evidence_**: On February 6, 2023, the morning of Ms. Sebrow's continued deposition, Mr. Borenstein and I presented the fabricated evidence to Mr. Heller.  We showed Mr. Heller the difference in the emails.  We provided Mr. Heller with access to Plaintiff's inbox so he could verify the authenticity of the original email.  We even printed out the headers from the original email for Mr. Heller in his presence.  Mr. Heller brought the evidence to his client, and both refused to retract the fraudulent email.  Mr. Heller and I then searched Ms. Sebrow's AOL email account.  Although Ms. Sebrow retained the forwarded, altered email she sent to her counsel, the original email sent by Plaintiff on January 23, 2018,  was no longer there.  It should be noted that Ms. Sebrow's AOL email account had over 900,000 messages, yet this one, allegedly damning, piece of evidence, was missing.  We also pointed out to Mr. Heller that the style and format of the fraudulent email led us to believe it was not authentic because the indentation of the text did not match the email body.  Despite all this evidence, Defendant and her counsel still refuse to acknowledge the fabricated evidence they are holding out as authentic.

**_Defendant's Additional Conduct_**: On January 9, 2023, Mr. Heller purported to provide our office with his client's interrogatory responses.  At her deposition, Sebrow was shown the responses and denied ever seeing the document before (Exhibit 4).  When searching Defendant's AOL account for other emails sent to and from Plaintiff, it became clear that Sebrow had deleted the ones that made her look bad.  Further, Defendant has also continued to claim she was spoofed despite the evidence to the contrary and her inability to show how both iMessage and WhatsApp, two encrypted services, were hacked over the span of nearly six months.  Sebrow made light of the spoof allegations in her deposition, when she answered her knowledge of spoofing was "[w]ell, spoofing -- spoofing on shows, Saturday Night Live spoof, spoof -- playing a trick, pretending to be somebody that you're – pretending to be somebody else." Perhaps the worst part of Sebrow's fraudulent testimony during her deposition was when she alleged, for the first time, that Plaintiff would make her pretend to be his daughter while they had sex.  Sebrow will stop at no lengths to make a mockery of this action and harm Plaintiff.

**_Motion and Remedies_**: Plaintiff seeks permission to move to strike Defendant's answer and for sanctions (including costs) against both Defendant and her counsel. Defendant spoliated evidence by not preserving the email messages in their original electronic form and refusing to engage in any ESI discovery; perpetrated a fraud on Plaintiff and the Court by fabricating the

DS & A

February 9, 2023
Page 3

emails; and committed perjury at her deposition by testifying that she was spoofed.  Mr. Heller should have realized the emails were not authentic upon hearing Defendant's testimony and seeing the evidence of the original email. At the least, Mr. Heller learned of the emails' falsity, and his client's perjury, upon being briefed by Plaintff's attorneys and examining Sebrow and Plaintiff's email accounts. His failure to advise the Court or take other remedial action violates the rules of professional conduct.  Finally, while Mr. Heller alleges his client's phone is being forensically analyzed, he has an obligation to alter the court once he learns that she has presumably deleted all additional incriminating evidence and continued to perjure herself.  He has not.

Respectfully submitted,

*Daniel S. Szalkiewicz, Esq.*

By: Daniel S. Szalkiewicz, Esq.
**daniel@lawdss.com**

# Exhibit 1

**IRA HELLER LAW, LLC**

1317 Morris Avenue, Union, NJ 07083

IRA W. HELLER, ESQ.
(MEMBER OF BAR - NJ & NY)

Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

January 25, 2023

Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

Re: ▓ v. Sebrow – Docket # FV-07-265-22 / Sebrow v. ▓ – Docket # FV-07-487-22

Dear Mr. Szalkiewicz,

Please accept this letter as response to your Deficiency Notices of January 10, 2023 and January 24, 2023. Responses are in bold red, below.

**Response to Request One**:  You objected to the request as you assert Plaintiff has in her possession and control the same documents.  However, you have continuously alleged that the documents we produced are forgeries and fabrications; therefore, your client has a burden of producing what she believes the be the original, unaltered, text messages, emails, and other communications.

**We are currently working on obtaining these documents with our expert.**

**Response to Request Two**:  You once again objected to this demand as you stated Plaintiff has the documents in his possession.  However, as with the correspondence and text messages between the Plaintiff and Defendnat, you are alleging the messages are false.  If your client is willing to consent to the authenticity of the messages, we will not request her to turn over the messages between Kiderman and Defendant.

**Same answer as above, we allege that certain messages therein are not accurate, and we are currently working with our expert to obtain them.**

**Response to Request Three**:  Your objection is invalid.  If you made statements to any third parties concerning the allegations in the complaint or your counterclaim, you are required to turn over said documents.

**We stick by our response that any statements made to the Bet Din and police can be independently obtained or has already in the possession of the plaintiff. There were no statements to the press.**

**Response to Request Six and Twenty-Two**:  Plaintiff does not have the report nor can he obtain it.  You are required to turn over a copy of the police report.  It is not a public record.

**We stick by our response that the police records can be obtained by plaintiff and we believe they may have been provided**

**Response to Requests 7-19 and 21, 23-25**:  You stated that the documents are attached hereto.  However, no discovery documents were attached to your responses.

**That response was worded incorrectly. It should have read: "To the extent that these document s exist, they are in the possession of the defendant."**

## Interrogatory Responses

Initially, you provided us with unsworn interrogatory responses.  Federal Rules of Civil Procedure (FRCP) 33 states "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and they must be signed.  Defendant has not signed the document under oath and it is therefore rejected.

**Response to Interrogatory One**: Your response indicates that the only people who have knowledge of the subject matter of the litigation are those listed in your untimely initial disclosures.  The people listed in that document were Plaintiff, Baila Sebrow, Daniel Szalkiewicz, Gabriel Solomon, Michael Kogan, Tanya Kogan and MBTA Management LLC, and Spoofcard.  However, throughout your other responses, it is clear that there are more individuals who have knowledge of the allegations in the complaint and counterclaim and therefore this response must be amended and **completely** answered.

**Your statement is not true, and based upon assumptions which have no evidentiary support.**

**Response to Interrogatory Three**:  This appears to be a response to interrogatory two, not three, and must be amended to properly respond to the interrogatory.

**Response to Interrogatory Eight**:  This statement came from a text message sent by your client.

**No, they allegedly came from my client, but is currently being investigated by our expert and our answer stands.**

**Response to Interrogatory Nine**:  This statement came from a text message sent by your

client.

**See answer above**

**Response to Interrogatory Eleven**:  The answer is incomplete.  The interrogatory requests that Sebrow "identify the content of each and every photograph you alleged Plaintiff took of you and used to blackmail you," however, she provides a vague and general response.

**This is the best response we can provide at this time.**

**Response to Interrogatory Thirteen**:  This response is also incomplete.  It requests the "exact time, location, and date of each time Plaintiff allegedly raped" Sebrow, however you only provided general nonspecific times.

**See response above**

**Response to Interrogatory Seventeen**:  This response is also incomplete.  It also requested the model of the iPhone.

**See response as above**

ESI Discovery

Given the Defendant's lack of any meaningful documents and denials of the all the allegations, it is clear ESI discovery is necessary.  We will send a separate letter detailing what we would like to have conducted in order to complete the discovery process, but at a minimum, we will be requesting to have her computer and iPhone analyzed.  We propose the following preliminary parameters of the electronic search and retrieval with respect to metadata, format, time period, and scope:

**What documents are lacking? All text messages have been allegedly turned over by the Plaintiff.**

I will discuss depositions with you at the proceeding.

Sincerely,

Ira W. Heller, Esq.

# Exhibit 2

 Gmail

Ira W Heller <iwhelleresq@gmail.com>

## Fw: PRE-PURIM BLAST FOR SINGLES AGES 30-45 SUN. FEB. 25TH KINGSWAY JEWISH CENTER BALLROOM

1 message

**bsebrow** <bsebrow@aol.com>                                                    Mon, Jul 26, 2021 at 4:19 PM
To: "Ira W. Heller" <iwhelleresq@gmail.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Baila Sebrow <bsebrow@aol.com>
> **Date:** January 23, 2018 at 6:59:02 PM EST
> **To:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
> **Subject: Re: PRE-PURIM BLAST FOR SINGLES AGES 30-45 SUN. FEB. 25TH KINGSWAY JEWISH CENTER BALLROOM**
> Why are you doing this to me?
>
> Sent from my iPhone
>
> On Jan 23, 2018, at 6:58 PM, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ wrote:

Maybe Ill go if YOU will blow me. Nice pussy pictures I have of you.

> On Jan 23, 2018, at 4:16 PM, Baila Sebrow Events <bsebrow@aol.com> wrote:

# ANNUAL PRE-PURIM BLAST

## FOR FRUM SINGLES AGES 30-45

# SUNDAY FEBRUARY 25TH, 2018
# 6:00 PM
# KINGSWAY JEWISH CENTER BALLROOM

### -SMORGASBORD OF DELICACIES-
### INCLUDING HOT AND COLD DISHES

### -WINE BAR-

### -MUSICAL ENTERTAINMENT-
### EXCITING LINE-UP OF FAMOUS PROFESSIONAL SINGERS

### SHADCHANIM AND FACILITATORS

**PLUS RAFFLES AND PRIZES**
**ADMISSION: $36**
**TO BENEFIT: PROJECT MAZON**

**CONTACT: BAILA SEBROW (516) 849-5863**
**BSEBROW@AOL.COM**

**PRESENTED BY BAILA SEBROW EVENTS, LLC.**
**A JOINT PROJECT WITH THE JCC OF MARINE PARK**
**L'ZECHER NISHMAS DOVID SHMUEL BEN YOSEF MORDECHAI, Z"L**

# Exhibit 3





## PRE-PURIM BLAST FOR SINGLES AGES 30-45 SUN. FEB. 25TH KINGSWAY JEWISH CENTER BALLROOM

**Baila Sebrow** <bsebrow@aol.com>
To: XXXXXXXXXXXXXXX

Tue, Jan 23, 2018 at 7:07 PM

Banana Boy and the Chef will be there. Dr. Sleaze can't. He's still married.

Sent from my iPhone

On Jan 23, 2018, at 7:00 PM, XXXXXXXXXXXXXXXX wrote:

Banana boy ,dr sleeze and the Chef will be there

On Jan 23, 2018, at 6:59 PM, Baila Sebrow <bsebrow@aol.com> wrote:

Haha

Sent from my iPhone

On Jan 23, 2018, at 6:58 PM, XXXXXXXXXXXXXXXX wrote:

Maybe Ill go if YOU are there

On Jan 23, 2018, at 4:16 PM, Baila Sebrow Events <bsebrow@aol.com> wrote:

### ANNUAL PRE-PURIM BLAST

#### FOR FRUM SINGLES AGES 30-45

### SUNDAY FEBRUARY 25TH, 2018
### 6:00 PM
### KINGSWAY JEWISH CENTER BALLROOM
### 2902 KINGS HIGHWAY BROOKLYN, NY

-SMORGASBORD OF DELICACIES-
INCLUDING HOT AND COLD DISHES

-WINE BAR-

-MUSICAL ENTERTAINMENT-
EXCITING LINE-UP OF FAMOUS PROFESSIONAL SINGERS

SHADCHANIM AND FACILITATORS

PLUS RAFFLES AND PRIZES
ADMISSION: $36
TO BENEFIT: PROJECT MAZON

CONTACT: BAILA SEBROW (516) 849-5863
BSEBROW@AOL.COM

PRESENTED BY BAILA SEBROW EVENTS, LLC.



STAY CONNECTED:



Baila Sebrow Events, 12 Beechwood Drive, Lawrence, NY 11559

SafeUnsubscribe™ ✕✕✕✕✕✕✕✕✕
Forward this email | Update Profile | About our service provider
Sent by bsebrow@aol.com

Case 2:21-cv-20706-MEF-ESK Document 45-5 Filed 03/20/23 Page 14 of 21 PageID: 419

# Exhibit 4

1                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

2                    CASE NO. 2:21CV-20706 (SDW)(ESK)

3  ------------------------------------

4  JOHN DOE,                          :

5              Plaintiff,       :

6           vs.                  :

7  BAILA SEBROW,                :

8              Defendant.       :

9  ------------------------------------

10            VIDEOTAPED DEPOSITION OF:
                 BETTY SEBROW

11         TUESDAY, JANUARY 31, 2023
               10:34 a.m.

12

13

14

15

16

17

18

19

20

21

22           ROSENBERG & ASSOCIATES, INC.
      Certified Court Reporters & Videographers

23        23 Vreeland Road, Suite 204
        Florham Park, New Jersey 07932

24     (973) 228-9100    (800) 662-6878
        www.rosenbergandassociates.com

25

```
 1              A       That's correct.
 2              Q       Okay.  What we're going to do now is
 3      we're going to put on the screen and mark for
 4      identification as Exhibit-6 documents which
 5      internally we have identified as MM, Mary Mary,
 6      which we call discovery in federal court Baila's
 7      answers to rogs and docs.  That's just lawyer talk
 8      for how we're identifying the document.  And then
 9      I'll ask you some questions about it, okay?
10                      (Whereupon, Exhibit Sebrow-6, answers
11                  to interrogatories, was marked for
12                  identification.)
13              Q       If it is necessary for you to go
14      closer to the screen so that you can read things
15      more easily -- or you want us to enlarge it?
16              A       If you can enlarge it.
17              Q       What I'm going to do is, I am going to
18      ask you to take a look at what's on the screen so
19      far and I'm going to ask you what you have there is
20      what lawyers called a caption and then on the right
21      you have the case number and you have the heading
22      called Defendant's Response to Plaintiff's First Set
23      of Interrogatories.
24                      Do you see that?
25              A       Yes.
```

1        Q       Have you ever seen that before?

2        A       No.

3        Q       Let's go to the --

4                MR. BORENSTEIN:  Scroll down, please.

5        Share the whole page as much as you can there.

6        Q       You have all this material on the

7   first page which has number one through five.

8                Have you ever seen that before?

9        A       No.

10       Q       Let's go to the second page.  Which is

11   page two.  Doesn't have a page number but it's item

12   six through fifteen.

13               Have you ever seen that before?

14       A       No.

15       Q       Let's go to the next page.  Which

16   continues with items sixteen through nineteen.  And

17   then in the middle of the page it says responses and

18   objections.

19               Have you ever seen that before?

20       A       No.

21       Q       Let's go all the way down to one, two

22   and three.  You see there are three answers to

23   interrogatories.  Did you see that?  Scrolling?

24       A       I see it on the screen, yes.

25       Q       Okay.  Let's go to the next page.  It

1   says interrogatory four, interrogatory five,

2   interrogatory six, and part of interrogatory number

3   seven.  Do you see that now?

4        A    Yes.

5        Q    Have you ever seen that before?

6        A    No.

7        Q    Let's continue to the next page.  It

8   says interrogatory eight, interrogatory nine,

9   interrogatory ten, interrogatory eleven,

10  interrogatory twelve, interrogatory thirteen.

11            Have you ever seen that before?

12       A    No.

13       Q    Let's go to the last page which says

14  interrogatory fourteen, interrogatory fifteen,

15  interrogatory sixteen, interrogatory seventeen,

16  interrogatory eighteen, interrogatory nineteen.

17            Have you ever seen those before?

18       A    No.

19       Q    Do you see that it's dated January 5,

20  2023?

21       A    Yes.

22       Q    And do you see that on the right is

23  Ira W. Heller, Esquire's name?

24       A    Yes.

25       Q    Did you ever see Mr. Heller sign his

```
 1    name to the document?
 2          A      Have I ever seen his signature?
 3          Q      Did you see him sign?  Physically see
 4    him sign?
 5          A      I don't recall.
 6          Q      Did you personally ever read this
 7    entire document called Defendant's Response to
 8    Plaintiff's First Set of Interrogatories at any
 9    time?
10          A      No, sir, I have not seen this
11    document.
12          Q      Do you understand that this document
13    represents your answers to questions that were posed
14    by the attorneys for the Plaintiff John Doe in this
15    case?
16          A      Can you repeat that question.
17          Q      Sure.  I'll ask the court reporter to
18    read it back.
19                 (Whereupon, the last question was
20            read back by the reporter.)
21          A      The questions today?
22          Q      Questions in writing which were sent
23    --
24          A      I haven't read the whole thing.  You
25    went through it quickly but I -- not really sure how
```

```
 1   to answer this quickly.
 2        Q     Okay.  Fine.  I'll withdraw the
 3   question.
 4             Let's take a look at interrogatory
 5   number four.  I want questions first.  Do we have
 6   the questions?
 7                  MR. SZALKIEWICZ:  They're gonna be a
 8        separate document.
 9        Q     Let's go off the record for a second
10   so we can find it.
11                  THE VIDEOGRAPHER:  The time is
12        currently 11:47 a.m.  We're going off the
13        record for media unit number one.  We are off
14        the record.
15                  (Whereupon, a brief recess was
16             taken.)
17                  THE VIDEOGRAPHER:  The time is
18        currently 11:57 a.m.  We are back on the record
19        for media unit number one.
20   BY MR. BORENSTEIN:
21        Q     At this time we are going to mark for
22   identification as Sebrow Exhibit-7 document called
23   Plaintiff's First Set of Interrogatories.
24                  (Whereupon, Exhibit Sebrow-7,
25             Plaintiff's First Set of Interrogatories,
```