**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | Civil Action No. 21-20706 (SDW) (ESK) |
| Plaintiff/Counterclaim Defendant, | **WHEREAS OPINION** |
| v. | March 22, 2023 |
| BAILA SEBROW, | |
| Defendant/Counterclaim Plaintiff. | |

**THIS MATTER** having come before this Court upon Plaintiff/Counter-Defendant John Doe's ("Doe") filing of a Motion to Dismiss (D.E. 15 ("Motion to Dismiss")) Defendant/Counter-Plaintiff Baila Sebrow's ("Sebrow") Counterclaims (D.E. 13 at 8–9), and this Court having reviewed Sebrow's Counterclaims for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and having reached its decision without oral argument pursuant to Rule 78; and

**WHEREAS** this case arises from a troubling relationship between Mr. Doe and Ms. Sebrow. (*See generally* D.E. 1; *see also* D.E. 13 ¶¶ 31–44.) According to Doe, his relationship with Sebrow began in October 2017 and lasted until "some point in 2018." (D.E. 1 ¶¶ 18–25.) Doe asserts that, after he attempted to end the relationship with Sebrow, she began a campaign of abuse, threats, and retaliation against Doe via emails, text messages, phone calls, posts on the internet, and communications with Doe's employer. (*See, e.g.*, *id.* ¶¶ 24–27, 32–86.) The Complaint contains, *inter alia*, a series of disturbing text messages that Sebrow allegedly sent to Doe. (*Id.* ¶ 32.) For example, the Complaint alleges that, via text, Sebrow: accused Doe of rape,

(*id.* at 8)[1]; subsequently admitted that the rape accusation was fabricated[2], (*id.* at 9); and threatened to publish explicit information about Doe, (*id.* at 8). Doe asserts that the communications from Sebrow eventually ceased, but shortly thereafter, he began to receive messages and posts from unknown persons who, among other things, accused Doe of rape. (*See, e.g.*, *id.* ¶¶ 33–40.) As a result, Doe filed a Complaint against Sebrow on December 23, 2021. (*See generally id.*); and

**WHEREAS** on October 3, 2022, Sebrow filed an Answer to Doe's Complaint. (D.E. 13.) Therein, Sebrow alleges that Doe raped her and, in the ensuing months, coerced her into an abusive, sexual relationship. (*Id.* ¶¶ 32–37.) Sebrow further contends that Doe weaponized the legal process with intent to harass her. (*Id.* ¶¶ 38–44.) Specifically, Sebrow maintains that Doe served her with a temporary restraining order ("TRO") on or about July 15, 2021—nearly three years since they had last been in contact—and that weeks later, she was arrested for sending Doe a Twitter notification in violation thereof. (*Id.* ¶¶ 38–39.) According to Sebrow, however, Doe actively elected to receive such notifications in order to falsely and maliciously accuse Sebrow of violating the July 15 TRO. (*Id.*) Sebrow alleges that Doe's intentional actions caused Sebrow's wrongful arrest. (*Id.* ¶¶ 39–40.) Sebrow brings three counterclaims against Doe: fraudulent misrepresentation (Count I), defamation (Count II), and abuse of process (Count III). (*Id.* at 8–9.) On October 21, 2022, Doe moved to dismiss those counterclaims.[3] (D.E. 15); and

**WHEREAS** an adequate counterclaim must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires

---

[1] Paragraph 32 in the Complaint contains a series of text messages organized in alphabetical subparagraphs. (D.E. 1 ¶ 32.) When referring to Paragraph 32 in the Complaint, this Opinion will cite to the page number.
[2] Sebrow allegedly stated, "I'm very sorry that I said you [Doe] raped me. I was upset, and not thinking clearly. It's not true. I apologize for the grief it caused you." (*Id.* at 9.)
[3] Sebrow did not oppose Doe's Motion to Dismiss.

2

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (confirming that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). The allegations in the counterclaim "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and pled with enough specificity to "give the [accused party] fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). In other words, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Insofar as a claim for relief sounds in fraud, the party asserting the claim must meet the "stringent pleading restrictions of Rule 9(b)" by pleading "the circumstances constituting fraud or mistake . . . with particularity." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Fed. R. Civ. P. 9(b)). To satisfy Rule 9(b)'s heightened pleading standard, the party "alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the [party accused of fraud] on notice of the 'precise misconduct with which [he is] charged.'" *Id.* (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004)). A party can satisfy this heightened standard by alleging "'the who, what, when, where, and how of the events at issue,'" *United States ex rel. Bookwalter v. Univ. of Pitt. Med. Ctr.*, 946 F.3d 162, 176 (3d Cir. 2019) (quoting *United States ex rel. Moore & Co. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016)), but they need not include "the date, time, place, or content of every single allegedly false . . . claim," *id.*; and

**WHEREAS** "[a] motion to dismiss a counterclaim is properly evaluated under the familiar Rule 12(b)(6) standard." *New Skies Satellites, B.V. v. Home2US Commc'ns, Inc.*, 9 F. Supp. 3d 459, 464 (D.N.J. 2014) (citing *RBC Bank (USA) v. Pertozzini*, No. 12-155, 2012 WL 1965370, at *2 (D.N.J. May 31, 2023) and *Malibu Media, LLC v. Lee*, No. 12-3900, 2013 WL 2252650, at *3 (D.N.J. May 22, 2013)).  When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the [counterclaim] in the light most favorable to the [counterclaimant], and determine whether, under any reasonable reading of the [counterclaim], the [counterclaimant] may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a [counterclaim] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–11 (3d Cir. 2009) (discussing the *Iqbal* standard).  "[A counterclaim] must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Determining whether the allegations in a counterclaim are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the counterclaim should be dismissed for failing to "show[] . . . that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)); and

**WHEREAS** Sebrow's fraudulent misrepresentation claim falls short of Rule 9's heightened pleading standard.  Sebrow asserts, in conclusory fashion, that Doe knowingly and

4

intentionally made false statements upon which third parties relied to Sebrow's detriment. (D.E. 13 at 8.) That lone allegation plainly does not allege "'the who, what, when, where, and how of the events at issue.'" *United States ex rel. Bookwalter*, 946 F.3d at 176 (quoting *Majestic Blue Fisheries, LLC*, 812 F.3d at 307). Indeed, Sebrow's fraudulent misrepresentation claim is no more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements,"[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555), and therefore it will be dismissed without prejudice; and

**WHEREAS** Sebrow's defamation claim similarly fails for pleading deficiencies. "To establish defamation under New Jersey law, a plaintiff must [allege that] the defendant (1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault." *Mangan v. Corp. Synergies Grp.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011). In federal court, a claimant "must allege the elements of defamation as defined by [state] law to a degree of sufficient specificity to satisfy the standards outlined in Rule 8."[5] *Mangan*, 834 F. Supp. 2d at 204. "[A] defamation pleading does not need to cite precise defamatory statements, it must only provide sufficient notice to the other party of the allegations made against him." *Id.* (quoting *Cristelli v. Filomena II, Inc.*, No. 99-2862, 1999 WL 1081290, at

---

[4] In other words, Sebrow's bare allegations fail even under the more liberal Rule 8 pleading standard. *Twombly*, 550 U.S. at 555 ("[Rule 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. . . ." (internal citations omitted)).

[5] Doe argues that state law imposes upon Sebrow a heightened pleading standard for defamation claims. (D.E. 15-2 at 11–15.) That is not so. Rather, "[a] federal court sitting in diversity applies the Federal Rules of Civil Procedure, provided the rule in question is valid and on-point." *Mangan*, 834 F. Supp. 2d at 203 (citing *Hanna v. Plumer*, 380 U.S. 460, 472 (1965). In defamation actions, federal courts apply the pleading standard articulated under Rule 8. *See id.* (applying the federal pleading standard—rather than New Jersey's heightened pleading standard—to assess the sufficiency of defamation claims); *Aleynikov v. The Goldman Sachs Grp.*, No. 12-5994, 2016 WL 6440122, at *11 n.14 (D.N.J. Oct. 28, 2016) (same). In any event, Sebrow's defamation claim fails under the more lenient federal pleading standard.

\*3 (D.N.J. Dec. 1, 1999)). Although Sebrow need only meet the liberal pleading standards of Rule 8, she has not done so here. Once again, Sebrow merely recites the elements of her claim, (D.E. 13 at 8)—she does not explain the nature of the allegedly defamatory statements, nor does she set forth any other information to "provide sufficient notice to [Doe] of the allegations made against him." *Mangan*, 834 F. Supp. 2d at 204 (quoting *Cristelli*, 1999 WL 1081290, at \*3). Therefore, Count II must be dismissed without prejudice[6]; and

**WHEREAS** Sebrow has sufficiently pleaded a claim for abuse of process; however, to the extent her claim is based on ongoing litigation, it must be dismissed. Under New Jersey law, a party bringing a claim for malicious abuse of process must allege (1) an ulterior motive, and (2) an improper act after the issuance of legal process. *Burgess v. Bennet*, No. 20-7103, 2021 WL 1050313, at \*6 (D.N.J. Mar. 19, 2021); *Fidanzato v. Somerset, Hunterdon, & Warren Counties Vicinage 13*, No. 11-5132, 2012 WL 4508008, at \*10 (D.N.J. Sept. 28, 2012). "By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded," and accordingly, abuse-of-process claims that challenge ongoing lawsuits must be dismissed "as premature." *Citizens Bank of Pa. v. Exec. Car Buying Svcs., Inc.*, No. 10-478, 2010 WL 4687922, at \*5 (D.N.J. Nov. 10, 2010) (quoting *Access Fin. Lending Corp. v. Keystone State Mortg. Corp.*, No. 96-191, 1996 WL 544425, at \*5 (W.D. Pa. Sept. 4, 1996)). Here, Sebrow alleges that Doe intentionally opted to receive notifications from Sebrow's Twitter account, and after receiving one such notification, he accused Sebrow of violating the July 15, 2021 TRO. (D.E. 13 ¶¶ 38–39.)

---

[6] To the extent Sebrow's defamation claim is based on statements Doe made during litigation, such statements are immune from defamation actions. *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 523 (D.N.J. 2012) ("The New Jersey litigation privilege ensures that '[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability.'" (quoting *Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996))). Therefore, Sebrow's defamation claim for statements made during judicial or quasi-judicial proceedings will be dismissed with prejudice.

Doe—intending to harass Sebrow—falsely accused Sebrow of violating the TRO, and that caused her to be arrested. (*Id.* ¶¶ 39, 44.) Those facts, accepted as true, are sufficient to state a claim for abuse of process; and

**WHEREAS** to the extent Sebrow's claim for abuse of process is based on ongoing litigation, it is premature and must be dismissed without prejudice. *Citizens Bank of Pa.*, 2010 WL 4687922, at *5 ("The assertion, by way of a counterclaim, that the underlying litigation as a whole constitutes an abuse of process fails to state a claim which is ripe for adjudication [at the motion to dismiss stage]. By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded." (alteration in original) (quoting *Access Fin. Lending Corp.*, 1996 WL 544425, at *5)); therefore,

Doe's Motion to Dismiss is **GRANTED in part and DENIED in part**. An appropriate order follows.

                                                          /s/ Susan D. Wigenton  
                                           **United States District Judge**

Orig:  Clerk  
cc:     Parties  
        Edward S. Kiel, U.S.M.J.