**Daniel Szalkiewicz & Associates**

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

May 9, 2023

<u>Via CEF</u>  
United States Magistrate Judge Edward S. Kiel  
Frank R. Lautenberg U.S. Post Office & Courthouse Building  
2 Federal Square  
Newark, NJ 07102

Re:   John Doe v. Baila Sebrow  
      United States District Court, District of New Jersey  
      Case No.: 2:21-cv-20706

Dear Magistrate Kiel,

I write this letter to address the status of the case. To date, our office has been at a total standstill with litigation based on the defendant's inactions.

1. On February 8, 2023, we sent a letter to the court detailing the fraudulent exhibits Defendant shared as part of their limited discovery. The resolution of the request is pending.
2. On March 22, 2023, Judge Wigenton granted Plaintiff's motion to dismiss with the caveat that "Sebrow shall have 30 days to amend the counterclaims that were dismissed without prejudice." Sebrow did not file an amended counterclaim.
3. On April 5, 2023, because of a missed status conference, the court ruled fact discovery deemed complete. On April 6, 2023, we filed a letter motion requesting that fact discovery be reopened. The court directed Sebrow's counsel to respond by April 17, 2023. He did not.
4. In the April 5, 2023 order, the court directed the parties to meet and confer concerning expert discovery. I have been unable to do so with Defendnat's counsel. On April 27, 2023, I uploaded a letter detailing such. On May 4, 2023, I once again requested the ability to speak with Mr. Heller. He has not responded.

There are also currently two fee applications pending before the court based on the missed initial conference and missed settlement conference.

Currently, my client has only received 5 fabricated emails from Defendant. Sebrow has refused to engage in ESI discovery. Sebrow has allegedly retained an expert and turned over her device to him for review; she fails to disclose a single bit of information concerning same.

Sebrow's entire defense to this action has been a fraud on the court and designed to delay and impede Plaintiff's quest for justice. Sebrow did not answer the complaint for 10 months. She has refused to engage in any discovery or turn over any documents. She has taken every attempt possible to expose and harm the plaintiff; either through the filing of frivolous counterclaims or

DS & A

May 9, 2023
Page 2

---

through "accidentally" exposing his name and his children's names numerous times in the court record. When we did receive discovery, the documents were fabricated. Despite being an officer of the court, Heller has participated in this fraud by furthering his client's fabricated allegations. Heller's conduct is eerily similar to that of the attorney in Rossbach v Montefiore Med. Ctr., (2021 US Dist LEXIS 147031, at *28 [SDNY Aug. 5, 2021, No. 19cv5758 (DLC)]). In Rossbach, the Court sanctioned the attorney where:

> [the attorney also "unreasonably and vexatiously" multiplied proceedings in this case. 28 U.S.C. § 1927. Even after he was made aware that his client had likely fabricated evidence, he made no serious effort to investigate the allegations, and if necessary to withdraw from his representation of his client. Instead, even after he should have realized that Rossbach's complaint was based on her false allegations, he stood by the complaint. He submitted to the Court his client's false Declaration and a largely speculative expert declaration that did not address key evidence of fabrication identified by the defendants' expert. He also submitted a frivolous motion for sanctions against the defendants which necessitated a response from the defendants.
>
> ***
>
> at every step of these proceedings, [the attorney] failed to take reasonable steps to preserve critical evidence and failed to recognize the gravity of his client's misconduct and its implications for his own duties. He instead burdened the defendants and this Court by suborning his client's perjury and making frivolous and procedurally improper legal and factual arguments

Plaintiff is left with no remedy except to request another court conference and to file yet another motion.

 Thank you.

Respectfully submitted,

*Daniel S. Szalkiewicz, Esq.*

By: Daniel S. Szalkiewicz, Esq.
**daniel@lawdss.com**