## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**EDWARD S. KIEL**
UNITED STATES MAGISTRATE
JUDGE

FRANK R. LAUTENBERG U.S.
POST OFFICE & COURTHOUSE
BUILDING
2 FEDERAL SQUARE
NEWARK, NJ 07102
973-645-6121

## <u>LETTER ORDER</u>

May 24, 2023

RE:   Doe v. Sebrow
      Case No.: 21–cv–20706–SDW–ESK

Dear Counsel:

This matter is before the Court on: (1) plaintiff's counsel's affidavit of services (First Affidavit) (ECF No. 19) submitted pursuant to the order I entered on November 10, 2022 (Initial Scheduling Order); (2) plaintiff's counsel's affidavit of services (Second Affidavit) (ECF No. 25) submitted pursuant to the order I entered on December 21, 2022; (3) plaintiff's letter of February 8, 2023 (Feburary Letter) requesting leave "to move for an order striking defendant['s] … answer and assessing sanctions and costs against [d]efendant and her counsel for spoliation of evidence, perpetration of a fraud on the Court, and perjury" (ECF No. 35 p.1); and (4) plaintiff's letter of April 6, 2023 (April Letter) [1] requesting "a new discovery conference" and that the portion of the order I entered on April 5, 2023 (April Order) (ECF No. 48) deeming fact discovery to be complete be vacated (ECF No. 49).

---

[1] The April Letter was emailed to my chambers' email account.   Although my Courtroom Deputy filed the April Letter on the docket, the parties are reminded to file all correspondence addressed to the Court on the docket.

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -2-

### I.   BACKGROUND

I incorpate by reference the factual overview in District Judge Susan D. Wigenton's opinion of March 22, 2023.  (ECF No. 46 pp.1, 2.)  However, in summary, plaintiff filed a complaint on December 23, 2021 asserting claims against defendant for harassment, libel, "cyber harassing," perjury, tortious interference, and other causes of action relating to defendant's false and defamatory internet postings on major media outlets.  (ECF No. 1.)  Given plaintiff's failure to respond to the call for dismissal entered on May 9, 2022 (ECF No. 4), Judge Wigenton dismissed this case pursuant to Local Civil Rule 41.1(a) on May 23, 2022 (ECF No. 5).  Plaintiff moved to reopen on June 16, 2022 (ECF No. 6), in support of which plaintiff explained that defendant was served on April 27, 2022 (ECF No. 6-1 ¶ 6).  Judge Wigenton reopened this case on June 21, 2022 (ECF No. 7) and default was entered against defendant on July 11, 2022 (minute entry before ECF No. 13).  Defendant filed an answer and counterclaim on October 3, 2022.  (ECF No. 13.)[2]

On October 19, 2022, I entered an order (October Order) setting an initial scheduling conference for November 10, 2022 (Initial Conference).  (ECF No. 14.) The October Order required, in part, counsel to: (a) exchange the information required under Federal Rule of Civil Procedure (Rule) 26; (b) meet and confer pursuant to Rule 26(f) and file a joint discovery plan at least three business days before the Initial Conference; and (c) appear for the Initial Conference.  (*Id.*) Plaintiff's counsel contacted my chambers before the Initial Conference to advise that defendant's counsel had not responded to his attempts to confer on a joint

---

[2] Defendant did not move to vacate the default against her (*see* minute entry before ECF No. 13) before filing her answer and counterclaim (ECF No. 13).  Plaintiff, however, did not object to defendant filing her answer and counterclaim without first vacating the default and raised no such objection in his motion to dismiss defendant's counterclaims.  (ECF No. 15.)  Accordingly, I will *sua sponte* vacate the default.

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -3-

discovery plan.   (*See* ECF No. 18 p.1.)   I directed plaintiff's counsel to file the discovery plan that he prepared without defendant's counsel's input.   (*See id.*)

Defendant's counsel then continued to violate the October Order by failing to attend the Initial Conference.   (*Id.*)   Thus, following the Initial Conference, I entered the Initial Scheduling Order, which imposed sanctions on defendant's counsel for his failure to comply with the October Order  (*Id.* ¶2) and adopted the dates plaintiff proposed in his discovery plan (ECF No. 17; ECF No. 18).   The exchange of Rule 26(a)(1) initial disclosures was to be completed by November 12, 2022 (ECF No. 18 ¶4) and fact discovery was to be completed by February 17, 2023 (*id.* ¶6).   The Initial Scheduling Order advised the parties that any "disputes relating to written discovery requests" submitted after January 31, 2023 would "be deemed waived and … not be considered by the Court."   (*Id.* ¶11.)

Given the nature of the allegations, plaintiff's then-pending motion to dismiss defendant's counterclaims (ECF No. 15), and what appeared to be defendant's disinterest in defending this matter, the Initial Scheduling Order set an in-person settlement conference for December 21, 2022 (Settlement Conference) (ECF No. 18 ¶1).   Counsel were directed to attend the Settlement Conference with their clients and to email their confidential settlement memoranda to me before the Settlement Conference.   (*Id.*)

In accordance with the portion of the Initial Scheduling Order imposing sanctions on defendant's counsel, plaintiff's counsel filed the First Affidavit on November 11, 2022.   (ECF No. 19.)   The First Affidavit provided the time plaintiff's counsel billed "for preparation of the proposed joint discovery plan, preparation for the [Initial] [C]onference, and attendance at the [Initial] [C]onference."   (*Id.*; ECF No. 18 ¶2;)   Although defendant was provided an opportunity to respond to the First Affidavit by December 8, 2022 (ECF No. 18 ¶2), she did not.

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -4-

On December 9, 2022, plaintiff filed a letter, which advised that defendant had failed to serve her initial disclosures by November 12, 2022 and failed to cooperate in proceeding with discovery. (ECF No. 20 p. 1.) In response to this letter, I entered an order on December 12, 2022 directing defendant to serve her initial disclosures by December 15, 2022 and reminded the parties that "[c]ounsel and their clients['] … collective attendance at the … [S]ettlement [C]onference … is MANDATORY." (ECF No. 21 p. 2.)

In anticipation of the Settlement Conference, the parties emailed me their confidential settlement memoranda. However, defendant's counsel contacted my chambers on December 20, 2022 to inquire whether the Settlement Conference would proceed and whether defendant was required to appear for the Settlement Conference. (ECF No. 23 p. 1. n. 1.) My chambers' staff advised defendant's counsel that the Settlement Conference would proceed as scheduled and defendant was required to appear.

Given defendant and defendant counsel's past behavior, I was not surprised when defendant failed to appear for the Settlement Conference. When I asked defendant's counsel why defendant failed to appear for the Settlement Conference, he responded: "Truthfully, I did not know that my client had to be here. I heard it was a conference regarding discovery." (ECF No. 33 p. 2.) Defendant's counsel response was very concerning — and I suspect not truthful — because both the Initial Scheduling Order and the order entered on December 15, 2022 emphasized that defendant's appearance at the Settlement Conference was required, and defendant's counsel was reminded of the same by my chambers' staff on December 20, 2022. Also, the fact defendant submitted a settlement memorandum belies defendant's counsel's belief that the Settlement Conference was going to be "regarding discovery." (*Id.* p. 3.)

Following the Settlement Conference, I entered an order granting plaintiff "leave to file a motion for sanctions and other appropriate relief for defendant's

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -5-

failure to comply with the [Initial Scheduling Order (ECF No. 18) and the] Court's order[] of December 12, 2022 (ECF No. 21)."   (ECF No. 23 ¶ 2.)   I also directed plaintiff's counsel to submit another affidavit of services "for preparation of [his] settlement memorandum and for attendance at the [Settlement] Conference." (*Id.*)   On December 28, 2022, plaintiff's counsel filed the Second Affidavit (ECF No. 25), to which defendant filed an opposition on January 4, 2023 (ECF No. 31).

On January 26, 2023, counsel along with their clients appeared before me for a status and continuing settlement conference (Second Settlement Conference).   (ECF Nos. 32, 38.)   During the Second Settlement Conference, defendant's counsel disclosed that defendant had yet to serve any discovery requests (ECF No. 38 p.9), and in response to plaintiff's counsel having advised that defendant had refused to enter into an electronically stored information (ESI) protocol, I had the following colloquy with counsel:

> THE COURT:  The ESI protocol?  This case is all about ESI, isn't it?  Or it's all about emails and those things. [Defendant's counsel]?  Are you engaged in discovery over email – on Internet without an ESI protocol?  You just wing it?  Sir?
>
> [DEFENDANT'S COUNSEL]:   Judge, I will look into it.   I am not even sure how to – but I will –
>
> [PLAINTIFF'S COUNSEL]:   And – Your Honor.   We put what we believed to be the discovery.   And the basis of – is that – the defendant[] – apparently, counsel or her – client is alleging that she – somehow spoofed or –   So without any further –
>
> THE COURT:   Well, if there's an allegation of spoofing I imagine you have to look at the metadata and download – I would imagine that's –
>
> [PLAINTIFF'S COUNSEL]: I agree, Your Honor. My client's had his – I – actually – extracted the messages from the phone.   We've turn them over already to counsel –

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -6-

> [DEFENDANT'S COUNSEL]: – response to that, [plaintiff's counsel] was – expert testimony in the proceeding that's currently going on right now in New Jersey and will be – actually within two weeks will be back – on this.   I have not had an opportunity to cross-examine [plaintiff's counsel] as to the procedures that he's used.   He's just about finishing his testimony.   I also have my client's device in for forensic examination.   It is not complete yet; so I don't have that at this time.   There are really two simultaneous proceedings going on, and, really, the other one, which long preceded this, should be completed first, Judge.

(*Id.* pp. 7, 8.)

Following the Second Settlement Conference, I extended the time for fact discovery through March 30, 2023 and warned the parties that "[n]o fact discovery shall be issued or engaged in beyond that date, except for *exceptional circumstances* shown."   (ECF No. 32 ¶ 3.)   I also extended the time in which the parties could raise disputes relating to written discovery to March 3, 2023 and scheduled a telephone status conference for April 5, 2023.   (*Id.* ¶ 4; ECF No. 38 p. 15.)

On February 8, 2023, I received the February Letter, through which plaintiff claimed that defendant produced an altered email (Disputed Email) in discovery and that defendant deleted the original email from her email account.   (ECF No. 35 pp. 1, 2.)   Plaintiff advised that when defendant was questioned about the Disputed Email during her deposition, defendant "made light of the spoofing allegations" and otherwise testified falsely.   (*Id.* p. 2.)

Defendant filed a response to the February Letter on February 16, 2023 (February Response) (ECF Nos. 39, 40)[3] denying plaintiff's allegation of

---

[3] Although I entered an order on February 10, 2023 (Pseudonym Order) (ECF No. 37) granting plaintiff's motion to proceed under pseudonym (ECF Nos. 34), the February Response referenced plaintiff by his name numerous times (*see* ECF No. 39). Accordingly, I entered an order temporarily sealing the February Response — which for unexplained reasons defendant filed twice.   (ECF No. 43.)   Defendant's counsel was

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -7-

spoliation and fraud.  The February Response, however, failed to adequately explain the differences between the version of the Disputed Email that is on plaintiff's email account — which was accessed on a computer and reviewed by both counsel (ECF No. 35 p.2) — and defendant's printed version produced in discovery but subsequently deleted from her email account.

While I was prepared to discuss these pending discovery issues at the April 5, 2023 conference, both counsel failed to appear.  (ECF No. 48.)  Thus, on the same day, I entered the April Order deeming fact discovery complete and directing the parties to file a proposed schedule for expert discovery by April 14, 2023.  (*Id.* ¶2.)[4]  Plaintiff, however, submitted the April Letter the next day, requesting that "a new discovery conference" be scheduled and that I reopen discovery.  (ECF No. 49 p.1.)   I entered a text order on April 12, 2023 directing defendant to file a response to the April Letter by April 9, 2023.   (ECF No. 50.) Unsurprsingly, defendant failed to comply with that order.

The parties similalry failed to timely file a proposed schedule for expert discovery.   Instead, plaintiff filed a letter on April 24, 2023 stating:

> Defendant … ind[ica]ted she retained an expert yet is still refusing to engage in ESI discovery or expert discovery. She has not submitted any formal documentation concering

---

already admonished for failing to "use a pseudonym for plaintiff's name … in all filings." (*Id.*)  Thus, I am warning defendant's counsel that further violation of the Pseudonym Order shall result in monetary sanctions and all other appropriate sanctions against him, including but not limited to, referral to the relevant disciplinary board.

[4] The April Order also denied defendant's motion to quash (ECF No. 44) plaintiff's subpoena to Verizon Wireless (ECF No. 48 ¶ 1)   The parties have not raised any further issues relating to the subpoena, so I assume that plaintiff has received Verizon Wireless' response to the subpoena or is in the process of working with Verizon Wireless to obtain a response.

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -8-

> the retention and has ignored all requests to discuss this
> matter.

(ECF No. 51.)

On May 9, 2023, plaintiff filed a letter advising that this case "has been at a total standstill with litigation based on defendant's inactions." (ECF No. 52 p.1.) While defendant filed a reponse (ECF No. 53) to this letter and plaintiff filed a reply (ECF No. 54), I directed the parties to "refrain from filing any further applications and letters abiding the … resolution of the … applications and requests" this Letter Order addresses. (ECF No. 55.)

## II.  SANCTIONS

Defendant and defendant's counsel have disobeyed almost every order. Other than submitting a confidential settlement memorandum before the Settlement Conference — which was apparently a mistake by defendant given that defendant's counsel believed the Settlement Conference to actually be a "conference regarding discovery" — defendant and defendant's counsel have repeatedly failed to attend conferences, meet deadlines, and file submissions required by the Court. Thus, I find that in addition to the sanctions I imposed on defendant's counsel in the Initial Scheduling Order, defendant and defendant's counsel's continuous flaunting of this Court's orders mandates the imposition of additional sanctions. Fed.R.Civ.P. 16(f); *see also Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006) ("The Court … has inherent power to police litigant misconduct and impose sanctions on those who abuse the judicial process."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, decorum, in their presence, and submission to their lawful mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -9-

the orderly and expeditious disposition of cases." (internal quotations and citations omitted)).

"The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The party seeking fees bears the burden of establishing the reasonableness of its fees.  *Interfaith Cmty. Org. v. Honeywell Int'l. Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).  Accordingly, "the fee petitioner must submit evidence supporting the hours worked and rates claimed."  *Id.* The party opposing the fee application must then "challenge, by affidavit or brief with sufficient specificity to give fee applicants notice [about], the reasonableness of the requested fee."  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

The First Affidavit sets forth the time plaintiff's counsel spent for the preparation of the proposed joint discovery plan, preparation for the Initial Conference, and attendance at the Initial Conference.  (ECF No. 19.)  Despite defendant having been given an opportunity to file a response to the First Affidavit, defendant did not do so.  (*See* ECF No. 18 ¶ 2.)  Nonetheless, I reviewed each billing entry and conclude that the lodestar of $990 is reasonable. *See Wachtel v. HealthNet. Inc.*, Nos. 01-04183, 03-01801, 2007 WL 1791553, at *2 (D.N.J. June 19, 2007) (holding that a thorough and searching analysis involving a line-by-line review of the billing record is necessary when assessing the reasonableness of a fee application).

The Second Affidavit sets forth the time plaintiff's counsel spent for preparation of and attendance at the Settlement Conference.  (ECF No. 25.) Since the Second Affidavit includes a billing entry from plaintiff's co-counsel, who defendant notes "never entered" an appearance, defendant argues that the Second Affidavit "should not be accepted."  (ECF No. 31 ¶ 2.)  Defendant also

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -10-

argues that the Second Affidavit "should not be accepted" because no "[r]etainer [a]greement[s] …[were] attached to the [Second] Affidavit as required by the [r]ules of this Court."   (ECF No. 31.)   Defendant did not cite to any case law or Rule requiring that only the work of counsel who has formally filed an "appearance" is reimbursable or that a retainer agreement be submitted with an affidavit of services.

There is no support for defendant's position.   An adverse party cannot avoid paying attorney's fees simply because a formal entry of appearance was not made. *Shadis v. Beal*, 692 F.2d 924, 927 (3d Cir. 1982); *In re Nixon*, 404 F. App'x 575, 577 n. 2 (3d Cir.2010); *Falkenstein v. Santander Bank, N.A.*, No. 14-05994, 2015 WL 3439853, at *5 (E.D. Pa. May 27, 2015).   Also, "[r]egarding assessment of attorney's fees, … retainer agreements are not necessary."   *In re Front Loading Washing Mach. Class Action Litig.*, No. 08-00051, 2010 WL 3025141, at *4 (D.N.J. July 29, 2010); *see also Interfaith Cmty. Org.*, 426 F.3d at 703 n.5 (3d Cir. 2005) (noting that while the party seeking attorney's fees bears the burden to submit evidence in support of the request, the court does not dictate what evidence must be submitted).

Although defendant has not objected to any specific entry attached to the Second Affidavit, I reviewed each billing entry and find that they all relate to reimbursable work.   *See Wachtel*, WL 1791553, at *2.   However, due to a mathematical or typographical error, the Second Affidavit does not correctly calculate the lodestar.   While plaintiff calculates the lodestar as $9,815 (ECF No. 25 ¶ 11), the supporting exhibits (ECF No. 25-2) provide a lodestar of $9,680.[5]

Accordingly, pursuant to the First Affidavit, defendant's counsel will be ordered to reimburse plaintiff $990, and as to the Second Affidavit, defendant and

---

[5] The billing entries reflected in the exhibit attached to the Second Affidavit add up to $4,680 ECF No. 25-2), not $4,815 (ECF No. 25 ¶ 5).   $4,680 plus $5,000 (*id.* ¶ 6; ECF No. 25-1 ¶ 5) equals $9,680.

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -11-

defendant's counsel, jointly and severally, will be ordered to reimburse plaintiff $9,680.

## III.  DISCOVERY ISSUES AND SPOLIATION CLAIM

As to the concerns plaintiff raised in the February Letter, there appears to be troubling evidence that defendant may have altered the Disputed Email.   (*See* ECF No. 35.)   However, at this point, a determination cannot be made whether defendant intended to inject an altered email into the litigation, whether she spoliated evidence, or whether she committed perjury at her deposition.

Fact discovery was to conclude on March 30, 2023 unless *exceptional circumstances* were shown.   (ECF No. 32 ¶ 3.)   Defendant has not sought any relief from the Court relating to discovery — presumably because defendant has still not served any discovery requests.   While I deemed all discovery to be complete (ECF No. 48 ¶ 2), plaintiff raised the dispute relating to the Disputed Email in the February Letter (ECF No. 35) before the March 3, 2023 deadline to do so (ECF No. 38 p. 15).

During the Second Settlement Conference, I advised counsel of the importance of conferring in good faith as to the production of ESI discovery and entering into an ESI protocol.   (ECF No. 38 pp. 7, 8.)   It appears defendant and her counsel have yet to respond in good faith to plaintiff's efforts to proceed with ESI discovery.   Since plaintiff has credibly raised a potential claim relating to defendant's attempt to inject a fraudulent document into this litigation and conceal evidence, I will grant plaintiff leave to: (1) file an amended complaint to set forth any appropriate additional claims, including fraudulent concealment[6]; and (2) issue additional discovery demands upon defendant.

---

[6] While discovery sanctions may be imposed by way of a spoliation motion, spoliation is not a separate cause of action   *Sandoz Inc. v. United Therapeutics Corp.*, No. 19-10170, 2021 WL 4553351, at *4 (D.N.J. Oct. 4, 2021).   Rather, if spoliation is discovered, a claim for fraudulent concealment can be added.   *Id*; *LoanDepot.com v.*

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -12-

The issue of whether defendant perpetrated a fraud on the Court or is subject to prosecution for perjury is premature and, indeed, may have to wait for the trial of this case. Therefore, plaintiff's request in the April Letter to strike defendant's answer and impose additional sanctions (ECF No. 49) will not addressed at this time.

My order follows.

## <u>ORDER</u>

1.    Defendant's counsel shall make payment of $990 to plaintiff, and defendant and defendant's counsel, jointly and severally, shall make payment of $9,680 to plaintiff.   Payment shall be made by **May 31, 2023**.

2.    Plaintiff is granted leave to file an amended complaint by **June 1, 2023**.

3.    The April Order (ECF No. 48) is partially vacated.   The period for plaintiff to engage in fact discovery is extended through **June 30, 2023**. Discovery for defendant is deemed to be complete.

4.    Plaintiff is granted leave to serve additional discovery requests and defendant is ordered to promptly and in good faith respond to any pending or additional discovery requests.

5.    The telephone status conference scheduled for **June 2, 2023 at 10:00 a.m.** before Magistrate Judge Edward S. Kiel (ECF No. 48) is converted to an **in-person conference** in Courtroom 8 of the United States Post Office and Courthouse.   **Counsel and their clients are directed to appear in-person for the conference**.

_____

*CrossCountry Mortg., Inc.,* 399 F. Supp. 3d 226, 239 (D.N.J. 2019) ("Fraudulent concealment, or spoliation, refers to the hiding or destroying of litigation evidence, generally by an adverse party.   A litigant is permitted to file a separate tort claim for fraudulent concealment against an adversary that conceals or destroys evidence during or in anticipation of litigation." (internal quotations and citations omitted)).

Doe v. Sebrow
Case No. 21–cv–20706–SDW–ESK
May 24, 2023
Page -13-

    6.    The Clerk's entry of default (minute entry before ECF No. 13) is vacated.


                 */s/ Edward S. Kiel*
                 **EDWARD S. KIEL**
                 **UNITED STATES MAGISTRATE JUDGE**