**Daniel Szalkiewicz**
**& Associates**

23 West 73rd Street          T: (212) 706-1007
Suite 102                    F: (646) 849-0033
New York, NY 10023           lawdss.com

June 8, 2023

<u>Via Email</u>
United States Magistrate Judge Edward S. Kiel
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

Re:   *John Doe v. Baila Sebrow*
      *United States District Court, District of New Jersey*
      *Case No.: 2:21-cv-20706*

Dear Magistrate Kiel,

I write this letter pursuant to Your Honor's Civil Case Management Order for permission to file an Order to Show Cause pursuant to Fed. R. Civ. P. 37(b)(2).  Additionally, we request that since payment has not been received by Sebrow pursuant to this Court's May 24, 2023 Letter Order the court be converted into a final judgment so that Plaintiff may enforce his rights.

The matter at hand is straightforward and ideally should not necessitate further court intervention. However, regrettably, I am compelled to involve the court solely because my firm has been unable to obtain a response from the defendant.  On June 2, 2023, this court ordered Sebrow to "provide access to her present cellular telephone and computer to plaintiff's expert by June 16, 2023."  At the court appearance, it was made clear this also includes all iCloud accounts, email accounts, and other devices within Sebrow's possession.  Access is paramount to accomplishing the Court Order.

On Friday, June 2, 2023, I sent Sebrow's counsel an email and included Mike Perelman, a director from iDiscovery Solutions, Inc. ("iDS"), the forensic company retained by Plaintiff to gather Sebrow's data (Exhibit 1).  The email informed Mr. Heller of iDS's availability and the ability to remotely download certain accounts.  I requested a response from Mr. Heller concerning Sebrow's availability and offered to organize a Zoom conference so he could witness

Daniel Szalkiewicz & Associates, P.C.

DS & A

June 8, 2023
Page 2

the process. Mr. Heller did not respond to the email.  On June 5, 2023, I called Mr. Heller and

again requested a date when iDS could obtain the data.  Ms. Heller said he would get back to me.

I memorialized our conference in a letter and email it to Mr. Heller (Exhibit 2).  Mr. Heller did

not respond with a date.  I have had similar communications with Mr. Heller on June 6 and June

7.  While each time Mr. Heller has requested additional time to pay the sanction fee, he has

refused to provide a date and time when iDS could perform the imaging.

    While I understand the June 16, 2023 deadline has not passed, I am unable to direct iDS

to appear at Sebrow's house on short notice.  Additionally, as I informed Mr. Heller repeatedly:

1. iDS is able to remotely gather information from Sebrow's accounts, including any online

   storage accounts such as her iCloud account, iPhone backup, and AOL account.

2. Some processes, such as downloading Sebrow's data directly from Apple require a

   request to put in with the company and a response can take several days. iDS needs to

   start this process.

    The farce of Mr. Heller's inability to schedule a time is he has no problem corresponding

about the money owed and he has spoken with his client every day this week on a state court

matter.  More so, the bulk of the process can begin remotely and does not require Sebrow's

involvement except to provide account information, passwords, and two-step authentication

codes.

    Finally, as stated initially, since payment has not been made on the order, it is requested

the order be converted into a judgment.

DS & A

June 8, 2023
Page 3

---

     I sincerely apologize to the court for this letter.  I have little doubt that the data will

definitely resolve many of the outstanding issues, yet my client is severely prejudiced without

access.

     Thank you.

Very Truly Yours,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.

By: Daniel S. Szalkiewicz, Esq.
*daniel@lawdss.com*