## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff | ) CASE NUMBER: |
| | ) 2:21−CV−20706−SDW−ESK |
| v. | ) |
| | ) Oral Argument Requested |
| BAILA SEBROW | ) |
| | ) BRIEF IN SUPPORT OF |
| Defendant | ) DEFENDANT'S MOTION FOR |
| | ) RECONSIDERATION |
| | ) |
| | ) |

Ira W. Heller, Esq.
1317 Morris Avenue
Union, NJ 07083
908-275-8626
iwhelleresq@gmail.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITES                                              P.2

PRELIMINARY STATEMENT                                           P.5

LEGAL ARGUMENT IN SUPPORT OF DEFENDANT'S MOTION FOR    P. 5-22
RECONSIDERATION

    A.  MOTION FOR RECONSIDERATION                           P.5

    B.  TREATMENT OF CELLULAR TELEPHONE AND COMPUTER    P.7
       PRIVACY IN DISCOVERY

    C.  CONCLUSION                                          P.22

**TABLE OF AUTHORITIES**

Cases:

*State v. National Ins. Co. v. County of Camden*, 824 F.3d 399,3d. Cir. 2016)    P.5

*Max's Seafood Café v. Quinteros*, 176 F.3d 669                 P.5

*Max's Seafood Café*, 176 F.3d at 677                           P.5

*Tingle v. Hebert*, No. 15-626-JWD-EWD, 2018 U.S. Dist. LEXIS 60301 at    P.8,15
18-20 (M.D. La. Apr. 10, 2018)

*Nola Spice Designs, LLC v. Haydel Enters,*, 2013 U.S. Dist. LEXIS 108872    P.8
(E.D. La. Aug. 2, 2013

*Valdes v. Greater Naples Fire Rescue District*, No. 2:17-cv-417-FtM-29CM,    P.8,9
2018 U.S. Dist. LEXIS 152744 (M.D. Fla. Sept. 7, 2018)

*Landau v. Lamas*, No. 3:15-CV-1327, 2017 U.S. Dist. LEXIS 206158 (M.D.    P.10
Pa. Dec. 15, 2017)

2

*Par Pharm. v. Quva Pharma, 2019 U.S. Dist LEXIS 30828 (D.N.J.)*   P.10

*In Re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)   P.11

*McCurdy Group, LLC v. American Biomedical Group*, Inc., 9 Fed. Appx. 822, 831 (10th Cir. 2001)   P.11

*Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-cv-693, 2009 WL 3347101 (E.D. Wis. Oct. 15, 2009)   P.12

*Dorel Juvenile Group, Inc. v. DiMartinis*, No. 06-cv-1295, 2006 WL 3240116 (Sept. 29, 2006) (Hamilton, J.)   P.13

*Webb v. CBS Broadcasting, Inc.*, No. 08-cv-6241, 2011 WL 111615 (Jan. 13, 2011)   P.13

*Powers v. Thomas M. Cooley Law School*, No. 5:05-CV-117, 2006 WL 2711512, (W.D. Mich. Sept. 21, 2006)   P.13

*Henson v. Turn*, Case No. 15-cv-01497-JSW (LB) 2018 WL 5281629, (N.D. Cal. Oct. 22, 2018)   P.14,15

*Areizaga v. ADW Corp.*, No. 3:14-cv-2899, 2016 WL 9526396, (N.D. Tex. Aug. 1, 2016)   P.15,17

*Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 562 (S.D.N.Y. 1996)   P.15

In re: *Anthem, Inc. Data Breach Litigation*, No. 15-MD-02617, 2016 WL 11505231, (N.D. Cal. Apr. 8, 2016)   P.15

*Prado v. Equifax Info. Servs. LLC*, No. 18-CV-02405, 2019 WL 1305790, (N.D. Cal. Mar. 22, 2019)   P.16

*T.C. ex rel. of S.C. v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:17-CV-01098, 2018 WL 3348728,(M.D. Tenn. July 9, 2018)   P.16

*Hespe v. City of Chicago*, No. 13 C 7998, 2016 WL 7240754,(N.D. Ill. Dec. 15, 2016)   P.16

*Rodriguez Ayala v. County of Riverside*, No. EDCV16-686-DOC, 2017 WL 2974919, at 4 (C.D. Cal. July 12, 2017)   P.17

*Crabtree v. Angie's List, Inc.*, No. 1:16-CV-00877, 2017 WL 413242,(S.D. Ind. Jan. 31, 2017)   P.17

*In re Premera Blue Cross Customer Data Security Breach Litigation*, 329   P.17
F.R.D. 656 (D. Or. 2019)

*In re 3M Combat Arms Earplugs Products Liability Litigation*, No. 3:19-md-   P.17
2885, 2020 WL 6140469 (N.D. Fla. Oct. 15, 2020)

*Estate of Logan v. City of South Bend*, No. 3:19-CV-495, 2021 WL 389412   P.18
(N.D. Ind. Feb. 3, 2021)

*Ruby Slipper Café, LLC v. Belou*, No. 18-cv-1548, 2020 WL 1674157, (E.D.   P.19
La. Apr. 6, 2020)

*Wengui v. Clark Hill, PLC*, No. 19-cv-3195, 2021 WL 106417,(D.D.C. Jan.   P.19
12, 2021)

*Motorola Solutions, Inc. v. Hytera Commc'ns. Corp.*, 365 F. Supp. 3d 916,   P.19
924–26 (N.D. Ill. 2019)

*Hardy v. UPS Ground Freight, Inc.*, No. 3:17-cv-30162, 2019 WL 3290346,   P.19
at 2 (D. Mass. July 22, 2019)

## **OTHER RESOURCES:**

*The Sedona Principles, Third Edition (2018) (Feb. 27, 2019)*   P.19,20

*Middle District of Florida Discovery Handbook,* 26 VII(C)(2015)   P.9

Agnieszka A. McPeak, Social Media, Smartphones, and Proportional   P.14
Privacy in Civil Discovery, 64 U. Kan. L. Rev. 235, 253 (2015)

Advisory Committee Note to the 2015 Amendment to Rule 37(e) Fed. R.   P.14
Civ. P. 26 advisory committee's note (2015)

## **RULES**

L. Civ. R. 7.1(I)   P.5

L. Civ. R. 16.1(a)(2)   P.5,21

L. Civ. R. 16.1(g)   P.6,21

Rule 26, Fed. R. Civ. P.   P.6,21

Fed. R. Civ. P. 26 (b)(1) (amended eff 12/1/15)          P.7

L. Civ. R, 26.1                                          P.6,21

Fed. R. Civ. P. 34                                       P.7

Fed. R. Civ. P. 34(a)(1)(A)                              P.7

L. Civ. R. 37.1(a)(1)                                    P.6,21

## PRELIMINARY STATEMENT

This matter came before this Court as a result of the Complaint filed by Plaintiff for

harassment and defamation allegedly committed by Defendant between February 2018 and

December 2020. On June 2, 2023, this Court issued an Order requiring Defendant to turn over

her personal cellular telephones and personal computer to Plaintiff's expert for extraction of data

without any restriction. Defendant brings this motion for reconsideration of that Order.

## LEGAL ARGUMENT IN SUPPORT OF DEFENDANT'S MOTION FOR
## RECONSIDERATION

**A. Motion for Reconsideration:**

A District Court has the inherent authority to reconsider its own interlocutory orders.

*State v. National Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d. Cir. 2016). This District

governs such motions under L. Civ. R. 7.1(i). A party seeking reconsideration is directed to file a

brief "setting forth concisely the matter or controlling decisions which the party believes the

Judge . . . has overlooked." *Id.*  One of the prevailing grounds for a motion for reconsideration is

"the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood*

*Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). This Court may reconsider its decision if

Defendant can show grounds for doing so, see *Max's Seafood Café*, 176 F.3d at 677.

Here, Defendant argues that reconsideration of this Court's June 2, 2023 Order is

appropriate because 1) The Court failed to consider its ability under L. Civ. R. 16.1(a)(2), which

gives the judge authority to identify or narrow the issues for discovery purposes, and set any

appropriate limitations upon discovery; 2) This Court failed to consider Rule 26, Fed. R. Civ. P.,

which narrows the scope of the disclosure obligation by a disclosing party. It limits attorney-

controlled discovery to that which is relevant to the claim(s) or defense(s) of a party; 3) This

Court failed to consider L. Civ. R. 26.1 was amended to require parties to disclose digital

information which will be used to support claim(s) or defense(s) only; 4) This Court failed to

consider its ability under L. Civ. R. 37.1(a)(1) which provides for judicial resolution of case

management disputes on an informal basis where possible. First, as with discovery disputes,

counsel must confer to resolve any case management dispute. Second, if not resolved, the dispute

must be presented to the Magistrate Judge by telephone conference call or letter. This

presentation of a dispute must precede any motion practice. Third, if the Magistrate Judge is

unable to resolve the dispute on the basis of the informal presentation, a motion may be filed

under L. Civ. R. 16.1(g); 5) The Court failed to consider that the information contained on the

Defendant's cellular telephone and computer go beyond the scope of this matter, and contain

personal and private work product information regarding hundreds of people who are not parties

to this matter, and their privacy must remain protected; 5) The Court failed to consider the fact

that the parties and their respective attorneys did, in fact, engage in ESI discovery under Rule 34

within the scope of Fed. R. Civ. P. 26(b) and other discovery or evidence provided or obtained

by the Plaintiff to amply allow for them to present their case; 6) This Court failed to consider the

financial situation of

Defendant.

**B. Treatment of Cellular Telephone and Computer Privacy in Discovery:**

Unless otherwise limited by Court Order, the scope of discovery is as follows: Parties

may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26 (b)(1) (amended eff 12/1/15).

Electronically stored information on cellphones is subject to discovery pursuant to Fed. R. Civ. P. 34(a)(1)(A) and, like any other discovery, is subject to the proportionality limitations set forth in Rule 26(b)(1). Before permitting discovery of information on cellphones and similar devices, however, courts must balance privacy and confidentiality interests. The Advisory Committee notes to the 2006 amendment to Fed. R. Civ. P. 34 specifically caution that: "Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems."

In *Tingle v. Hebert*, No. 15-626-JWD-EWD, 2018 U.S. Dist. LEXIS 60301 at 18-20 (M.D. La. Apr. 10, 2018), Tingle alleged retaliation, invasion of privacy and defamation. In *Tingle,* the court denied the defendants' motion for an evidentiary hearing, stating it had no reason to doubt the verification that all responsive documents had been produced. The court also denied the request for a forensic examination of Tingle's cellphone, explaining that: "Defendants' argument that additional responsive documents must exist based upon the existence of the Facebook messages with DeJean is the kind of "mere skepticism that an opposing party has not produced all relevant information" that is insufficient to warrant a forensic examination of Plaintiff's personal cell phone and personal email accounts. I*d*. at 21-22

8

(citing _Nola Spice Designs, LLC v. Haydel Enters.,_ 2013 U.S. Dist. LEXIS 108872 (E.D. La. Aug. 2, 2013)) The court further held that the defendants had not addressed the inherent privacy concerns raised by the request for a forensic examination, nor made any showing that the request was proportional to the needs of the case." _Id_. at 24-25

The plaintiff in Valdes v. Greater Naples Fire Rescue District, No. 2:17-cv-417-FtM-29CM, 2018 U.S. Dist. LEXIS 152744 (M.D. Fla. Sept. 7, 2018), alleged the defendant retaliated against him for taking leave to seek treatment for medical conditions developed in the workplace. The defendant requested that Valdes identify all documents, videos, voice recordings, text messages, social media comments and photographs with individuals who had knowledge relevant to his claims. Valdes produced portions of various text messages and emails sent from his mobile phone but responded that he was unable to identify any other documents or text messages because he had lost five cellphones since being employed by the defendant. The court reasoned that "inspection of an opponent's computer system is the exception, not the rule and the creation of forensic image backups of computers should only be sought in exceptional circumstances which warrant the burden and cost." _Id. at 13 (citing Middle District of Florida Discovery Handbook, 26 VII(C) (2015))._

The court did not find exceptional circumstances to warrant the burden and cost of the defendant's extensive request for production. First, the requests were made for the purpose of discovering whether Valdes was a drug user at any time, but the defense rested on the defendant's subjective belief at the time of the employment decision. Second, there was little indication that relevant information regarding Valdes's alleged drug use would be gleaned as Valdes had already produced some text messages and emails discussing the possibility of entering drug treatment. Third, there was no evidence Valdes committed any intentional

spoliation. Finding that that the privacy invasion that the defendant's "expansive electronic

investigation would involve outweigh[ed] the usefulness of the proposed investigation," the court

denied the defendant's request for forensic examination without

prejudice. *Id. at 15*

In *Landau v. Lamas*, No. 3:15-CV-1327, 2017 U.S. Dist. LEXIS 206158 (M.D. Pa. Dec.

15, 2017), a civil rights action against correctional defendants alleging sexual harassment and

abuse, Landau served discovery requests seeking information concerning cellphones, computers

and other internet-accessible devices possessed by the defendants; phone and internet service

providers used by the defendants; and social media utilized by the defendants. Landau sought an

order compelling Zong to surrender her cellphones for forensic examination by Landau's expert.

The court denied Landau's request that Zong be compelled to surrender her cellphone for

inspection by Landau's expert on the basis that Landau's support for the relief was

"astonishingly speculative, sweepingly expansive in its scope, and largely divorced from the

actual claims in this lawsuit." *Id*. at 8.  The magistrate judge described the scope of Landau's

request as overly broad, disproportionate, and particularly intrusive of personal privacy, and

denied the request. *Id*. at 23. See also *Par Pharm. v. Quva Pharma*, 2019 U.S. Dist LEXIS 30828

(D.N.J. Feb. 27, 2019), denying motion to compel forensic examination, (citing *The Sedona*

*Principles, Third Edition (2018), Cmt. 5.g.*).

Parties in business litigation sometimes demand to search the other side's computers, cell

phones and other electronic storage devices or have their expert's review them. However, absent

proving that a party in litigation engaged in discovery irregularities, such as hiding documents

from discovery or lack the available expertise to produce computer stored information, the

opposing party is not entitled to require hiring its own expert to search the other side's computers

and electronic storage devices. *In Re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003); *McCurdy Group, LLC v. American Biomedical Group*, Inc., 9 Fed. Appx. 822, (10th Cir. 2001). Inspection of a party's personal computer, cell phones and other computer storage by an expert retained by the other side in litigation is not automatic or routine. Rule 34(a) requires that Plaintiffs search their records, including those stored electronically, to produce the required, relevant data. It "does not give the requesting party the right to conduct the actual search." In *Re Ford Motor Co.*, 345 F.3d at 1317; see also Fed. R. Civ. P. 34 Advisory Committee Notes on 2006 Amendment, "the addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system . . . Courts should guard against undue intrusiveness resulting from inspecting or testing such systems".

A number of cases have addressed this issue. In *Re Ford Motor Co.*, the plaintiff filed a motion to compel seeking direct access to defendant's computer databases in order to conduct its own searches, 45 F.3d at 1316. The Eleventh Circuit found that while the parties agreed that the information sought was discoverable, the parties disagreed on the need for direct access to computers. The court held that "Rule 34(a) does not grant unrestricted, direct access to a respondent's database compilations.... Like the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data. Rule 34(a) does not give the requesting party the right to conduct the actual search." Id. at 1317. The court in *In re Ford Motor Co.* then limited the circumstances in which the requesting party could itself be allowed to check such a data compilation to situations involving "improper conduct on the part of the responding party" or "a factual finding of some non-compliance with discovery rules" by the responding party, Id. at 1320. Thus, a motion to compel an expert search of the other party's

data should only be granted if the movant "can actually prove that [Plaintiffs] have concealed information or lack the expertise necessary to search and retrieve all relevant data." *Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-cv-693, 2009 WL 3347101 (E.D. Wis. Oct. 15, 2009).

In *McCurdy Group*, the Tenth Circuit affirmed the magistrate judge's denial of a motion to compel production of computer disc drives, 9 Fed. Appx. at 831. In that case, the defendant had requested the computer drives of the plaintiff so that it could conduct its own search for relevant documents. The plaintiff objected because the request was overly broad and unduly burdensome, would involve disclosure of attorney-client communications and other communications unrelated to the lawsuit. The plaintiff offered to produce the disc drives to a third-party expert for inspection, but the defendant refused. The Tenth Circuit affirmed the denial of the motion to compel stating that the defendant's skepticism about the completeness of the prior discovery responses was "not sufficient to warrant such a drastic discovery measure." *Id* at 831.

Having a forensic computer expert retained by party whose data is sought perform the work to image and search that party's hard drives using a protocol developed by the other side and its experts has been approved by judges in Chicago's federal court. See e.g. *Dorel Juvenile Group, Inc. v. DiMartinis*, No. 06-cv-1295, 2006 WL 3240116 (Sept. 29, 2006) (Hamilton, J.). In *Webb v. CBS Broadcasting, Inc.,* No. 08-cv-6241, 2011 WL 111615 (Jan. 13, 2011) the Court found that the defendant had "shown no need for a copy of the hard drives of the computers of [Plaintiffs] which . . . would likely contain vast amounts of irrelevant material." Id at 12.

Courts also reject the argument that a party's personal devices are evidence. See e.g., *Powers v. Thomas M. Cooley Law School*, No. 5:05-CV-117, 2006 WL 2711512 (W.D. Mich. Sept. 21, 2006) "In most cases, the computer itself is not evidence. It is merely the instrument for creating evidence (like a typewriter) or the means of storing it (like a file cabinet)", Id at 4. Therefore, the mere fact that a party may have used some personal devices or personal e-mail accounts on an infrequent basis in their work does not render the devices themselves discoverable.

Simply because a person is a party to a lawsuit does not allow the other side or some third-party expert to root though a litigant's most personal files. This is akin to allowing a party to search the file cabinets in the opposing party's house, even though that party has agreed to look through and produce any responsive documents in those cabinets. Searches by an opposing party through the other side's data is only permitted of discovery irregularities.

In sum, a party seeking to search the other side's computers must demonstrate that it has sufficient grounds for entry of an order allowing its expert to search through the other side's personal devices, which is an extraordinarily intrusive search which should be permitted only in the most extraordinary circumstances.

Even today, it remains common, among both the bench and the bar, to think of proportionality in discovery as relating primarily to financial burdens. Agnieszka A. McPeak, *Social Media, Smartphones, and Proportional Privacy in Civil Discovery*, 64 U. Kan. L. Rev. 235, 253 (2015). With the re-emphasis on proportionality brought about by the 2015 amendments and the growing public debate over the importance of privacy, however, there has been a clear trend by courts and commentators toward recognition of privacy interests as an integral part of the proportionality analysis required by Rule 26(b)(1). A significant number of

recent cases support the position that privacy concerns may properly limit the scope of discovery under Rule 26(b)(1)'s proportionality analysis. One of the earlier cases expressly made this point in October 2018 in the case of *Henson v. Turn*, Case No. 15-cv-01497-JSW (LB) 2018 WL 5281629, (N.D. Cal. Oct. 22, 2018), which held that privacy interests were an appropriate part of the proportionality analysis required by Rule 26(b)(1). Id. at 5. The case involved a data privacy class action wherein plaintiffs alleged that the defendant had placed so-called "zombie cookies" on users' mobile devices that not only allowed the defendant to track users across the web, but also "respawned" whenever users attempted to delete them. During discovery, the defendant requested production of the plaintiffs' mobile devices for inspection (or complete forensic images of such devices), plaintiffs' full web browsing history from their mobile devices, and cookies stored on or deleted from plaintiffs' mobile devices. Plaintiffs objected that Turn's requests were "overbroad, irrelevant, and invasive of their privacy interests" and "fl[ew] in the face of Rule 26(b)'s relevancy and proportionality requirements." *Id*. at 4. In its ruling, the court unambiguously held that privacy was a valid proportionality consideration.

While questions of proportionality often arise in the context of disputes about the expense of discovery, proportionality is not limited to such financial considerations. Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices. *Id*. at 5 (citing *Tingle v. Hebert*, No. 15-626, 2018 WL 1726667, at 7–8 (M.D. La. Apr. 10, 2018); *Areizaga v. ADW Corp.*, No. 3:14-cv-2899, 2016 WL 9526396, at 3 (N.D. Tex. Aug. 1, 2016); *Johnson v. Nyack Hosp.,* 169 F.R.D. 550, 562 (S.D.N.Y. 1996).

The court collected numerous cases to support this proposition, mostly regarding requests either for inspection or for forensic images of computers or mobile devices, wherein the courts had found that such requests were disproportionate to the needs of the case, *Henson*, 2018 WL 5281629, at 5. One such case cited by the *Henson* court involved an order from the Northern District of California in In re: *Anthem, Inc. Data Breach Litigation*, No. 15-MD-02617, 2016 WL 11505231, (N.D. Cal. Apr. 8, 2016), another data-privacy class action wherein the defendant had

requested either access to, or forensic images of, plaintiffs' devices — namely "computer systems that connect to the internet." *Id.* at 1. The defendant argued that its request was necessary in order to analyze whether the devices contained malware or other electronic markers establishing that the plaintiffs' personal information had been compromised prior to the cyberattack in question. Plaintiffs objected that the discovery was "highly invasive, intrusive, and burdensome." *Id*. at 1. In denying defendant's request, the court agreed that the requested information may be relevant to causation but applied the last Rule 26(b)(1) proportionality factor to find that "the burden of providing access to each plaintiff's computer system greatly outweighs its likely benefit." *Id*. at 1. The court noted the "Orwellian irony" that would have resulted from a contrary ruling requiring "that in order to get relief for a theft of one's personal information, a person has to disclose even more personal information." *Id*.; cf. *Miller*, *supra* note 10, at 465 ("A legal system that does not recognize the right to keep private matters private raises images of an Orwellian society in which Big Brother knows all."). As the court reminded the parties, "under the revised discovery rules, not all relevant information must be discovered." *Id*.

Relying on these and other decisions, See, e.g., *Prado v. Equifax Info. Servs. LLC*, No. 18-CV-02405, 2019 WL 1305790, at 3 (N.D. Cal. Mar. 22, 2019); *T.C. ex rel. of S.C. v. Metro.*

*Gov't of Nashville & Davidson Cty.*, No. 3:17-CV-01098, 2018 WL 3348728, at 14 (M.D. Tenn. July 9, 2018); *Hespe v. City of Chicago*, No. 13 C 7998, 2016 WL 7240754, at 3 (N.D. Ill. Dec. 15, 2016); *Areizaga v. ADW Corp.*, No. 3:14-cv-2899, 2016 WL 9526396, at 3 (N.D. Tex. Aug. 1, 2016); *Rodriguez Ayala v. County of Riverside*, No. EDCV16-686-DOC, 2017 WL 2974919, at 4 (C.D. Cal. July 12, 2017); *Crabtree v. Angie's List, Inc.*, No. 1:16-CV-00877, 2017 WL 413242, at 3 (S.D. Ind. Jan. 31, 2017). The body of caselaw finding privacy as a proper basis for limiting discovery under Rule 26(b)(1) has continued to emerge and grow. In 2019, for example, the District of Oregon denied a motion to compel forensic imaging of plaintiffs' personal digital devices in a healthcare data security breach class action, *In re Premera Blue Cross Customer Data Security Breach Litigation*, 329 F.R.D. 656 (D. Or. 2019). The court determined that the request was not proportional to the needs of the case in light of the competing privacy concerns: "[Defendants' request] may meet the low threshold for relevance of some information that potentially may be found on Plaintiffs' Devices, but it does not show a sufficiently close relationship between Plaintiffs' claims and the Devices to support the Court ordering the burdensome and intrusive imaging of Plaintiffs' Devices.", *Id*

Similarly, in 2020, the court in *In re 3M Combat Arms Earplugs Products Liability Litigation*, No. 3:19-md-2885, 2020 WL 6140469 (N.D. Fla. Oct. 15, 2020), rejected defendant's motion to compel forensic imaging of plaintiff's mobile device. Defendant sought this data to show that plaintiff had spoliated evidence; specifically, that he deleted relevant text and Facebook messages with three individuals, the existence of which came to light during plaintiff's deposition. Id. at 2. Citing Rule 26(b)(1), the court explained that, "[e]ven assuming" the relevance of the deleted messages, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id*

16

at 6. The court found that defendant "failed to demonstrate a compelling reason sufficient to justify compelled intrusion on [Plaintiff's] privacy." *Id*. Because recovery of the text of the deleted messages was not probable, the court held the requested forensic examination was "disproportionate to the slightimportance of this potential discovery to the case." *Id*.

Most recently, in 2021, a court denied a motion to compel forensic examination of defendant's cell phone in *Estate of Logan v. City of South Bend*, No. 3:19-CV-495, 2021 WL 389412(N.D. Ind. Feb. 3, 2021), a case raising Constitutional claims based on the alleged use of excessive and deadly force by a police officer. Turning to the scope of discovery under <u>Rule</u> 26(b)(1), the court found that plaintiff failed to identify how the requested cell phone information went "to the heart of — or [was] even relevant to the . . . case," *Id*. leaving the court unable to determine whether the request was proportional enough to justify invading defendant's privacy interests. The court concluded that even though the expense of the inspection "would be negligible, the likely benefit is outweighed by the Defendant's privacy and confidentiality interests." Id.

In addition to the many cases examined above in the text, numerous additional courts have weighed privacy concerns under <u>Rule</u> 26(b)(1)'s proportionality analysis to deny motions to compel the production of

private information. See, e.g., *Ruby Slipper Café, LLC v. Belou*, No. 18-cv-1548, 2020 WL 1674157, at 3–5 (E.D. La. Apr. 6, 2020) (citing Rule 26(b)(1) and denying motion to compel forensic imaging of two computers where the request was not proportional to the needs of the case); *Wengui v. Clark Hill, PLC*, No. 19-cv-3195, 2021 WL 106417, at 7 (D.D.C. Jan. 12, 2021) (applying Rule 26(b)(1) proportionality analysis and allowing for privacy redactions where the "germaneness" of the private information "is likely weak enough to be outweighed by the clients' privacy interests"); *Motorola Solutions, Inc. v. Hytera Commc'ns. Corp.*, 365 F. Supp. 3d 916, 924–26 (N.D. Ill. 2019) (noting request would impinge party's privacy interests and holding, under Rule 26(b)(1), that the "requested discovery is significantly out of proportion to the needs of the case"); *Hardy v. UPS Ground Freight, Inc.*, No. 3:17-cv-30162, 2019 WL 3290346, at 2 (D. Mass. July 22, 2019) (on motion to compel forensic imaging of cell phone, courts have considered "whether such an examination is proportional to the needs of the case given the cell phone owner's compelling privacy interest in the contents of his or her cell phone"). In addition to this growing body of caselaw that recognizes privacy as part of the proportionality calculus, the *Sedona Conference Primer on Social Media*, Second Edition, 20 Sedona Conf. J. 1, likewise takes the view that "[t]he proportionality limitation on the scope of discovery includes two factors that implicate privacy concerns, i.e., 'the importance of the discovery in resolving the issues, and whether the burden . . . of the proposed discovery outweighs its likely benefit.'" *Id*. at 27–28. Although the primer cautions that privacy is not a *per se* bar to discovery as in the case of legal privileges, it nevertheless states that parties "should consider managing the discovery to minimize potential embarrassment to third parties and protect against unnecessary disclosure of their sensitive personal information." Id.

Including privacy as part of the proportionality analysis has important implications for courts and litigants alike. As the Rules make clear, achieving proportionality is the responsibility of all parties: "[T]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note (2015). Nor is the proportionality inquiry relevant only at the time when documents are finally handed over to the proportionality inquiry relevant only at the time opposing party. As the Advisory Committee Note to the 2015 Amendment to Rule 37(e) explains, proportionality considerations are relevant as early as the preservation stage and will be considered a "factor in evaluating the reasonableness of preservation efforts." Fed. R. Civ. P. 37(e) advisory committee's note (2015) Indeed, Comment 2.b of the third edition of the Sedona Principles states that "[p]roportionality should be considered and applied by the court and parties to all aspects of the discovery and production of ESI including: preservation; searches for likely relevant ESI; reviews for relevancy, privilege, and confidentiality; preparation of privilege logs; the staging, form(s), and scheduling of production; and data delivery specifications." *The Sedona Principles*, Third Edition 67. Privacy considerations, therefore, are relevant from the outset — even when initially identifying the custodians, data sources,

and time period likely to contain relevant information. See <u>Boliek</u>, supra note 28, at 1134 ("A means to assure protection [of privacy] is to consider and weigh the affected parties' privacy interest at every step of the discovery process.").

**c.      Conclusion:**

In conclusion, this Court should reconsider its June 2, 2023 to take into consideration L.Civ.R. 16.1(a)(2) which gives the judge authority identify or narrow the issues for discovery purposes, and set any appropriate limitations upon discovery. Consider L.Civ.R. 37.1(a)(1)

which gives authority for judicial resolution of case management disputes on an informal basis, if the Magistrate Judge is unable to resolve the dispute on the basis of the informal presentation, a motion must be filed under L.Civ.R. 16.1(g) by the requesting party to formally resolve the matter. Consider Rule 26, Fed. R. Civ. P., which narrows the scope of the disclosure obligation by a disclosing party. It limits attorney-controlled discovery to a case that is relevant to the claim or defense of a party. Consider Local Civil Rule 26.1 was amended to require parties to disclose digital information which will be used to support claims or defenses only. Consider the fact that the parties and their respective attorney did engage in ESI discovery under Rule 34 within the scope of FRCP 26(b) and other discovery or evidence provided or obtained by the Plaintiff to amply allow for them to present their case, the circumstances of which are described in the supporting affidavits submitted as part of Defendant's Motion for Reconsideration. Consider the dire financial situation of the Defendant, which is also described in her supporting affidavit to this motion.

Dated: June 16, 2023

Respectfully Submitted,

By: _____
     Ira W. Heller, Esq.
