**Daniel Szalkiewicz & Associates**

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
lawdss.com

June 21, 2023

**Via ECF and Email**
United States Magistrate Judge Edward S. Kiel
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

*Re:    John Doe v. Baila Sebrow*
*United States District Court, District of New Jersey*
*Case No.: 2:21-cv-20706*
*Opposition to Defendant's June 19, 2023 Letter and Request to Seal Documents*

Dear Magistrate Kiel,

I write this letter in response to the two letters submitted by Defendant Sebrow's counsel on June 20, 2023 and to request that this Court seal Documents 65-1 and 65-2, pursuant to this Court's February 10, 2023 order allowing Plaintiff to proceed pseudonymously.

Mr. Heller's first letter was deliberately designed to mislead the Court into believing that Defendant was withdrawing her Motion for Reconsideration because Plaintiff had agreed to limit discovery; this could not be further from the case. In actuality, Defendant withdrew her June 19, 2023 motion upon our firm notifying Mr. Heller that the motion was frivolous and there were serious and troubling statements contained within the document that would have warranted further motion practice on Plaintiff's behalf. Specifically, Mr. Heller's motion was little more than a shoddily copy/paste of several online articles with no application to the facts at hand – not because he could not be bothered to insert his own analysis but because the online articles were wholly irrelevant to the instant issue. Plaintiff's letter concluded with a demand that Ms. Sebrow would provide our firm with a date certain when her devices could be imaged, otherwise we would again seek sanctions for Defendant's litigation tactics. Ms. Sebrow did not provide a date certain and, instead, Mr. Heller filed his second letter.

In his second letter, Mr. Heller does not deny that Sebrow simply ignored this court's June 2, 2023 order. He further does not deny that our office undertook significant efforts to attempt to work with Mr. Heller and Ms. Sebrow to schedule a time for the forensic to meet with Ms. Sebrow and gather her devices and accounts. Mr. Heller simply asks the court to forgive his client's flagrant disregard of another court order.

Contrary to Mr. Heller's assertions, Plaintiff has not "received essentially all the discovery he has sought to date" and Mr. Heller has not "complied with same." Defendant has not complied with a single directive in this case and has not engaged in any meaningful discovery, instead providing the doctored e-mail which makes ESI discovery all the more necessary and her evasiveness all the more egregious. Ms. Sebrow has continuously presented a false narrative that none of the evidence Plaintiff has is authentic and that she was "spoofed." Defendant expects

DS & A

June 21, 2023
Page 2

---

Plaintiff and this Court to simply trust her representation and does not wish to submit to any forensic analysis that would prove or disprove it.  What limited evidence Sebrow has provided (several emails and screenshots of WhatsApp messages that contained audio recordings) was not authentic and not in its native format.  Ms. Sebrow has not meaningfully responded to any of our discovery demands.

As for Mr. Heller's conflation of the family court matter with this action, it is preposterous for Ms. Sebrow to claim that engaging in discovery amounts to abuse by Plaintiff or our law firm.  Plaintiff has never harassed Sebrow or caused her any harm and this entire lawsuit is predicated upon Sebrow's defamatory and harassing conduct toward Plaintiff, the majority of which she effectuated electronically.  Ms. Sebrow's attempt to use her bogus and retaliatory family court filing to cover her tracks is a shameless abuse of the judicial process and designed only to thwart her victim's ability to obtain justice.

Mr. Heller and I engaged in a telephone call on June 20, 2023 wherein he indicated he was hopeful he could convince his client to comply with the order *if* I agreed to a protective order wherein Plaintiff could not view recovered ESI.  I informed Mr. Heller that productive analysis of the discovery would necessarily involve consultation with my client and that I was not inclined to limit an existing court order – especially based on his aspirational goal of convincing his client to comply with it nearly three weeks later.  I also informed Mr. Heller that there was no reasonable fear that I would do anything nefarious with the information and that we needed it to rebut Ms. Sebrow's false allegations.  Finally, I also stated my client was about to spend a significant sum of money to gather this information and it was unreasonable of him to make such restricting demands when he had two years to enter into a protocol with our firm but chose to ignore more than a dozen emails and letters from me relating to discovery.  Based on my phone call with Mr. Heller, it is clear that Ms. Sebrow has absolutely no intention of complying with this Court's order.

On at least November 1, 2022; November 21, 2022; November 22, 2022; December 5, 2022; December 23, 2022;  January 10, 2023; January 24, 2023; March 20, 2023; May 4, 2023; and May 10, 2023, I attempted to engage in conversations with Defendant's counsel concerning ESI discovery.  Each time my correspondence was ignored or disregarded, forcing me to seek this Court's assistance in acquiring meaningful discovery.  The information obtained from Ms. Sebrow's devices and accounts will, more likely than not, show the breadth of statements Ms. Sebrow was making (and likely continues to make) concerning Plaintiff, definitively prove that Ms. Sebrow destroyed and altered pertinent evidence, confirm Ms. Sebrow's ownership of the SpoofCard account and that she was the sender of harassing messages, rebut her additional defenses, and contain numerous other references to Plaintiff and the false allegations of rape.  Accordingly, while Mr. Heller may view the court order as punitive as the Order was based on his continued shirking of the discovery process, the information sought is relevant and necessary to this case.

DS & A

June 21, 2023
Page 3

---

Further emphasizing the need for ESI discovery, on February 7, 2023, Defendant sent our firm a screenshot of a message between Sebrow and Moishe Liebhard that allegedly contained six audio recordings (Exhibit 1). The audio recordings were never turned produced. Defendant additionally testified during her deposition that she engaged in relevant conversations with numerous third parties. All of this content is subject to discovery and yet none of it has been produced by Defendant. Instead, Plaintiff is being forced to oppose yet another delay tactic in his quest to get information to which he is entitled.

Finally, Defendant's counsel's latest filing contains information sufficient to identify Plaintiff, namely his name and address. This Court's February 10, 2023 order permits Plaintiff to proceed pseudonymously, directing parties to reference Plaintiff as John Doe and redact documents using his actual name or file them under seal. Despite this, Defendant's counsel has, once again, uploaded documents containing Plaintiff's name and address. Plaintiff requests that documents 65-1 and 65-2 be sealed or appropriately redacted.

Plaintiff endeavors to fairly and expeditiously litigate this matter, but Defendant and her attorney have both repeatedly flouted court orders, all to Plaintiff's detriment. Plaintiff respectfully asks that this Court direct Defendant to submit her phone for forensic analysis, as previously ordered, on or before June 26, 2023.

Very Truly Yours,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.

By: Daniel S. Szalkiewicz, Esq.
*daniel@lawdss.com*