**IRA HELLER LAW, LLC**

IRA W. HELLER, ESQ.
(MEMBER OF BAR - NJ & NY)

1317 Morris Avenue, Union, NJ 07083

Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

July 5, 2023

**VIA ECF FILING**
United States District Court Judge Michael E. Farbiarz
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

> Re: John Doe v. Baila Sebrow
> United States District Court, District of New Jersey
> Case No.: 2:21-cv-20706
> Objection to Order of Magistrate Judge Edward Kiel on June 21, 2023

Honorable Judge Farbiarz,

    I am the attorney to the Defendant in the above referenced matter, Betty Sebrow. Ms. Sebrow is referenced in this matter's caption of this matter as "Baila Sebrow," which is not her legal name, but her Jewish name as she is colloquially known.

    I write this letter in the way of objection to a text Order issued by the Hon. Magistrate Judge Edward S. Kiel on June 21, 2023, which states as follows:

> Full Docket text for document 67:
>
> TEXT ORDER: The Court is in receipt of defendant's response of June 20, 2023 (Response) (ECF No. 64]) and plaintiff's reply of June 21, 2023 (ECF No. [66]) to the order to show cause entered on June 12, 2023 (ECF No. [61]). Defendant's request in the Response for "some reasonable modification" of the Court's order of June 2, 2023 (ECF No. [65]) is DENIED. Defendant shall promptly, albeit although already beyond the time required, comply with the June 2, 2023 order. So Ordered by Magistrate Judge Edward S. Kiel on 6/21/2023. (sms).

    The request denied by Magistrate Kiel refers to a letter request I submitted to the Court on behalf of my client, subsequent to an Order issued by Magistrate Judge Kiel on June 2, 2023 (ECF 65), which in Clause #1 of the Order states as follows:

> 1. Defendant shall turnover to plaintiff's counsel, by June 16, 2023, her old cellular telephone that is currently in the possession of defendant's expert. Defendant shall also provide access to her present cellular telephone and computer to plaintiff's expert by June 16, 2023. All information extracted from the devices by plaintiff's expert shall be promptly produced to defendant.

    As per the Court Order, Ms. Sebrow was required to turnover her electronic devices, which included the turnover of an old broken iPhone device currently in the possession of a phone forensics expert in California, and demanded that Ms. Sebrow provide unfettered access to the Plaintiff of her telephone and computer, absent any restrictions. My client was also commanded to provide all Apple device password information to the Plaintiff, thus allowing Plaintiff full access to all apple content, without any restrictions on what can be accessed.

1

My objections to this Order, subsequent to the denial of request to Magistrate Judge Kiel on June 21, 2023, are based upon the following points:

1. Magistrate Judge Kiel's Order provides the Plaintiff with unfettered access to attorney/client correspondence, which is protected by attorney/client privilege. The Defendant has a reasonable expectation that attorney/client privilege will be protected, barring some exception that would require that privilege to be waived, and no such exception has been demonstrated. Furthermore, the Court is demanding that I violate my ethical responsibility as an attorney to protect this privilege, which goes to my client's right to due process of law both in this matter, and in a concurrent matter in the New Jersey Superior Court in the Family Division of Essex County.

2. Magistrate Kiel's Order is a violation of my client's right to privacy, which has been deemed a right guaranteed by the 14th amendment. Present in my client's personal electronic devices is personal information wholly irrelevant to this matter, as well as other information relevant to third parties who have absolutely no connection to this matter. Ms. Sebrow, as an Orthodox Jewish matchmaker by profession, has personal and confidential information of her clients in her electronic devices, including their medical-related information, genetic histories, financial information, private expressions, religious affiliations, and other information which is inherently private and regarding which Ms. Sebrow is responsible to guarantee absolute confidentiality to her clients. Releasing this information, absent the proper protections, could expose Ms. Sebrow to far reaching liability. Also worthy of note is the fact that Ms. Sebrow used to share this computer with her husband, David Sebrow, who is now deceased. The turnover of her computer would expose David Sebrow's personal and business information, which is not a subject of this litigation.

3. Magistrate Judge Kiel's Order is arguably a violation of Ms. Sebrow's Fourth Amendment rights, in that an Court Order of such a broad nature constitutes an unreasonable search and seizure of her personal information, with no inherent provisions to narrow such a "search" to comport with my client's reasonable expectation of privacy.

## **BRIEF HISTORY**

This matter in the District Court of New Jersey was initiated by the Plaintiff in this matter, who had already filed a Temporary Restraining Order (TRO) in the New Jersey Superior Court of Essex County, Family Division approximately six months earlier. In his TRO Complaint, filed by the Plaintiff on July 15, 2021, he alleged that Ms. Sebrow posted defamatory comments about him on the internet. The Plaintiff, alleging a cause of action of harassment, is seeking a Final Restraining Order against Ms. Sebrow. Shortly thereafter, on August 6, 2021, Ms. Sebrow filed a cross complaint against the Plaintiff, alleging harassment for having made false allegations against her, and for a sexual assault which she alleges Plaintiff perpetrated against her in December of 2017.

A trial is now ongoing in this matter in the Essex County Family Division, Docket Nos. FV-000265-22 and FV-000487-22, with the parties currently being Ordered to appear in Court

every afternoon until this matter has been completed. It is reasonable to expect, therefore, that the Essex County trial will last for the duration of the entire summer. Witnesses are currently being heard in that matter, and evidence is being presented. Worthy of note is the fact that subsequent to the Plaintiff's filing of his TRO in July of 2021, the individual who actually posted the negative information about him on the internet was discovered, and it was NOT Ms. Sebrow, but a man living in Pennsylvania. Furthermore, that individual has already testified in this matter, and has stated that not only was Ms. Sebrow NOT the person who retained him to make the internet postings, but at the time of the postings, did not even know who Ms. Sebrow was.

There will most certainly be much more to be said about the testimony and evidence that will be presented in this matter, but the purpose of this filing is purely directed toward my objection to Magistrate Kiel's June 21, 2023 ruling (enforcing the ruling of June 2, 2023), and most certainly do not intend to litigate the matter in this letter.

## **ESI DISCOVERY**

At the crux of this Order by Magistrate Judge Kiel for the turnover of Ms. Sebrow's devices is the determination that I was in violation of the Order to engage in ESI Discovery. If we did not properly comply with the Order, we respect the Court's determination. However, a bit more history regarding the circumstances is in Order so as to show that there was absolutely no intent on my part or on the part of my client to defy the authority of this Court.

**The Circumstances**

I firmly argue that the Plaintiff's having filed this Federal matter has constituted an unfair attack against my client, meant to significantly unlevel the playing field against her, knowing she was not in a position to fight this battle on two fronts. As it is, Ms. Sebrow has been unable to fund her legal fees since February 2022, when the very modest amount of money she was able to gather ran out on her. I did not terminate my representation, but have remained as counsel in the Essex County uncompensated, as my conscience will not allow to abandon my client under such circumstances. However, with the Plaintiff then filing this Federal matter, during the pendency of the other matter he initiated in Essex County, which is based upon the very same exact facts and circumstances, The Plaintiff has utilized this Court not for justice, but to pile on and overwhelm my client, clearly hoping that I would throw in the towel, or at least leave her unprotected in the Federal lawsuit. Notwithstanding my unfamiliarity with Federal Court procedures, and the fact that it doubled an already heavy burden for me, I was not about to leave my client defenseless and exposed.

The Essex County matter is now approaching two years since its filing, notwithstanding the fact that matters in the DV Division (stands for "domestic violence") are summary proceedings, meant to be adjudicated quickly. However, there were significant delays due to numerous adjournments requested by Plaintiff's counsel for various reasons, thus delaying the matter for months, and in retrospect, giving them time to collect information through the back door. Specifically, shortly after filing the Essex County matter, Plaintiff's counsel cast a wide net of subpoenas under the caption of the DV Docket, notwithstanding the fact that Subpoenas demanding documents in the DV Division may not be initiated without leave of the Court, because it is supposed to be a summary proceeding. Furthermore, I was not even noticed by Plaintiff's counsel that these subpoenas were sent, and found out only after my client received a letter from Chase Bank, who had already sent the Plaintiff the information they demanded. I filed a Motion, and the Plaintiff was sanctioned for his counsel's clear violations of the Court rules.

In similar fashion, the Plaintiff has utilized this Federal matter to make demands for information he was clearly not entitled to unless granted leave of the Essex County Court. The lead attorney for the Plaintiff in this matter, Mr. Daniel Szalkiewics, Esq., sent out interrogatories and discovery demands, summoned my client for a deposition, and subpoenaed all of my client's phone records, all of which would not have been permitted without leave of the Essex County court, and much of which is an outright violation of the contact restrictions prescribed by the New Jersey Prevention Against Domestic violence act of 1991, to which the Plaintiff is subject, but has circumvented using the authority of this Court. In truth, the Plaintiff's continued quest for unfettered access to my client's information is an ongoing fishing expedition, which has now gained supported by a Court Order. In fact, the Plaintiff subpoenaed Verizon for all of my client's personal phone records over the past 6 years, notwithstanding our having filed a Motion to Quash which was summarily denied by this Court. The Plaintiff obtained all of my client's phone records, which Plaintiff's counsel has already utilized to identify and harass call recipients identified in my client's phone statements. This is just a small indicator of what the Plaintiff intends to do with my client's private information, should it come into his possession.

In short, I am a solo practitioner, now litigating this matter in two Courts against two law firms, both well funded by the Plaintiff who possesses ample financial means to do so. On my end, my desire to do the right thing has pushed my law firm significantly into the red, having to devote. This could have been a manageable situation had this Court granted my request, which I put forth on more than one occasion, both in writing and before Magistrate Judge Kiel, that this Federal matter be stayed pending the conclusion of the Essex County matter. The Plaintiff would not be prejudiced by this, and it would give my client a chance to fairly present her case rather than be buried by a Plaintiff who is using his superior resources to deprive her of that opportunity.

**Attempts to Remedy the Situation**

As mentioned above, it is not my purpose to make excuses in regard to the "ESI Discovery" matter. Admittedly, I have very limited knowledge and experience with Federal Court procedures, and unfortunately misunderstood what was being demanded by the Court. I have responded to Mr. Szalkiewicz's discovery demands, I produced my client for her deposition, which continued for several days. During this period, I sat for hours with Mr. Szalkiewicz and his counterpart in the Essex County matter, Mr. Borenstein, in intense attempts to bring this matter to a resolution. We even arranged for a meeting which included prominent Rabbis, but to no avail. During the period in which we were trying to settle the matter, we had sat and provided each other access to the email servers of our respective clients. There was also the issue of a fee of more than $2,000 to be payable by my client, and mistakenly thought that given the fact that there had been cooperation, it should not be necessary. I was clearly wrong about that, and I had already extended my apologies to the Court. Nevertheless, the decision of the Court to strip my client of her rights cannot be considered to be a proper resolution to this issue.

Subsequent to Magistrate Judge Kiel's Order, I contacted Mr. Szalkiewicz, offering to work with him to get him the discovery he was legitimately seeking, and should there be any disagreements regarding what he is entitled to, we could certainly present it to the Court for appropriate resolution. Unfortunately, Mr. Szalkiewicz was unrelenting in his demand that he be provided with everything as Ordered, and would not budge from his now Court Ordered right to unilaterally decide what information he is entitled to, because that is what the Court Ordered. Clearly, my only recourse regarding this issue is to file this objection, so my legitimate concerns with this far reaching Order could be reevaluated by the Court.

It is worthy of note that on May 15, 2023, I thought that this Court had begun to understand the issues caused by permitting this matter to go forward prior to the resolution of the Essex County matter. On May 15, 2023, the Court issued the following Text Order:

Full Docket text for document 55

TEXT ORDER: The parties are directed to refrain from filing any further applications and letters abiding the Court's resolution of the parties' numerous pending applications and requests to the Court. So Ordered by Magistrate Judge Edward S. Kiel on 5/15/2023. (sms) (Entered: 05/15/2023)

This Order left me optimistic that the playing field would be evened just a bit, thus affording me the opportunity to properly focus on the Essex County matter unencumbered by this parallel litigation, which is in a forum which unfamiliar to me, and requires my undivided time and attention. However, my hopes were unfortunately dashed when Mr. Szalkiewicz was granted leave on May 24, 2023 to continue his filings in this matter unabated, and was granted permission to amend his complaint. I restate my position in regard to my prior requests for a stay of this proceeding pending the impending resolution of the Essex County matter, thus affording me the opportunity to devote the requisite time to be properly prepared for the ongoing trial in Essex County. The Essex County was filed first (by the Plaintiff), and the results of that proceeding will be instructive for this matter as well, why must they proceed simultaneously if it severely and unfairly prejudices one of the parties in this matter?

It is in this vein that I previously wrote to Magistrate Judge Kiel, seeking a modification of his Order which required the wholesale turnover of my client's personal devices with absolutely no protections in place. If I was in violation of the Order for ESI Discovery, regarding which I meant absolutely no disrespect to this honorable Court, I am prepared to cooperate in effecting any necessary remedy that will provide the Plaintiff the discovery which this Court deems the Plaintiff is entitled to. However, this should not come at the expense of my client's Constitutional rights to attorney/client privilege, privacy, and due process.

## CONCLUSION

In conclusion, I must also anticipatorily address what will be stated in response by my adversary in this matter. Unfortunately, my adversary has seized ample opportunity to impugn my integrity and honesty in regard to my conduct in this matter, which he has submitted to the Court in steady flow of litigation via letter. The influence of Mr. Szalkiewicz on the opinions already expressed by this Court long precedes any proper adjudication of the facts, but yet, he has succeeded in obtained Orders of far-reaching consequence from this Court, sometimes without our having been afforded adequate opportunity to respond. A prime case in point is a Motion filed by Mr. Szalkiewicz (ECF 34) with support letter (ECF 35) on February 8, 2023, seeking an Order permitting the Plaintiff to proceed in this matter using a Pseudonym.

In one of my earlier filings to this Court, I objected to the fact that the Plaintiff filed the matter using a pseudonym, but this was never properly addressed by the Court. When the Plaintiff made the request to proceed on a pseudonym, I referenced the law in regard to use of the pseudonym, and found that the Plaintiff had been in violation of Fed. R. Civ. P. 10(a) since this matter's inception. While I was still drafting my response on February 10, 2023, I received a notification from the Court that the Plaintiff's request had already been granted, notwithstanding the fact that I had not even been afforded the opportunity to respond (ECF 37). Furthermore, in granting the Plaintiff's request, the Court considered "documentary evidence" provided by the Plaintiff for which no foundational support had been provided, and demanded that I tender an

immediate response (ECF 36). This is without the Court having authenticated the evidence, nor was any testimony or cross examination heard in regard to the evidence. Upon seeing such things, one might reasonably asked as to whether the Court has already picked a side in this litigation.

It is also unfortunate that this Court has also chosen to severely sanction me for conduct it deemed to be unforthright, with an implication that I am representing a party already deemed suspect, notwithstanding the fact that nothing has been adjudicated yet in this matter.

Back on November 10, 2022, I unfortunately missed a discovery conference, mostly the result of poor communication between myself and the Court. The email address the Court had in its database for me at that time was an old, defunct email address from my prior law firm. Consequently, I was getting no notices whatsoever from the Court, barring what I was receiving from my adversary. It took me about a month and about a dozen follow-up calls to rectify the situation with the Court, and get my current email address on record. Regarding the shared discovery, Mr. Salkiewicz had sent me a proposal for a shared discovery Order, which I actually redlined and sent back to Mr. Szalkiewicz on the scheduled day of the conference. I did not realize that Magistrate Judge Kiel had also called for a telephone conference regarding the discovery. In the forums in which I practice, there are no "discovery conferences" with the judge, unless a motion to enforce is filed due to the noncompliance of one side, and I unfortunately missed the conference. I clearly was not looking to avoid the conference, as I provided a timely reply to Mr. Szalkiewicz regarding the joint discovery plan.

The second occurrence was a settlement conference, scheduled for December 21, 2022. By this time, I was receiving Court notices, and I personally appeared as the Order required. Nevertheless, I was skewered by the Magistrate Judge because my client did not appear as well. I profusely apologized to the Judge for my oversight, but earnestly stated that I read the Order but was not aware that my client was also required to appear. After the proceeding, I checked the Order (ECF 18), and found that it did not state the requirement that the litigants must be in attendance, but rather, stated that authorized parties must be in attendance. I had discussed the full settlement with my client prior to the conference, and would have been able to reach her by telephone, had any adjustments in those parameters needed to be made. I was absolutely not parsing the language, and had it been my understanding that my client was required to appear, I would surely have informed her of such, and she would have most certainly attended the conference.

Nevertheless, I was severely sanctioned for November 10, 2022 and December 21, 2022 in an amount of nearly $11,000. Currently, while my law firm is suffering financially specifically due to being overloaded by two simultaneous litigations specific to this matter, I was Ordered to come up with this enormous sum of money, during a time when this very case has put my law firm in the red. Notwithstanding, I have still made a partial payment to Mr. Szalkiewicz out of respect for the Orders of this Court, and will continue to do everything in my power to comply with the Orders of this Court.

With this in mind, it is not at all my intention to defy the Order of Magistrate Judge Kiel, issued on June 2, 2023, with request for modification denied on June 21, 2023. However, compliance with the Order puts me in a bind that bears far reaching consequences that cannot be undone. Accordingly, I respectfully request that the existing Order be rescinded in favor of a revised Order that will not result in my having to act in a matter which runs counter to my ethical responsibilities as an attorney, and will not result in a violation of my client's fundamental rights as enumerated above.

Thanking Your Honor for your kind consideration in this matter.

Respectfully submitted,

Ira W. Heller, Esq.

cc: Daniel Szalkiewicz, Esq.
    *Attorney for Plaintiff*