# Daniel Szalkiewicz
# & Associates

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
lawdss.com

July 7, 2023

**Via ECF and Email**
United States District Court Judge Michael E. Farbiarz
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

*Re:*    *John Doe v. Baila Sebrow*
        *United States District Court, District of New Jersey*
        *Case No.: 2:21-cv-20706*
        *Opposition to Defendant's July 5, 2023 Objection to June 21, 2023 Order*

Dear Judge Farbiarz,

I represent the plaintiff, John Doe in the above reference matter.  I submit this letter in response to defendant Baila Sebrow's untimely letter objection to Jude Kiel's June 2, 2023 Order [DE 59] and the June 21, 2023 Order [DE 67].  Defendant's letter contains multiple misstatements of fact and downright lies and is just another attempt to avoid providing evidence in this case that would not only show her culpability in the action and that both Sebrow and her attorney are actively perpetrating a fraud on the Court and Plaintiff.

After failing to adhere to the Court's Order of June 2, 2023, Judge Kiel issued a new directive on June 21, 2023, this time directing the Defendant to "promptly" comply with his previous order. Consequently, Defendant is now actually objecting to the June 2, 2023 Order, which Magistrate Kiel was seeking to enforce through the June 21, 2023 Order.  Despite being instructed twice by Magistrate Kiel to produce her phone and computer for ESI discovery, the Defendant continues to disregard the orders. Instead, she has been filing multiple documents to justify her contemptuous behavior and further delay compliance with an Order that was issued more than a month ago.  As detailed below, Defendant's letter should be disregarded in its entirety.

**Defendant's "Objections" Are Untimely**
Defendant has labeled her request an objection, however the order to which she objects is not a proposed finding, recommendation or report.  Local Civil Rule 72.1(c)(2) provides that a "party may object to the Magistrate Judge's proposed findings, recommendations or report issued under this Rule within 14 days after being served with a copy thereof [1]…"  Accordingly, Defendant is actually appealing the "Magistrate Judge's determination of a non-dispositive matter" pursuant to Civil Rule 72.1(c)(1)(A), which also calls for the appeal to be made "within 14 days after the party has been served with a copy of the Magistrate Judge's order…"  In either event, her filing is untimely as, regardless of the vehicle for relief Defendant is attempting to use, an order was entered on June 2, 2023 directing Defendant to produce her phone and computer to plaintiff's expert (Doc. 59) and she did not comply and did not appeal or object for far more than fourteen

---

[1] While the rule provides for additional time to appeal when a motion for reargument is determined on the merits, the motion for reargument here was withdrawn by Defendant and not determined on the merits.

DS & A

July 7, 2023
Page 2

_____

days.  While Defendant's noncompliance did necessitate the issuance of a second order directing the same relief but on a later date, her attempt to object to the latter order is nothing more than an attempt to object to the earlier time-barred order.  However, even if the June 21, 2023 Order is somehow successfully objected to/appealed by Defendant, the June 2, 2023 Order will still remain and Defendant will still be required to produce her phone and computer as previously ordered.

While the untimeliness of Defendant's objections/appeal is reason enough to deny the relief requested, the facts of this case and litigation additionally warrant upholding Magistrate Kiel's orders as Defendant has offered and can offer nothing which is "clearly erroneous or contrary to law."

**The Parties' Relationship and Defendant's Harassment**

Briefly, the parties in this case were once engaged in a short-term sexual relationship and when that relationship came to an end Defendant Sebrow engaged in a harassing course of conduct designed to cause Plaintiff reputational, emotional, and professional harm in retaliation for the grief Plaintiff apparently caused her due to the breakup (Doc. 58, ¶4-5).  Both Plaintiff and Defendant Sebrow are members of the Orthodox Jewish Community, with Defendant Sebrow holding an especially esteemed role as a matchmaker (Doc. 58, ¶2-3).  Defendant Sebrow's harassment was myriad and included sending vile messages directly to Plaintiff which eventually devolved into claims of rape, calling Plaintiff more than one hundred times in a single day, sending allegations of rape and other atrocities to Plaintiff's work-monitored e-mail, harassing members of Plaintiff's family with similar information, and implementing an online social media and website campaign which accused Plaintiff of being under investigation for raping hundreds of women, and (Doc. 58).  Defendant routinely apologized for her conduct and admitted that Plaintiff had never raped her (Doc. 58, ¶43-44) but would resume her behavior when she felt she was being ignored by Plaintiff (Doc. 58, ¶74).

Plaintiff pleaded with Defendant Sebrow to leave him and his family alone, but she was relentless (Doc. 58, ¶34, 55, 57, 58).  Defendant Sebrow's boundless cruelties included statements such as:

- [h]ey, maybe you're gay. [Woman's Name] looks like a tranny" and "[a]t least [Woman's Name] is not a widow. Her pussy is well used (Doc. 58, ¶6).
- She actually makes [Woman's Name] look good. They're both trash. But, at least [Woman's Name] comes from a good family. [Woman's Name] has faggots and goyim. What a beautiful example for your grandkids, that would be. Lol. (Doc. 58, ¶33).
- Widows have special powers. Lawyers can't remove curses... You'll need my forgiveness...And I won't forgive you until you fix what you did...Courts can't force me to remove the curse...But you'll see bad things happening...Hashem gave widows special powers...Go rape your daughter again, you sicko... (Doc. 58, ¶38).

DS & A

July 7, 2023
Page 3

_____

- Your kids will like the Peruvian. She's a convert like them and their mother. And she's a spic too! But, [Plaintiff], how can you actually fuck something so ugly? (Doc. 58, ¶57).

Defendant Sebrow additionally directed various statements to Plaintiff's workplace, which included:

- Maybe it's time that the hundreds of your female victims come forward with their stories of sexual abuse.  As a journalist, I will be happy to publish all firsthand account tales.  In fact, why don't we publish how when you don't rape women, or stalk them - you abuse trust in emotionally vulnerable women in order to have sex with them?  What did you do to your own daughter, [Plaintiff]? Shouldn't be too difficult to find a large number of many victims. (Doc. 58, ¶61).
- Your sexual abuse of women is public knowledge, as well as the allegations about drugging and raping them. And that includes the allegations made by your ex- wives regarding your daughter in bed with you when she was 15. (Doc. 58, ¶84).
- And on that Sat. night in Dec. you drugged me too, as you have done to others. When you realized that I was making too much of a big deal you kept begging me saying you love me and want to marry me. (Doc. 58, ¶84).
- The relationship became more volatile when you hit me. You apologized each time. Although I am an educated woman and founded an organization for victims of abuse, I should have known better. (Doc. 58, ¶84).

Finally, Defendant caused the creation of a website, Twitter account, and Instagram account which named Plaintiff, stating "[John Doe] a 64 year old financial advisor in West Orange, NJ is accused by police of incapacitating 100s of victims by plying them with date rape drugs" (Doc. 58, ¶115-132).

**Defendant's Historical Litigation Delay and Tactics**
The instant lawsuit was initiated by Plaintiff on December 23, 2021.  Due to the nature of the lawsuit, Plaintiff was permitted to proceed using initials and Magistrate Kiel ordered that the parties should reference Plaintiff as "John Doe" accordingly and appropriately redact those documents which contain his true name (Doc. 37).  Despite being served with the summons and complaint, Defendant chose to default and not timely file an answer.

In an Order dated November 10, 2022, Magistrate Kiel held that sanctions against Defendant's counsel were appropriate due to his "failure to appear for the conference, failure to prepare [or] substantially participate in the conference, and failure to obey the Court's order" (Doc. 18). Defendant was further directed to provide her Rule 26.1 initial disclosures by November 12, 2022; she did not (Doc. 21).  In a letter dated December 9, 2022, our office detailed our many attempts to engage in the discovery process with Defendant (Doc. 21).  Magistrate Kiel again ordered Defendant to serve the required information, this time by December 15, 2022.

DS & A

July 7, 2023
Page 4

---

After Defendant failed to appear at the December 21, 2022 settlement conference (which will be expanded upon below), an additional settlement conference was scheduled for January 26, 2023. At the January 26, 2023 settlement conference, we discussed with Magistrate Kiel Defendant's failure to serve discovery requests and "refusal to enter into an electronically stored information (ESI) protocol" (Doc. 56, p. 5). Magistrate Kiel recognized the need for ESI in this case due to the nature of the claims, further extending the time for fact discovery (Doc. 56, p. 4-5). By April 24, 2023, Defendant was still refusing to engage in ESI discovery, leading Magistrate Kiel to conclude that "Defendant and defendant's counsel have disobeyed almost every order…repeatedly failed to attend conferences, meet deadlines, and file submissions required by the Court" ordering sanctions (Doc. 56, p. 8-11). Magistrate Kiel further indicated that there was "troubling evidence that defendant may have altered the Disputed Email" and that "plaintiff has credibly raised a potential claim relating to defendant's attempt to inject a fraudulent document into this litigation and conceal evidence" (Doc. 56, p. 11-12).

Other improper litigation tactics exhibited by Defendant have included continued inclusion of Plaintiff's name and address in publicly filed documents, contrary to court orders (Doc. 68) and the filing and withdrawal of a motion for consideration which was largely plagiarized and inapplicable to the facts of this case (Doc. 62, Doc. 64, Doc. 69).

**Specific Need for ESI and Defendant's Demonstrated Disregard for Same**
Not only did Defendant Sebrow's harassment occur almost exclusively electronically, her defense to it all is that her devices were somehow spoofed (Doc. 56, p. 5-6). Defendant Sebrow and her attorney also introduced several fabricated emails purporting to be sent by the plaintiff. However, Defendant has not submitted a single document in its native format. Additionally, Defendant has refused to respond to any of Plaintiff's discovery demands and provided no documents of substance. The items that were provided were screenshots of WhatsApp message recordings however no recordings were provided. As Magistrate Kiel recognized, ESI is especially integral to this case given the nature of Ms. Sebrow's conduct and her demonstrated deceit in the discovery process.

Prior to the orders being issued, on at least November 1, 2022; November 21, 2022; November 22, 2022; December 5, 2022; December 23, 2022; January 10, 2023; January 24, 2023; March 20, 2023; May 4, 2023; and May 10, 2023, I attempted to engage in conversations with Defendant's counsel concerning ESI discovery. Each time my correspondence was ignored or disregarded. Even after Magistrate Kiel has issued two orders specifically directing Defendant Sebrow to produce her phone and computer to Plaintiff's forensic our attempts to coordinate have all been ignored or rebuffed. Defendant Sebrow is stonewalling.

**Magistrate Kiel's Orders Should be Upheld**
"A finding is considered 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed'" (Otero v. Port Auth. of N.Y., 2018 U.S. Dist. LEXIS 209994, *5). "By contrast, 'the phrase 'contrary to law' indicates plenary review as to matters of law.'" (Id.). "A

DS & A

July 7, 2023
Page 5

decision is considered contrary to law if the magistrate judge has 'misinterpreted or misapplied applicable law'" and "the burden is on the party filing the notice of appeal to demonstrate that the magistrate judge's decision was clearly erroneous or contrary to law" (Id.).

Mr. Heller's filing is primarily a diatribe as to why his client being made to engage in the litigation process is "an unfair attack against [his] client" and fails to include the standard of review for such a request or even a piece of case law or any cogent argument as to how Magistrate Kiel's decisions were clearly erroneous or contrary to law.  Our office respectfully refers this Court to our June 21, 2022 letter, which contains additional information about Plaintiff's continued attempt to engage in the discovery process and Defendant's continued disregard for court orders.

Initially, while we certainly appreciate Defendant Sebrow's apparent wish to protect her matchmaking clients' privacy, there is no matchmaker privilege of which we are aware and Defendant offers no case law to suggest otherwise.  More so, any claim that Defendant Sebrow ever respected that privacy or her clients is belied by text messages sent to Plaintiff in which she named and ridiculed her clients' appearances, family lineage, sexual proclivities, and national origins in disgusting and elaborate detail.  Defendant's claim that ESI discovery is violative of her Fourth Amendment rights is further unsupported by fact and law.  Finally, Defendant Sebrow implicitly waived any attorney privilege she might have had when she refused to engage in any meaningful discovery and otherwise follow explicit court orders throughout the entirety of this proceeding.

Additionally, there are some factual inaccuracies in Mr. Heller's most recent filing which warrant addressing.  First, Mr. Heller's claims about his client's failure to appear at the December 21, 2022 conference (Doc. 71, p. 6) overlook Magistrate Kiel's December 12, 2022 Order providing that "Counsel and their clients are reminded to review and abide by the order filed on November 10, 2022 (ECF No. 18), and that their collective attendance at the in-person settlement conference set for December 21, 2022 at 1:30 p.m. is MANDATORY. (Doc. 21). They further fail to address the fact that apparently Defendant's counsel "contacted [Magistrate Kiel's] chambers on December 20, 2022 to inquire whether…defendant was required to appear" and was told that Defendant *was* required to appear (Doc. 56, p. 4).  Between those misrepresentations and Mr. Heller's claim that he did not know it was a settlement conference despite sending a settlement memo, Magistrate Kiel concluded that Mr. Heller's feigned ignorance as to his client's appearance was "very concerning – and I suspect not truthful[.]"

The family court matter which Mr. Heller consistently uses as an excuse for noncompliance has also been plagued by delays.  Additionally, his insinuation that Plaintiff misrepresented who directed MK to create the website and social media accounts is ridiculous and belied by the allegations in the First Amended Complaint.

DS & A

July 7, 2023
Page 6

_____

**Conclusion**

In conclusion, Mr. Heller's objection/appeal is just another delay tactic.  On June 21, 2023 I wrote to Mr. Heller "Now that this issue is resolved, please let me know what time tomorrow iDS can have a zoom call to virtually gather the information."  On June 26, 2023, I wrote "I have not heard from you since my email dated June 21, 2023. If your client is not going to comply with the court order then please let me know so we do not need to waste any more time and can just apply for the default."  Mr. Heller wrote that he "fully intend[s] to respond" and would "respond accordingly, without undue delay."  Needless to say, he did not respond to our attempts to schedule forensic analysis of his client's phone and instead filed his objection/appeal.

While we regret that Defendant's counsel is overwhelmed at work and struggling financially, his decision to represent Defendant free of cost should not have any bearing on this matter.  Respectfully, Plaintiff should not be forced to forfeit information to which he is entitled in discovery because of Mr. Heller's personal situation and choices.  As indicated in the e-mail above, at least part of the forensic analysis can be completed remotely, and there is certainly enough time in the day for Defendant to log into a Zoom conference to assist in the production.

Plaintiff has done everything in his power to have Defendant actively engage in this litigation yet numerous emails and demands have been ignored and Defendant just has no desire to comply with any court order.

Very Truly Yours,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.

By: Daniel S. Szalkiewicz, Esq.
*daniel@lawdss.com*