

July 26, 2023

**VIA EMAIL & ECF FILING**
US District Court Judge Michael E. Farbiarz
Frank R. Lautenberg US Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

> Re: John Doe v. Baila Sebrow – Case No.: 2:21-cv-10706
> Objection to Order of July 12, 2023 Order of Magistrate Judge Kiel

Dear Judge Farbiarz

    As Your Honor may recall, I represent the Defendant, Ms. Betty Sebrow, in the above referenced matter. I write this letter in the way of objection to Magistrate Judge Kiel's July 12, 2023 Order, which is annexed hereto.

    I cannot find adequate words to express my vehement protest to this Order, in terms of my protest to the insinuation of my having "intentionally violated" Magistrate Judge Kiel's Orders, as well as the spartan nature of the sanctions that have been leveled against me. Not once, since the day I was admitted to practice law did I EVER "intentionally" violate a Court Order, nor have I ever disrespected any Court in which I have practiced. Yes, I am human, and I have made my occasional errors, but not one of the scores of judges before whom I have appeared has ever impugned my integrity, nor ever sanctioned me for any infraction, least of which for intentionally disrespecting the sanctity of the Court.

    The infractions regarding which I am now being accused were absolutely NOT intentional violations. As expressed in my objection to Magistrate Judge Kiel's prior Order, filed on July 5, 2023, I did mention the fact that I was perplexed that the Plaintiff was able to file a Complaint in this Court using a pseudonym, which minimum reference to the law clearly pointed out, pursuant to Fed. R. Civ. P. 10(a), that a Complaint under a pseudonym required leave of the Court to do so. I also pointed out that when Mr. Szalkiewicz filed his request to file under a pseudonym, I was not even provided a day to respond before Magistrate Judge Kiel granted the request. Nevertheless, my purpose here is not to argue against an Order issued by Magistrate Kiel back in February, but to state that the nature of my errors are being grossly mischaracterized, and exaggeratedly penalized.

    The first time I was cited for being in violation of the pseudonym rule back in February, I was under the impression that the record had been deemed confidential and sealed (as it is in the New Jersey State Domestic Violence Division), but there are no redaction requirements as to the document submissions themselves in that forum, as the records are not available to the public. It was an error, clearly because I did not fully understand the requirement, and I apologized to the Court. In subsequent filed documents, I meticulously referred to the Plaintiff, and did not use his name. I also carefully reviewed and redacted any exhibits.

This latest infraction, for which I have been literally skewered by the Court, was absolutely not an "intentional violation," nor an intentional show of disrespect for the Court. As I believe I explained to Your Honor in my prior objection of July 5, 2023, since the beginning of June until the first week of July, the Essex County DV Court demanded that we appear in court every afternoon in an effort to move the trial to its conclusion. The Plaintiff, who has ample financial resources, has simultaneously retained two law firms now working for him, while I am conducting these two trials by myself, as a solo practitioner, uncompensated since February of 2022 (and incidentally, I never asked for any "special consideration" for that, other than to permit the Essex County matter to be completed first, as it was filed by the Plaintiff first, and a good deal of the Plaintiff's purpose to overwhelm and bury me in paper, which is entirely unjust and should not be countenanced by this court). The second redaction infraction occurred at the beginning of July, while I was trying to get out an Answer to the Plaintiff's Amended Complaint. It was the middle of the night, and rather than reformulate my entire answer, I was able to resubmit portions of my answer to the Plaintiff's initial complaint which were duplicated from the Plaintiff's initial complaint. Since my initial answer was submitted before the pseudonym redaction Order, the name was not redacted. It was an oversight on my part, but in no way shape or form was it an intentional violation, as I would never intentionally violate an Order of the Court.

Nevertheless, I am still being relentlessly attacked by Mr. Szalkiewicz, who sends letter after letter to this Court, impugning my integrity and spinning a narrative that I have not had the proper opportunity to respond to. Nevertheless, given the way I have been seriously disadvantaged in this matter, it seems to me that I may never have my opportunity to respond, and my client may never have the opportunity to have her due process. As per the latest Order of Magistrate Judge Kiel, I am no longer permitted to file documents on the Court's docket, and all my documents must be first reviewed and edited by my adversary, who will then file them three days later. It was then Ordered that I am going to get a monthly bill from Mr. Szalkiewicz for his "reviewing and redacting" my submissions, after I have already been sanctioned more than $11,000 because my client did not attend a settlement conference (which I pointed out in my prior letter to Your Honor, the language in the Order was not entirely clear, plus I showed up to the conference. If I was trying to intentionally disrespect the Court, why would I have personally shown up? What would have been the nature of my personal gain to intentionally instruct my client not to show up?). Now I am being financially sanctioned again, and I am additionally being handicapped in not being afforded equal access to the filing system of this Court.

I noticed that Mr. Szalkiewicz sent a courtesy copy of his letter response to my prior objection to Your Honor's email, so I called Your Honor's chambers today, seeking Your Honor's email address. I spoke to Your Honor's Courtroom Deputy, Ms. Rosemary Oivieri, who informed me that until I file this document on the Court's docket, it is not going to be received by Judge Farbiarz. I do not see how the Court can permit this kind of injustice, and stand in the position that I have absolutely no recourse.

In regard to Mr. Szalkiewicz's prior letter to Your Honor, Mr. Szalkiewicz has been characteristically litigating by letter in each of his submissions, spinning a narrative and presenting "evidence" of his assertions that I have not yet had the opportunity to challenge in a court of law. The Plaintiff is still presenting his case in Essex County, and none of his alleged evidence has been tested, and Mr. Szalkiewicz has literally inundated this Court with his alleged

"evidence." I have refrained from engaging with Mr. Szalkiewicz in litigating this matter by letter, both because in the forum in which I prominently practice law, the Superior Court of New Jersey, it is a violation of the Court Rules pursuant to the case of *Ducey v. Ducey*, 424 N.J. Super, 68,73 n.2 (App. Div. 2012) to litigate via letter to the Court ("the use of correspondence must not be a substitute for a motion when presenting a party's request for specific relief"). The other purpose for my restraint is the fact that I do not want to prejudice my client in the other litigation in the Essex County Superior Court, which is based on the same facts and circumstances, so as not to expose my trial strategy nor expose information I am preserving which I may need to use for the purpose of impeaching the Plaintiff's credibility.

Accordingly, in light of the above stated, I respectfully request that Your Honor will kindly accept this letter (assuming it will be received) as a formal objection to the July 12, 2023 Order of this Court, which permits the District Court Judge to review the matter and issue his/her own ruling, pursuant FED. R. CIV. P. 72.

I also respectfully request that Your Honor will consider the fact that this Order is a violation of my client's 14th amendment rights, which does not afford her equal due process. This Order is an over-exercise of judicial power, depriving my client of an impartial tribunal. The Due Process Clause must preserve a person's fundamental right to fairness in a civil proceeding to ensure that the adjudicator of fact is not predisposed to presumptions against one party, prior to a proper tribunal being held in an equal forum.

In the instant case, Mr. Szalkiewicz has unfortunately been provided free reign to present unfounded presumptions about my client, in addition to relentless attacks against me as well, which have unfortunately gained him a personal advantage which has skewed the scales in this matter well before any evidence has been heard or presented.

The sanctions leveled against me by this Order, based upon my oversights on the redactions, have caused no prejudice to the Plaintiff, and the stringency of this Order goes well beyond that which is commensurate with the infraction (which was NOT in any way intentional). Recalling the prior issue with the ESI discovery, I repeatedly reached out to Mr. Szalkiewicz to discuss the discovery, but Mr. Szalkiewicz was setting for nothing other than my client's complete and utterly unconditional turnover of all of her devices, since it was Ordered by the Court. However, the resolution was not to erase all of my client's civil rights and then completely handicap her in this litigation.

I thank Your Honor in advance for your much needed consideration in this matter.

                                                  Respectfully

                                                  Ira W. Heller, Esq.

cc: Daniel Szelkiewicz, Esq.
    *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BAILA SEBROW,**<br><br>    **Defendant.** | Case No. 21–cv–20706–MEF–ESK<br><br><br>ORDER |

    **THE COURT** having *sua sponte* considered the continuing violations by defendant's counsel, Ira Heller, Esq., of the Court's order of February 10, 2023 (Pseudonym Order) (ECF No. 37), which requires "any reference to [p]laintiff within the docket [to] be made accordingly as 'John Doe'" or be redacted; and Mr. Heller having violated the Pseudonym Order in his filings dated February 16, 2023 (February Filings) (ECF Nos. 39, 40); and upon admonishing Mr. Heller for violating the Pseudonym Order, the Court having sealed the February Filings (ECF No. 43); and the Court having "warned [Mr. Heller] that further violation of the Pseudonym Order [will] result in monetary sanctions and all other appropriate sanctions … including but not limited to, referral to the relevant disciplinary board" (ECF No. 56 pp. 6, 7 n. 3); and Mr. Heller having again violated the Pseudonym Order in his filing dated June 20, 2023 (June Filing) (ECF No. 64) by referring to plaintiff by his name rather than "John Doe"; and the Court having sealed the June Filing and advised the parties that "the Court will address whether additional sanctions are to be imposed on [Mr. Heller] for his continued violation of the [Pseudonym] Order at the … conference scheduled for July 11, 2023" (ECF No. 68); and Mr. Heller having filed an "amended answer and counterclaim" (Amended Answer) on July 7, 2023 (ECF No. 73), which also referred to plaintiff by his name, rather than as "John Doe"; and the Court having sealed the Amended Answer, which has been struck as being untimely (ECF No. 76); and in consideration of Mr. Heller's apparent intentional violations of the Pseudonym Order,

    **IT IS** on this   **12th** day of **July 2023**   **ORDERED** that:

    1.   Mr. Heller is hereby **PROHIBITED** from filing any further documents on the Court's docket for this matter.   Rather than file a document on the docket, Mr. Heller shall email the document to: (a) the Court at

2

ESK_Orders@njd.uscourts.gov; and (b) plaintiff's counsel.  Within three days after receipt, plaintiff's counsel shall: (a) review and redact the document of any personally identifying information of plaintiff; and (b) file on the docket the document emailed by Mr. Heller with any necessary redactions.

2. Mr. Heller shall reimburse plaintiff's counsel for the services in reviewing, redacting, and filing Mr. Heller's emailed documents.  Plaintiff's counsel shall file affidavits of services by the fifth day of each month.   Mr. Heller may file a response to the affidavits of services by the tenth day of each month.

3. Plaintiff's request filed in response to the Amended Answer for leave "to file a motion for sanctions based on … [Mr. Heller's] flagrant violation" of the Pseudonym Order (ECF No. 74 p. 1) is denied as moot.

       /s/ Edward S. Kiel
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**