# Daniel Szalkiewicz & Associates

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

July 31, 2023

**Via ECF**
United States District Court Judge Michael E. Fabiarz  
Frank R. Lautenberg U.S. Post Office & Courthouse Building  
2 Federal Square  
Newark, NJ 07102

Re: *John Doe v. Baila Sebrow*  
*United States District Court, District of New Jersey*  
*Case No.: 2:21-cv-20706*  
*Response to Defendant's July 26, 2023 Letter*

Dear Judge Fabiarz,

Please accept this letter response to Defendant's letter, improperly dated July 26, 2023, which seeks relief from Magistrate Kiel's July 12, 2023 Order, pursuant to Fed. R. Civ. P. 72. Initially, despite Defendant's best efforts to muddle the issue with extraneous information that Plaintiff will not repeat here, Defendant's objection is solely to the July 12, 2023 Order creating a review process for Defendant's future uploading of court documents (DE 77). The July 12, 2023 Order is thoroughly informative as to the Court's basis for taking such precautions: despite an order prohibiting reference to Plaintiff's full name on the docket, Mr. Heller did just that on four separate occasions. Each time Mr. Heller engaged in such conduct he was warned by Magistrate Kiel that further violations would result in appropriate sanctions, but this did not curb his conduct. Accordingly, when Mr. Heller violated the pseudonym order for a fourth time, Magistrate Kiel imposed the review process to which Defendant now objects.

## Defendant's Relief Should be Denied as Untimely

Defendant's letter is untimely as Fed. R. Civ. P. 72 provides a party with fourteen days to serve and file objections to an order, a deadline which, in this instance, passed on July 26, 2023. Despite that deadline, on July 27, 2023, I received an e-mail from Mr. Heller with Defendant's objection letter for me to review and file on the Court docket, which I did later that same day (Exhibit 1, DE 79). Notably, while the letter is dated July 26, 2023 and the file is entitled "Objection to 7-12-26 Order – filed 7-26-23" the letter was *not* uploaded July 26, 2023 and was not even sent to me for uploading until July 27, 2023[1]. As bizarrely, Mr. Heller continued with this ruse in his supplemental letter, also sent to me for filing on July 27, 2023, in which he refers to an "objection filed yesterday, July 26, 2023" (Exhibit 2, DE 80). Again, no objection was sent to me *or* filed on July 26, 2023. Pursuant to Rule 72, a "party may not assign as error a defect in the order not timely objected to" and, as July 26, 2023, was the final day for Defendant to file such an objection, his submission is untimely and should be denied for that reason alone.

Indeed, the court in <u>Hightower</u> pointed out that The Advisory Committee Notes to the amendment "reemphasize the important of this timeliness requirement" concluding that untimely

---

[1] That Mr. Heller's deliberate misdating of the letter and file name is being done in connection with a letter in which he details his upstanding integrity and denies ever intentionally violating a court order is not lost on Plaintiff.

DS & A
July 31, 2023
Page 2

---

objections "**shall not be considered**" Hightower v. Ingerman Mgmt. Co., Civil Action No. 17-08025, 2022 U.S. Dist. LEXIS 240482, at *5 (D.N.J. May 4, 2022). Accordingly, because Mr. Heller's objections were untimely, they "shall not be considered."

### Defendant's Relief Should be Denied as the Order is Not Clearly Erroneous or Contrary to Law

As outlined in Magistrate Kiel's July 12, 2023 Order, Mr. Heller failed to abide by a court order on four occasions, naming Plaintiff on a public docket, despite a court order protecting Plaintiff's right to proceed pseudonymously. Each time Mr. Heller did this, he did not just undermine this Court's authority, he also disregarded Plaintiff's right to privacy, prejudicing him, and publicly linking him to the heinous allegations which warranted him proceeding using a pseudonym in the first place. Mr. Heller was repeatedly warned that sanctions would follow if he continued to violate the Order, but nevertheless continued to upload documents with Plaintiff's name. Respectfully, Mr. Heller's fourth violation left this Court with little choice but to do something to protect Plaintiff from Mr. Heller's future filings.

The court in Hightower provided that the "appellant bears the burden of making [the] showing" that the magistrate judge's decision was clearly erroneous or contrary to law. Hightower, supra. While Defendant's initial letter (DE 79) was largely devoid of any legal argument, some can be found in her supplemental letter sent to our office and filed the same day (DE 80). Remarkably, however, the second letter also lacks any case law or applicable legal support. Nevertheless, in sum and substance, Defendant's argument is that the July 12, 2023 Order is a violation of her 14th Amendment Right to Due Process because Plaintiff's attorney "has freely argued the substantial issues of this matter via letter to the Court, creating unproven presumptions that have weaponized the Court against the Defendant (and Defendant's counsel)…" (DE 80, p. 2).

The New Jersey District Court held, in Merck Sharp & Dohme Corp., that:

> A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A decision is considered contrary to law if the magistrate judge has "misinterpreted or misapplied applicable law." The district court "will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently." Moreover, "[a] district judge's simple disagreement with the magistrate judge's s findings is insufficient to meet the clearly erroneous standard of review." Merck Sharp & Dohme Corp. v. Sandoz, Inc., Civil Action No. 12-3289 (PGS) (LHG), 2014 U.S. Dist. LEXIS 52548, at *20-21 (D.N.J. Apr. 16, 2014) (internal citations omitted).

Mr. Heller's most substantive argument here is that Plaintiff has poisoned Magistrate Kiel against him and his client by "spinning a narrative" that Mr. Heller has "not had the proper

DS & A
July 31, 2023
Page 3

---

opportunity to respond to" (DE 79, p. 2).  Mr. Heller claims that Magistrate Kiel is "predisposed to presumptions against" his client because Plaintiff has "been provided free reign to present unfounded presumptions about" Defendant.  Defendant and her attorney have had every opportunity to respond; they have had every opportunity to appear when ordered; and they have had every opportunity to follow the pseudonym order.  In fact, Mr. Heller and Ms. Sebrow did not oppose Plaintiff's motion seeking leave to appear as "John Doe.[2]"  They cannot now place blame on Plaintiff and Magistrate Kiel for their own failures.

Finally, Mr. Heller argues that he never "intentionally" violated the court order.  At a minimum, Mr. Heller's conduct constitutes gross recklessness, given his most recent violation, which Mr. Heller attributes to a poor copy-and-paste job, utilized the plaintiff's full name three times and his surname an additional ten times.  Be it intentional, grossly reckless, or sheer incompetence, this court issued a pseudonym order for a reason, and if Mr. Heller cannot abide by its terms, the court has every right to create a process to ensure its orders are being followed.

The review process put in place by Magistrate Kiel – which His Honor was forced to fashion to prevent Defendant's attorney from continuing to harm Plaintiff through violations of a court order – is neither clearly erroneous nor contrary to law; it is also not a violation of his client's right to due process.  Mr. Heller has the opportunity to file whatever papers he deems necessary, and Plaintiff's counsel, by the clear terms of the order, is unable to alter Mr. Heller's filings in any way except if Mr. Heller once again engages in an intentional or grossly reckless disregard for the Court's order.  What Mr. Heller acknowledges without appreciating is that he does not deny violating the pseudonym order four times.  What Mr. Heller seems not to understand is that, between his client's failure to appear at a settlement conference in contravention of court order and his multiple violations of the pseudonym order, Mr. Heller's own conduct caused this filing protocol, not Plaintiff's.

## Conclusion

Magistrate Kiel's July 12, 2023 Order explicitly details His Honor's basis for creating the review protocol: Mr. Heller's ongoing violation of the pseudonym order.  The protocol His Honor put in place was neither clearly erroneous nor contrary to law.  As a result, even if Mr. Heller's objection were to have been timely, which it was not, it should still be denied as he has not met his burden of demonstrating a legal basis for undoing or modifying the Order.

Respectfully submitted,

/s/Daniel S. Szalkiewicz
By: Daniel S. Szalkiewicz, Esq.

---

[2] Mr. Heller even goes as far to falsely allege this Court has given me private access to its email address and denied him the same right.  No emails have been sent from my office to Judge Fabiarz or Magisrate Kiel ex parte or to any "secret" email address.