UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>          Plaintiff,<br><br>     v.<br><br>Baila Sebrow<br><br>          Defendant. | Case No. 2:21-cv-20706 |

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENTER A DEFAULT JUDGMENT,
AND SET THIS MATTER DOWN FOR AN INQUEST

>                     Daniel Szalkiewicz, Esq.
>                     Daniel Szalkiewicz & Associates, PC
>                     23 West 73rd Street, Suite 102
>                     New York, NY 10023
>                     (212) 706-1007
>                     daniel@lawdss.com
>                     *Attorneys for Plaintiff*

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT & FACTUAL BACKGROUND ................................................. 4

ARGUMENT A DEFAULT JUDGMENT SHOULD BE ENTERED ......................................... 6

    A.   Proof of Service ................................................................................................................ 7

    B.   Plaintiff has Properly Plead Several Causes of Action ...................................................... 7

    C.   The Default Judgment Factors Weigh in Favor of the Judgment ...................................... 8

## **TABLE OF AUTHORITIES**

**Cases**

Leang v Jersey City Bd. of Educ., 198 NJ 557, 587, 969 A2d 1097, 1114 [2009] ........................ 7

Morganroth & Morganroth v Norris, McLaughlin & Marcus, P.C., 331 F3d 406, 415 [3d Cir 2003] ................................................................................................................................. 8

Teamsters Health & Welfare Fund of Phila. & Vic. v Dubin Paper Co., 2012 US Dist LEXIS 102652, at *9 [DNJ July 24, 2012, No. 11-7137 (JBS)(KMW)] ............................................... 9

Wilton Reassurance Life Co. of NY v Engelhardt, 2023 US Dist LEXIS 131827, at *5 [DNJ July 31, 2023, Civil Action No. 21-9968] ................................................................................. 6, 9

**Statutes**

Fed. R. Civ. PP. 55(b)(2) ............................................................................................................... 6

Plaintiff John Doe ("Plaintiff"), by his attorneys, Daniel Szalkiewicz & Associates, P.C., respectfully submits this Memorandum of Law in support of Plaintiff's Motion to enter a default judgment against defendant Baila Sebrow ("Defendant" or "Sebrow") and set this matter down for an inquest pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure ("FRCP").

## **PRELIMINARY STATEMENT & FACTUAL BACKGROUND**

Defendant Sebrow has failed to meaningfully participate in this litigation and continuously violates every court order issued.

This action was commenced by the filing of a Complaint on December 23, 2021 (**DE 1**). On December 24, 2021, a copy of the Complaint was emailed to Ira Heller, Defendant Sebrow's attorney. A Summons was issued on December 28, 2021 (**DE 2**). The following day, on December 29, 2021, pursuant to FRCP 4(d)(1) Defendant Sebrow was served a true and correct copy of the Summons and Complaint, a Notice of a Lawsuit and Request to Waive Service of a Summons and two copies of a Waiver of the Service of Summons, and a prepaid USPS Priority Mail envelope.

After failing to acknowledge service, on April 27, 2022, Defendant Sebrow was served with a copy of the summons and complaint (**DE 8**). A clerk's default was issued, and after several requests for an extension, on October 13, 2022, Defendant filed an answer with counterclaims (**DE 13**). To date, this has been Defendant's only meaningful involvement in the litigation.

On October 19, 2022, the court entered a letter order scheduling an initial conference for November 10, 2022, and required the parties to "immediately" exchange the early discovery requirements of FRCP 26 (**DE 14**). On November 1, 2022, Plaintiff emailed the defendant's counsel a copy of the order.

4

On November 10, 2022, the Court issued an order requiring the parties to exchange the information required under Rule 26(a)(1) by November 12, 2022 (**DE 18**).  On November 11, 2022, Plaintiff again sent a courtesy copy of the order by email to Defendant's counsel.

On November 21, 2022, Defendant was served with a Notice of Deposition of Baila Sebrow, Plaintiff's First Request for the Production of Documents, and Plaintiff's First Set of Interrogatories.  The deposition was to take place on December 9, 2022.  Responses to the document request and interrogatories were due December 21, 2022.  To date, these demands have gone unanswered.

On November 21, 2022, Plaintiff emailed Defendant a request to receive the initial disclosure. A second good faith letter was sent on December 5, 2022.  On December 12, 2022, this court issued an order requiring Defendant to provide her Rule 26(a)(1) disclosures by December 15, 2022 (**DE 21**).  After the disclosures were not received, a copy of the order was emailed to counsel on December 16, 2022.  That same day Defendant emailed the court a letter but failed to provide her initial disclosures.

On December 19, 2022, Plaintiff sent the court and opposing counsel a letter detailing how Defendant had failed to comply with the orders and requested the ability to raise the issue at the December 21, 2022, settlement conference.  After the conference, the court issued an order permitting Plaintiff to file a motion to strike (**DE 23**).

On December 27, 2022, Plaintiff filed a motion to strike based on Defendant's lack of participation in the litigation (**DE 24**).  The motion was deemed moot by court order (**DE 26**).

On January 5, 2023, Defendant served bare-boned discovery responses containing no documents.  To date, Defendant has failed to engage in any meaningful discovery.

5

On June 1, 2023, Plaintiff filed an amended complaint (**DE 58**). On June 2, 2023 Defendant was ordered to engage in ESI discovery. On July 7, 2023, more than a month after the amended complaint was filed, Defendant filed an untimely amended answer (**DE 73**).

By court order, the Defendant's answer was stricken (**DE 76**). In the court order, Defendant was specifically directed that "Defendant failed to comply with Federal Rule of Civil Procedure (Rule) 12 and did not seek an extension under Rule 6 or Local Civil Rule 6.1 to file a responsive pleading out of time. If defendant seeks to file an untimely answer and counterclaim, defendant shall file a formal motion complying with Rule 6." (**DE 76**).

A court conference was held on August 10, 2023. Once again Defendant was informed that her answer was stricken, and she must file a motion. To date, Defendant has failed to follow Magistrate Kiel's directive.

## ARGUMENT

## A DEFAULT JUDGMENT SHOULD BE ENTERED

Fed. R. Civ. PP. 55(b)(2) "empowers the Court . . . to enter a default judgment against a defendant that has failed to plead or otherwise defend against a claim for affirmative relief." Prior to entering a default, the Court must determine (1) whether the party seeking default judgment produced sufficient proof of valid service and evidence of jurisdiction, and (2) whether the unchallenged facts present a sufficient cause of action" (Wilton Reassurance Life Co. of NY v Engelhardt, 2023 US Dist LEXIS 131827, at *5 [DNJ July 31, 2023, Civil Action No. 21-9968]). Additionally, "in determining whether default judgment is proper, the Court weighs three factors: (1) prejudice to the party seeking default judgment if default is denied; (2) whether

6

the party subject to default appears to have a meritorious defense; and (3) the culpability of the party subject to default" (Id.).

It is respectfully requested that a default judgment is warranted in the instant action.

### A. Proof of Service

Defendant has appeared, albeit the appearances have solely been to avoid an entry of a default, by an attorney in this action.  At no time did Defendant contest service or the jurisdiction of this court.

### B. Plaintiff has Properly Plead Several Causes of Action

Plaintiff's Amended Complaint details a scheme by Sebrow to harass and defame him. Defendant is liable for (1) defamation, (2) aiding and abetting defamation and (3) fraudulent concealment.

To state a claim for defamation, a plaintiff must show "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." (Leang v Jersey City Bd. of Educ., 198 NJ 557, 587, 969 A2d 1097, 1114 [2009]).

Defendant clearly defamed Plaintiff when she falsely accused him of sexual misconduct. On June 16, 2020, Sebrow texted a third party the false statement that Plaintiff:

> [Plaintiff] has been accused by police of incapacitating hundreds of victims by plying them with date rape drugs before raping and filming them. Though a score of accusations [Plaintiff] has stayed one step ahead of a rape conviction by blackmailing his victims that he will release their naked photos.  He was also accused of child molestation including that of his daughter when he singled her out for custody.
> (Exhibit 1).

Defendant also falsely stated in a text message to a third party:

7

> I had a 2.5 hour conversation with a woman who told me she dated [Plaintiff] and that the guy she is now daring was concerned if anything had happened to her because [Plaintiff] once boasted to a friend that he drugged women to have sex with them!!!!!!!
> (Exhibit 1)

The statements are false and unprivileged.

Additionally, by engaging others to put false and defamatory websites online accusing Plaintiff of rape, Defendant is liable for aiding and abetting defamation. "The elements of aiding and abetting are: (1) the commission of a wrongful act; (2) knowledge of the act by the alleged aider-abettor; and (3) the aider-abettor knowingly and substantially participated in the wrongdoing" (Morganroth & Morganroth v Norris, McLaughlin & Marcus, P.C., 331 F3d 406, 415 [3d Cir 2003]).

The evidence shows, and the Plaintiff properly alleges, that Sebrow engaged the services of two others to publish false and defamatory websites on her behalf (DE 58 ¶¶115-150). For example, on June 16, 202, Sebrow sent NK the exact language of what should be placed on the websites (Exhibit 1).

Finally, Defendant is liable for civil concealment. After submitting fake emails in the course of discovery, Defendant destroyed the originals preventing Plaintiff from demonstrating Sebrow's fraud upon the court. Defendant has also failed to engage in discovery in this matter. Plaintiff was harmed by Defendant's destruction and concealment of the evidence.

### C. The Default Judgment Factors Weigh in Favor of the Judgment

Defendant seems content to simply ignore this matter in perpetuity. Plaintiff is prejudiced by the endless games Defendant has played, including failing to participate in discovery or adhere to almost every court order. Defendant has been instructed twice that she must file a motion to answer this action; Defendant has simply ignored the court's instructions.

8

More so, Defendant does not have a meritorious defense. "A meritorious defense is one which 'if established at trial, would completely bar a plaintiff's recovery.'" (Teamsters Health & Welfare Fund of Phila. & Vic. v Dubin Paper Co., 2012 US Dist LEXIS 102652, at *9 [DNJ July 24, 2012, No. 11-7137 (JBS)(KMW)]).  There is no evidence Defendant has presented in discovery, or could ever set forth at trial, that would show Plaintiff molested his daughter or date raped women.  Defendant cannot justify her lies because they are just that- false statements.  Finally, the court is fully aware of Defendant's failure to comply with court orders, and Sebrow's "failure to answer, and failure to comply with this Court's order, demonstrate his culpability. A defendant is presumed culpable where they have failed to answer, move, or otherwise respond" (Wilton Reassurance Life Co. of N.Y., supra).

As such a default judgment should be entered against Sebrow and the matter should be set down for an inquest on damages.

## CONCLUSION

Whereas, a default should be entered, and this matter set down for an inquest on damages, together with such further and other relief this court deems just and proper.

Dated:  August 25, 2023
        New York, New York

                                                        *Daniel S. Szalkiewicz, Esq.*
                                                        Daniel S. Szalkiewicz, Esq.

9