

**IRA HELLER LAW, LLC**

IRA W. HELLER, ESQ.
(MEMBER OF BAR - NJ & NY)

1317 Morris Avenue, Union, NJ 07083

Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

September 18, 2023

**VIA ECF FILING**
United States Magistrate Judge Edward S. Kiel
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

      Re: John Doe v. Baila Sebrow
      United States District Court, District of New Jersey
      Case No.: 2:21-cv-20706

Dear Magistrate Judge Kiel,

    Please accept this letter brief in lieu of a more formal brief in this matter

    Under 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge has the authority to decide any non-dispositive motion before the Federal Court. Under L. Civ. R. 72.1(a)(1), the United States District of New Jersey also codified that same authority to a magistrate judge (to make determinations on all non-dispositive pre-trial motions). Under L. Civ. R. 72.1(a)(1), that power includes motions permitting the filing of an answer out of time.

    Under Fed. R. Civ. P. 6(b)(1), a party may request an extension of time to answer, move, or otherwise reply wherein the court may for "good cause" extend deadlines if a party failed to act within a specific time period and under Fed. R. Civ. P. 6(b)(1)(B) in the event the specific time period has expired, a party may file a motion based on the fact that the failure to act is an "excusable neglect".

    In *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 392 (1993). the Supreme Court found that pursuant to Fed. R. Civ. P. 6(b), it may, for 'good cause,' extend the time to answer an Amended Complaint if 'excusable neglect' is shown. The Court held that "excusable neglect under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. As for what constitutes 'excusable neglect,' the Court stated that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395 But generally, the relevant circumstances include "the danger of prejudice to opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395. However, the Court made clear that 'excusable neglect' "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. at 394; and in determining whether a party's failure to comply

with a deadline was excusable, it can rely on the acts and omissions of a party's chosen counsel where relevant. *Id*. at 396-97.

In regard to our untimely filing, there is a mitigating factor, in that a Text Order was issued on May 15, 2023, regarding which there was some understandable confusion. The Order states as follows:

> **Full docket text for Order 55:**
> TEXT ORDER: The parties are directed to refrain from filing any further applications and letters abiding the Court's resolution of the parties' numerous pending applications and requests to the Court. So Ordered by Magistrate Judge Edward S. Kiel on 5/15/2023. (sms)

There were several open issues at the time, including, Motions, Objections, an Order to Show Cause, and a myriad of letters relevant to the adjudication of a host of matters put before the Court. We maintain that there is some ambiguity here, which lead us to harbor a reasonable belief that the above cited Order precluded us from further compounding the docket with additional filings until some of the pending matters could be resolved. Accordingly, with an in-person conference pending, we decided to merely file Defendant's Answer to the Amended Complaint and should there be an issue, provide the Court with an explanation at the pending conference a few days later. Accordingly, since Order #55 was still in effect, there was some reasonable ambiguity in regard to the Order.

There was also considerable consternation on the part of the Court in regard to our inadvertent failure to redact the Plaintiff's name from the document, which led to the document's having been stricken. This was in no way an intentional act of defiance, but rather, it was simply an oversight in our rush to prepare the Answer prior to the in-person conference. Portions of the Answer to Plaintiff's initial Complaint were preserved, which was filed prior to the Court's redaction Order. I will readily concede that had I exercised a more diligent review prior to filing I would surely have caught the error, but in my rush to submit the papers, I unfortunately overlooked it. This, again, we argue, should be under the category of excusable neglect.

In considering the totality of circumstances, the governing statute, the general factors, principles identified, and guidance given in *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'Ship*, we argue that there is sufficient support for a finding of excusable neglect as to our assumption that we were barred by Order #55 from filing an application to extend Defendant's time to file an Amended Answer and Counterclaim, as required by Fed. R. Civ. P. 6(b)(1)(B). We also argue that there is sufficient support for a finding of excusable neglect as to our oversight in not redacting the Plaintiff's real name from the filing. In support of this contention, one can see that we have painstakingly redacted the Plaintiff's name from the new sections of the Defendant's Answer to the Amended Complaint. If the intention was to deliberately leave the Plaintiff's name unredacted, it makes no sense that we took the time to meticulously redact in the other parts of the Answer (in addition to any other recent filings), but deliberately neglected to redact parts of our Answer to the Amended Complaint.

      Furthermore, in regard to the late filing, there is no prospect of prejudice to the Plaintiff, as Plaintiff has already seen the Defendant's Answer and Counterclaim to the Amended Answer. Defendant's late filing has not delayed the judicial proceeding, in fact, the Plaintiff has already been aggressively litigating this matter by letter, seeking to push this Court to draw pre-determined conclusions based upon alleged evidentiary support which the Defendant has had no reasonable opportunity to challenge. Accordingly, there was no bad faith whatsoever on the part of the Defendant in regard to the late filing of the Answer to the Amended Complaint, as all she seeks is her legitimate due process in being heard.

      In sum, we contend that the above discussed factors should weigh in favor of permitting the Defendant to file a corrected Answer and Counterclaim to the Amended Complaint out of time. If the Court were to rule not to permit this filing out of time, as provided for in Rule 6(b), it would greatly prejudice the Defendant in this matter. We have argued above that the redaction errors were genuine mistakes and constitute excusable neglect. Furthermore, there is no indication that Defendant acted in bad faith, rather, everything suggests that Defendant sought to remedy the error as soon as the issue was discovered. The Court should accordingly find that Defendant acted with excusable neglect, and should allow the Defendant to re-file her corrected Answer and to the Plaintiff's Amended Complaint, out of time.

      We thank the Court for its kind consideration in this matter.

                                              Respectfully submitted,

                                              Ira W. Heller, Esq.

cc: Daniel Szalkiewicz, Esq.
    *Attorney for Plaintiff*