UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

John Doe.

               Plaintiff,

      v.

Baila Sebrow

               Defendant.

Case No. 2:21-cv-20706

**BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO ACCEPT DEFENDANT'S PRIOR OBJECTIONS TO
ORDERS OF THE HON. MAGISTRATE JUDGE**

Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, PC
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com
*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT AND FACTUAL BACKGROUND** ...................................... 5

**ARGUMENT**

    **A.**   **Defendant's Earlier Letters Have Nothing to do with Instant Objections** .................. 6

    **B.**   **Regardless of Whether Motions Are Dispositive or Non-Dispositive, Defendant Waived Ability to File Objections** ........................................................................... 7

    **C.**   **The Motions Are Not Dispositive** ....................................................................... 8

    **D.**   **Res Judicata Does Not Apply** ........................................................................... 10

    **E.**   **Defendant's Remaining Grievances**
        **1.**   **February 10, 2023 Order Allowing Plaintiff to Proceed as John Doe** ................... 11

        **2.**   **Defendant Sued as "Baila Sebrow" not "Betty Sebrow"** ......................... 12

        **3.**   **Defendant Claims Improper Service** ................................................................. 13

        **4.**   **Defendant's Sanction for Failure to Appear** ........................................ 14

        **5.**   **June 21, 2023 Court Order** ......................................................................... 16

        **6.**   **Defendant's Due Process Claims** ......................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

<u>Allstate Ins. Co. v Funai Corp.</u>, 249 FRD 157, 163 [MD Pa 2008]................................................ 14

<u>Biddle v. Grandview Hosp.</u>, No. 14-06614, 2015 U.S. Dist. LEXIS 72856, at *4 (E.D. Pa. June 5, 2015) ............................................................................................................................. 12

<u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 46, 111 S. Ct. 2123, 2133, 115 L.Ed.2d 27, 46 (1991) 15

<u>Cirba Inc. v. VMware, Inc.</u>, No. 19-742-GBW, 2022 U.S. Dist. LEXIS 196939, at *5 (D. Del. Oct. 26, 2022) ........................................................................................................................ 13

<u>Cmiech v Electrolux Home Prods.</u>, 520 F Supp 2d 671, 675 (MD Pa 2007) .............................. 14

<u>Deville v. Givaudan Fragrances Corp</u>, 419 F. App'x 201, 205 (3d Cir. 2011) ............................ 15

<u>Doe v. Barrow Cty.</u>, 219 F.R.D. 189, 191 (N.D. Ga. 2003) ........................................................ 11

<u>EW v. N.Y. Blood Ctr.</u>, 213 F.R.D. 108, 109 (E.D.N.Y. 2003) ................................................... 12

<u>Ferrarese v. Shaw</u>, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016)................................................... 14

<u>Hightower v. Ingerman Mgmt. Co.</u>, Civil Action No. 17-08025, 2022 U.S. Dist. LEXIS 240482, at *5 (D.N.J. May 4, 2022) ......................................................................................... 8

<u>In re Metformin Mktg. & Sales Practice Litig.</u>, Civil Action No. 20-2324, 2022 U.S. Dist. LEXIS 59804, at *13 n.12 (D.N.J. Mar. 30, 2022) ............................................................... 14

<u>Miller v. Beneficial Mgmt. Corp.</u>, Civil Action No. 89-3089 (AJL), 1993 U.S. Dist. LEXIS 19332, at *1 (D.N.J. June 14, 1993) ...................................................................................... 8

<u>Myers v. Am. Dental Asso.</u>, 695 F.2d 716, 721 (3d Cir. 1982).................................................... 14

<u>Prater v. Dep't of Corr.</u>, 76 F.4th 184, 195 (3d Cir. 2023)............................................................ 9

<u>Robinson v. Varano</u>, No. 3:10-CV-2131, 2013 U.S. Dist. LEXIS 96484, at *10 (M.D. Pa. July 9, 2013) .................................................................................................................................. 7

<u>Rojas v. City of New Brunswick</u>, No. 04-3195 (WHW), 2006 U.S. Dist. LEXIS 109386, at *6 (D.N.J. July 18, 2006)........................................................................................................... 8

<u>Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.</u>, Civil Action No. 11-6247 (JBS/KMW), 2012 U.S. Dist. LEXIS 118693, at *21 (D.N.J. Aug. 22, 2012) ................. 9

<u>Sutton v. Sutton</u>, 71 F. Supp. 2d 383, 389 (D.N.J. 1999) ........................................................... 10

<u>Thompson v. Nix</u>, 897 F.2d 356, 358 (8th Cir. 1990) .................................................................... 8

<u>Wachtel v. Health Net, Inc.</u>, 239 F.R.D. 81, 84 (D.N.J. 2006) .................................................... 15

## **<u>Statutes</u>**

28 U.S.C.S. §636(A) ...................................................................................................................... 9

Fed. R. Civ. P. 72 (A) ................................................................................................................... 7

Fed. R. Civ. P.  4 ....................................................................................................................... 13

Fed. R. Civ. P. 72(b) ..................................................................................................................... 8

Fed. R. Civ. P. 72(b)(3) ................................................................................................................. 8

Plaintiff John Doe ("Plaintiff") by his attorneys, Daniel Szalkiewicz & Associates, P.C., respectfully submits this Memorandum of Law in Opposition to the Motion to Accept Defendant's Prior Objections to Orders of the Hon. Magistrate Judge ("Objections") of defendant Baila Sebrow ("Defendant" or "Sebrow").

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

While Defendant Sebrow's attorney could not be bothered to delineate in his Proposed Order any specific orders to which Defendant Sebrow is objecting, all orders that he might be appealing are, without a doubt, untimely, well past the fourteen-day period allotted for such objections and, accordingly, waived by Defendant.

Presumably, as an attempt to get slightly closer in time to the February 2023 orders, Defendant Sebrow's attorney claims that the Objections relate back to letters filed by him on July 27, 2023 and July 31, 2023, however these references make his motion all the more confusing. One letter uploaded July 27, 2023 (dated July 26, 2023, Docket Entry ["DE"] 79) is a frenzied and irrational tirade against the now-vacated July 12, 2023 order (the "July 12 Order") regarding his uploading of documents containing the plaintiff's name and personal information[1]. The second letter uploaded July 27, 2023 (DE 80) purports to provide "legal support" for his objections to the July 12 Order. Mr. Heller's July 31, 2023 letter (dated July 28, 2023, DE 81) is his creative interpretation of testimony from a hearing relating to Plaintiff's domestic violence civil complaint and temporary restraining order against Defendant. Plaintiff, for his part, objected to Defendant's objections as untimely and because the order was not clearly erroneous or contrary to law (DE 82).

---

[1] Notably, since the vacatur of that order, Mr. Heller has violated the pseudonym order another two times.

On August 2, 2023, Magistrate Judge Kiel directed parties to refrain from filing anything further regarding to Defendant's objections pending the August 10, 2023 in-person conference (DE 84) and, at that conference, Magistrate Judge Kiel informed Mr. Heller that Judge Farbiarz was unlikely to respond to his objections without a motion (DE 88). Now, more than two months later, Mr. Heller has finally filed a motion.

Unlike Defendant's earlier letters, the Objections seek to relitigate matters even older than those from this summer: one from February 10, 2023 (DE 37); one from May 15, 2023 (DE 55); one from June 12, 2023 (DE 61); and one from June 21, 2023 (DE 67). Just as Defendant's July 27, 2023 letter was untimely so too are his October 24, 2023 Objections and Motion.

## ARGUMENT

Defendant has attempted to delay this matter from the outset, and each of his arguments must fail as a matter of law. Initially, Defendant spends pages reciting "facts" that are not substantiated by any evidence or even a declaration of his client. Defendant spends his motion attacking the plaintiff without any basis. Irrespective of Defendant's unverified, unsubstantiated claims, many of which are false, Plaintiff's arguments will focus on the legal infirmities contained within Defendant's objections.

### A. Defendant's Earlier Letters Have Nothing to do with Instant Objections

Defendant has branded this motion a "Motion to Accept Objections previously filed 7/27/23 and 7/31/23…" The July 27, 2023 objections – DE 79 – provide that Mr. Heller "write[s] this letter in the way of objection to Magistrate Judge Kiel's July 12, 2023 Order" and detail the many occasions on which Mr. Heller violated the pseudonym order, which he claimed

were inadvertent.  The July 31, 2023 letter – DE 81 – does not contain objections but rather is a five-page tirade about extraneous matters.  For better or for worse – and it has been worse for Plaintiff as Mr. Heller has now named him on the public docket in another two documents – the July 12, 2023 Order was vacated and is not the subject of Defendant's instant Objections. Accordingly, this is not a motion to accept previously filed objections, it is a brand new formal objection.

To the extent Defendant argues that his reference to his July 31, 2023 letter was in error and he intended to reference his July 5, 2023 objections, Plaintiff respectfully directs this court to Plaintiff's July 7, 2023 filing (DE 72) which delineates why *those* objections were untimely. Irrespective of the untimeliness of Defendant's July 5, 2023 objections, they related to orders that Defendant's cellphone and computer be produced to Plaintiff for discovery – neither of which Defendant ever complied with and neither of which seem to be relevant to Defendant's instant Objections.

### B. Regardless of Whether Motions Are Dispositive or Non-Dispositive, Defendant Waived Ability to File Objections

Both F.R.C.P. 72 (A) and (B) impose a fourteen-day time frame following service of the orders during which a party may serve and file objections to the order.

"Although a failure to timely file objections is not a jurisdictional defect, such a failure without justification provides sufficient grounds to deny consideration of the objections. Time limitations on filing objections must be strictly observed." Robinson v. Varano, No. 3:10-CV-2131, 2013 U.S. Dist. LEXIS 96484, at *10 (M.D. Pa. July 9, 2013).  Courts routinely hold that parties who fail to timely object to decisions waive their ability to do so.  See Miller v. Beneficial Mgmt. Corp., Civil Action No. 89-3089 (AJL), 1993 U.S. Dist. LEXIS 19332, at *1 (D.N.J. June

14, 1993), <u>see</u> <u>also</u> <u>Rojas v. City of New Brunswick</u>, No. 04-3195 (WHW), 2006 U.S. Dist. LEXIS 109386, at *6 (D.N.J. July 18, 2006).  Courts have further held that "objections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation". <u>Thompson v. Nix</u>, 897 F.2d 356, 358 (8th Cir. 1990). Courts are abundantly clear on this point: "objections to magistrate's orders **that are not timely made shall not be considered**." <u>Hightower v. Ingerman Mgmt. Co.</u>, Civil Action No. 17-08025, 2022 U.S. Dist. LEXIS 240482, at *5 (D.N.J. May 4, 2022).

To the extent this Court portrays Defendant's earlier letters as objections, as Plaintiff's responses to those letters indicated, even those were untimely (DE 82, DE 83).  Importantly, Defendant's July 2023 objection letters were only objecting to the court's then-latest order placing safeguards on the pseudonym order that has since been vacated.

Defendant has flouted court orders and deadlines throughout this proceeding and Mr. Heller's October 2023 attempt to file objections to orders written from February 2023 to July 2023 is just another example of that.

### C.  The Motions Are Not Dispositive

Defendant moves, pursuant to Fed. R. Civ. P. 72(b)(3), for the granting of certain objections to what Defendant apparently claims were orders relating to dispositive motions.

Fed. R. Civ. P. 72(b) relates to dispositive motions, with subsection 2 providing that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Subsection 3 provides that the "district judge must determine de novo any part of the magistrate judge's disposition **that has been properly objected to**" and may "accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions" (emphasis added).

Defendant's reason for claiming the motions are dispositive is transparent enough, "with non-dispositive motions…the 'district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law" and with dispositive motions, "the district court must review the magistrate judge's report and recommendation *de novo*" Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp., Civil Action No. 11-6247 (JBS/KMW), 2012 U.S. Dist. LEXIS 118693, at *21 (D.N.J. Aug. 22, 2012).

"Starting with the plain text, § 636(b)(1)(A) carves out only eight matters from a magistrate judge's pretrial jurisdiction". Prater v. Dep't of Corr., 76 F.4th 184, 195 (3d Cir. 2023).  Those matters are: "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action". 28 U.S.C.S. §636(A).  While the list is "illustrative, not exhaustive" "most of the enumerated exceptions…can formally decide the case". Prater, 195-196.

Between Defendant's many violations of the pseudonym order, refusal to comply with orders relating to ESI discovery to this day, actions warranting the imposition of sanctions, and continued nonpayment of those sanctions, it's no surprise Defendant wants to cherry-pick issues for de novo review, however of the many orders to which Defendant appears to be objecting, none are dispositive and, accordingly, the standard of review is whether the ruling is clearly

erroneous or contrary to law.  Additionally, even if this were related to a dispositive issue, it is still incumbent for Defendant to have properly objected to it, which she has not done here.

### D.  Res Judicata Does Not Apply

Defendant argues that res judicata bars Plaintiff from litigating against Baila Sebrow, specifically because he initiated a lawsuit against other, different parties.  While not determinative on this issue, it is worth noting that though the two lawsuits have fleeting moments of overlapping facts, the other defendants were complete strangers to Plaintiff and unfortunate pawns used by Ms. Sebrow in her harassment campaign against Plaintiff.  The other defendants had absolutely nothing to do with Ms. Sebrow's hundreds of repeated phone calls to Plaintiff, her e-mails to Plaintiff and his employer accusing him of molesting his daughter, or her use of a burner account to send Plaintiff and his family false and harassing messages calling him a rapist. As Mr. Heller mentions, the lawsuit was initiated on September 1, 2021; it is pre-RJI, and no substantive filing has been made since the Complaint.

"Under federal law, res judicata prohibits a party from reopening and relitigating issues that were or could have been decided in a previous case involving the same parties arising out of the same transaction. There are three elements to claim preclusion: '(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies.'" Sutton v. Sutton, 71 F. Supp. 2d 383, 389 (D.N.J. 1999).  "New Jersey courts apply essentially the same analysis for res judicata: '(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.'" Id, 390.

There is, inarguably, no final judgment on the merits in any prior suit. Beyond that, the claims in the lawsuits are far different as the defendants in the New York lawsuit were only involved in the technical creation of the websites at the behest of Ms. Sebrow and were otherwise complete strangers to Plaintiff. Finally, the parties are not identical, as Ms. Sebrow is not a named defendant in that lawsuit.

Defendant's claim that Plaintiff has been "utilizing evidence obtained in the Federal matter, in order to gain unfair advantage in the ongoing" domestic violence case is especially absurd, given Defendant has refused to engage in any ESI discovery despite multiple orders directing her to turn over her phone.

### E.  Defendant's Remaining Grievances

Defendant devotes the next ten pages to rambling about various circumstances, orders, and other matters which he claims were "unfair." While Defendant's legal reasoning for these assertions is sparse, Plaintiff endeavors to address Defendant's many grievances below. For the sake of efficiency, Plaintiff notes here that they are all untimely.

### 1.  February 10, 2023 Order Allowing Plaintiff to Proceed as John Doe

Defendant is now objecting, eight months after the fact, to the February 10, 2023 order granting Plaintiff's motion to proceed anonymously. Plaintiff respectfully refers to Document 34 and associated attachments for a full recitation of all of the facts and law supporting Plaintiff's request to use a pseudonym.

Defendants in Doe v. Barrow County made the same argument – that "documents filed prior to a court granting permission to proceed anonymously are in essence a nullity" – with no success." Doe v. Barrow Cty., 219 F.R.D. 189, 191 (N.D. Ga. 2003). Further, in EW v. New

<u>York Blood Ctr.</u> the court held that "the federal rule itself indicates that failing to bring an action in the name of the real party in interest does *not* immediately and automatically divest a district court of jurisdiction". <u>EW v. N.Y. Blood Ctr.,</u> 213 F.R.D. 108, 109 (E.D.N.Y. 2003).

Defendant's Objections also conveniently omit the factors which weigh toward allowing a party anonymity, presumably because they are all so pertinent to the facts at issue here. The factors include the reason Plaintiff has for fearing disclosure, whether a party might not sue if he cannot do so pseudonymously, a weak interest in knowing Plaintiff's identity, and whether Plaintiff has illegitimate motives for attempting to remain anonymous. Analysis of these facts overwhelmingly weigh in favor of Plaintiff, who has a very legitimate fear of Defendant using this docket to further harass him – something which Defendant and Mr. Heller have done even with the pseudonym order.

Overlooking for a moment that his Objections are untimely, what Mr. Heller neglects to do here and for all of his grievances, is argue that the court's decision was clearly erroneous or contrary to law. Here, Defendant has offered no compelling reason why their decision to allow Defendant's victim to proceed pseudonymously was clearly erroneous or contrary to law, "the district courts may *sua sponte* grant a motion as uncontested[,]" and the Objections are untimely; accordingly there is no basis to disturb the order. See <u>Biddle v. Grandview Hosp.,</u> No. 14-06614, 2015 U.S. Dist. LEXIS 72856, at *4 (E.D. Pa. June 5, 2015).

### 2. Defendant Sued as "Baila Sebrow" not "Betty Sebrow"

Defendant also asserts that this court "lacked basis to accept Plaintiff's complaint" because Plaintiff named "Baila Sebrow" as Defendant rather than "Betty Sebrow" and, apparently, the former is a "nickname."

Defendant owns "Baila Sebrow Events, LLC[;]" her Instagram handle is "@BailaSebrow[;]" and she holds herself out to be Baila Sebrow in her day to day life.  Defendant does not argue she is not the proper party, simply that there is "no such person as 'Baila Sebrow.'"  For the same reasons as set forth with regard to Plaintiff's use of John Doe, use of a nickname in the original caption does not nullify the lawsuit.

Nevertheless, Plaintiff has cross-moved to amend the caption (DE 45).  Plaintiff argued that amending a caption is "within the Court's discretion and should be based on factors such as promoting clarity and avoiding confusion" and courts "generally allow amendments or updates to captions when a party has been misnamed or its name misspelled".  <u>Cirba Inc. v. VMware, Inc., No. 19-742-GBW, 2022 U.S. Dist. LEXIS 196939, at *5 (D. Del. Oct. 26, 2022)</u>. Courts have held that "the caption is chiefly for the court's administrative convenience" and "it is well established that, in the context of federal court captions, the caption itself is normally not determinative of the identity of the parties or the pleader's statement of claim" (<u>Id.</u>).

### 3.  Defendant Claims Improper Service

Defendant argues improper service because "the Summons and Complaint were stick on the door of her purported address" and personal service is required (Memorandum, 17).

Federal rules allow for the serving of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made".  Fed Rules Civ Proc R 4.  Defendant was served in New York State.

> In New York, service of process may be effected by: (1) personal service;
> (2) delivery to "a person of suitable age and discretion at the actual place
> of business, dwelling place or usual place of abode of the person to be
> served" and by either mailing the summons to the person to be served at

his or her last known residence; (3) service on an agent; or (4) so-called
"nail and mail" service.
<u>Ferrarese v. Shaw</u>, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016)

Accordingly, Defendant was properly served, and allowing this matter to proceed was not clearly erroneous or contrary to law.

Additionally, however, Defendant has waived the ability to contest service. "One can become party to a suit, waiving service or process, by voluntary appearance." <u>Cmiech v Electrolux Home Prods.</u>, 520 F Supp 2d 671, 675 (MD Pa 2007). "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego the defective service. <u>Allstate Ins. Co. v Funai Corp.</u>, 249 FRD 157, 163 [MD Pa 2008]. New Jersey courts have previously held that a party waives the right to argue improper service through the passage of time, concluding the party, "by its failure timely to include in its motion to dismiss an objection to the court's exercise of personal jurisdiction over it has waived its right to challenge the district court's exercise of personal jurisdiction." <u>Myers v. Am. Dental Asso.</u>, 695 F.2d 716, 721 (3d Cir. 1982). "[The Rule 12(h) waiver rule] reflects a strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation, namely his service of process on the defendant." <u>In re Metformin Mktg. & Sales Practice Litig.</u>, Civil Action No. 20-2324, 2022 U.S. Dist. LEXIS 59804, at *13 n.12 (D.N.J. Mar. 30, 2022).

### 4. Defendant's Sanction for Failure to Appear

Defendant claims that she and her attorney "were sanctioned over $10,000 for non appearance at the Initial Conference on November 10, 2022" this is simply not true. The court order relating to Defendant's second round of sanctions provides as follows:

> Defendant and defendant's counsel have disobeyed almost every order.
> Other than submitting a confidential settlement memorandum before the
> Settlement Conference — which was apparently a mistake by defendant
> given that defendant's counsel believed the Settlement Conference to
> actually be a "conference regarding discovery" — defendant and
> defendant's counsel have repeatedly failed to attend conferences, meet
> deadlines, and file submissions required by the Court. Thus, I find that in
> addition to the sanctions I imposed on defendant's counsel in the Initial
> Scheduling Order, defendant and defendant's counsel's continuous
> flaunting of this Court's orders mandates the imposition of additional
> sanctions.
> See DE. 56.

The order detailed Mr. Heller's violation of the pseudonym order and Defendant and her

attorney's refusal to cooperate with discovery.

"The Court…has inherent power to police litigant misconduct and impose sanctions on

those who abuse the judicial process" and "[t]hese powers include investigating whether a fraud

has been committed upon the court[2] and assessing attorneys' fees when a party has acted in bad

faith".  Wachtel v. Health Net, Inc., 239 F.R.D. 81, 84 (D.N.J. 2006).  "In this regard, if a court

finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it

may assess attorney's fees against the responsible party…as it may when a party 'shows bad faith

by delaying or disrupting the litigation or by hampering enforcement of a court order'"

Chambers v. NASCO, Inc., 501 U.S. 32, 46, 111 S. Ct. 2123, 2133, 115 L.Ed.2d 27, 46 (1991).

"The decision to impose sanctions for discovery violations and any determination as to what

sanctions are appropriate are matters generally entrusted to the discretion of the district court."

Deville v. Givaudan Fragrances Corp, 419 F. App'x 201, 205 (3d Cir. 2011).

---

[2] Notably, Defendant complaints that "Magistrate Kiel even found Defendant guilty of perpetrating a fraud upon the Court solely based upon the letter submitted by Plaintiff's attorney" (MOL, 17), however the May 24, 2023 Order provides that the "issue of whether defendant perpetrated a fraud on the Court or is subject to prosecution for perjury is premature and, indeed, may have to wait for the trial of this case" (Doc. 56, p. 12).

The docket reveals how before each appearance plaintiff's counsel forwarded the court's communications to Mr. Heller yet he still chose to ignore the matter.  The court's decision to sanction Defendant and her attorney for their repeated disregard for court orders relating to use of a pseudonym, failure to appear, and discovery noncompliance was not clearly erroneous or contrary to law.

### 5.  June 21, 2023 Court Order

Defendant's issues with the June 21, 2023, untimely like all the others, are especially absurd as Defendant seems to be arguing that it was erroneous or contrary to law for the court not to grant his request, in opposition papers, for "some reasonable relief" from an earlier court order.

On June 2, 2023, this Court ordered that Defendant produce her previous and existing cellphone and computer to Plaintiff's expert on or before June 16, 2023 (DE 70, p. 7-8).  When Defendant showed no intention of complying with this order, Plaintiff requested leave to bring an order to show cause (DE 60).  In response, on June 20, 2023, Defendant filed a *response* to the order to show cause in which *Defendant* asks for relief – "some reasonable modifications" to the June 2, 2023 order (DE 65).  Defendant did not file a motion for that relief, nor did she specify what, specifically, she was seeking, she simply asked to be excused from complying with a court order, and yet seems to be surprised that, on June 21, 2023, she was again directed to comply with the June 2, 2023 order.

Defendant's claim that "Magistrate Judge Kiel's Text Order references Defendant's Response (ECF No. [64])…We cannot be certain if the Court ever saw or considered Defendant's response to the OTSC filed under ECF No. 65" is especially baffling as the text order, quotes language from DE 65 and then cites to it.

**6.   Defendant's Due Process Claims**

Defendant argues that "Magistrate Judge Kiel did not permit the Defendant to respond Plaintiff's June 21, 2023 letter (ECF 66) before issuing his Text Order of the same date (ECF 67), which severely disadvantaged the Defendant and once again compromising her due process rights" thereafter quoting the Fourteenth Amendment (MOL, 23).

Initially, Defendant is essentially claiming that his client was severely disadvantaged by not being allowed a sur-reply.  That said, there is nothing in the Text Order dated June 21, 2023 which grants Plaintiff's Order to Show Cause.  Instead, it ordered Defendant to comply with the existing June 2, 2023 Order.

Defendant has been afforded all opportunities to participate in this matter yet has chosen to ignore every court order, not provide any discovery, and simply delay this matter with no end in site.  The orders of the court were lawful and reasonable and Defendant's motion should be denied in its entirety.


Dated:          November 6, 2023
                New York, New York

                                          *Daniel S. Szalkiewicz, Esq.*
                                          Daniel S. Szalkiewicz, Esq.