**DANIEL SZALKIEWICZ & ASSOCIATES, P.C.**
23 W. 73rd Street, Suite 102
New York, New York 10023
Tel.: (212) 706-1007
Fax: (646) 849-0033

*Attorneys for Plaintiff*
*John Doe*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| John Doe.<br><br>          Plaintiff,<br><br>     v.<br><br>Baila Sebrow<br><br>          Defendant | Case No. 2:21-cv-20706<br><br>**Certification of Declaration of Daniel S. Szalkiewicz, Esq. in Opposition to Defendant's Motion to File Counterclaims** |

**DANIEL S. SZALKIEWICZ**, of full age, hereby certifies and states:

1. I am a partner at the law firm of Daniel Szalkiewicz & Associates, P.C., attorneys for the Plaintiff in the above-captioned action. As such, I have personal knowledge of the facts contained herein.

2. I make this Certification in opposition to Defendant's motion seeking to file counterclaims.

3. For the reasons described below and which are self-evident upon review of the docket, Defendant's untimely motion must be denied as the delay has substantially and unduly prejudiced Plaintiff, Defendant's delay and all conduct to date in this case has been made in bad faith, Defendant has been offered repeated opportunities to cure the deficiency but failed to take them, the amendments would be futile, and Defendant has failed to give any explanation – much less good cause – for the extraordinary delay.

4. As specifically relevant to this motion, Defendant was directed, on July 10, 2023, to file a formal motion with regard to her untimely answer and counterclaim but failed to do so. Instead, Defendant has flouted the rules for the better part of a year.

5. As a preliminary matter, Plaintiff has already filed a brief in opposition to a motion for extension of time to file an Answer and Amended Counterclaims to which this Court is respectfully referred (DE 94) however as Defendant's counterclaims have morphed with time, so too must Plaintiff's brief[1].

## I. CASE BACKGROUND

6. The Complaint in this matter was filed on December 23, 2021 (DE 1). The Summons was issued on December 28, 2021 (DE 2).

7. As alleged in the Complaint, Defendant is accused of causing the creation of multiple websites concerning Plaintiff, sending defamatory messages to his workplace, relentlessly harassing Plaintiff by text message and email, and text messaging defamatory statements to his family members, among other things (DE 1).

### a. Defendant's Ongoing Bad Faith Conduct: Violations of Pseudonym Order

8. The matter was initiated with Plaintiff named as "John Doe" and Plaintiff's motion for a protective order permitting him to use a pseudonym was granted in February of 2023 (DE 37). Defendant almost immediately began violating it by identifying Plaintiff on the docket.

   a. February 16, 2023: **First Violation** - Defendant uploaded a letter and four exhibits (DE 39) each exposing Plaintiff's true name. In his letter, counsel for Defendant used Plaintiff's true name 20 times. **Second Violation -** the same day, Defendant filed yet another letter wherein he used Plaintiff's first name several

---

[1] Plaintiff has also filed a Motion to Dismiss Defendant's counterclaims (DE 15) which was granted in part (DE 47).

2

times and referenced Plaintiff's children by their full names and included Plaintiff's address.
  i. February 21, 2023: The court temporarily sealed the documents due to violation, noting that "defendant's counsel has called Chambers several times to inquire about the entry of the February 10, 2023 order" and again directed Defendant to use a pseudonym (DE 43).
  ii. May 24, 2023: The court warned "defendant's counsel that further violation of the Pseudonym Order shall result in monetary sanctions and all other appropriate sanctions against him, including but not limited to, referral to the relevant disciplinary board" (DE 56).

b. June 20, 2023: **Third Violation -** Defendant uploaded a document containing Plaintiff's name and address (DE 64).
  i. June 21, 2023: The court sealed the relevant filings, concluding Defendant acted "contrary to the Court's order" and indicating the "Court will address whether additional sanctions are to be imposed on defendant's counsel for his continued violations of the Order" (DE 68).

c. July 7, 2023: **Fourth Violation -** Defendant uploaded a document which utilized Plaintiff's full name three times and surname an additional ten times (DE 73).
  i. July 21, 2023: Now vacated, this order prohibited Defendant's counsel from filing further documents on the docket and created a system whereby Mr. Heller's filings would be sent to Plaintiff's counsel prior to uploading to confirm appropriate redactions had been made (DE 77).
  ii. August 10, 2023: The Court instructed Defendant's counsel "So you're going to tell me today, I think, that you are now going to faithfully abide by that order. You are not going to file anything on the docket with the plaintiff's name or any indication of his identity. And I will vacate the order. But I will tell you, if you vacate it again, there will be more serious sanctions" (DE 88, p. 4, lns. 15-21).

d. October 20, 2023: **Fifth Violation –** Defendant's filing includes every last detail of Plaintiff's biography including, but not limited to, his religion, place of employment, awards Plaintiff won in 2022 and 2023, awards Plaintiff's team won in 2023, ordination information, references to boards on which Plaintiff sits, number of children Plaintiff has, information about Plaintiff's prior marriages and divorces, Plaintiff's place of residence, Plaintiff's religious education and involvement in the community, and the location where Plaintiff attends synagogue and other functions (DE 96).

e. October 23, 2023: **Sixth Violation** – Defendant uploaded a document containing Plaintiff's full name (DE 98).
  i. The Court seals/restricts the documents.
  ii. February 29, 2024**:** the Court indicated it would be resolving the sanctions motion (DE 108).

3

### b. Defendant's Ongoing Bad Faith Conduct: Introduction of Altered Evidence

9.  In addition to this, there is also the matter of Defendant's discovery in this case. Magistrate Kiel properly concluded that there was "troubling evidence that defendant may have altered the Disputed Email" and that it "appears defendant and her counsel have yet to respond in good faith to plaintiff's efforts to proceed with ESI discovery" (DE 56 p. 11).

### c. Defendant's Ongoing Bad Faith Conduct: Refusal to Produce Phone and Computer

10. Defendant very early on in this matter began claiming that the messages introduced by Plaintiff were "spoofed" and not sent by her (DE 28).

11. At the January 26, 2023 settlement conference, Defendant's failure to serve discovery requests was discussed as well as Defendant's refusal to enter into an ESI protocol (DE 56, p. 5).

12. Magistrate Kiel recognized the need for ESI in this case due to the nature of the claims, further extending the time for fact discovery (DE 56, p. 4-5).

13. By April 24, 2023, Defendant was still refusing to engage in ESI discovery, leading Magistrate Kiel to conclude that "Defendant and defendant's counsel have disobeyed almost every order…repeatedly failed to attend conferences, meet deadlines, and file submissions required by the Court" ordering sanctions (DE 56, p. 8-11).

14. As seen in Plaintiff's Motion for Leave to File an Order to Show Cause and supporting documents, Plaintiff repeatedly attempted to gain access to the relevant devices with no response from Defendant's counsel (DE 60, 60-1, 60-2).

15. In response, Defendant was directed to show cause why her answer should not be stricken for "continuing violations of Court orders…failure to make payment of the sanction

4

imposed on May 24, 2023; and failure to coordinate in good faith with plaintiff to comply with the Court's order of June 2, 2023" (DE 61).

16. Defendant filed a motion for reconsideration as well as a letter relating to that motion and, soon thereafter, a response to the Order to Show Cause. Mr. Heller claimed complying with the court order was "a violation of my client's rights [and] an infringement upon the protections afforded her by the Prevention of Domestic Violence Act" (DE 65).

17. On June 2, 2023, this Court ordered Defendant to "provide access to her present cellular telephone and computer to plaintiff's expert by June 16, 2023" and "the broken phone is going to be given to you" (DE 70). The Court told Defendant "I told you at the last conference that this case is all about ESI. And I said, 'Confer in good faith with each other to figure out how to get the ESI.' If you're not going to confer in good faith, then I'm just going to order it. What else am I supposed to do, sir? Just let this case linger and go at your pace?" (DE 70, p. 9-10). The Court indicated "Well, obviously, the iPhone has an iCloud account, and you can try to get that and provide the information. She should provide whatever access codes to whatever devices she has" (DE 70, p. 11). Finally, Magistrate Kiel indicated "You had every opportunity to protect your client's privacy that you're talking about. You never took that opportunity, even though I ordered you to do it. So we're left with no choice but to give the plaintiff the opportunity to do it themselves without an ESI protocol. Right?" (DE 70, p. 14).

18. Defendant did not comply with the June 2, 2024 Order, requiring the Court, on June 21, 2024, to issue yet another directive – "Defendant shall promptly, albeit although already beyond the time required, comply with the June 2, 2023 order" (DE 67).

19. On July 5, 2023, Defendant filed untimely objections to earlier orders regarding ESI discovery (DE 71).

20. To date, Defendant has not turned over her old cellphone, then-current cellphone, iCloud information, or computer for ESI discovery.

   d. **Defendant's Ongoing Bad Faith Conduct: Sanctions**

21. Sanctions have been awarded in this matter on two separate occasions.

22. On November 10, 2022, the Court held that the "imposition of sanctions is appropriate for defendant's counsel's failure to appear for the conference, failure to prepare substantially to participate in the conference, and failure to obey the Court's order" (DE 18). Defendant was sanctioned in the amount of $990 (DE 18, 19).

23. As previously mentioned, in this Court's May 24, 2023 Order (DE 56) Magistrate Kiel concluded that "Defendant and defendant's counsel have disobeyed almost every order" and ordered "defendant and defendant's counsel, jointly and severally…to reimburse plaintiff $9,680."

24. To date, $700.00 of the $10,670.00 in sanctions has been paid.

   e. **Delay in Filing Motion**

25. The procedural history of Defendant's attempts to properly file multiple different versions of an Amended Answer with Counterclaims dates back to July 7, 2023 (DE 73).

26. On July 10, 2023, the court ruled that answer and counterclaim was "untimely and is stricken" as "Defendant failed to comply" with federal rules "and did not seek an extension under Rule 6 or Local Civil Rule 6.1 to file a responsive pleading out of time. If defendant seeks to file an untimely answer and counterclaim, defendant shall file a formal motion complying with Rule 6." (DE 76).

27.     The transcripts from the October 12, 2023 (Exhibit 1) and February 29, 2024 (Exhibit 2) conferences demonstrates Defendant continued this practice of disregarding court orders with regard to filing this motion.

28.     On October 12, 2023, Defendant was informed "[i]f you're going to file an entirely different counterclaim, you can't do that as a matter of right under Judge Wigenton's order….you would have to file a motion to amend, Mr. Heller. Right?" (Exhibit 1, p. 3, lns. 12-17). Magistrate Kiel continued "I'll let you file the answer, not the counterclaim, by October 20th. Do not include the counterclaim until you file your – until you file an application for leave to file an amended counterclaim. Okay?" (Exhibit 1, p. 6, ln. 22 – p. 7, ln. 1).

29.     During the conference Magistrate Kiel scolded Defendant's attorney for his untimely filing of another motion, stating "Oh, Mr. Heller, you've got to – you have to start filing things on time. It clogs up the docket, and it causes all these – procedural problems that we're facing today." (Exhibit 1, p. 10, lns. 2-7).

30.     October 20, 2023 came and went and Defendant did not file an Answer.

31.     More than four months later, on February 29, 2024, another conference was held. By this time, Mr. Heller had filed an untimely Answer and no motion for leave to file an amended counterclaim. At that conference, Magistrate Kiel stated the following:

> …There was a motion for extension of time to file an answer. That was ECF Number 92. That, at the last conference, I said would be administratively terminated, pending, as I said, Mr. Heller's motion to file an amended counterclaim and an answer out of time. You didn't file that motion, sir, Mr. Heller. Instead, you filed an answer at ECF Number 102, I guess, in response to plaintiff's request to the entry of default." (Exhibit 2, p. 3, lns. 8-16).

32.     Magistrate Kiel then set the date for the next conference for April reasoning "the next filing date would – and return date would be April 1st, if the next filing date is March 8, then you have until March 18th to file your opposition, and then March 25 for reply, and then the

7

return date would be April 1st" (Exhibit 2, p. 12). Though the parties eventually agreed on an April 8, 2024 date instead of April 1, 2024, Magistrate Kiel reiterated "If you don't file that motion in time, sir, it's – it's going to be difficult to imagine that that would ever be granted in the future." (Exhibit 2, p. 13, lns. 15-18).

33. Again, April 8, 2024 came and went with no such motion.

34. On April 12, 2024 at 6:03 P.M., Defendant filed the current motion.

35. In light of Sebrow's egregious violations, her motion should be denied in its entirety.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed on: April 22, 2024
New York, NY

/s/*Daniel Szalkiewicz, Esq.*
Daniel S. Szalkiewicz

8