UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

John Doe.

              Plaintiff,

     v.

Baila Sebrow

              Defendant.

Case No. 2:21-cv-20706

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO
FILE AN UNTIMELY ANSWER AND AMENDED COUNTERCLAIMS

Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, PC
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com
*Attorneys for Plaintiff*

1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 5

FACTUAL BACKGROUND ..................................................................................... 6

ARGUMENT ............................................................................................................. 6

I.    OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED
ANSWER AND COUNTERCLAIM ........................................................................ 6

    A.   Denial is Appropriate Under FRCP Rule 16 as Defendant Failed to Offer Good Cause to
Extend Period of Time to File Motion ..................................................................... 6

    B.   Denial is Appropriate under FRCP Rule 15 ....................................................... 8

II.   THE PURPOSED AMENDMENTS ARE FUTILE AND THE AMENDMENT SHOULD
BE DENIED ............................................................................................................. 11

    A.   The Counterclaims are Futile Pursuant to FRCP 10 ......................................... 11

    B.   The Fraudulent Misrepresentation Counterclaim is Futile Based on This Court's Previous
Decision .................................................................................................................. 13

    C.   Defendant's Defamation Claim is Futile ........................................................... 14

        a.   The Defamation Claim Should be Dismissed because the Statute of Limitations has
Either Passed or the Pleadings are too Vague to Determine When the Allegedly Defamatory
Statement was Made ............................................................................................... 15

        b. The Defamation Claim Should be Dismissed because Defendant Has Not Identified the
Defamatory Words or the Facts of their Publication ............................................. 16

        c.   The Defamation Claim Should be Dismissed because Defendant has Included
Statements Made During Litigation Which are Privileged and Have Already been
Dismissed with Prejudice ....................................................................................... 17

    D.   Defendant's Second Count for False Light Claim is Futile .............................. 18

III.   CONCLUSION ................................................................................................... 19

**TABLE OF AUTHORITIES**

**Cases**

760 New Brunswick Urb. Renewal Ltd. Liab. Co. v. Navigators Specialty Ins. Co., Civil Action No. 20-05877 (RK)(DEA), 2023 U.S. Dist. LEXIS 101453, at *2 (D.N.J. June 12, 2023) ..... 11

Brown v. Joseph McCormick Constr. Co., Civil Action No. 14-27 Erie, 2014 U.S. Dist. LEXIS 165807, at *1 (W.D. Pa. Nov. 20, 2014) ................................................................................ 12

Cristelli v. Filomena II, Inc., 1999 U.S. Dist. LEXIS 18761, at *8 (D.N.J. Dec. 1, 1999) .......... 16

Fermin v. Toyota Material Handling, U.S.A., Inc., Civil Action No. 10-3755 (JLL), 2012 U.S. Dist. LEXIS 56422, at *8 (D.N.J. Apr. 23, 2012) ..................................................................... 7

Frederico v Home Depot, 507 F3d 188, 200 (3d Cir 2007) ........................................................... 13

Illiano v. Wayne Bd. of Educ., Civil Action No. 22-114 (SDW) (JBC), 2024 U.S. Dist. LEXIS 28389, at *21 (D.N.J. Feb. 20, 2024) ........................................................................................ 18

Industrias Desafio, Inc. v Ecko Complex, LLC, 2007 US Dist LEXIS 13003, at *2 (DNJ Feb. 26, 2007, Civil Action No. 04-5265 [PGS]) ...................................................................................... 8

Miele v. Rosenblum, 254 N.J. Super. 8, 13 (App. Div. 1991) ........................................................ 16

Olivarez v. T-Mobile USA, Inc., 997 F.3d 595, 602 (5th Cir. 2021) ......................................... 6, 7

Perloff v. Somo Audience Corp., No. 2:19-cv-09172, 2020 U.S. Dist. LEXIS 254987, at *4 (D.N.J. Apr. 21, 2020) ................................................................................................................ 11

Snyder v. Collura, 812 F.3d 46, 52 (1st Cir. 2016) ........................................................................ 7

Soobzokov v. Lichtblau, 664 F. App'x 163, 169 (3d Cir. 2016) .................................................... 19

Stanard v. Nygren, 658 F.3d 792, 800 (7th Cir. 2011) .................................................................. 12

United States ex rel. Petras v Simparel, Inc., 857 F3d 497 (3d Cir 2017) .................................... 14

Ward v. CNH Am., L.L.C., 534 F. App'x 240, 241-42 (5th Cir. 2013) ......................................... 7

White v. Smiths Detection, Inc., Civil Action No. 10-4078 (KM), 2013 U.S. Dist. LEXIS 61387, at *31 (D.N.J. Apr. 29, 2013) ...................................................................................................... 6

**<u>Statutes</u>**

<u>FRCP 9</u>........................................................................................................................ 12

FRCP Rule 10 ............................................................................................................. 10

FRCP Rule 15(a)................................................................................................. 5, 7, 10

Plaintiff-Counter-Defendant John Doe ("Plaintiff"), by his attorneys, Daniel Szalkiewicz & Associates, P.C., respectfully submits this Memorandum of Law in Opposition to the proposed Amended Counterclaims ("Amended Counterclaims") of defendant Baila Sebrow ("Defendant" or "Sebrow").

## PRELIMINARY STATEMENT

Defendant Sebrow's latest filings come after many others before it which ask this Court and Plaintiff to ignore fact and law.  Defendant's first counterclaims for fraudulent misrepresentation and defamation were dismissed by this Court on March 22, 2023[1] (Doc. 47). Notably, the Order provided that Defendant had 30 days to amend the counterclaims; she did not.

On July 7, 2023, Defendant filed amended counterclaims, again for fraudulent misrepresentation, defamation, and abuse of process.  The filing contained Plaintiff's name and identifying information, in contravention of an earlier court order which Defendant had previously violated (D.E. 74).  The document was stricken, with the Court further indicating it was untimely (DE 76).

This motion addresses two situations. First, Plaintiff oppose Defendant's request to file amended counterclaims pursuant to FRCP Rules 15 and 16.  Second, the motion focuses on the futile nature of the boardline frivolous counterclaims and why the counterclaims should be struck pursuant to FRCP 10.

---

[1] Defendant's abuse of process claim survived motion to dismiss but she has since abandoned it.

## FACTUAL BACKGROUND

This Court is respectfully referred to the Declaration of Daniel Szalkiewicz, annexed hereto, fulling detailing the background of this matter and Defendant's numerous acts of bad faith.

## ARGUMENT

### I.   OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM

Defendant argues that she should be able to amend her Answer and Counterclaims pursuant to FRCP Rules 15 and 16.

### A.  Denial is Appropriate Under FRCP Rule 16 as Defendant Failed to Offer Good Cause to Extend Period of Time to File Motion

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."  Olivarez v. T-Mobile USA, Inc., 997 F.3d 595, 602 (5th Cir. 2021).  It is "[o]nly upon the movant's demonstration of good cause to modify the scheduling order [that] the more liberal standard of Rule 15(a) appl[ies] to the district court's decision to grant or deny leave." Id.

Third Circuit courts "have consistently reached the same conclusion: a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4) – i.e., they must show 'good cause.'" White v. Smiths Detection, Inc., Civil Action No. 10-4078 (KM), 2013 U.S. Dist. LEXIS 61387, at *31 (D.N.J. Apr. 29, 2013).

"To excuse a failure to meet a scheduling order deadline, a movant must show 'good cause'" and factors which should be considered include "(1) the explanation for lack of a timely motion, (2) the amendment's importance, (3) potential prejudicial impact if allowed, and (4)

availability of a continuance to mitigate any prejudice" Ward v. CNH Am., L.L.C., 534 F. App'x

240, 241-42 (5th Cir. 2013).

"'Good cause' does not typically include a change of heart on a litigation strategy"

Snyder v. Collura, 812 F.3d 46, 52 (1st Cir. 2016).

First, the good cause inquiry "requires the 'party seeking relief to show that the deadlines

cannot reasonably be met despite the diligence of the party needing the extension.'" Ward, 534

F. App'x at 242 (5th Cir. 2013).  "In determining whether 'good cause' exists for an untimely

motion to amend pleadings, courts typically examine whether the movant possessed, or through

the exercise of reasonable diligence should have possessed, the knowledge necessary to file the

amended motion before the deadline had expired" Fermin v. Toyota Material Handling, U.S.A.,

Inc., Civil Action No. 10-3755 (JLL), 2012 U.S. Dist. LEXIS 56422, at *8 (D.N.J. Apr. 23,

2012).  In Olivarez, the court held that plaintiff had failed to meet that standard as "[t]here is no

explanation for the five-month delay before pleading the facts and allegations…nor is there any

suggestion that any of those facts were unavailable when filing the previous three complaints."

Olivarez, at 602.

Defendant's counsel makes no explanation for his lack of a timely motion.  Mr. Heller

has submitted many filings since June 1, 2023 and has drafted and redrafted the counterclaims on

multiple occasions rather than write a motion for leave to file them.  Additionally, Mr. Heller's

delay has been far longer than five months and there is nothing in his filing that suggests that

facts were previously unavailable to him.

The docket in this matter demonstrates that Mr. Heller has been anything but diligent in

litigating this case –  instead, "Defendant and defendant's counsel have disobeyed almost every

order…repeatedly failed to attend conferences, meet deadlines, and file submissions required by the Court" (DE 56, p. 8-11).

Second, as to the amendment's importance, this is Defendant's fourth version of the counterclaims.  Surely if they were important Defendant would have included them in the (still untimely) July 7, 2023 version.  If Defendant's latest counterclaims are not permitted, she will still be able to proceed with her abuse of process claim.

Third, prejudice can be found in the way of "imposing 'additional and avoidable costs' in the form of additional discovery and motion practice" Id.  As indicated above, Defendant's new counterclaims will necessarily involve the reopening of discovery to determine what defamatory statements Plaintiff made as well as when they were made, to whom they were made, and other information which is not available in Defendant's counterclaims yet is necessary for her false light and defamation claims.

"Fourth, the nature of this prejudice does not render it curable by a continuance" Id.

### B.  Denial is Appropriate under FRCP Rule 15

"Pursuant to Rule 15(a), of the FRCP, leave to amend a complaint should be freely granted 'when justice so requires.' However, granting leave to amend is limited by the following five factors: 1) substantial or undue prejudice; 2) bad faith or dilatory motives; 3) undue or unexplained delay; 4) repeated failure to cure deficiency by amendments previously allowed; and/or 5) futility of amendment." Industrias Desafio, Inc. v Ecko Complex, LLC, 2007 US Dist LEXIS 13003, at *2 (DNJ Feb. 26, 2007, Civil Action No. 04-5265 [PGS]).

First, Defendant should not be granted the ability to amend his pleadings because he has been acting in bad faith, the extent of his delay has been truly remarkable, and he has been given multiple attempts to cure his deficiencies but has failed to do so.

Plaintiff filed his Amended Complaint on June 1, 2023 (DE 58).  That was more than 320 days ago; Defendant's delay is undue.  Mr. Heller cannot blame his failure to file this motion on professional incompetence.  Neither his Certification nor Memorandum explain why he neglected to file the motion until now.

Defendant's counsel was told on July 10, 2023 that his answer and counterclaim were untimely (DE 76).  He was told on October 12, 2023 that his answer and counterclaim were untimely (Exhibit 1).  And he was told on February 29, 2024 that his answer and counterclaim were untimely (Exhibit 2).  During the last conference, Magistrate Kiel warned Mr. Heller that if the motion was not fully submitted before **April 8, 2024**, "it's going to be difficult to imagine that that would ever be granted in the future" (Exhibit 2, p. 13, lns. 15-18).

As ridiculously and demonstrating his bad faith in delaying his filing of this motion, each time Defendant's counsel has uploaded his counterclaims they have been different.  The latest version is a partially unnumbered mess of bizarre allegations which are apparently meant to set forth causes of action which are obviously subject to dismissal or – most egregiously – have already been dismissed with prejudice by this court.

While Plaintiff will save his substantive arguments for dismissal for his motion to dismiss, the very fact that Defendant has *yet again* brought a cause of action for defamation based on statements made during litigation when this Court already dismissed such a claim with prejudice (DE 47) defies logic and shows the futility of the new counterclaims.

As to the prejudice that Plaintiff will suffer if Defendant is allowed to proceed with these counterclaims, it would be substantial.  Defendant's **First Counterclaims** included those for fraudulent misrepresentation, defamation, and abuse of process.  Defendant's **Second Counterclaims** dated July 7, 2023 – now stricken – included 1) fraudulent misrepresentation; 2) defamation; and 3) abuse of process – albeit with a different counterstatement of facts. Defendant's **Third Counterclaims** dated September 18, 2023 were for false light and for sexual abuse and sexual assault (DE 92-5).  And now Defendant's **Fourth Counterclaims** dated April 11, 2024 are for fraudulent misrepresentation, false light, defamation, and sexual abuse and sexual assault.

Discovery is closed in this matter and yet Defendant is now including torts that would necessarily involve depositions of multiple individuals.  For instance, one element of "false light" is that Defendant will need to prove Plaintiff "gave publicity to a matter" – meaning that he made the matter public by communicating it to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge (*Restatement, Torts* 2d, §652 D and E, comment (a)).

Additional discovery will also need to be undertaken for Defendant's claims of defamation as she has failed to allege a single statement Plaintiff made about her.  Presumably Defendant would need to conduct discovery, find or manufacture some statements, and then again amend her pleadings to set forth a valid cause of action.  Next up is Defendant's "sexual abuse and sexual assault" which will no doubt be used in support of her various objections to complying with ESI discovery in this case.  Remarkably, Defendant has removed the only cause of action that survived Plaintiff's initial motion to dismiss her counterclaims.

Plaintiff will be substantially prejudiced if Defendant is able to include these additional counterclaims – not just by the cost of reopening discovery but also by Defendant's refusal to participate in ESI discovery that is relevant to her claims and the significant passage of time that has occurred.

## II.   THE PURPOSED AMENDMENTS ARE FUTILE AND THE AMENDMENT SHOULD BE DENIED

The final element of Rule 15(a) is the counterclaims must be "sufficiently well-grounded in fact or law that it is not a frivolous pursuit". Perloff v. Somo Audience Corp., No. 2:19-cv-09172, 2020 U.S. Dist. LEXIS 254987, at *4 (D.N.J. Apr. 21, 2020).

"In determining whether an amendment is insufficient on its face, the Court employs the Rule 12(b)(6) motion to dismiss standard [] and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same." 760 New Brunswick Urb. Renewal Ltd. Liab. Co. v. Navigators Specialty Ins. Co., Civil Action No. 20-05877 (RK)(DEA), 2023 U.S. Dist. LEXIS 101453, at *2 (D.N.J. June 12, 2023).

Defendant should not be permitted to file and serve the proposed counterclaims because of her lack of good faith and the prejudice Plaintiff will face by her untimely conduct. Equally important though this fact that the counterclaims themselves are meritless and are unlikely to survive a motion to dismiss.

### A.  The Counterclaims are Futile Pursuant to FRCP 10

FRCP Rule 10 requires that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The purpose of

11

Rule 10(b) 'is to create clarity in pleadings and provide the defendants with'a point of reference for responding'" Brown v. Joseph McCormick Constr. Co., Civil Action No. 14-27 Erie, 2014 U.S. Dist. LEXIS 165807, at *1 (W.D. Pa. Nov. 20, 2014).

In Brown, the court struck a party's pleadings, holding that "[w]hile the overall gist of [the party's] allegation may be adequately conveyed, some degree of preventable confusion will undoubtedly occur if [the opposing party is] forced to address these broad, compound averments by way of an answer" the court further noted that "this is not a situation where [the filing party] is *pro se* and is consequently entitled to a greater degree of laxity in observing the Federal Rules of Civil Procedure" Brown, 2.

The court in Stanard dismissed the case with prejudice for "repeatedly failing to follow explicit directions from the district court about how to correct specific problems in the first two complaints[;]" the Court of Appeals held dismissal was "eminently reasonable" Stanard v. Nygren, 658 F.3d 792, 800 (7th Cir. 2011).

This is the fourth version of counterclaims submitted by Defendant and, though they ramble on for seventeen pages, they contain four numbered paragraphs. The structure of the counterclaims make it impossible for Plaintiff to ever answer as each paragraph contains numerous sentences and sections.

Defendant has an attorney in this matter who should be held to a higher standard than a pro se litigant. Mr. Heller has been working on this document for a smidge less than a year now and has been offered opportunity after opportunity to do it properly. Dismissal of these counterclaims with prejudice would be eminently reasonable.

**B. The Fraudulent Misrepresentation Counterclaim is Futile Based on This Court's Previous Decision**

In dismissing Defendant's counterclaim for fraudulent misrepresentation in March of 2023, this Court stated, in relevant part:

> Sebrow's fraudulent misrepresentation claim falls short of Rule 9's heightened pleading standard. Sebrow asserts, in conclusory fashion, that Doe knowingly and intentionally made false statements upon which third parties relied to Sebrow's detriment. (D.E.13 at 8.)  That lone allegation plainly does not allege "'the who, what, when, where, and how of the events at issue.'" *United States ex rel. Bookwalter*, 946 F.3d at 176 (quoting *Majestic Blue Fisheries, LLC*, 812 F.3d at 307). Indeed, Sebrow's fraudulent misrepresentation claim is no more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555), and therefore it will be dismissed without prejudice.
> (DE 46).

In the same decision, Judge Wigenton dismissed the counterclaim for fraudulent misrepresentation and provided that "Sebrow shall have thirty [30] days to amend the counterclaims that were dismissed without prejudice" Those thirty days passed on April 22, 2023, and the counterclaim should be deemed futile.

Judge Wigenton's decision to dismiss the fraudulent misrepresentation claim still applies today.  Defendant's proposed counterclaim fails to meeting Rule 9's heightened pleading standard.  Rule 9(b) states "(i)n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.  FRCP 9.  To satisfy this standard, a counterclaimant must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation".  Frederico v Home Depot, 507 F3d 188, 200 (3d Cir 2007).

13

The purpose of the rule is "a party must plead (its) claim with enough particularity to place defendants on notice of the 'precise misconduct with which they are charged'".  United States ex rel. Petras v Simparel, Inc., 857 F3d 497 (3d Cir 2017).

Defendant's "first count" for fraudulent misrepresentation appears to be a combination of all of her allegations against Plaintiff. The first paragraph contains the exact same conclusory statements that Judge Wigenton dismissed in the underlying counterclaims ("The Plaintiff made false representations of material facts. The Plaintiff knew the statements were false when making them. The Plaintiff intended for the Defendant and others to rely on the false statements. The Defendant/Counterclaimant suffered damages due to its/their reliance on the Plaintiff's false statements.").  What ensues next is a hodgepodge of allegations without any specific details. Absent from any of these allegations are any specific details that would raise to the level of fraudulent misrepresentation.

## C.  Defendant's Defamation Claim is Futile

Defendant's defamation claim was previously dismissed without prejudice for pleading deficiencies and with prejudice regarding statements made during litigation due to privilege (DE 46).

In dismissing Defendant's claim, this Court held that defamation pleadings require:

> "under New Jersey law, a plaintiff must [allege that] the defendant (1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault." *Mangan v. Corp. Synergies Grp.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011). In federal court, a claimant "must allege the elements of defamation as defined by [state] law to a degree of sufficient specificity to satisfy the standards outlined in Rule 8." *Mangan*, 834 F. Supp. 2d at 204. "[A] defamation pleading does not need to cite precise defamatory statements, it must only provide sufficient notice to the other party of the

14

allegations made against him." *Id.* (quoting *Cristelli v. Filomena II, Inc.*, No. 99-2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999)).  DE 46.

This Court held that Sebrow's first counterclaims did "not explain the nature of the allegedly defamatory statements, nor [did] she set forth any other information to 'provide sufficient notice to Doe of the allegations made against him.' *Mangan*, 834 F. Supp. 2d at 204 (quoting *Cristelli*, 1999 WL 1081290, at *3) DE 46.

a. **The Defamation Claim Should be Dismissed because the Statute of Limitations has Either Passed or the Pleadings are too Vague to Determine When the Allegedly Defamatory Statement was Made**

Defendant claims "[s]ince January of 2019 to the present day, the Plaintiff has intentionally made false statements about the Defendant to Defendant's friends, clients and professional associates" DE 113, p. 23 (the same timeframe is indicated twice on p. 25, twice on p. 27, and once on p. 28).

That is a five-year period of unspecified statements made to unspecified people which Plaintiff would apparently have to defend against.  Forgetting the impossibility of such an undertaking, without a month or even year during which the allegedly defamatory statement was made, there is no way of knowing whether the statements are within the one-year statute of limitations.

The closest Defendant comes to a date is on page 26 when she references "January of 2019" however this case was filed in December 2021 the statute of limitations for those unspecified defamatory statements made to unspecified people has long passed.

Next, Defendant states "[t]hereafter, on other various dates and times over the next two years, Plaintiff systematically followed the Defendant's professional appearances and engaged in

15

the same conduct…" DE 113, p. 23.  Again, no date is pleaded, no statement is pleaded, and no recipient is pleaded.

"New Jersey's statute of limitations in defamation cases is to be strictly construed" Cristelli v. Filomena II, Inc., 1999 U.S. Dist. LEXIS 18761, at *8 (D.N.J. Dec. 1, 1999).  "In the case of a complaint charging defamation, the plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication" Miele v. Rosenblum, 254 N.J. Super. 8, 13 (App. Div. 1991).

Discussing Miele, the court in Cristelli held "[b]ecause the plaintiff failed to specify any facts with regard to the alleged subsequent defamatory publications, the Appellate Division held that the statute of limitations period relevant to the specifically pled instances of defamation was inapplicable to the entire complaint" (Cristelli, 8).

Defendant's counterclaims simply fail to meet the statute of limitations requirements for defamation cases.  The closest she comes to setting forth a date is January 2019, however even if she set forth the defamatory words, and the fact of their publication for that instance (she did not) it is outside the statute of limitations.

### b. The Defamation Claim Should be Dismissed because Defendant Has Not Identified the Defamatory Words or the Facts of their Publication

Defendant's third counterclaim indicates that "detailed above in the First and Second Count are examples of the efforts made by Plaintiff to defame Defendant" (DE 113 p. 28) however no such examples exist.  Instead, Defendant continues to reference Plaintiff's alleged defamation with exceedingly broad strokes and fails to put Plaintiff on notice of the allegations being made against him.

Defendant makes two attempts to reference specific instances of defamation referencing "the organizer" of a singles program and "the organizer of a Passover program" with no dates or alleged statements. The closest Defendant gets is that Plaintiff "again spun his false tales about the Defendant" DE 113, p. 23. Without dates, names, or words, it would be impossible for Plaintiff to defend against these claims.

In an effort to address some of these deficiencies, Defendant claims, generally, that "Plaintiff stated, for example, that the Defendant was crazy. He stated that the Defendant had sexual fetishes unbecoming an Orthodox Jewish women. He stated that the Defendant's professional persona was fake, and did not match her private actions (specifically, that the Defendant was a 'slut') and could therefore not be trusted to serve as an Orthodox Jewish matchmaker and event organizer" DE 113, p. 23.

**c.** **The Defamation Claim Should be Dismissed because Defendant has Included Statements Made During Litigation Which are Privileged and Have Already been Dismissed with Prejudice**

Defendant's third counterclaim indicates that "detailed above in the First and Second Count are examples of the efforts made by Plaintiff to defame Defendant" (DE 113 p. 28). The First Count details the Temporary Restraining Order Plaintiff received against Defendant; it further details various legal matters which are ongoing between them.

Worse yet, Defendant is again referencing that "Plaintiff has used his knowingly false filings in three different legal venues and jurisdictions in an attempt to legitimize his false claims and convince third parties they are true…" (DE 113, p. 28).

This Court already made clear its opinion on statements made during litigation:

17

> To the extent Sebrow's defamation claim is based on statements Doe made during litigation, such statements are immune from defamation actions. *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 523 (D.N.J. 2012) ("The New Jersey litigation privilege ensures that '[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability.'" (quoting *Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996))). Therefore, Sebrow's defamation claim for statements made during judicial or quasi-judicial proceedings will be dismissed with prejudice. DE 46.

Defendant's defamation claims relating to statements made during litigation should likewise dismissed and Defendant and her attorney should be sanctioned for attempting to refile claims which have already been dismissed with prejudice.

## D. Defendant's Second Count for False Light Claim is Futile

Defendant vaguely alleges that Plaintiff has committed the tort of false light against her. A false light claim has two elements: "(1) the false light in which [he or she] was placed would be highly offensive to a reasonable person and (2) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [counterclaimant] would be placed." Illiano v. Wayne Bd. of Educ., Civil Action No. 22-114 (SDW) (JBC), 2024 U.S. Dist. LEXIS 28389, at *21 (D.N.J. Feb. 20, 2024).  The Court in Illiano discussed that "publicized" means:

> that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge . . . Thus it is not an invasion of the right to privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons Id.

Importantly, "a plaintiff cannot claim false light or intentional infliction of emotional distress based on speech that is not defamatory." Soobzokov v. Lichtblau, 664 F. App'x 163, 169

18

(3d Cir. 2016).  As the Third Circuit held, "this is doubly true when the offending speech addresses a matter of public concern, as New Jersey extends the same constitutional protection to false light and emotional distress claims as it does to defamation claims". Id.

Like the claim in Soobzokov, Judge Wigenton's decision "dooms" Defendant's false light claim.  As detailed above the defamation claims are futile, and since the false light claim is an exact reproduction of the defamation claims, these too must fail.  The claim fails to allege that the Plaintiff spread false statements of Defendant to the public at large.  To the extent the only details plead relate to an incident in "January of 2019" the statute of limitations has passe. I Iliano, surpa (holding that false light claims are subject to the same one-year statute of limitations as defamation claims).

Defendant's false light claim is therefore futile.

### III.    CONCLUSION

For two and half years Plaintiff has been attempting to litigate this matter and Defendant has put up roadblock after roadblock.  Defendant's new, untimely, proposed counterclaims effectively restart this litigation and are another attempt for Defendant to harass Plaintiff and retaliate against him for bringing this instant action.  Defendant's motion for leave to file a late counterclaim should be denied.

Dated:          April 22, 2024
                New York, New York

                                                    *Daniel S. Szalkiewicz, Esq.*
                                                    Daniel S. Szalkiewicz, Esq.