# Daniel Szalkiewicz
# & Associates

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

October 10, 2024

**Via ECF**

United States Magistrate Judge Stacey D. Adams  
Frank R. Lautenberg U.S. Post Office & Courthouse Building  
2 Federal Square  
Newark, NJ 07102

Re:  *John Doe v. Baila Sebrow*  
*United States District Court, District of New Jersey*  
*Case No.: 2:21-cv-20706*

Dear Judge Adams,

I represent the plaintiff, John Doe ("Plaintiff"), in the above-referenced matter. I write to request a pre-motion conference. Due to delay tactics undertaken by defendant Baila Sebrow ("Defendant" or "Sebrow"), it has remained stagnant since June 2023.

Briefly summarizing the case's procedural posture, Defendant failed to meaningfully comply with any discovery orders. As a result, on June 2, 2023, this court ordered Defendant to "provide access to her present cellular telephone and computer to plaintiff's expert by June 16, 2023." At the court appearance, it was made clear this also includes all iCloud accounts, email accounts, and other devices within Sebrow's possession. Sebrow did not timely provide access to her accounts. Mr. Heller then filed several letter motions seeking to vacate the previous orders, which were denied on April 10, 2024.

Judge Kiel made his intentions of striking Sebrow's pleadings clear. At the August 10, 2023 conference, Judge Kiel stated:

> But, yeah, that's been his position. I've heard that before. But, I said, that ship had sailed already, and that argument was made after I gave him sufficient opportunity to engage in ESI discovery.
>
> MR. SZALKIEWICZ: I understand.
>
> But my point is that --
>
> THE COURT: Yeah, it's --
>
> MR. SZALKIEWICZ: -- the other intentional withholding that may be beyond apparently ESI discovery, the reason he hasn't complied with the interlocutory responses, the discovery responses, hasn't provided any sort of information relevant whatsoever to this case is it doesn't appear to be willful -- it doesn't appear to be unwillful. It certainly is willful conduct at this point.

THE COURT: Well, I have to take all that into consideration, and I will. There's been a lot orders, and discovery is deemed to be closed. And at this point if there's no discovery coming from the defendant to the plaintiff and discovery that I've ordered, then I'll do what I need to do in terms of making this case proceed.

And the case has to proceed one way or the other

(August 10, 2023 Transcript)

At the October 12, 2023 conference, Judge Kiel indicated he was waiting for Mr. Heller to file his answer prior to ruling on our sanctions motion:

THE COURT: And I think, Mr. Szalkiewicz, the more that I think about it, I think, based upon discussions at status conferences, that I was going to take the defendant's failure to provide discovery into consideration and do my own order on it.

But let me take a look more closely at the docket, and I'll be more prepared to discuss what we're going to do on November 22nd.

MR. SZALKIEWICZ: And I appreciate that, Your Honor. And, obviously, under Rule 37, you know, we'll be requesting that, once an answer is filed, it be stricken anyway. But I do understand the close of the loophole issue where we are right now. So I appreciate that.

THE COURT: Yeah, yeah, that -- that may be the way to do it procedural correctly. But, again, I wasn't thinking about that prior to getting on the call. And I apologize for that.

(October 12, 2023 Transcript)

Plaintiff requests a status conference to deal with Defendant's discovery sanctions, as discussed in the previous appearances. Furthermore, Defendant and her attorney have made no meaningful effort to pay their previous sanctions. It is requested that the amount be set down as a judgment so that Plaintiff can begin collection efforts.

Respectfully submitted,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
*/s/ Daniel S. Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@lawdss.com**