**IRA HELLER LAW, LLC**
IRA W. HELLER, ESQ.
(MEMBER OF BAR - NJ & NY)

1317 Morris Avenue, Union, NJ 07083
Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

October 31, 2024

**VIA ECF FILING**
United States Magistrate Judge Stacey D. Adams
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

       Re: John Doe v. Baila Sebrow
       United States District Court, District of New Jersey
       Case No.: 2:21-cv-20706

Dear Judge Adams,

    As Your Honor is aware, my Law Office represents the Defendant, Ms. Betty Sebrow, in the above referenced matter. I write this letter in response to the October 10, 2024 letter to Your Honor, sent by Plaintiff's attorney, Daniel S. Szalkiewicz, Esq.

    In his letter, Mr. Szalkiewicz provides information with no context, much of which I firmly contend is misleading or incorrect. I will add that much of what has occurred in this matter has been exceedingly unfair to both my client and myself, as I shall explain below.

    First, Mr. Szalkiewicz claims that I "intentionally delayed" the proceedings in this matter, which is patently false, but consistent with his longstanding tactic in this matter to impugn me personally. The long delay in this matter occurred subsequent to Judge Kiel's appointment to District Judge, at which time the case was assigned to Judge Allen, and then reassigned to Your Honor, causing multiple delays. It had absolutely nothing to do with anything I did or did not do in this matter. Mr. Szalkiewicz also states that I "filed several letter motions which were denied on April 10, 2024." This is a complete mischaracterization by Mr. Szalkiewicz. Judge Farbiarz rejected the filing based upon the filing needing to "specify with precision which order or orders it objects to," and was clear that I would be permitted to refile the objections. I worked extremely hard on the letter, and the Orders to which we objected are of extreme consequence to my client and myself. This matter had gone dormant for an extended period of time, but the matter originally filed by the Plaintiff in the NJ Superior Court in Essex County, DV Division, (Dockets FV-07-265-22 and FV-07-487-22), based upon the very same facts and circumstances, is being actively litigated. The Court and that matter will be scheduling trial dates on almost every date in November and probably into December until it is finally completed.

**Initial Court Related Complications**

    This matter was filed by the Plaintiff in the Federal Court after the case he had filed in Essex County was already in progress. The Federal Court at that time did not even have my current email address, and was using an email address from my prior law firm which closed its doors in 2013. Accordingly, any notices sent out by the Federal Court were going to a defunct email address, and for the first few months of this matter I received absolutely no notices from the Court. At the beginning of November, 2022, Mr. Szalkiewicz communicated with me via

1

email, informing me that the Federal Court had requested that we exchange initial disclosures by November 10, 2022. Mr. Szalkiewicz sent me his disclosures in a Word document via email, which I reviewed and inserted my own disclosures to the same document, and then returned to Mr. Szalkiewicz via email on November 10, 2022. I was completely unaware that Judge Kiel had called for a scheduling conference to take place on November 10, 2022, and Mr. Szalkiewicz, in his several communications with me, communicated nothing to me about a conference until after the fact. In fact, Mr. Szalkiewicz filed the version of his disclosures with the Court without my insertions, and then appeared at the conference without my presence, and as per the subsequent Order from Judge Kiel, also requested that I be sanctioned.

Seeking to straighten out this situation so there would be no further missed communications from the Court, I was in persistent contact with the Federal Court via telephone, trying to get my contact and log-in information updated so as to begin receiving Court notices and utilizing the ECF system. Despite my due diligence, it literally took me more than a month to get it straightened out, and it was not until the end of December of 2022 that I was properly reinstated to the ECF system.

Judge Kiel subsequently called a settlement conference for December 21, 2022, at which I appeared in person, as required by the Order. Judge Kiel, whose patience with me was already worn thin by what he perceived as my disrespect for the Court in having missed the prior conference in November, demanded to know where my client was. I had a good faith belief that my client's presence was not required, as the Order had stated that appearance was mandatory by someone with the authority to settle. I had already established my settlement parameters with my client, and in the event any questions arose, she was going to be immediately reachable by phone. Judge Kiel would hear none of it, and immediately granted Mr. Szalkiewicz's request for sanctions, sanctioning me in the amount of $10,000(!), for his legal fees, together with the legal fees of Mr. Abraham Borenstein. (Mr. Borenstein is the attorney pursuing the DV matter in Essex County, and is not a member of Mr. Szalkiewicz's law firm).

It is this inauspicious beginning to this matter, with me having been massively, and I believe grossly unreasonably, sanctioned by this Court as Mr. Szalkiewicz's references in his letter to Your Honor (and which Mr. Borenstein also persistently references in just about every submission in the DV matter, as a swipe at my credibility). This is one of the Orders that is the subject of my objections to the Hon. District Judge Farbiarz, together with the entirely unconscionable discovery Order that my client be compelled to turn over all of the contents of each of her electronic devices to the Plaintiff.

**The Initial Matter in Essex County Family Court**

As mentioned above, this matter is based upon the same facts and circumstances of the DV Matter in Essex County, brought by the Law Firm of Borenstein McConnell Calpin in July of 2021 under lead attorney Abraham Borenstein, Esq. In our initial conference before the Hon. Judge Joshua Sanders, Mr. Borenstein stated that Mr. Szalkiewicz was going to be his co-counsel in that matter, but later retracted, stating that Mr. Szalkiewicz was going to be an "expert witness" in that DV Matter. Subsequently, Mr. Szalkiewicz filed this Federal matter in the name of his own law firm, but has nonetheless still since appeared several times in the DV Matter as "expert witness," and just recently, this past August 2024, filed a Certification in Support of a recent Motion in that matter filed by Mr. Borenstein.

From the inception of this Federal matter, it has been freely utilized as an "end-run," aimed at circumventing the restrictions in place under the terms of the current Temporary

Restraining Order pursuant to the Prevention of Domestic Violence Act (PDVA) of NJ, N.J.S.A. 2C:25-17 (1991). Prime examples of this conduct is Mr. Szalkiewicz having subpoenaed Verizon in the Federal matter to obtain all of Ms. Sebrow's private telephone records since 2016, from which they would have been surely restricted in the DV matter as violative of the existing TRO (and we were not afforded a hearing by the Federal Court to oppose it, notwithstanding our written opposition and request for a hearing). Immediately thereafter, Mr. Borenstein began freely employing in the DV Matter the personal information obtained in the Federal Court, notwithstanding the fact that the DV Court would never have permitted such an overbroad request, containing records of each and every one of Ms. Sebrow's phone calls since 2016.

Important to note is that prior to this, at the inception of the DV Matter, Mr. Szalkiewicz, working in tandem with Mr. Borenstein, subpoenaed Ms. Sebrow's private bank records using the caption of the DV matter, without seeking leave of the Court and without noticing the opposition. It was only discovered that they had obtained this information only after they began employing it in the DV Matter, and for their blatant disregard for the Court Rules, they were sanctioned in the amount of $3,385.42 (which they have still not paid). It was subsequent to hitting that roadblock in the DV Matter that Mr. Szalkiewicz and Mr. Borenstein turned to the Federal Court, which awarded them their unfettered access to Ms. Sebrow's phone records, as they now seek to enforce an Order granting them unfettered access to every last bit of Ms. Sebrow's personal and professional information contained in her electronic devices. This shows utter contempt for the restrictions under New Jersey PDVA, and respectfully request that this Court no longer permit itself to be a party to it.

**Mr. Szalkiewicz's Campaign of "Litigation by Letter"**

Subsequent to Mr. Szalkiewicz's having obtained sanctions against me in the earlier part of this matter, Mr. Szalkiewitz set out on an all-out campaign to litigate this matter by letter, seeking to impugn my client's credibility, while repeatedly calling me a liar and attacking me personally. Heavily utilizing the Plaintiff's exhibits already submitted in the DV matter, but not yet tested before any Court, Mr. Szalkiewicz quoted them incessantly in his letters to Judge Kiel in an effort to sway the Court's opinion prior to anything being properly presented and adjudicated. Included in this purported "evidence" were literally hundreds of lewd and vulgar text messages which the Plaintiff alleges to have received from Ms. Sebrow. Also included were two versions of the same email, one of which the Plaintiff claims Ms. Sebrow altered to make the Plaintiff look culpable. At the time, it is clear to me that Judge Kiel found them to be convincing, but as testimony and examination of the evidence has been proceeding in the Essex County matter, a far different picture is emerging that I am sure would give Your Honor pause. To provide just a few short examples of many:

1. Plaintiff's Defamation claim against is based upon allegations that Ms. Sebrow posted defamatory statements about him on the Internet, claiming in his Complaint that Ms. Sebrow is some sort of "cyber master mind" who perpetrated this evil plan against him. Mr. Szalkiewicz, who was initially retained by Borenstein McConnell Calpin to assist him in the DV Matter, tracked down the party who actually posted the information, which was not Ms. Sebrow, but rather, a cyber-expert named "Michael Kogan" who did not even know who Baila Sebrow was. The Plaintiff then sued Mr. Kogan in the Supreme Court of New York, Nassau County, and shortly thereafter, Mr. Kogan implicated the person who actually hired him, which was a woman named

3

"Nadia Kiderman." Notwithstanding his having tracked down the true "mastermind" of this plan against the Plaintiff, the Plaintiff did not subsequently implead Ms. Kiderman as a Defendant into the Nassau County matter as one might expect, but instead, he secured Ms. Kiderman's assistance in testifying that "it was Baila Sebrow who made me do it." In Ms. Kiderman's testimony before the Court, she testified that she had no knowledge as to why she was not implicated in the Nassau County matter, but unsurprisingly, her testimony was riddled with contradictions, and she most certainly had a high motivation to lie in order to avoid retribution from the Plaintiff who had all the evidence he needed against her.

2. In regard to the issue of the email that the Plaintiff alleges Ms. Sebrow altered (which Judge Kiel clearly found to be convincing), the suspicion must surely now shift to the Plaintiff as the party who most likely engaged in altering emails. This information first emerged over the course of the Plaintiff's cross examination in the DV matter, specifically, when referencing an email that the Plaintiff testified to have received from Ms. Sebrow on August 29, 2018. The text of the email stated as follows (with Plaintiff's name redacted as required by this Court):

> xxxxxx, I am sorry about both emails on Aug 29 .None of it was true I was upset I will not send again . I am sorry

Aside from the redaction, this email was cut and pasted above exactly as it was written and allegedly received by the Plaintiff from Ms. Sebrow. Plaintiff was questioned on cross-examination about the email, and he attested to have received this email from Ms. Sebrow (from email address "bsebrow@aol.com"), exactly as written, on August 29, 2018. Over the course of questioning, it was pointed out to the Plaintiff that both the grammar and punctuation is highly disjointed and improper, and bears no resemblance to other verified writings of Ms. Sebrow, who is a trained journalist. It was also pointed out to the Plaintiff over the course of questioning that the same exact punctuation anomalies, which contain spaces at the ends of sentences before placing the period (and some at the beginnings of sentences as well), appear in several other written communications verified as having come from the Plaintiff. The Plaintiff was asked if there was any other writing or writings from Ms. Sebrow that he could reference in which similar punctuation anomalies occurred. He said he could not. The Plaintiff also could not account for the fact that the punctuation anomalies in the email allegedly from Ms. Sebrow exactly matched the punctuation anomalies in several of his own writings. The Plaintiff was then asked if he gained access to Ms. Sebrow's email account, wrote the email, and then sent it to himself. At this point, the Plaintiff not only vehemently and vociferously denied it, but threatened to leave the courtroom.

I have thus far refrained from providing exhibits, as my purpose is most certainly not to "litigate by letter." However, I believe it is essential that Your Honor view at least this one illustration in support of my prior point, as it is absolutely striking (see

    attached as EXHIBIT A. Email attested to by Plaintiff as having been received from Ms. Sebrow is on Page 12 of the document. Examples of emails Plaintiff attested to as his own, with the same exact punctuation anomalies, are on Pages 8 and 13). The attached submission was turned over to me by Plaintiff's counsel in response to my Notice in Lieu of Subpoena on June 27, 2023, containing copies of the above referenced documents. In compliance with the redaction Order of this Court, all references to the Plaintiff's name are removed.[1]

3. Mr. Szalkiewicz, in his sequence of letter submissions to the Hon. Judge Kiel, prolifically quoted dozens of lewd, aggressive and vulgar text messages, which the Plaintiff alleges were sent to him by Ms. Sebrow, in support of his claim that he was persistently harassed and stalked by Ms. Sebrow.

    Over the course of the DV Matter, we have also since had the opportunity to cross examine the Plaintiff regarding these text messages, which revealed striking inconsistencies, contradictions, and factual errors among them. Most inexplicable about these text messages is that the earliest of the text messages begin at least 6 months after the Plaintiff attests to the relationship with Ms. Sebrow having begun. The Plaintiff, in his testimony, provided no plausible explanation for this, other than to inexplicably blame it on Ms. Sebrow (notwithstanding the fact that these were the text messages that he himself provided). The Plaintiff was also unable to provide any credible explanations for complete inconsistencies between some of the texts and simultaneous email messages, which again, he himself submitted to the Court. For example, the Plaintiff provided an email he alleges came from Ms. Sebrow, in which Ms. Sebrow allegedly accuses the Plaintiff of being a rapist and molesting his own daughter. However, in virtually simultaneous and subsequent text messages, the Plaintiff engages in benign communications with Ms. Sebrow as though the parallel email with the aggressive accusations didn't exist.

**<u>The Purpose of this Letter</u>**

    I once again emphasize that I am writing the above not with intention of perpetuating the pre-existing labyrinth of "litigation by letter" in this matter. My point is that vigorous fact finding in the DV Matter continues to progress, and any party that genuinely seeks a just result in

---

[1] Important to note is the fact that one of the issue raised in our appeal to the District Judge was that the Plaintiff filed this matter under the name "John Doe" without having first obtained leave of the Court, which he was required to do by law, which was granted only months later by the Court retroactively, without providing us any opportunity to properly pose our objections. Subsequently, a stringent "redaction" requirement was imposed upon us, which led to me incurring further stringent reprimands from the Court when varying redactions were inadvertently missed out of the literally hundreds of references to the Plaintiff in multiple exhibits submitted to the Court. Mr. Szalkiewicz nevertheless persists in his accusations that I did it intentionally out of alleged disrespect for the Court's redaction Order.

this Federal matter should have no objection to staying this matter in order to permit the DV Matter to runs its course, unless they are pursuing this matter for the nefarious purpose of overwhelming the other side in the DV Matter while subverting its rules and firewalls.

      The Plaintiff has completed his case in the DV Matter, and Ms. Sebrow is still at the early stages of presenting her case. Trial is due to resume next week, in which Mr. Borenstein will resume his cross-examination of Ms. Sebrow. A cyber-investigator has been retained by Ms. Sebrow to present his examination of the authenticity of the hundreds of lewd text messages the Plaintiff has attributed to Ms. Sebrow.

      The Plaintiff is a wealthy financial management executive, who is clearly willing to spare no expense in his persistent efforts to destroy Ms. Sebrow's life for his own reasons. He is being simultaneously represented by two law firms in the DV Matter and this Federal Matter. I am a solo practitioner who was retained by Ms. Sebrow after she was unexpectedly served with a TRO by the Plaintiff in July of 2021, at which time there was no way to foresee how lengthy and complicated this matter would become. Ms. Sebrow had a modest legal fund at that time which was entirely exhausted by February of 2022, and was the last legal bill she was able to pay. With the advent of this Federal Matter, Ms. Sebrow had absolutely no financial wherewithal to hire counsel, but I was not about to leave her undefended, notwithstanding my unfamiliarity and limited experience with Federal Court procedure. Furthermore, my small Law Firm is entirely unequipped to carry two lengthy pro-bono litigations simultaneously.

      In anticipation of the Court receiving a lengthy letter response from Mr. Szalkiewicz and Mr. Borenstein, let me say that it was not my intention to spur on a new spate of back and forth letter writing. Furthermore, as mentioned above, my purpose is not to sway the Court's opinion in this matter, but rather, to persuade this Court to stay this matter pending the DV Matter's conclusion.

      I can very confidently state that all parties to this matter, attorneys and litigants alike, have supreme confidence in the presiding Judge in the Essex County DV Matter, the Honorable Judge Sanders, that he will thoroughly and properly adjudicate the DV Matter, and will ultimately provide the Parties with an eminently fair and well thought out determination. Should the Plaintiff desire to subsequently pursue this Federal Matter, the entirety of the body of evidence, together with the insights offered by the Hon. Judge Sanders will be readily available to be referenced in this proceeding as the Parties deem necessary and appropriate. If the Plaintiff and his counsel's true objective is to obtain justice, rather than utilize this matter as an improper means of leverage against my client, they would have no issues with Your Honor staying this matter pending the DV matter's conclusion.

      I thank Your Honor for your very kind attention and consideration.

                                                    Respectfully submitted,

Ira W. Heller, Esq.

cc: Daniel Szelkiewicz, Esq.
   *Attorney for Plaintiff*