Daniel Szalkiewicz
& Associates

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
lawdss.com

November 4, 2024

**Via ECF**
United States Magistrate Judge Stacey D. Adams
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

*Re:*   *John Doe v. Baila Sebrow*
*United States District Court, District of New Jersey*
*Case No.: 2:21-cv-20706*

Dear Judge Adams,

I represent the plaintiff, John Doe ("Plaintiff"), in the above-referenced matter. I write in response to the letter submitted by defendant Baila Sebrow ("Defendant" or "Sebrow") opposing our request for a status conference and again requesting a stay.

This is not the first time Defendant has requested a stay in this matter. In fact, at every court appearance to date, Mr Heller has requested a stay, which was denied by Judge Kiel. Indeed, on July 5, 2023, Mr. Heller wrote "This could have been a manageable situation had this Court granted my request, which I put forth on more than one occasion, both in writing and before Magistrate Judge Kiel, that this Federal matter be stayed pending the conclusion of the Essex County matter" (Document 71). Though Mr. Heller devoted six pages to justifying his and his client's bad behavior in this litigation and rewriting the facts of this case, he failed to set forth any basis for this Court to issue a stay.

At the risk of complicating what should be a simple denial of Defendant's umpteenth request for a stay, "[a] stay of a civil case is an 'extraordinary remedy.'" *Walsh Sec. v. Cristo Prop. Mgmt., 7 F. Supp. 2d 523, 526 (D.N.J. 1998)*.

> The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest (*Id.*, 526-527).

First, Plaintiff is pursuing multiple causes of action which are solely civil torts such as defamation, intentional infliction of emotional distress, and tortious interference. Second, there has been no indictment. Third, further delay prejudices Plaintiff due to the notoriously fleeting nature of electronic discovery – something which Sebrow has already desperately avoided in violation of multiple court orders. Fourth, as to the burden on Sebrow, she has already submitted multiple answers in this case and claimed to participate in some discovery. Fifth, it is in the

DS & A

November 4, 2024
Page 2

---

interest of this Court that this matter be resolved and not left to fester on the docket in perpetuity. Sixth, admittedly the public will not be harmed if a stay is issued, only Plaintiff and eligible bachelors Sebrow may victimize in the future.

      This action has involved truly disturbing conduct by defendant and her counsel. From blatantly ignoring court orders requiring Mr. Heller to not use Plaintiff's true name to presenting fraudulent discovery documents, the Defendant has engaged in numerous ethical violations. Once caught, the Defendant further refused to comply with directives issued by the court and has simply ignored the case as they have not seen any consequences for their actions. Mr. Heller was personally ordered to pay Plaintiff in excess of $10,000 in sanction for his conduct; to date he has paid a mere $700.00, the last payment being made on August 15, 2023

      Accordingly, Plaintiff respectfully submits that the status conference take place as scheduled, that Sebrow's submission should be ignored and/or denied by this Court, that Sebrow's pleadings should be stricken, and that the sanctions should be set down as a judgment.

      Respectfully submitted,

      DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
      */s/ Daniel S. Szalkiewicz*

      By: Daniel S. Szalkiewicz, Esq.
      **daniel@lawdss.com**

Daniel Szalkiewicz & Associates, P.C.