**IRA HELLER LAW, LLC**
IRA W. HELLER, ESQ.
(MEMBER OF BAR - NJ & NY)

1317 Morris Avenue, Union, NJ 07083
Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

November 6, 2024

**VIA ECF FILING**
United States Magistrate Judge Stacey D. Adams
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

      Re: John Doe v. Baila Sebrow
      United States District Court, District of New Jersey
      Case No.: 2:21-cv-20706

Dear Judge Adams,

    As Your Honor is aware, my Law Office represents the Defendant, Ms. Betty Sebrow, in the above referenced matter.

    Subsequent to our hearing of this morning, in which Your Honor stated that you would be issuing an Order in regard to my client's April 12, 2024 motion to amend the counterclaim, I ask Your Honor to point out some crucial information in the documentation before the Court that must be considered.

    First, Your Honor had inquired as to why the issue of the sexual assault was not addressed until our amended counterclaim April of 2024. It is therefore extremely pertinent that I point out to Your Honor that in our initial Answer and Counter-Claim filed on behalf of the Defendant on October 3, 2022, in the section beginning on Page 5, in the section labeled "Factual Allegations Common to Counterclaims," Paragraphs 33-36, the sexual assault is specifically referenced. This document (document 13) is currently sealed on the ECF site and is not accessible. I have accordingly redacted the document, and have annexed for Your Honor's reference as **EXHIBIT A**).

    Second, in regard to Your Honor's query as to whether there is a defamation claim that goes beyond the litigation privilege, the answer should have been yes and it is mentioned specifically in our Motion to Amend the Answer and Counterclaim. Specifically, I ask Your Honor to reference pages 23, 25 and 26 of the document (or Pages 9, 11 and 12 of the "Proposed Counterclaims section, relevant sections, marked for identification [**EXHIBIT B - document 113**]). I specifically reference the allegations against the Plaintiff of his having made intentionally false statements about the Defendant to the Defendant's friends, clients and professional associates designed to malign her character and damage her professional reputation. It references instances in which the Plaintiff tried to sabotage her job prospects by showing potential employers copies of the filthy text messages he alleged to have received from Ms. Sebrow, some of whom subsequently refused to associate with Ms. Sebrow. Some of these third parties, as a result of Plaintiff's false statements, no longer wanted to associate with Defendant.

    I respectfully request that Your Honor please reference the two documents, first the original Answer and Counterclaim of October 3, 2022, and the recent Moton to amend

Counterclaim of April 12, 2024, which first, verify that claim of sexual assault had been alleged early on in this matter, and regarding the recent Motion, that the claim of Defamation are not confined to the parameters of litigation, as presented in the Defendant's Counter-Claims, and the claim should be accordingly accepted.

      Thanking Your Honor for your kind attention to this matter.

                                        Respectfully submitted,

                                        Ira W. Heller, Esq.

cc: Daniel Szalkiewicz, Esq.
    *Attorney for Plaintiff*