UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff<br><br>v.<br><br>BAILA SEBROW<br><br>Defendant | CASE NUMBER:<br>2:21−CV−20706−SDW−ESK<br><br><br><br>ANSWER AND COUNTERCLAIM |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

**NOW COMES** Defendant improperly identified, as Baila Sebrow in several documents filed with this Court and Baile Sebrow in several documents filed with this Court, by and through her attorney, for her Answer to the Complaint filed by "John Doe" with this Court on December 23, 2021, (the "Complaint"), responds thereto as follows:

1. Defendant denies the allegation(s) of paragraphs 1, 2, 3, 4, 6, 7, 8, 13, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 76, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 124 of the First Cause of Action in the Complaint.

2. Defendant lacks sufficient knowledge to admit or deny the allegation(s) of paragraph 5, 9. 10, 12, 16, 17, 22, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 53, 75, 77, 84, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 115, 123 of the First Cause of Action in the Complaint and demands strict proof therein.

3. Defendant admits to the allegation(s) of paragraph 11, 15 of the First Cause of Action in the Complaint.

4. Defendant neither admits nor denies the allegation that "Ms. Sebrow is a well-known media personality in Jewish media" of paragraph 14 of the First Cause of Action in the Complaint and admits the rest.

5. Defendant denies the allegation(s) of paragraph 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136 of the Second Cause of Action in the Complaint.

6. Defendant Lacks sufficient knowledge to admit or deny the allegation(s) of paragraph 125 of the Second Cause of Action in the Complaint and demands strict proof therein.

7. Defendant denies the allegation(s) of paragraph 138, 139, 140, 141, 142, 143, 144, 145, of the Third Cause of Action in the Complaint.

8. Denies the allegation(s) of paragraph 146, of the Third Cause of Action in the Complaint and demands strict proof therein.

9. Defendant acks sufficient knowledge to admit or deny the allegation(s) of paragraph 137 of the Third Cause of Action in the Complaint and demands strict proof therein.

10. Defendant neither admits nor denies the allegation(s) of paragraph 147 of the Fourth Cause of Action in the Complaint.

11. Defendant denies the allegation(s) of paragraph 148, 149, 150, 151, 152, 153, 154, 155 of the Fourth Cause of Action in the Complaint.

12. Defendant lacks sufficient knowledge to either admit or deny the allegation(s) of paragraph 156, 160, 161, 162, of the Fifth Cause of Action in the Complaint and demands strict proof therein.

13. Defendant denies the allegation(s) of paragraph 157,158, 159, 163, 164, 165 of the Fifth Cause of Action in the Complaint.

14. Defendant lacks sufficient knowledge to admit or deny the allegation(s) of paragraph 166, 167 of the Sixth Cause of Action in the Complaint and demands strict proof therein.

15. Defendant denies the allegation(s) of paragraph 168, 169, 170, 171 of the Sixth Cause of Action in the Complaint.

16. Defendant lacks sufficient knowledge to admit or deny the allegation(s) of paragraph 172, of the Seventh Cause of Action in the Complaint and demands strict proof therein.

17. Defendant denies the allegation(s) of paragraph 173, 174 of the Seventh Cause of Action in the Complaint.

18. Defendant lacks sufficient knowledge to admit or deny the allegation(s) of paragraph 175, of the Eighth Cause of Action in the Complaint and demands strict proof therein.

19. Defendant denies the allegation(s) of paragraph 176, 174 of the Seventh Cause of Action in the Complaint.

As and for her affirmative defenses, the Defendant asserts and states as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

20. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

21. Each of the alleged causes of action contained in the Complaint is barred by the equitable doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**
**(Collateral Estoppel)**

22. Plaintiff is estopped from asserting any of the alleged rights, claims and/or the reliefs it

seeks against Defendant as the same is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Actions of Third Parties)

23. Plaintiff is barred from asserting any of the alleged rights, claims and/or the reliefs it seeks against Defendant as they are actions of third parties.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

24. Plaintiff has not suffered any damages as a result of any of the purported actions taken by Defendant, and is barred from asserting any cause of action against Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State the Name of a Party)

25. Plaintiff's Complaint is barred in its entirety as it violates Federal Rule of Civil Procedure 10(a) by failing to state the name of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

26. Plaintiff's Complaint is barred in its entirety as it violates the requirements of 28 USC 1331 and Article III of the Constitution. Plaintiff's causes of action do not arise out of a Federal question, and therefore, the Court lacks subject matter jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

27. Plaintiff's Complaint is barred in its entirety as Defendant was never properly served, and therefore, the Court lacks personal jurisdiction.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

28. Plaintiff's Complaint is barred in its entirety under the equitable doctrine of Laches.

## TENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

29. Plaintiff is precluded from asserting any of the alleged rights, claims, causes of action and/or the reliefs it seeks against Defendant as the same is barred by the principle of Res Judicata.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Purpose)

30. Plaintiff's Complaint is barred in its entirety under Federal Rule of Civil Procedure 11

### Additional Defenses and Right to Amend Reserved

Defendant hereby gives notice that she may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend her answer to assert any other defenses as they become known or available.

### FACTUAL ALLEGATIONS COMMON TO COUNTERCLAIMS

31. The Defendant is a singles event organizer and columnist, residing in Long Island New York.

32. On or about December 23, 2017, the Plaintiff in this matter, presumed to be ████, asked the Defendant to meet him a New York City hotel to discuss a potential "business proposition," in which Mr. ████ would create a fund to assist older Jewish singles to attend singles events organized by the Defendant, if they did not have the financial ability to do so.

33. When Defendant arrived at the Hotel, Plaintiff handed her a drink, and told her to "drink slowly." Shortly after, Defendant describes her feeling her head become heavy, her vision blurred, and the room began to spin.

34. The next thing Defendant remembers is waking up in the back of Mr. ███'s car naked, with her legs spread apart, with semen dripping down her leg as well as from other parts of her body. She then heard Mr. ███'s voice telling her to "get dressed."

35. Defendant filed a Police Report, Case #: 2018-013-0100-71, Complaint #: 2018-1434.

36. The next time the Defendant saw Plaintiff was at one of her events, Plaintiff approached the Defendant and said "I want to show you something." The Plaintiff then pulled a packet of pictures out of his pocket, which depicted the Defendant naked, in various positions and all possible angles. At that time the Plaintiff said to the Defendant "blow me, if you do not, I will show these pictures to everyone." Until approximately September of 2018, the Plaintiff utilized those photographs to coerce the Defendant into an abusive, sexual relationship.

37. During this time, Mr. ███ also, on several occasions, recited the Hebrew declaration of marriage to the Defendant, leading her to believe that she was married to him by Jewish Law, and thus requiring a Jewish religious divorce to free her from the relationship. This abusive relationship continued until approximately October of 2018, which was the last time she was in contact with Mr. ███.

38. The Defendant made no subsequent attempts to contact Mr. ███. Nevertheless, almost three years later, on or about July 15, 2021, the Defendant was served with a Temporary Restraining Order filed by Mr. ███, alleging the Defendant posted a Twitter Page stating that ███████ is a Date Rapist.

39. Shortly thereafter, on or about August 3, 2021, the Defendant was served with a warrant for her arrest, issued by the West Orange, NJ Municipal Court. The stated reason for the warrant was Contempt for violating a Temporary Restraining Order, based upon an

6

allegation that the Defendant sent an email to Mr. ▆. In fact, the email notice to Mr. ▆ was a Twitter Notice that automatically went out to all of the Defendant's Twitter followers, who opted to receive such notices from Ms. Sebrow's Twitter site. In other words, anyone receiving those emails would have had to actively sign up to receive them, meaning, the email was not initiated by the Defendant, but by Mr. ▆ himself.

40. Counsel for the Defendant then contacted the Essex County Prosecutor's office regarding the arrest warrant, which was then investigated by the Prosecutor, who decided to summarily dismiss the warrant.

41. Subsequent to the harassment by Mr. ▆ the Defendant decided a Cross Temporary Restraining Order against Mr. ▆ due to the current harassment, as well as past infractions against her by Mr. ▆, including criminal coercion, sexual assault, criminal sexual contact. The hearings on the dual TRO filings are currently pending in the Domestic Violence Division of the Essex County Family Court.

42. In September of 2021, Mr. ▆ filed a Complaint against, GABRIEL SOLOMON, MICHAEL KOGAN TANYA KOGAN, and MBTA MANAGEMENT LLC, whom Plaintiff found to be the actual parties who were involved in posting the offending Internet postings, which accused ▆ of being a date rapist. Notwithstanding the fact that there was not evidence that people other than the Defendant were responsible for the offending postings, the Plaintiff nevertheless mentioned Ms Sebrow's name no less than 116 times, with barely any references to the actual Defendants.

43. In the action still pending in the Domestic Violence Department of the Essex County Superior Court of New Jersey, the Defendant filed several Subpoenas Duces Tecum, seeking Defendant's personal phone information, banking and credit card information,

and other information, without first seeking leave of the Court or noticing the Defendant or Defendant's counsel (as required by New Jersey State Law). Order was issued in the New Jersey Superior Court in March of 2022 quashing Plaintiff's subpoena, and sanctioning the Plaintiff for his violation of the Court rules and procedures.

44. Plaintiff has now already filed several frivolous actions against the Defendant, with his intended purpose to harass, defame and cause the Defendant extreme financial and emotional hardship, and purposefully interfere with Defendant's professional career and livelihood.

## FIRST COUNT (fraudulent misrepresentation)

The Plaintiff made false representations of material facts. The Plaintiff knew the statements were false at the time they were made. The Plaintiff intended for people to rely on the truth of the false statements, notwithstanding their falsity. The Defendant suffered damages due to people having relied on the Plaintiff's false statements.

## SECOND COUNT (defamation)

The Plaintiff made false and defamatory public statements, both in writing and orally, about the Defendant, in public as well as to individual third parties. In doing so, the Plaintiff acted with malice, with the intention to cause significant injury to the Defendant. The Defendant suffered extensive damages as a result of the defamatory statements, and abundant legal action he has taken against her.

## THIRD COUNT (abuse of process)

The Plaintiff has improperly utilized the legal process to suit his own nefarious purposes, intending specifically to cause harm to the Defendant for his own collateral objectives. The

Defendant has suffered significant damages due to the persistent frivolous legal actions perpetrated against her by Plaintiff.

WHEREFORE, Defendant respectfully requests as follows:

A. Entering judgment in Defendant's favor in the sum of ten million dollars ($10,000,000);

B. Dismissing Plaintiff's Complaint with prejudice;

C. Awarding Defendant legal fees and costs;

D. Granting Defendant such other relief as the law, equity, and justice require.

IRA HELLER LAW, LLC
1317 Morris Avenue
Union, New Jersey
(908) 275-8626
iwhelleresq@gmail.com

_____
Ira W. Heller, Esq.