# Daniel Szalkiewicz & Associates

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

January 17, 2025

**Via ECF**

United States Magistrate Judge Stacey D. Adams  
Frank R. Lautenberg U.S. Post Office & Courthouse Building  
2 Federal Square  
Newark, NJ 07102

*Re:*   *John Doe v. Baila Sebrow*  
*United States District Court, District of New Jersey*  
*Case No.: 2:21-cv-20706*

Dear Judge Adams,

I represent the plaintiff, John Doe ("Plaintiff"), in the above-referenced matter. I am writing pursuant to F.R.C.P 16(b)(4) for the ability to serve two nonparty subpoenas pursuant to F.R.C.P 34(c) and 45, with leave to submit one additional subpoena.

The basis of the request is new information that has come to light concerning defendant's financial condition as it relates to plaintiff's claim for punitive damages and the outstanding sanctions she currently owes Plaintiff. *See* DE 56. Since the inception of this matter, Mr. Heller has asserted that his client has no assets and he has been handling the case "virtually uncompensated since she was no longer able to pay in February of 2022." *See* DE 65; *see also* DE 136, November 6, 2024 Transcript, describing himself "as the pro bono attorney in this case since February of 2022, in both cases."

However, we recently learned that on May 6, 2024, Ms. Sebrow, personally, and as the Executor of the Estate of David Sebrow, was awarded One Million Six Hundred Thirty-Two Thousand Eight Hundred Ninety-Eight Dollars and Twenty-One Cents ($1,632,898.21) in the matter of *Worbes Corporation et ano v. Betty Sebrow et ano.,* Supreme Court, Bronx County, Index No. 800583. *See Exhibit 1*. Ms. Sebrow is the sole distribute of Mr. Sebrow's estate, meaning the entire $1,632,898.21 transfers to her. *See Exhibit 2, emphasis added*. Additionally, on July 8, 2024, Ms. Sebrow conveyed her sole known asset, a residence located at 12 Beechwood Drive, Lawrence, NY 11559, to the Sebrow IGT Grantor Trust UTAD 07012024 (the "Trust"), which her children are the sole trustees. *See Exhibit 3*. Plaintiff asserts this transfer was done to avoid a potential judgment in this matter and the domestic violence action against her.

"The prevailing approach in this district in cases where the plaintiff is seeking punitive damages is to allow pre-trial discovery of information related to a defendant's financial position". *Robinson v. Horizon Blue Cross-Blue Shield*, Civil Action No. 2:12-CV-02981-ES-JAD, 2013 U.S. Dist. LEXIS 180325, at *13-14 (D.N.J. Dec. 23, 2013). Leave is therefore requested to issue 2 subpoenas:

Daniel Szalkiewicz & Associates, P.C.

DS & A

January 17, 2025
Page 2

---

1. A subpoena to Farrell Fritz, P.C., to obtain the nonprivileged file in the matter *Worbes Corporation et ano v. Betty Sebrow et ano.*, and the closing sheet and documents showing how Ms. Sebrow's funds were disbursed.

2. A subpoena to Moses S. Rosengarten, Esq., the attorney who prepared the Trust, for all documents concerning the creation of the Trust and Trust documents

Upon receipt of the subpoena responses, leave is also sought to then subpoena the bank accounts of the Trust assets and where the settlement funds were disbursed.

Pursuant to Your Honor's rules, on January 16, 2025, I had a meet and confer with Mr. Heller via telephone. I asked Mr. Heller if he would voluntarily provide information regarding the trust and disbursements of the settlement funds. Mr. Heller informed me he would not consent to the disclosure of the information and that we would need to obtain a court order.

Finally, should the Court require a formal motion on this matter, it is requested that this letter be deemed a request for leave to file a formal motion.

Thank you in advance.

Respectfully submitted,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.

*/s/ Daniel S. Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@lawdss.com**