UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>        Plaintiff,<br><br>  v.<br><br>Baila Sebrow<br><br>        Defendant. | Case No. 2:21-cv-20706 |

BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO
WITHDRAW AS COUNSEL

                                        Daniel Szalkiewicz, Esq.
                                        Daniel Szalkiewicz & Associates, PC
                                        23 West 73rd Street, Suite 102
                                        New York, NY 10023
                                        (212) 706-1007
                                        daniel@lawdss.com
                                        *Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

*PRELIMINARY STATEMENT* ..................................................................................4

ARGUMENT

*DEFENDANT'S REQUEST TO WITHDRAW AS COUNSEL SHOULD BE DENIED* ........................................................................................................................5

    A.  Mr. Heller's Reason for Withdrawal is Not Sufficient. ............................5

    B.  Mr. Heller's Withdrawal will Cause Prejudice to Plaintiff ......................7

    C.  The Harm Withdrawal Might Cause to the Administration of Justice; ..8

    D.  The Degree to Which Withdrawal Will Delay the Resolution of the Case 9

# **TABLE OF AUTHORITIES**

**Cases**

*Aganan v. Rodriguez*, No. 23-21410 (JKS) (JBC), 2024 U.S. Dist. LEXIS 103429,
    at *5 (D.N.J. June 11, 2024) ...........................................................................5

*Farkhan Mahmood Shah v. Am. Airlines, Inc*., Civil Action No. 17-6298 (JXN)
    (MAH), 2022 U.S. Dist. LEXIS 114919, at *1 (D.N.J. June 29, 2022) ................5

*Liberty Mut. Ins. Co. v. Ping Yip*, Civil Action No. 20-3641-SDW-AME, 2021
    U.S. Dist. LEXIS 176323, at *6 (D.N.J. Sep. 16, 2021) ........................................7

**Statutes**
Local Civil Rule 102.1(c) ......................................................................................4

Plaintiff John Doe ("Plaintiff"), by his attorneys, Daniel Szalkiewicz & Associates, P.C., respectfully submits this Memorandum of Law in Opposition to Ira Heller's motion to withdraw as counsel pursuant to Local Civil Rule 102.1(c).

## **PRELIMINARY STATEMENT**

Since the inception of this matter, Defendant Sebrow has made it her goal to delay, thwart, and outright insult this judicial process. Defendant Sebrow has shown her disregard for this Court in many ways, including by skipping court appearances, filing motions and other documents without regard to federal rules or court directives, refusing to follow court orders – plural, and repeatedly using Plaintiff's true name in so many court documents it seems impossible for it to have been accidental. Now, as the parties await this Court's decision as to whether it will accept Defendant's unsurprisingly untimely answer, Mr. Heller wants to withdraw as counsel.

Importantly, Mr. Heller has represented to this court he is a pro-bono attorney, making his sole basis to withdraw – the fact he is not being paid – illusory. As Mr. Heller continues to represent Ms. Sebrow in the domestic violence action against her, Ms. Sebrow clearly has an abundance of funds with which she is able to pay him, and the timing of this motion is suspect at best, this Court should deny Defendant's request for relief as yet another delay tactic to prevent Plaintiff from obtaining justice in this action.

## ARGUMENT

## DEFENDANT'S REQUEST TO WITHDRAW AS COUNSEL SHOULD BE DENIED

Withdrawal of counsel requires leave of court, and permission is entirely within the discretion of the court. *See Farkhan Mahmood Shah v. Am. Airlines, Inc.*, Civil Action No. 17-6298 (JXN) (MAH), 2022 U.S. Dist. LEXIS 114919, at *1 (D.N.J. June 29, 2022). In deciding whether to permit withdrawal, courts consider four factors:

> (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of a case.
>
> *Aganan v. Rodriguez*, No. 23-21410 (JKS) (JBC), 2024 U.S. Dist. LEXIS 103429, at *5 (D.N.J. June 11, 2024).

Based on a consideration of the above four factors, Defendant's attorney's motion for leave to withdraw should be denied.

**A. Mr. Heller's Reason for Withdrawal is Not Sufficient.**

The sole reason Mr. Heller requests to withdraw from this action is he "can no longer bear the financial burden of providing legal services without compensation in this matter[.]" Mr. Heller, without providing a retainer agreement or proof of outstanding invoices, alleges that his continued "representation without

5

compensation creates an unreasonable financial burden." Mr. Heller has previously indicated to this court that he is a "pro bono attorney in this case since February of 2022[.]" DE 136, November 6, 2024 Transcript.

    Mr. Heller's motion avoids all mention of the financial windfall Ms. Sebrow came upon in April 2024. As detailed in Plaintiff's letter motion to the court (DE 137) filed on January 17, 2025, on April 3, 2024, Ms. Sebrow was awarded a judgment of One Million Six Hundred Thirty-Two Thousand Eight Hundred Ninety-Eight Dollars and Twenty-One Cents ($1,632,898.21) in the matter of *Worbes Corporation et ano v. Betty Sebrow et ano*, Supreme Court, Bronx County. *See Exhibit 1*. While Mr. Heller has represented in other filings that the funds passed to Defendant Sebrow's children by virtue of Mr. Sebrow's will, the filed document clearly shows otherwise. As detailed in Mr. Sebrow's will, Defendant Sebrow was bequeathed the "rest, remainder and residue of [David Sebrow's] property, real or personal... provided she shall survive" Mr. Sebrow. *See Exhibit 2*. Mr. Heller's claim that the money went to Defendant's Sebrow's children by virtue of Section 2(a) of the will is incorrect as that section only applies "if she [Defendant Sebrow] shall not survive me, this bequest to her shall lapse and go instead" to her children. *Id*. Given Ms. Sebrow's enormous wealth and current financial circumstances, Mr. Heller should not be permitted to withdraw as counsel

6

because he is owed some attorney fees or has otherwise agreed to take the matter pro bono.

Mr. Heller's motion indicates that he will continue to represent Defendant Sebrow in a domestic relations matter against her, showing the desire to withdraw as counsel is not financially motivated, but rather designed to further delay resolution in this matter. Thus, while "financial burden constitutes good cause for withdrawal under RPC 1.16(b)(6)," there is no indication there is a financial burden in this matter. *See Liberty Mut. Ins. Co. v. Ping Yip*, Civil Action No. 20-3641-SDW-AME, 2021 U.S. Dist. LEXIS 176323, at *6 (D.N.J. Sep. 16, 2021).

### B. Mr. Heller's Withdrawal will Cause Prejudice to Plaintiff

The Court is aware of the delay in this matter which Plaintiff attributes in part to Defendant's conduct. Concerning Plaintiff's ability to obtain ESI discovery, on at least November 1, 2022; November 21, 2022; November 22, 2022; December 5, 2022; December 23, 2022; January 10, 2023; January 24, 2023; March 20, 2023; May 4, 2023; and May 10, 2023, Plaintiff attempted to engage in conversations with Defendant's counsel concerning ESI discovery (DE 66). On June 2, 2023, Defendant was ordered turn over her devices so Plaintiff's expert could extract information (DE 70). Defendant failed to comply with the order and subsequent orders. To this day, ESI discovery in this case remains incomplete, with Ms. Sebrow flagrantly disobeying court orders without repercussion.

Assuming Ms. Sebrow is able to find another attorney willing to take the matter unpaid or at all, the extensive docket in this matter and concomitant time and effort it will take an incoming attorney to familiarize themselves with the filings will prevent this matter from moving toward conclusion. More egregiously, whereas Mr. Heller has been reprimanded for using Plaintiff's true name and information in public filings and has hopefully taken such warnings to heart, incoming counsel will effectively have carte blanche to resume accidental inclusions of Plaintiff's name in future filings.

### C. The Harm Withdrawal Might Cause to the Administration of Justice;

Permitting withdrawal will continue to delay the administration of justice in this case. There is currently a motion before this court that relates to Defendant's ability to file an untimely answer and counterclaims. The motion has been pending since May 6, 2024 (DE 113). At oral arguments on November 6, 2024, the Court indicated its intention to "get this case back on track whether it's with these counterclaims or without these counterclaims." DE 136 pg. 72. The Court also indicated that a decision on the motion would be imminent, and a status conference would follow with "some further instructions as to next steps." *Id.* At pg. 71.

More so, the court already granted Plaintiff leave to file a motion pursuant to Rule 37.1 due to Defendant's failure to turn over her cell phone and computer, however, Plaintiff has yet to file the motion as he awaits the Court's decision as to

8

whether Defendant Sebrow's late answer will be accepted. Ultimately, the relief that would be sought is to strike Sebrow's answer and set the matter down for an inquest on damages.

Plaintiff has also filed a letter motion requesting the ability to obtain non-party discovery pursuant to F.R.C.P. 34(c) and 45 through the issuance of two to three subpoenas relating to Ms. Sebrow's financial position. More specifically, Plaintiff seeks information relating to the trust and disbursement of settlement funds in an unrelated matter which are relevant to Plaintiff's request for punitive damages. While Plaintiff asked that the letter suffice as a motion or serve as request for leave to file a formal motion, the Court has not yet ruled on this matter.

Finally, Mr. Heller is jointly and a severally liable for $11,120 in fees and sanctions, of which only $700.00 has been paid, the last payment being made on August 15, 2023, more than a year and a half ago. This is despite the fact that Mr. Heller was ordered to pay $9,680 to plaintiff on or before May 31, 2023, and no stay has been sought or granted (DE 56). Mr. Heller's abrupt withdrawal from this case while the payments remain outstanding virtually ensures Plaintiff will need to expend additional funds to recover the money.

### D. The Degree to Which Withdrawal Will Delay the Resolution of the Case

There can be no doubt a change in counsel will significantly delay resolution of this matter. Fact discovery was deemed completed on April 5, 2023. While

9

Plaintiff was granted leave to obtain ESI discovery from Defendant, the matter has been at a standstill since June 2023 because of Defendant's failure to follow court orders or court-imposed deadlines or file motions in a timely or cogent manner. Indeed, Defendant's primary tactic in this case has been to force Plaintiff to expend resources fighting extraneous battles over ESI discovery, defending Plaintiff's anonymity, and rules surrounding filing deadlines and processes rather than litigating the facts of this case.

Plaintiff has been unable to file a sanctions motion because Defendant still has not timely filed her answer to the amended complaint. Plaintiff is finally on the cusp of being able to move the case into a summary judgment posture and will be prejudiced by Mr. Heller withdrawing as attorney.

Whereas, the Defendant's motion to withdraw as counsel should be denied. However, if the court grants Defendant's motion, Plaintiff asks that the case continue uninterrupted as Defendant's motion does not include request for a stay.

Dated:     January 22, 2025
           New York, New York

*Daniel S. Szalkiewicz, Esq.*
Daniel S. Szalkiewicz, Esq.
Cali P. Madia, Esq.

10