# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,**<br><br>      Plaintiff,<br><br>v.<br><br>**BAILA SEBROW,**<br><br>      Defendant. | **Case No. 21–cv–20706–SDW–ESK**<br><br><br>**ORDER** |

      **THIS MATTER** having come before the Court pursuant to Federal Rule of Civil Procedure (Rule) 16 for an initial scheduling conference on November 10, 2022; and defendant's counsel having failed to appear for the conference; and defendant's counsel having also failed cooperate with plaintiff's counsel in preparing a joint proposed discovery plan (ECF No. 17-1); and plaintiff's counsel having, thus, having to file a proposed discovery plan without defendant's counsel's input (ECF No. 17); and for good cause appearing,

      **IT IS** on this   **10th** day of **November 2022**   **ORDERED** that:

      1. An in-person settlement conference is scheduled for **December 21, 2022 at 1:30 p.m.** before Magistrate Judge Edward S. Kiel. Attendance by trial counsel, as well as persons with full settlement authority, is mandatory. Each party shall submit by email, to ESK_orders@njd.uscourts.gov, a confidential settlement memorandum of no more than ten double-spaced pages, with an accompanying cover letter, no later than five business days before the conference. The cover letter shall exclude all confidential information and shall be filed, without enclosure, on the Court's electronic docket to confirm submission of the memorandum to the Court's email address.

      2. The imposition of sanctions is appropriate for defendant's counsel's failure to appear for the conference, failure to prepare substantially to participate in the conference, and failure to obey the Court's order. *See* Fed.R.Civ.P. 16(f). Accordingly, plaintiff's counsel is directed to file an affidavit of services for preparation of the proposed joint discovery plan, preparation for the conference, and attendance at the conference by **November 23, 2022** . Defendant may file a response to the affidavit by **December 8, 2022**. The imposition of sanctions shall be addressed at the in-person settlement conference.

3. The opportunity to appear and argue before the Court is valuable to becoming a competent and experienced attorney. The Court encourages law firms and litigants to provide this opportunity to less experienced attorneys, especially where these attorneys drafted or significantly contributed to motions and responses.

4. The parties shall exchange the information required under Rule. 26(a)(1) by **November 12, 2022**.

5. The parties shall meet and confer for an e-discovery conference pursuant to Local Rule 26.1(d) by **November 19, 2022**.

6. Fact discovery is to remain open through **February 17, 2023**. All depositions of fact witnesses must be completed by the close of fact discovery. No fact discovery shall be issued or engaged in beyond that date, except for good cause shown.

7. Motions to add new parties, whether by amended or third-party complaint, and motions to amend pleadings must be filed no later than **March 17, 2023**.

8. The parties may serve initial written discovery requests on or before **November 19, 2022**. Interrogatories shall be limited to **25** single questions, inclusive of subparts.

9. The number of depositions to be taken by each side shall not exceed **5**.

10. The parties are directed to Rule 26(f) and Local Rule 26.1, which address preservation of discoverable information, discovery of electronically stored information, claims of privilege or work product protection, and the obligations of counsel concerning their clients' information management systems.

11. The parties are directed to the Court's civil case management order, which can be found [here](), for procedures concerning discovery disputes, motion practice, and requests for extensions and adjournments. All disputes relating to written discovery requests shall be brought before the Court pursuant to the Court's civil case management order by **January 31, 2023**, or shall be deemed waived and will not be considered by the Court.

12. All affirmative expert reports shall be served by **February 28, 2023**. All responsive expert reports shall be served by **March 17, 2023**. Depositions of all experts shall be completed by **April 17, 2023**. All expert reports shall comport with the form and content requirements set forth in Rule 26(a)(2)(B).

No expert may testify at trial as to any opinions or facts not substantially disclosed in the expert's report.

    13. Proposed confidentiality orders, submitted upon the consent of the parties, must comply with Rule 26(c), Local Rule 5.3, and applicable case law.

    14. Parties and attorneys are encouraged to advise the Court of their preferred pronouns in the signature lines of pleadings, by advising the courtroom deputy before a hearing, or by orally advising the Court at a hearing.

                                                */s/ Edward S. Kiel*
                                                **EDWARD S. KIEL**
                                                **UNITED STATES MAGISTRATE JUDGE**