# EXHIBIT 4

## STOCKHOLDERS' AGREEMENT

AGREEMENT made this 2nd day of January, 1997, by and between ABRAHAM SEBROW, hereinafter called "Abe" residing at 2302 Throop Avenue, Bronx, New York 10469;

JOSEPH SEBROW, hereinafter called "Joe" residing at 137-44 75th Road, Flushing, New York 11367;

ZVI SHAYA SEBROW, hereinafter called "Zvi" residing at 596 Rutland Avenue, Teaneck, New Jersey 07666;

DAVID SEBROW, hereinafter called "David" residing at 72-39 139th Street, Flushing, New York;

S. & S. SOAP CO., INC., hereinafter called "S&S" a domestic corporation with its address at 815 E 135th St., Bronx, New York.

WORBES CORPORATION, hereinafter called "Worbes" a domestic corporation with its address at 815 E 135th St., Bronx, New York.

WORBES LEASING CORP., hereinafter called "WLC" a domestic corporation with its address at 815 E 135th St., Bronx, New York

### W I T N E S S E T H :

WHEREAS, Abe, Joe, Zvi and David are each the owner of fifty shares of the common stock of S&S, same being all of the issued and outstanding shares; and

WHEREAS, Abe, Joe, Zvi and David are each the owners of twenty five shares of the common stock of Worbes, same being all of the issued and outstanding shares; and

WHEREAS, Abe, Joe, Ziv and David are each the owner of twenty five shares of the common stock of WLC, same being all of the issued and outstanding shares; and

WHEREAS, the parties hereto desire to set forth their respective rights, interests and obligations in and to S&S, Worbes, WLC and to each other and desire to provide for various contingencies that may arise and, therefore, deem it to be in their mutual interest that this stockholders' agreement should be made and entered into.

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained, IT IS AGREED as follows:

1 - The parties hereby confirm that the ownership of the shares in S&S, Worbes and WLC is correct and accurate as set forth hereinabove and that each party will faithfully perform and discharge all of the terms and conditions contained in this agreement which is their obligation to carry out.

2 - The business of the corporations, S&S, Worbes and WLC shall continue and operate at their location at 815 East 135th Street, Bronx, New York as it has heretofore, until such changes as may be authorized by their Board of Directors.

3 - The Board of Directors of S&S, Worbes and WLC shall consist of Abe, Joe, Zvi and David who shall act as officers in the following capacities:

          Abe    .... President
          David  .... Vice-President
          Zvi    .... Treasurer
          Joe    .... Secretary

So long as both Abe and Joe are members of the Board of Directors, decisions of the board will be by majority vote. In the event of a tie or even vote, the deciding vote shall be cast by Abe in any calendar year during the period January 1 - June 30th and by Joe in any calendar year during the period July 1 - December 31.

In the event either Abe or Joe are no longer members of the Board, then all decisions of the Board of Directors shall be by unanimous consent.

4 - In order to conduct the business affairs of S&S, WLC and Worbes the parties agree that all checks and other instruments for the payment of money shall require the signature of two (2) persons but only in the following combinations:

          Abe and Joe
          Abe and David
          Joe and Zvi
          Zvi and David

5 - So long as each party is actively engaged in the business of the corporations, S&S, Worbes and WLC, each shall receive an equal salary and equal fringe benefits in accordance with the prevailing practice now in use. Salaries may be increased or decreased from time to time by the Board of Directors

-2-

and further provided that the salaries of Abe, Joe, Zvi and David shall remain equal. In the event, however, that any stockholder shall voluntarily decide to devote less than full time to his job, then his salary and fringe benefits shall be reduced in proportion to his reduced activities. Each stockholder shall remain in the employ of S&S, Worbes and WLC until the earlier of: a) his death; b) his voluntary retirement; or c) his permanent and total disability for a period of six (6) months. In the event of the death of a stockholder, his widow shall continue to receive his salary for a period of six (6) months following his death and shall be based on the deceased's average salary for the six (6) months prior to his death.

6 - No stockholder of S&S, Worbes and WLC shall sell, transfer, assign, mortgage, hypothecate his shares in any of said corporations or enter into any agreement as the result of which some third party shall become a stockholder in any of said corporations without the unanimous consent of all the other stockholders with the sole exception that any stockholder may make a testamentary disposition of his shares to his issue in which event his issue shall own the shares of his deceased father but subject nevertheless to the terms and conditions contained in this agreement. Any other attempted tranfer or disposition of such shares shall be a nullity and unenforceable.

7 - The fiscal year of the corporation shall commence on January 1 and end on December 31 and at the end of each fiscal year there shall be an accounting and a copy of the report shall be furnished to each stockholder.

8 - This agreement may be amended only with the written consent of all of the stockholders and all notices and consents sent pursuant to this agreement shall in all cases be in writing.

9 - Any controvery arising out of or relating to this Agreement shall be resolved by Arbitration before a panel of three (3) arbitrators who shall consist of an orthodox rabbi, a lawyer and a layman. If the parties cannot agree on a panel, the panel shall be selected by the American Arbitration Association who shall choose the three individuals described herein. The findings of the arbitration panel shall be confirmed by the Supreme Court of the State of New York by the prevailing party.

The costs of the arbitration panel shall be assessed by said panel and paid according to the panel's decision which shall be final and binding on all parties. A majority vote of the panel shall be sufficient, binding and enforceable.

10 - This Agreement contains the entire agreement of the parties and supersedes any and all prior agreements among the parties hereto concerning the subject matter hereof.

11 - Any and all notices, requests, demands, or other communications hereunder shall be in writing and shall be sent by certified mail, postage prepaid, return receipt requested, to the parties at the addresses set forth hereinabove, or at such address as they may designate from time to time. Copies of all of such communications shall also be sent simultaneously by first class mail and fax to:

> Bernard Koenigsberg, Esq.
> 250 West 94th Street
> New York City, New York 10025
> Fax No. (212) 932 2083

12 - If any of the provisions of this Agreement is held invalid, it shall not affect the other provisions hereof which can be given effect as the provisions of this Agreement are intended to be severable.

13 - The validity of this Agreement shall be determined by the laws of the State of New York and shall be binding upon the heirs, successors and personal representatives of all of the parties.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement upon the day and year first written above.

_____          _____
Abraham Sebrow                            Joseph Sebrow

_____          _____
Zvi Shaya Sebrow                          David Sebrow

S&S SOAP CO., INC.,            WORBES CORP.                  WORBES LEASING CORP
By: Abraham Sebrow, Pres.      By: Abraham Sebrow, Pres.     By: Abraham Sebrow, Pres
Attest: Joseph Sebrow, Sec'y   Joseph Sebrow, Sec'y          Joseph Sebrow, Sec'y

-4-