## STATEMENT OF REASONS
## ▇▇▇ v. B.S. / B.S. v. H.B
## FV-07-265-22 / FV-07-487-22

Defense counsel has filed a motion to withdraw as counsel citing to the fact that his client has failed to provide payment for services and that counsel cannot continue to proceed as the continued representation represents a hardship to himself and his firm. Specifically, counsel proffers as follows:

- "Since February of 2022, [B.S.] has been unable to fulfill her financial obligations under the terms of the Attorney-Client Retainer Agreement;"

- "Counsel in this matter has experienced significant financial hardship in continuing to represent [B.S.] without compensation for approximately two and a half years. As this matter has progressed, this hardship has become increasingly burdensome, significantly affecting counsel's ability to provide effective legal representation to [B.S.];" and

- "The extensive and ongoing investment of time and resources required to continue in this matter has imposed an unreasonable financial burden and hardship, which has significantly impaired my ability to provide effective and proper legal representation to my client as this case progresses."

Procedurally, this motion to be relieved as counsel was filed in the middle of an

-3-

ongoing, protracted domestic violence trial where B.S. is both a defendant and a plaintiff. As of today's date, no opposition has been filed by counsel for ███ Moreover, there has been no substitution of counsel filed by any successor counsel for B.S.

"An attorney may withdraw for justifiable and lawful cause, after giving proper notice and obtaining leave of court." State v. Johnson, 274 N.J. Super. 137, 147 (App. Div. 1994) (citation omitted). Counsel may withdraw for "the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being seasonably requested to do so." Jacobs v. Pendel, 98 N.J. Super. 252, 255 (App. Div. 1967).

Additionally, R.P.C. 1.16(b)(6) permits an attorney to withdraw from representation where "the representation will result in an unreasonable financial burden on the lawyer . . . ." The Appellate Division has stated "we cannot forget that the literal wording of our Rule permits withdrawal on the basis of an 'unreasonable financial burden' independent of 'material adverse effect on the interests of the client.'" Smith v. R.J. Reynolds Tobacco Co., 267 N.J. Super. 62, 80 (App. Div. 1993) (citation omitted).

-4-

Rule 1:11-2 provides, in pertinent part, as follows:

> (a) Generally. Except as otherwise provided by R. 5:3-5(e) (withdrawal in a civil family action) and R. 7:7-9 (withdrawal and substitution in a municipal court action),
>> (1) prior to the entry of a plea in a criminal action or prior to the fixing of a trial date in a civil action, an attorney may withdraw upon the client's consent provided a substitution of attorney is filed naming the substituted attorney or indicating that the client will appear pro se. If the client will appear pro se, the withdrawing attorney shall file a substitution. If a mediator has been appointed, the attorney shall serve a copy of the substitution of attorney on that mediator simultaneously with the filing of the substitution with the court, and
>> (2) after the entry of a plea in a criminal action or the fixing of a trial date in a civil action, an attorney may withdraw without leave of court only upon the filing of the client's written consent, a substitution of attorney executed by both the withdrawing attorney and the substituted attorney, a written waiver by all other parties of notice and the right to be heard, and a certification by both the withdrawing attorney and the substituted attorney that the withdrawal and substitution will not cause or result in delay.

Rule 5:3-5 provides, in pertinent part, as follows:

> (e) Withdrawal from Representation.
>> (1) An attorney may withdraw from representation ninety (90) days or more prior to the scheduled trial date on the client's consent in accordance with R.

> 1:11 - 2(a)(1). If the client does not consent, the attorney may withdraw only on leave of court as provided in subparagraph (2) of this rule.
> (2) Within ninety (90) days of a scheduled trial date, an attorney may withdraw from a matter only by leave of court, on motion with notice to all parties. The motion shall be supported by the attorney's affidavit or certification setting forth the reasons for the application and shall have annexed the written retainer agreement. In deciding the motion, the court shall consider, among other relevant factors, the terms of the written retainer agreement and whether either the attorney or the client has breached the terms of that agreement; the age of the action; the imminence of the scheduled trial; the complexity of the issues; the ability of the client to timely retain substituted counsel; the amount of fees already paid by the client to the attorney; the likelihood that the attorney will receive payment of any balance due under the retainer agreement if the matter is tried; the burden on the attorney if the withdrawal application is not granted; and the prejudice to the client or to any other party.

Here, this matter has been involved in a very protracted trial for quite some time.

Procedurally, the trial has involved a lengthy R. 104 hearing, involving forensic experts, which has been incorporated into the trial record. The plaintiff's case in chief as a plaintiff has been completed. We are now in the midst of the cross-examination of the defendant, which has continued for several days. Remaining

-6-

alaso is the plaintiff's case as defendant.

The court is appreciative of and cognizant of the Rules of Court and the Rules of Professional Conduct applicable to this matter. The sole issue as between counsel and his client is financial. The court recognizes the strain that can fall upon counsel if a client has failed to make payments for services rendered. That being said, the court is not aware of any basis in law to permit a lawyer to withdraw from a case that is actively being tried. Counsel has not provided any citation to any rule or case that would permit such an extraordinary remedy. There is nothing in R. 1:11-2 or R. 5:3-5 that permits the withdrawal of counsel in the midst of an ongoing trial. Given the posture of this matter, it would be extremely prejudicial to both B.S. and H.B. for this matter to again be paused for B.S. to obtain counsel prepared to continue the trial. As such, the motion to be relieved as counsel is denied without prejudice.

That being said, if the defendant is able to find successor counsel who is both willing to parachute into this matter at this procedural juncture without any delay to the continuation of the trial, the court will certainly permit such a substitution following a voir dire of both successor counsel and the defendant so long as this condition precedent is satisfied.