**IRA HELLER LAW, LLC**

IRA W. HELLER, ESQ.
(MEMBER OF BAR - NJ & NY)

1317 Morris Avenue, Union, NJ 07083
Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

January 30, 2025

**VIA ECF FILING**
United States Magistrate Judge Stacey D. Adams
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

      Re: John Doe v. Baila Sebrow
      United States District Court, District of New Jersey
      Case No.: 2:21-cv-20706
      **Response to Text Order of the Hon. Judge Stacey D. Adams**

Dear Judge Adams,

    As Your Honor is aware, my Law Office represents the Defendant, Ms. Betty Sebrow, in the above referenced matter. I write this letter in brief response to Your Honor's text Order, issued early this morning, in which Your Honor Ordered the sealing of Exhibit 8 which was annexed to my January 27, 2025 Reply to Plaintiff's Opposition to my Motion to Withdraw (see Document #143).

    Your Honor's Text Order states in regard to the Exhibit: "This is yet another violation of the Court's pseudonym order by Defendant and her counsel that requires Plaintiff's name to be redacted from all public filings." I very respectfully reconsideration of Your Honor's characterization for the following reasons.

    First, as I explained in my letter response to Mr. Szalkiewicz request to seal the document, filed on January 29, 2025 (Document # 141), I explained that Exhibit #8, which was a Court Order issued by a Judge in the Superior Court of New Jersey, domestic violence division, who meticulously avoided identifying the litigants in that Order, using only initials.

    In response to Mr. Szalkiewicz's request to seal the document, I immediately informed the Court that if the presence of the Plaintiff's initials is deemed to constitute identification under Judge Kiel's Order, I would promptly redact them and either refile the Exhibit or resubmit the entire filing as necessary. However, despite what I believe was a reasonable inquiry, an Order was issued finding that I had committed another violation of the redaction Order - this, despite the fact that I had immediately sought guidance from the Court on the proper course of action to ensure full compliance and avoid any violation

    It is important for Your Honor to understand that my letter dated January 29, 2025, was an immediate response to Mr. Szalkiewicz's request to seal the document. In that letter, I also requested permission to resubmit the document should Your Honor deem the Plaintiff's initials necessary to redact. The reason for this request is that the Exhibit in question is a crucial part of the record supporting my Motion to Withdraw as Counsel. It directly responds to a statement made in the third paragraph of Mr. Szalkiewicz's Opposition papers to my motion (see Document #140). In his submission, Mr. Szalkiewicz states as follows:

:

> Importantly, Mr. Heller has represented to this court he is a pro-bono attorney, making his sole basis to withdraw – the fact he is not being paid – illusory. As Mr. Heller continues to represent Ms. Sebrow in the domestic violence action against her, Ms. Sebrow clearly has an abundance of funds with which she is able to pay him, and the timing of this motion is suspect at best, this Court should deny Defendant's request for relief as yet another delay tactic to prevent Plaintiff from obtaining justice in this action.

As per the above, Mr. Szalkiewicz contends that I am misleading the Court, alleging that while I claim to be a pro bono attorney in this matter, I am continuing to represent the Defendant in the Essex County domestic violence proceeding for compensation.

Given these assertions, it was crucial that I demonstrate to this Court that I had, in fact, filed a Motion to Withdraw in Essex County, citing the same reasons as those presented here (Exhibit 7 of Document 141). Furthermore, presenting Exhibit 8 was of significant importance that I be allowed to show that my motion in Essex County was denied, not for reasons relevant to this proceeding, but primarily because the Essex County matter is currently in the midst of an ongoing trial. Without the opportunity to fully substantiate my Reply with this information, I would remain vulnerable to a further accusation from Mr. Szalkiewicz of dishonesty when I am required to continue as counsel in Essex County when the trial resumes next month.

I sincerely hope this provides Your Honor with additional context, demonstrating that I exercised extreme caution to ensure full compliance with the Pseudonym Order. My letter of January 29, 2025 to the Court was submitted immediately after Mr. Szalkiewicz's request to seal the document, highlighting my diligence in adhering to the Order while also ensuring that the Exhibit, which contains essential information supporting my Reply, remains accessible within the appropriate confines of the Court's directives.

Thanking Your Honor for your kind attention and consideration.

Respectfully submitted,

*[signature]*

Ira W. Heller, Esq.

cc: Daniel Szalkiewicz, Esq.
    *Attorney for Plaintiff*
    Cali Madia, Esq.
    *Attorney for Plaintiff*