# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CASE NUMBER: |
| | ) 2:21−CV−20706−SDW−ESK |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| BAILE SEBROW | ) NOTICE OF MOTION TO VACATE |
| | ) SANCTIONS PURSUANT TO FED. R. |
| | ) CIV. P. 60(b) |
| Defendant. | ) |

TO: Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, P.C.
23 West 73rd Street, Suite 102
New York, NY 10023

**PLEASE TAKE NOTICE** that on _____, 2025, or as soon thereafter as counsel may be heard, the undersigned, Ira W. Heller, Esq., former counsel for Defendant Baila Sebrow, shall move before the United States District Court, District of New Jersey, located at 2 Federal Square, Newark, New Jersey, for an Order:

1. Vacating the sanctions originally imposed by this Court's November 10, 2022 Order, and recently preserved in the May 7, 2025 Order; and

2. Striking the fee certifications submitted by Daniel Szalkiewicz and Abraham Borenstein for failure to comply with L. Civ. R. 54.2(a) and/or for lack of standing; and

3. Directing Plaintiff's counsel to refund the $600 previously paid by Defendant's counsel toward satisfaction of the now-vacated sanctions; or alternatively

1

4. Ordering the $600 previously paid by former counsel be deemed full and final satisfaction of any sanction arising from former counsel's failure to attend the November 10, 2022 conference; and

5. Barring any further enforcement or collection of the vacated sanctions; and

6. Granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that the undersigned shall rely on the Certification of Counsel and Memorandum of Law submitted herewith, and respectfully requests that the motion be decided on the papers pursuant to Local Civil Rule 78.1. A proposed form of order is submitted herewith.

DATED: June 20, 2025

Ira W. Heller, Esq.

**Ira Heller Law, LLC**
Former Attorneys for Defendant
1317 Morris Avenue
Union, New Jersey 07083
Tel: 908-275-8626
Email: iwhelleresq@gmail.com
*Former Counsel to Baila Sebrow*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CASE NUMBER:** |
| | ) **2:21−CV−20706−SDW−ESK** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BAILE SEBROW** | ) **CERTIFICATION OF ATTORNEY IN** |
| | ) **SUPPORT OF MOTION TO VACATE** |
| | ) **SANCTIONS PURSUANT TO FED. R.** |
| **Defendant.** | ) **CIV. P. 60(b)** |
| | ) |

I, IRA W. HELLER, hereby certify as follows:

  1. I am an attorney at law admitted to practice before this Court and was formerly counsel of record for Defendant Baila Sebrow in the above-captioned matter. I submit this Certification in support of my Motion pursuant to Fed. R. Civ. P. 60(b) to vacate sanctions preserved in the Court's May 7, 2025 Order (copy of Order annexed hereto as **EXHIBIT 1** [ECF 148]).

  2. At the inception of this case, my CM/ECF account credentials were outdated and contained contact information associated with a former law firm I had worked for between 2008 and 2013. As a result, I was not only unable to receive electronic notices from the District of New Jersey, but also unable to log into the CM/ECF system altogether, including to file documents or monitor docket activity. Upon discovering the issue, I undertook persistent efforts, consisting of repeated phone calls and follow-ups with the Clerk's Office and ECF Help Desk, which spanned approximately one month before the issue was finally resolved in December 2022. Until that time, my only source of information about case developments came from direct emails forwarded to me by my adversary in this matter, Daniel Szalkiewicz, Esq.

1

3. On or about November 7, 2022, Mr. Szalkiewicz emailed me stating that the Court had ordered the parties to submit a Joint Proposed Discovery Plan by November 10, 2022. He included a blank version of the required form for my review. The following day, on November 9, 2022, he sent a follow-up email attaching his completed draft of the Discovery Plan containing only Plaintiff's information, and requested that I complete the Defendant's portion and return it to him.

4. On November 10, 2022, I sent an email communication to Mr. Szalkiewicz at 1:54pm, informing him that my redlined version of the Joint Proposed Discovery Plan would be shortly forthcoming, which was subsequently attached to a follow-up email at 3:39pm which had my redlined Joint Proposed Discovery Plan attached (copy of Email is annexed hereto as **EXHIBIT 2**). Shortly thereafter, Mr. Szalkiewicz responded with a brief email, informing me that the scheduled telephone conference with Magistrate Judge Kiel had already taken place earlier that day, and that the submission deadline had passed.

5. I most certainly take full responsibility for having missed that scheduled conference, as information forwarded to me by Mr. Szalkiewicz did contain a notice of a telephone conference on the morning of November 10, 2022. I later acknowledged and profusely apologized to Magistrate Judge Kiel when we appeared personally before the Court at the next conference, later that month on the next November 23, 2022.

6. The sanctions, which resulted from the November 10, 2022, stemmed from what was essentially a misrepresentation by Mr. Szalkiewicz which deliberately cast me in a negative light. Specifically, on November 10, 2022, the same day I transmitted my redlined Proposed Joint Discovery Plan to Mr. Szalkiewicz via email, he submitted a letter to the Court (letter annexed hereto as **EXHIBIT 3**), stating as follows:

> "We represent the plaintiff in the above-referenced matter. I apologize for the tardiness of this submission, but our office has still not received consent from the defendant to submit a proposed joint order. So that the court has an order for today's conference, I am uploading a copy of Plaintiff's proposed order that was sent to the defendant's counsel on November 7, 2022. To date, the defendant's counsel has not provided us with any feedback on the contents of the order."

This representation by Mr. Szalkiewicz was misleading, since as of the time he submitted that letter, he had either already received my redlined version of the Joint Discovery Plan (or had at least received notice at 1:54pm would be forthcoming), which he received via email attachment at 3:39pm that afternoon – referenced previously as Exhibit 1).

7.  Critically, Mr. Szalkiewicz did NOT copy me on his letter to the Court, despite his having had full knowledge of the fact that I was not receiving CM/ECF notifications due to a technical access issue beyond my control. By excluding me from that correspondence, I was effectively precluded from any opportunity to correct the record or to notify Chambers that I had not simply ignored the discovery planning requirement. Apparently, judging from the tone of the Order, this was the Court's impression subsequent to my missed appearance at the November 10, 2022 telephone conference.

8.  Had I been aware of Mr. Szalkiewicz's submission, I would have immediately contacted the Court to advise that I had, in fact, provided a redlined Proposed Joint Order and that opposing counsel was in possession of it. However, since that option was unavailable to me, it was Mr. Szalkiewicz's ex parte communication from which the Court drew its conclusion, and issued its unjust and highly damaging sanctions Order.

9.  Magistrate Judge Kiel Order stated as follows (annexed hereto as **EXHIBIT 4**):

> "The imposition of sanctions is appropriate for defendant's counsel's failure to appear for the conference, failure to prepare substantially to participate in the conference, and failure to obey the Court's order. See Fed. R. Civ. P. 16(f)."

10. I found out about the November 10, 2022 Order from an email received from Mr. Szalkiewicz the next day, November 11, 2022, to which the Order was attached (see email annexed hereto as **EXHIBIT 5**). Nowhere in this email or any prior emails did Mr. Szalkiewicz attach a copy of his letter to Judge Kiel, of which I only became aware much later when I retrospectively looked into the sequence of events surrounding the issuance of the sanctions, and found Mr. Szalkiewicz's November 10, 2022 cover letter to his Proposed Joint Discovery Plan which he sent to the Court on November 10, 2022.

11. My failure to participate in the Rule 16 process was not a "substantial failure" as characterized by the Order. Mr. Szalkiewicz knowingly failed to inform the Court of my correspondence and my submission to him on November 10, 2022, thus bolstering the Court's misperception that I had willfully and entirely ignored my obligations. That omission, coupled with my absence from the conference, appears to have provoked a level of judicial frustration that culminated in an unduly harsh and punitive Order.

12. As per the November 10, 2022 Order, the Order stated that "plaintiffs counsel is directed to file an affidavit of services for preparation of the Proposed Joint Discovery Plan, preparation for the conference, and attendance at the conference by November 23, 2022." The parameters of the sanctions, therefore, involved the preparation of the 4 page Proposed Joint Discovery Plan, and attendance at a phone conference. How this then resulted in hours upon hours of billing, to include massive billing from Mr. Abraham Borenstein, Esq., an attorney who was not even an attorney of record in this matter, or a member of Mr. Szalkiewicz's law firm.

**The Sanctions**

10. The total amount I was ultimately ordered to pay in sanctions was $11,000, based on the fee certifications submitted by Mr. Szalkiewicz and Mr. Borenstein. Critically, neither

4

attorney appended a retainer agreement to their respective certifications, as explicitly required by Local Civil Rule 54.2(a). Nor did either submission include the billing specificity necessary to determine what, if any, portion of the time billed was attributable to the conduct for which I was allegedly being sanctioned. Copies of the fee submissions are annexed hereto as **EXHIBIT 6** [see ECF 25].

11. With respect to Mr. Borenstein's certification, it contains no contemporaneous time records and consists merely of a conclusory statement that he billed 10 hours "preparing for the conference." No detail is provided to clarify what those 10 hours entailed. Moreover, Mr. Borenstein never entered a Notice of Appearance and was not listed as counsel of record in the federal matter. Nevertheless, he submitted a $5,000 invoice and was awarded fees as though he had formally participated as counsel of record, without any evidentiary support for such a role or justification for his fees under applicable standards.

12. Mr. Szalkiewicz's certification appears to include time entries extending well beyond the November 10, 2022 discovery conference and encompasses tasks that bear no discernible connection to the missed event. His submission fails to provide a meaningful breakdown tracing how the billed time corresponds to my alleged noncompliance. Many of the entries appear related to the preparation of letters and filings unrelated to the discovery plan or the November 10 appearance. No adequate explanation was ever offered to justify the $11,000 in total billing, or to establish that the charges stemmed directly from my conduct. This is plainly inconsistent with Federal Rule 16(f)(2), which permits reimbursement only for "reasonable expenses incurred because of any noncompliance with this rule." Neither Mr. Szalkiewicz nor Mr. Borenstein provided the required linkage between their fees and any identifiable burden caused by my missed appearance. Furthermore, the apparent duplication of effort, where each

5

attorney claims to have independently prepared for the same proceeding, casts additional doubt on the legitimacy of their respective billing statements.

13. In addition to the procedural and factual flaws already detailed, Plaintiff's counsel engaged in conduct that may independently warrant corrective relief:

   a. **Violation of Duty of Candor (Rule 11 & RPC 3.3):** Mr. Szalkiewicz submitted a letter to the Court on November 10, 2022, stating that I had failed to cooperate with the Court's directive to participate in the creation of a Joint Proposed Discovery Plan, while failing to copy me on his communication. His failure to redlined Discovery Plan prior to the Court's entry of sanctions. His failure to share this communication, while knowingly allowing the Court to be misinformed about my conduct, constitutes a violation of the duty of candor to the tribunal. This omission had a direct and adverse effect on the Court's ruling.

   b. **Unauthorized Practice & Ghost Billing:** Mr. Borenstein submitted a fee certification without having entered an appearance in this case. He did not appear in any proceedings, nor communicate on the record with the Court. Nonetheless, he seeks $5,000 in fees for "preparing" for a conference at which he did not appear and had no standing to represent a party. This appears to be ghost participation, which violates professional norms and undermines judicial transparency.

   c. **Violation of Local Civil Rule 54.2(a):** Neither counsel attached a retainer agreement or adequate documentation justifying the rates claimed. Borenstein's submission lacks any time entries or billing detail beyond a lump-sum figure. Szalkiewicz's itemizations are duplicative, non-specific, and cover time spent on

6

general case development, not efforts caused by any alleged noncompliance. Both fail to satisfy the mandatory criteria under L. Civ. R. 54.2(a), and their submissions should be stricken or disregarded in assessing sanctions.

    d. **Fee-Shifting Abuse:** The sanctions motion has been improperly leveraged to recoup routine attorney time, despite Rule 16(f)'s express limitation to "expenses incurred because of" a specific violation. The inclusion of entries for internal email reviews, client updates, and repeated memo drafting illustrates an effort to convert a procedural dispute into a fee recovery mechanism. This practice distorts the purpose of Rule 16(f) and offends basic principles of proportionality and fairness.

14. For all of the foregoing reasons, the sanctions award rests on a flawed factual premise, lacks legal and procedural foundation, and must be vacated in the interest of justice.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Ira W. Heller, Esq.

**Ira Heller Law, LLC**
Attorneys for Defendant
1317 Morris Avenue
Union, New Jersey 07083
Tel: 908-275-8626
Email: iwhelleresq@gmail.com
*Former Counsel to Baila Sebrow*

7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CASE NUMBER: |
| | ) 2:21−CV−20706−SDW−ESK |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BAILA SEBROW | ) MEMORANDUM OF LAW IN |
| | ) SUPPORT MOTION TO VACATE |
| | ) SANCTIONS PURSUANT TO FED. R. |
| Defendant. | ) CIV. P. 60(b) |
| | ) |

I, Ira W. Heller, Esq., am former counsel to Baila Sebrow, Defendant in the above referenced matter. I hereby submit this Memorandum of Law in Support of Motion to Vacate Sanctions Pursuant to Fed. R. Civ. P. 60(b)

**PRELIMINARY STATEMENT**

he underlying sanctions were originally imposed on November 10, 2022, based on the Defendant's counsel's failure to appear for a telephone conference pursuant to Rule 16, and on belief that Defendant's counsel failed to participate in the discovery planning process.

As per facts presented in the accompanying Certification, those findings were premised upon misleading representations by opposing counsel, and deliberate failure to share essential information with Defendant's counsel. Relief is accordingly warranted under multiple subsections of Rule 60(b).

**LEGAL ARGUMENTS**

**POINT I**

1

**Relief is Warranted Under Rule 60(B)(1) For Mistake, Inadvertence, and Excusable Neglect**

Rule 60(b)(1) permits relief from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Courts have recognized excusable neglect where noncompliance arises from clerical errors or communication failures. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Here, Defendant's counsel was compelled to rely upon Plaintiff's counsel as conduit of communications with the Court, due to incorrect email and login information in the ECF Filing system, that took an entire month to rectify notwithstanding Defendant's Counsel's persistent efforts to rectify it. Moreover, unbeknownst to the Court, Defendant's counsel had expended efforts to submit a Joint Proposed Discovery Plan, information deliberately withheld by Plaintiff's counsel, thus constituting relief under Rule 60(b)(1).

**POINT II**

**The Order Was Procured Through Misrepresentation Under Rule 60(B)(3)**

Rule 60(b)(3) authorizes relief where a judgment or order was obtained through "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Third Circuit has held that omission of material facts known to opposing counsel may qualify. See *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

In this case, opposing counsel failed to disclose information material to the Judge's decision in a court Order. This omission misled the Court and deprived Defendant's counsel's opportunity to correct the record. Such conduct meets the threshold for misrepresentation and warrants vacatur of the resulting sanction.

**POINT III**

**Extraordinary Circumstances Exist Under Rule 60(B)(6)**

Rule 60(b)(6) is a catch-all provision allowing relief for "any other reason that justifies relief." Courts apply it where extraordinary circumstances make enforcement of the judgment unjust. See *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977).

Here, the sanctions were imposed based on misstatements and procedural irregularities, including:

- Failure of notice caused by outdated CM/ECF routing.
- Failure of opposing counsel to disclose known submissions.
- Improper fee certifications unsupported by contemporaneous billing.
- Participation by non-record counsel (Mr. Borenstein), whose billing violates L. Civ. R. 54.2(a).

These circumstances, taken together, justify relief under Rule 60(b)(6).

The Court must also take note of the email correspondence issued by the Hon. Judge Farbiarz in July of 2023 (see ECF 71, 79, 80 and 81), which are already part of the record, for confirmation that the imposition of sanctions arose in a context clouded by procedural miscommunication and mistaken assumptions. These judicial acknowledgments reinforce the conclusion that extraordinary circumstances and misrepresentations warrant vacatur under Rule 60(b).

**POINT IV**

**The Fee Certifications Violate Rule 16(F) and Local Rule 54.2**

Rule 16(f)(2) limits sanctions to "reasonable expenses incurred because of any noncompliance." Courts must distinguish between ordinary litigation costs and those causally

3

tied to the specific violation. See *Abtrax Pharms., Inc. v. Elkins-Sinn, Inc.*, 139 N.J. 499, 514 (1995).

Here, the bulk of the fees submitted were unrelated to the conduct sanctioned. They cover post-violation activities such as preparing for the settlement conference and reacting to defense correspondence. Moreover, Mr. Borenstein's certification fails to attach a retainer agreement or time entries, in violation of L. Civ. R. 54.2(a), and he was never counsel of record. The dual billing of duplicative tasks between Szalkiewicz and Borenstein further supports denial or reduction of the fee award.

## **CONCLUSION**

For the reasons set forth herein and in the accompanying Certification, Movant respectfully requests that the Court:

1. Vacate the sanctions imposed by the November 10, 2022 Order and preserved in the May 7, 2025 Order; and

2. Deny enforcement of any sanctions-related fee claims; and

3. Order Plaintiff's counsel, Daniel Szalkiewicz, to return the $600 previously paid by Movant; and

4. Strike the improper fee submissions of Abraham Borenstein for failure to comply with Local Civil Rule 54.2 and for lack of standing as non-record counsel; and

5. Grant such other and further relief as the Court deems just and proper.

DATED: June 20, 2025

_____
Ira W. Heller, Esq.

**Ira Heller Law, LLC**
Attorneys for Defendant
1317 Morris Avenue
Union, New Jersey 07083
Tel: 908-275-8626
Email: iwhelleresq@gmail.com
*Former Counsel to Baila Sebrow*

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CASE NUMBER:** |
| | ) **2:21−CV−20706−SDW−ESK** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BAILE SEBROW** | ) **PROPOSED ORDER** |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER** having been opened to the Court by Ira W. Heller, Esq., former counsel for Defendant Baila Sebrow, by way of motion pursuant to Fed. R. Civ. P. 60(b), seeking to vacate the sanctions imposed by this Court's November 10, 2022 Order and preserved in the May 7, 2025 Order; and the Court having considered the Certification of Counsel, the Memorandum of Law, all supporting documents, and any opposition submitted; and for good cause shown;

**IT IS on this ___ day of _____, 2025, ORDERED as follows:**

1. The sanctions imposed by this Court's November 10, 2022 Order, and preserved in the May 7, 2025 Order are hereby VACATED with prejudice; and

2. The fee certifications submitted by Daniel Szalkiewicz and Abraham Borenstein for failure to comply with L. Civ. R. 54.2(a) and/or for lack of standing are hereby stricken; and

3. Plaintiff's counsel is hereby Ordered to refund the $600 previously paid by Defendant's counsel toward satisfaction of the now-vacated sanctions; or alternatively,

1

4. The $600 previously paid by former counsel shall be hereby deemed full and final satisfaction of any sanction arising from former counsel's failure to attend the November 10, 2022 conference; and

5. Further enforcement or collection of the vacated sanctions is hereby barred; and

6. The following additional reliefs shall be granted as follows:

_____

IT IS SO ORDERED.

_____
HON. STACEY D. ADAMS, U.S.M.J.