**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JOHN DOE**, | |
| Plaintiff, | Case No. 2:21-cv-20706 (MEF) (SDA) |
| v. | |
| **BAILA SEBROW**, | **ORDER ON DEFENSE COUNSEL'S MOTION TO WITHDRAW** |
| Defendant. | |

**THIS MATTER** having come before the Court on the Notice of Motion filed by Petitioner Ira Heller, Esq. ("Petitioner"), seeking to withdraw as counsel of record for Defendant Baila Sebrow ("Defendant"). (ECF No. 139). Plaintiff filed an Opposition to the Motion on January 22, 2025. (ECF No. 140). Petitioner filed a reply on January 27, 2025. (ECF No. 141). Notably, Defendant did not oppose Petitioner's motion. The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. The Court, having considered the papers submitted, and for good cause shown:

**IT IS ON THIS 7th day of May, 2025 ORDERED:**

1. Petitioner's Motion to Withdraw (ECF No. 139) is **GRANTED**. The Clerk of Court is respectfully directed to terminate Petitioner as counsel of record and terminate the Motion at ECF No. 139.

2. Defendant shall have until **June 13, 2025**, to retain new counsel. If Defendant does not retain counsel by this date, she must proceed in this litigation *pro se.*

3. An **IN-PERSON** status conference is scheduled for **June 23, 2025 at 3:00 p.m.** before Magistrate Judge Adams at the Frank R. Lautenberg Post Office and U.S. Courthouse,

i

2 Federal Square, Courtroom 9, Newark, NJ 07102. All counsel and parties must be in attendance.

4. Petitioner is directed to serve a copy of this Order toon Defendant via regular mail and e-mail.

**IT IS SO ORDERED.**                    *s/ Stacey D. Adams*_____ .
                                         **STACEY D. ADAMS**
                                         **UNITED STATES MAGISTRATE JUDGE**

*For the reasons set forth in the attached Opinion.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**JOHN DOE**,

Plaintiff,

v.

**BAILA SEBROW**,

Defendant.

Case No. 2:21-cv-20706 (MEF) (SDA)

**OPINION**

**May 7, 2025**

### STACEY D. ADAMS, UNITED STATES MAGISTRATE JUDGE

Before the Court is a motion filed by Ira Heller, Esq. ("Petitioner"), counsel for Defendant Baila Sebrow ("Defendant"), seeking leave to withdraw as counsel (the "Motion"). (ECF No. 139). Plaintiff John Doe ("Plaintiff") filed an Opposition to the Motion. (ECF No. 140). Petitioner filed a Reply. (ECF No. 141). The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, and for the reasons set forth below, the Motion is **GRANTED**.

### RELEVANT BACKGROUND/PROCEDURAL HISTORY

The Court incorporates by reference the extensive factual background and procedural history set forth in its Order and Opinion dated March 28, 2025 on Defendant's Motion for Leave to File an Amended Answer and Counterclaim. (ECF No. 147 at 1-14). Only the background relevant to this application is set forth herein.

This lawsuit began on December 23, 2021. (ECF No. 1). The matter was dismissed for lack of prosecution, and then reinstated. (ECF Nos. 5, 7). Defendant filed an Answer on October 21, 2022. (ECF No. 13). Petitioner has represented her since that time. The procedural history in this matter has been plagued by countless discovery issues and Plaintiff has accused Defendant and her counsel of intentionally violating the pseudonym order, refusing to abide by Court orders

2

concerning discovery and purposefully delaying the case. Defendant and Petitioner have been sanctioned by the Court. (ECF No. 56). Petitioner claimed he has made errors because he is overwhelmed with the number of filings and complexity of this matter, particularly given his lack of familiarity with Federal Court procedures. (*See* ECF No. 33, Tr. 3:6-10; ECF No. 109, Tr. 5:23-25; 6:1-2). Petitioner also previously notified the Court that Defendant was not paying his fees, putting additional strain on him as a solo practitioner and making his job that much more difficult. (*See* ECF No. 71 at 6; ECF No. 79).

Petitioner now seeks to be relieved as Defendant's counsel. Petitioner explains that Defendant has been "unable to fulfill her financial obligations under the terms of the Attorney-Client Retainer Agreement to pay fees for legal services." (Pet. Cert., ECF No. 139-1 ¶ 2). He claims that, because he is a solo practitioner, he can no longer bear the financial burden of unpaid fees. (*Id.* ¶ 3). His client does not oppose the request.

Surprisingly, despite all his complaints about Defendant's counsel, Plaintiff opposes the Motion. (ECF No. 140, "Opp."). He advances several arguments against Petitioner's withdrawal. First, he argues that withdrawing solely for financial reasons is insufficient, particularly because he believes Defendant recently received a $1.6 million judgment in an unrelated litigation. (*Id.* at 4). Second, he asserts that he will be unduly prejudiced if Petitioner is permitted to withdraw because Petitioner has historical knowledge of Defendant's obligations with respect to the production of electronically stored information ("ESI") that still has yet to be produced. (*Id.* at 7-8). Third, Plaintiff argues that withdrawal will be "contrary to the administration of justice" because Petitioner has yet to pay sanctions previously ordered by the Court and due to Defendant's then-outstanding motion to amend (which has since been decided). (*Id.* at 8-9). For the same reasons, Plaintiff lastly argues that withdrawal will further delay resolution of the case.

## LEGAL ANALYSIS

### I. Standard

In reviewing a motion to withdraw as counsel, the Court must consider: "(1) the reason the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case." *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993). The decision to permit an attorney to withdraw is within the discretion of the Court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).

Unless new counsel is substituted, no attorney may withdraw except with leave of Court. L. Civ. R. 102.1. In relevant part, Rule of Professional Conduct ("R.P.C.") 1.16(b) provides that an attorney may withdraw from representing a client where "(1) withdrawal can be accomplished without material adverse effect on the interests of the client . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause shown for withdrawal exists."

### II. Analysis

In the instant matter, although Petitioner indicated that Defendant is in the process of retaining new counsel, no counsel has been substituted to date. (Pet. Cert. ¶ 7). Accordingly, leave of Court is required for Petitioner to withdraw. L. Civ. R. 102.1.

Petitioner seeks to withdraw because Defendant has been unable to pay her legal bills, and as a solo practitioner, Petitioner has faced "significant financial hardship in continuing to represent Defendant without compensation." (Pet. Cert. ¶¶ 3, 6). He explains that, between this case and the

domestic violence litigation between the parties in which he also represents Defendant, he has dedicated more than 730 hours of work, carrying a balance of $244,856 in unpaid legal fees.[1] (Reply Cert., ECF No. 141 ¶ 14). Therefore, Petitioner's application invokes R.P.C. 1.16(b) subsections (1), (5), (6) and (7).

Several courts in this District have held that withdrawal is warranted for non-payment of fees. *See PNY Techs., Inc. v. Salhi*, No. 12-cv-4916 (CCC) (JBC), 2016 WL 10570917, at *2 (D.N.J. Sept. 26, 2016) (finding withdrawal appropriate where discovery was complete, dispositive motions were forthcoming, and continued representation would result in increased financial burden where client owed withdrawing attorney $75,000); *Rastelli Partners, LLC v. Baker*, No. 23-cv-3126 (RBK) (AMD), 2024 WL 1913084, at *2 (D.N.J. Mar. 6, 2024) (finding withdrawal warranted based on non-payment of fees even though the application was opposed, in part because of the financial burden it placed on the attorney as a solo practitioner); *Liberty Mut. Ins. Co. v. Yip*, No. 20-cv-3461 (SDW) (AME), 2021 WL 4206299, at *3 (D.N.J. Sept. 16, 2021) (finding withdrawal was warranted where client owed attorney $25,000 and had not paid despite repeated requests to do so).

Here, Defendant has accumulated almost $250,000 in unpaid fees between the two matters in which Petitioner is representing her. While the Court does not have a breakdown of fees between the two matters, if even a third of these fees were incurred in this case, the lack of payment creates an extreme burden on Petitioner. This is particularly true given that he is a solo practitioner. Petitioner cannot be expected to continuously carry this burden, or to work for free, in this complex and complicated matter.

---

[1] Petitioner simultaneously filed a motion to withdraw in the domestic violence matter. (Reply Cert. ¶ 25). The motion was denied. (*Id.* ¶ 26, Ex. 8). However, that case is mid-trial and in a different procedural posture than the instant matter.

5

This analysis is not changed by the fact that Defendant may, as Plaintiff asserts, recently have come into a significant amount of money. The important fact is that, even if Defendant now has the means to pay (a fact that remains disputed), she has declined to do so. If anything, this development only serves to support Petitioner's application because it suggests that Defendant has the means to pay Petitioner and is willfully refusing to do so, creating good cause for Petitioner's withdrawal.

Plaintiff's argument that she will be prejudiced by the withdrawal or that it will delay the administrative of justice is unavailing, in part because there is no trial date yet in this case. *See Amboy Bancorporation v. Jenkins & Gilchrist*, No. 02-cv-5410 (DMC), 2008 WL 4542469, at *2 (D.N.J. Jun. 26, 2008) (finding defense counsel's withdrawal would prejudice plaintiff and delay the case where withdrawal was sought "on the eve of the final pretrial meeting"); *RNC Sys., Inc. v. Modern Techs. Grp., Inc.*, No. 08-cv-1036 (JBS) (KM), 2013 WL 12457465, at *2 (D.N.J. Jan. 29, 2013) (finding withdrawal would cause prejudice where the case was set for a final pretrial conference prior to the filing of the motion). Defendant's motion to amend has been denied. (ECF No. 147). While discovery is largely complete, ESI remains outstanding. Resolving the ESI issue does not require Petitioner's historical knowledge, which can be gleaned from the docket, transcripts of court proceedings and the many letters submitted by counsel. Simply stated, Defendant was ordered several times to produce certain ESI. If she failed to do so, it will be dealt with accordingly in the context of an anticipated motion for sanctions. Petitioner has no unique knowledge that necessitates his remaining in the case to ensure the production of ESI. Further, the Court can readily manage any delays brought about as a result of the withdrawal by giving Defendant a limited amount of time to secure new counsel, or requiring her to proceed *pro se.*

Indeed, Plaintiff's objection to the withdrawal of counsel is contradicted by his own accusations of Petitioner's "flagrant violation" of certain court orders and repeated delays in this case. (*See, e.g.*, ECF Nos. 74, 82, 99 and 136, Tr. at 15:13-20). Given these allegations, one would think Plaintiff would readily consent to Petitioner being relieved in hopes that it might move the case forward more expeditiously. Yet Plaintiff inexplicably opposes the withdrawal.

Nor is Plaintiff precluded from collecting the previously awarded sanctions from Petitioner by virtue of his withdrawing from this case. Petitioner is an officer of the Court who is bound by the Rules of Professional Conduct. His withdrawal does not relieve him of his obligation to comply with this Court's prior Order. If he fails to do so, Plaintiff can avail himself of all available remedies, including seeking a judgment against Petitioner or filing an appropriate disciplinary proceeding.

In sum, Plaintiff does not provide any persuasive reasons for denying Petitioner's application to withdraw.

## CONCLUSION

Accordingly, in its discretion, Petitioner's Motion to withdraw as counsel is hereby **GRANTED**.

*s/ Stacey D. Adams*
**HON. STACEY D. ADAMS, U.S.M.J.**
