**VERIDIAN LEGAL P.C.**
23 W. 73rd Street, Suite 102
New York, New York 10023
Tel.: (212) 706-1007
Fax: (646) 849-0033

*Attorneys for Plaintiff*
*John Doe*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| John Doe.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Baila Sebrow<br><br>　　　　Defendant | Case No. 2:21-cv-20706<br><br>**Certification of Declaration of Daniel S. Szalkiewicz, Esq. in Opposition to Ira Heller's Motion to Vacate** |

**DANIEL S. SZALKIEWICZ**, of full age, hereby certifies and states:

1. I am a partner at the law firm of Veridian Legal P.C., attorneys for the Plaintiff in the above-captioned action. As such, I have personal knowledge of the facts contained herein.

2. I make this Certification in opposition to Defendant's motion seeking to vacate the sanctions order.

**I.　CASE BACKGROUND**

3. The Complaint in this matter was filed on December 23, 2021 (DE 1). The Summons was issued on December 28, 2021 (DE 2).

4. On October 3, 2022, Ira Heller ("Heller") filed on behalf of the defendant an answer (DE 13). Despite alleging throughout his motion that he was unable to log into the CM/ECF system, the answer was uploaded from Heller's account. See Exhibit 1.

1

5. It is also worth noting that, although Heller claims the CM/ECF email address was linked to a prior firm, his account listed two email addresses. The second, singer721@aol.com, appears to be a personal address and remains associated with his ECF account. Id.

6. On October 19, 2022, via ECF, Judge Kiel issued a letter order pursuant to Local Civil Rule 6.1 (DE 14). The Order scheduled a telephonic initial scheduling conference for November 10, 2022, at 11:00 a.m. Id.

7. On November 1, 2022, ten days prior to the initial scheduling conference, I emailed Heller a copy of the October 19 Letter Order and requested the ability to speak with him. Exhibit 2.

8. On November 2, 2022, acknowledging receipt of the October 19 Letter Order, Mr. Heller responded to my email. Exhibit 3. I replied, advising him to contact me at any time before 5:00 p.m. that day. Exhibit 4.

9. I am uncertain whether a telephone call took place that day, but on November 7, 2022, I emailed Heller a proposed joint discovery order. Exhibit 5.

10. On November 8, 2022, Heller informed me he would review the proposed order and "get back" to me. Exhibit 6.

11. After not hearing from Heller, that same day I informed him that "[w]e needed to file [the [proposed order] yesterday, so the sooner the better please." Exhibit 7.

12. On November 9, 2022, I again emailed Heller that "[w]e need to file the plan before the conference tomorrow morning. Please let me know when you are done reviewing it." Exhibit 8.

13. After receiving no response from Mr. Heller, I filed the Joint Discovery Plan and cover letter on November 10, 2022, at 9:25 a.m. (DE 17). The initial scheduling conference proceeded as scheduled at 11:00 a.m., but Mr. Heller did not appear

14. On November 10 at 1:54 PM I received an email from Heller stating "Hi Daniel, working on it now[.]" Exhibit 9. After informing Heller that the court appearance already occurred, at 3:39 P.M., Heller emailed me a redlined version of his proposed scheduling order. Exhibit 10 (excluding attachments).

15. I informed Heller that the judge scheduled an in-person appearance for December 21 at 1:30. The following day I emailed Heller a copy of the November 10, 2022 Order. Exhibit 11.

16. As it relates to the instant motion, the November 10, 2022 explicitly stated an "in-person settlement conference is scheduled for December 21, 2022 at 1:30 p.m. before Magistrate Judge Edward S. Kiel" and directed plaintiff's counsel to file an affidavit of services "for preparation of the proposed joint discovery plan, preparation for the conference, and attendance at the conference by November 23, 2022." Id.

17. On November 12, 2022, an Affidavit of Service and redacted timesheet was submitted to the court (DE 19). The Affidavit of Service requested $990.00 for the services rendered. Id.

18. On December 12, 2022, the Court issued an order stating: "Counsel and their clients are reminded to review and abide by the order filed on November 10, 2022 (ECF No. 18), and that their collective attendance at the in-person settlement conference set for December 21, 2022 at 1:30 p.m. is MANDATORY" (DE 21).

19. On December 21, 2022, Plaintiff, Plaintiff's counsel and Heller appeared for a settlement conference (DE 33). Defendant did not appear, as Mr. Heller claimed he "heard it was a conference regarding discovery." Id. The Court immediately noted that Heller had "filed a settlement memo or provided one" to the Court. Id. The court issued an order directing Plaintiff's counsel "to file an affidavit of services for preparation of plaintiff's settlement memorandum and for attendance at the Conference by December 28, 2022." DE 23. Heller was given until January 4, 2023, to respond.

20. The December 21 Order further stated: "The Court notes that defendant's counsel emailed a settlement memorandum to the Court but at the Conference, represented to the Court that he understood the Conference to be a scheduling conference for which defendant did not need to appear. The Court also notes that defendant's counsel telephoned chambers on December 20, 2022 and was advised that attendance by defendant was mandatory for the Conference." Id.

21. Plaintiff's attorney filed an affidavit of services on December 28, 2022 (DE 25). The Affidavit contained a Certification by co-counsel, Abraham Borenstein, Esq. (DE 25-1) and a contemporaneous time sheet by our office (DE 25-2).

22. On January 4, 2023, Heller filed a four-paragraph opposition to the affidavit of services, arguing (1) Abraham Borenstein was never entered as co-counsel of record and (2) neither Abraham Borenstein nor our firm filed our retainer agreements with the Court (DE 31).

23. On May 24, 2023, Judge Kiel entered a letter order (DE 56). In a detailed decision, Judge Kiel noted that Mr. Heller did not object to any specific entries in the billing records. However, the Court identified a typographical error and accordingly reduced our firm's requested attorney's fees from $4,815 to $4,680. The Court directed Mr. Heller to reimburse Plaintiff $990 for failing to appear at the initial scheduling conference, and $9,680, jointly and

4

severally with Defendant, for failing to personally appear at the December 21, 2022 settlement conference. Id.

24. On October 20, 2023, Heller filed a motion to "accept defendant's prior objections to orders of the Hon. Magistrate Judge" (DE 96). The voluminous motion appeared to request that Judge Farbiarz vacate the sanctions order. In it, Heller argued that "this Court sent all correspondence and notifications to an outdated firm in NY causing them to fail to respond or appear due to this Court's error which resulted in them also being improperly sanctioned for said failure. It took months for the Court to straighten out their error." Id.

25. Heller contended that the "treatment of the Defendant and counsel for [failing to appear at the settlement conference] was extraordinarily punitive and unfair." Id. He further asserted that "the prior unconscionable Order of sanctions of close to $11,000, subsequent to the Defendant not being present for a settlement conference, at which Defendant's counsel was present with explicit settlement parameters and phone access to the client (with language in the Order that was not thoroughly clear)" warrants "serious reconsideration… so the unconscionable bullying can finally stop, and equal justice may proceed." Id.

26. On April 10, 2024, Judge Farbiarz issued a text order denying the motion without prejudice and ordered that if "the Defendant wishes to file a motion on this subject, it must specify with precision which order or orders it objects to, and must proceed based on a briefing schedule (including page limits) set by the United States Magistrate Judge" (DE 112).

27. On June 20, 2025 Heller filed the instant motion.

28. On June 30, 2025, I sent Heller a Rule 11 letter requesting he withdraw his motion. Exhibit 12. To date, he has not.

29. Accordingly, it is requested Plaintiff have leave to file a request for attorney fees for having to defend the frivolous motion.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed on:  July 2, 2025
              New York, NY

                                            /s/*Daniel Szalkiewicz, Esq.*
                                            Daniel S. Szalkiewicz