UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Baila Sebrow<br><br>　　　　Defendant. | Case No. 2:21-cv-20706 |

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE SANCTIONS

Daniel Szalkiewicz, Esq.
Cali P. Madia, Esq.
**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@veridianlegal.com
*Attorneys for Plaintiff*

1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................4

FACTUAL BACKGROUND ...................................................................................5

ARGUMENT
POINT I
RELIEF IS NOT WARRANTED UNDER RULE 60(b) .........................................5

    A.  Heller's Motion under Rule 60(b)(1) and (3) is Untimely .............................6

    B.  Relief is Not Warranted Under Rule 60(b)(1) .................................................7

    C.  Relief is Not Warranted Under Rule 60(b)(3) .................................................9

    D.  Relief is Not Warranted Under Rule 60(b)(6) ...............................................11

POINT II
RELIEF IS NOT WARRANTED UNDER RULE 16(f)(2) ...................................12

POINT III
SANCTIONS IN THE AMOUNT OF ATTORNEY FEES IS WARRANTED....13

# **TABLE OF AUTHORITIES**

**Cases**

Guitierrez-Dealmon v. Thimble Pea Pictures, Civil Action No. 21-20477 (JXN)(JSA), 2025 U.S. Dist. LEXIS 8782, at *3 (D.N.J. Jan. 16, 2025) .............. 6

Hightower v. Ingerman Mgmt. Co., Civil Action No. 17-08025, 2022 U.S. Dist. LEXIS 240482, at *5 (D.N.J. May 4, 2022) ................................................. 13

Jones v. Trenton N.J. Police Dep't, Civil Action No. 23-21173 (MAS)(JBD), 2025 U.S. Dist. LEXIS 76624, at *3 (D.N.J. Apr. 22, 2025) ............................ 5

Miller v. Beneficial Mgmt. Corp., Civil Action No. 89-3089 (AJL), 1993 U.S. Dist. LEXIS 19332, at *1 (D.N.J. June 14, 1993) ................................................. 13

Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) ............................ 6

Robinson v. Varano, No. 3:10-CV-2131, 2013 U.S. Dist. LEXIS 96484, at *10 (M.D. Pa. July 9, 2013) ....................................................................................... 12

Roggio v. FBI, Civil Action No. 08-4991 (ES) (JRA), 2024 U.S. Dist. LEXIS 150360, at *10 (D.N.J. Aug. 22, 2024) ................................................................ 6

Rojas v. City of New Brunswick, No. 04-3195 (WHW), 2006 U.S. Dist. LEXIS 109386, at *6 (D.N.J. July 18, 2006) ................................................................. 13

Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993) ............................... 12

Sokol v. Wells Fargo Bank, N.A., Civil Action No. 21-16758 (MAS) (DEA), 2023 U.S. Dist. LEXIS 191063, at *7 (D.N.J. Oct. 24, 2023) .................................. 7, 8

Stevens v. Way, No. 15-7261 (GC) (TGB), 2024 U.S. Dist. LEXIS 177913, at *9 (D.N.J. Sep. 30, 2024) ......................................................................................... 8

Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) ............................................ 6

Thompson v. Nix, 897 F.2d 356, 358 (8th Cir. 1990) ........................................... 13

**Statutes**

Fed R. Civ P. 72 (A) ............................................................................................. 12

Fed R. Civ P.60(b) ................................................................................................. 5

Local Civil Rule 10.1(a) ........................................................................................ 8

Fed R. Civ P. 60(c)(1) ........................................................................................... 6

Plaintiff John Doe ("Plaintiff"), by his attorneys, Veridian Legal, P.C., respectfully submits this Memorandum of Law in Opposition to Ira Heller's Motion to Vacate Sanctions pursuant to Rule 60(b).

## **PRELIMINARY STATEMENT**

Defendant's former counsel, Ira Heller, Esq. ("Heller") has filed an untimely and meritless motion to reconsider Judge Kiel's sanction orders from 2023. Heller argues that the orders should be vacated because plaintiff's counsel engaged in deceptive conduct and was responsible for Heller's failure to appear at one conference and for not producing his client at a second.

The record demonstrates a pattern of conduct that warranted the imposition of sanctions. Initially, Heller incorrectly asserts that the $10,670.00 sanction award was imposed solely for his failure to attend a scheduling conference. Heller makes this claim based on Exhibit 6 of his motion, which includes the Affidavit of Service filed on November 11, 2022. However, Heller substituted the timesheet attached to Docket Entry 19 with the timesheet annexed to Docket Entry 25-2. As Judge Kiel explained in his sanctions decision (DE 56), Heller was sanctioned $990 for his failure to cooperate and attend the initial scheduling conference. In addition, both Heller and defendant were sanctioned $9,680 for Sebrow's failure to appear at the December 21, 2022 settlement conference.

4

More so, on October 20, 2023 Heller filed a motion to reconsider the sanctions before Judge Farbiarz. On April 10, 2024, The motion was denied without prejudice.

Heller's motion should be denied in its entirety and he should be ordered to show cause as to why attorney fees are not warranted for having to oppose the baseless filing.

## FACTUAL BACKGROUND

This Court is respectfully referred to the Declaration of Daniel Szalkiewicz, annexed hereto, fulling detailing the background of the sanctions and correcting Mr. Heller's numerous misstated facts.

## ARGUMENT

### POINT I
### RELIEF IS NOT WARRANTED UNDER RULE 60(b)

Defendant argues that the May 24, 2023 Order should be vacated pursuant to Fed R. Civ P.60(b)(1),(3), and (6). In general, the "remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." Jones v. Trenton N.J. Police Dep't, Civil Action No. 23-21173 (MAS)(JBD), 2025 U.S. Dist. LEXIS 76624, at *3 (D.N.J. Apr. 22, 2025). Heller's papers fail to demonstrate any special circumstances warranting relief under the rule.

5

### A. Heller's Motion under Rule 60(b)(1) and (3) is Untimely

"A motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1), (2), or (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1); see also Guitierrez-Dealmon v. Thimble Pea Pictures, Civil Action No. 21-20477 (JXN)(JSA), 2025 U.S. Dist. LEXIS 8782, at *3 (D.N.J. Jan. 16, 2025).

Here, the order was issued on May 24, 2023. Heller had until May 24, 2024 to move under Rule 60(b)(1) or (3). Having failed to do so, those portions of the motion should be denied.

Additionally, Heller's motion under Rule 60(b)(6) must be made "within a reasonable time". Rule 60(c)(1). The reasonable time standard "is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented[.]" Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). When determining what constitutes a "reasonable time" courts consider "the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." Roggio v. FBI, Civil Action No. 08-4991 (ES) (JRA), 2024 U.S. Dist. LEXIS 150360, at *10 (D.N.J. Aug. 22, 2024). In Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987), the Third Circuit held that a motion brought "almost two years after the district court's initial judgment" was "not made within a reasonable time."

6

Heller has made no attempt to justify the untimeliness of the instant motion. In fact, it appears that he waited until after being relieved as counsel and no longer actively working on this matter to file his application. Heller offers no explanation for why the motion was brought more than two years after the issuance of the sanctions order, particularly given that the evidence he relies upon is drawn almost entirely from 2022 (with the sole exception of this Court's May 7, 2025 Order). Accordingly, Heller's Rule 60 motion should be denied in its entirety as untimely.

### B. Relief is Not Warranted Under Rule 60(b)(1)

Despite the fact the motion is procedurally defective, Plaintiff will briefly address Heller's contentions. Heller alleges relief is appropriate under Rule 60(b)(1) because the sanction order was based on "mistake, inadvertence, surprise, or excusable neglect."

"Whether a party's neglect is 'excusable' is an equitable determination, taking account all relevant circumstances surrounding a party's failure to file." Sokol v. Wells Fargo Bank, N.A., Civil Action No. 21-16758 (MAS) (DEA), 2023 U.S. Dist. LEXIS 191063, at *7 (D.N.J. Oct. 24, 2023). Factors include:

> (1) the danger of prejudice to the non-movants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith.
> Id.

However, it well established that "an attorney's inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect' for purposes of Rule 60(b)(1)." Id. [internal citations omitted].

Heller argues that the fact he was not receiving email notifications from the court constitutes "excusable neglect". While Heller seems to exclusively blame the Court for ECF having the wrong email address, it is important to note that Local Civil Rule 10.1(a) states "[c]ounsel and/or unrepresented parties must advise the Court of any change in their address within seven days of being apprised of such change by filing a notice of said change with the Clerk" and that "Failure to file a notice of address change may result in the imposition of sanctions by the Court." Stevens v. Way, No. 15-7261 (GC) (TGB), 2024 U.S. Dist. LEXIS 177913, at *9 (D.N.J. Sep. 30, 2024). Heller, not the Court, had the affirmative obligation to ensure correct credentials on ECF. Conspicuously absent from Heller's filing is any proof that he engaged in "persistent efforts" to change his email address. Absent also is the explanation how Heller managed to log into the ECF system to e-file Defendant's answer if he had "incorrect email and login information" as alleged in his papers.

Regardless, Heller concedes, and the annexed exhibits confirm, that he had detailed notice of each court appearance that gave rise to the sanctions. On November 1, 2022, Heller was emailed a copy of the October 19 Letter Order.

8

Exhibit 2. On December 20, 2022, Court informed Heller that Sebrow was required to appear in person at the settlement conference. DE 23. Heller's neglect was not excusable, but willful.

### C. Relief is Not Warranted Under Rule 60(b)(3)

Heller next contends that the order should be vacated due to alleged fraud and misconduct by Plaintiff's counsel. His memorandum broadly asserts that "opposing counsel failed to disclose information material to the Judge's decision in a court Order." However, in his declaration, Heller cites "procedural and factual flaws" and identifies four specific issues that he believes "warrant corrective relief."

First, Heller alleges that Plaintiff's counsel violated his duty of candor by failing to share an email with the Court and by not copying him on communications with the Court. Specifically, Heller argues that counsel made a misleading representation in Docket Entry 17, claiming that counsel "had either already received my redlined version of the Joint Discovery Plan (or had at least received notice at 1:54pm would be forthcoming), which he received via email attachment at 3:39pm that afternoon[.]" However, the fatal flaw in Heller's argument is that DE 17 was filed on November 10, 2022, at 9:25 AM—several hours before Heller's first communication with Plaintiff's counsel at 1:54 PM. See

9

Exhibit 9. This was also after Plaintiff's counsel had emailed Heller on both November 8 and 9, 2022, without receiving a response. See Exhibits 7 and 8

Second, contrary to Heller's assertions, Plaintiff's counsel did not have ex parte communications with the Court.  At no point did Heller information Plaintiff's counsel he was having an apparent issue with ECF.  The letter was uploaded on ECF together with the proposed plan (DE 17).  Heller alleges that had he "been aware of Mr. Szalkiewicz's submission, I would have immediately contacted the Court to advice that I had, in fact, provided a redlined Proposed Joint Order and that opposing counsel was in possession of it."  Once again, the problem with Heller's argument is that the evidence rebuts his assertion.  On November 10, 2022, at 3:39 PM Heller sent his redlined copy to plaintiff's counsel and asked "Is your version already filed with the Court?" Exhibit 10.  Thirty minutes later, at 4:10 P.M. plaintiff's counsel responded "Yes, there was a court appearance this morning that we needed to be on." Exhibit 11.  However, Heller still did not email the Court.

Next, Heller contends that the Order should be vacated due to "Unauthorized Practice & Ghost Billing." He claims that he was ordered to pay nearly $11,000 in sanctions solely for missing the November 10, 2022 conference. This assertion is incorrect. As detailed in the Sanctions Order and Docket Entry 19, Heller was ordered to pay $990 for failing to appear at that conference. Heller also challenges

10

co-counsel's submission of an invoice, but that invoice pertained to work performed in preparation for the December 21, 2022 settlement conference and not the November 10 appearance.

Third, Heller argues that the submissions violate Local Civil Rule 54.2(a) because a retainer agreement or other adequate documentation was not attached. However, as Judge Kiel noted, nothing in Local Civil Rule 54.2(a) requires a retainer agreement to be submitted with a sanctions application. The Affidavit of Services included detailed billing entries and an explanation of counsel's hourly rate. Heller is correct in his certification that "Mr. Szalkiewicz's certification appears to include time entries extending well beyond the November 10, 2022 discovery conference," as the sanctions order also encompassed the missed December 21, 2022 settlement conference.

Finally, Heller asserts that there is fee-shifting abuse. Initially, Heller failed to raise any concerns in his January 4, 2023 opposition papers (DE 31). Additionally, reviewing the detailed time entries, each of them relate to the preparation for the settlement conference.

The motion should be denied on the merits.

### D. Relief is Not Warranted Under Rule 60(b)(6)

11

Heller also seeks relief under Rule 60(b)(6). "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993). Heller has not pointed to any extraordinary circumstances warranting reversal of the Sanctions Order.

## POINT II
## RELIEF IS NOT WARRANTED UNDER RULE 16(f)(2)

Heller's final argument is that the fees are not tied to a specific violation. This statement fails to take into account Judge Kiel's detailed decision. More so, in order to challenge the sanctions order, Heller should have filed objections. Both F.R.C.P. 72 (A) and (B) impose a fourteen-day time frame following service of the orders during which a party may serve and file objections to the order.

"Although a failure to timely file objections is not a jurisdictional defect, such a failure without justification provides sufficient grounds to deny consideration of the objections. Time limitations on filing objections must be strictly observed." Robinson v. Varano, No. 3:10-CV-2131, 2013 U.S. Dist. LEXIS 96484, at *10 (M.D. Pa. July 9, 2013). Courts routinely hold that parties who fail to timely object to decisions waive their ability to do so. See Miller v. Beneficial Mgmt. Corp., Civil Action No. 89-3089 (AJL), 1993 U.S. Dist. LEXIS

12

19332, at *1 (D.N.J. June 14, 1993), <u>see</u> <u>also</u> <u>Rojas v. City of New Brunswick</u>, No. 04-3195 (WHW), 2006 U.S. Dist. LEXIS 109386, at *6 (D.N.J. July 18, 2006). Courts have further held that "objections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation". <u>Thompson v. Nix</u>, 897 F.2d 356, 358 (8th Cir. 1990). Courts are abundantly clear on this point: "objections to magistrate's orders **that are not timely made shall not be considered**." <u>Hightower v. Ingerman Mgmt. Co.</u>, Civil Action No. 17-08025, 2022 U.S. Dist. LEXIS 240482, at *5 (D.N.J. May 4, 2022).

Heller did not timely challenge the order and cannot challenge it now.

## POINT III
## SANCTIONS IN THE AMOUNT OF ATTORNEY FEES IS WARRANTED

Heller's motion squarely falls under Rule 11(b) as it is both legally meritless and untimely under the clear deadlines set forth in Rule 60. His arguments and attacks on Plaintiff's counsel are equally baseless, as documentary evidence rebuts each of his allegations. Heller's motion is a transparent attempt to mislead the Court into believing he was sanctioned $10,670.00 solely for missing a single initial scheduling conference, when in fact the sanctions stemmed from additional misconduct. His intent to deceive is further demonstrated by his manipulation of Exhibit 6, where he spliced together two separate exhibits to create the false

13

                                    PageID: 1465

impression that Plaintiff's counsel overbilled for the November 10, 2022 conference.

As a result, Plaintiff was once again forced to incur attorney's fees to respond to Heller's baseless allegations. The Court should issue an Order to Show Cause pursuant to Rule 11(c)(3) to address whether Heller's conduct warrants additional sanctions.

Dated:      July 2, 2025
            New York, New York

                                            *Daniel S. Szalkiewicz, Esq.*
                                            Daniel S. Szalkiewicz, Esq.