UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CASE NUMBER: |
| | ) 2:21−CV−20706−SDW−ESK |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BAILE SEBROW | ) |
| | ) **CERTIFICATION OF ATTORNEY IN** |
| | ) **FURTHER SUPPORT OF MOTION TO** |
| Defendant. | ) **VACATE SANCTIONS** |
| | ) *(Pursuant to Fed. R. Civ. P. 60(b))* |

**CERTIFICATION OF ATTORNEY IN FURTHER SUPPORT OF MOTION TO VACATE SANCTIONS**

Defendant's former counsel, Ira W. Heller, Esq., (to be referenced heretofore as "Defendant's counsel") respectfully submits this reply to Plaintiff's opposition (ECF No. 157) to the Motion to Vacate Sanctions previously filed pursuant to Fed. R. Civ. P. 60(b).

**PRELIMINARY STATEMENT**

Plaintiff's opposition to the Motion to Vacate the $11,000 in sanctions fails to address the core procedural improprieties, misrepresentations, and rule violations outlined in Defendant's counsel's motion. Instead, Plaintiff attempts to defend an inflated and unsupported fee award by resorting to generalities and ad hominem innuendo, without addressing the documentary evidence that clearly rebuts the rationale behind the original Order.

**POINT I: THE MOTION IS TIMELY UNDER RULE 60(b)**

1

Plaintiff's counsel asserts that the May 24, 2023 Order triggers the one-year limitation under Rule 60(b)(1) and (3). However, that view overlooks the impact of the Court's subsequent May 7, 2025 Order, which reaffirmed and preserved the underlying sanctions, reopening the issue and restoring the Court's jurisdiction to reconsider it. Courts have recognized that Rule 60(b) motions may be deemed timely when brought during continuing enforcement proceedings, particularly where new Orders reinforce or extend the original sanction. This is especially true where, as here, significant interests of justice are implicated, involving both significant financial harm and potential reputational harm to an officer of the Court. The sanctions at issue are not only procedurally flawed, as pointed out in the original motion papers, but are both punishing and disproportionate, particularly when imposed on an attorney based on conduct that has been shown not to be egregious, nor was it willful, notwithstanding Mr. Szalkiewicz's persistent claims to the contrary.

Moreover, even under Rule 60(b)(6), Plaintiff's argument misstates the applicable standard. The "reasonable time" evaluation is contextual, as it considers factors such as the movant's ability to obtain prior relief, the nature of the challenged order, and prejudice to the other party. Here, the sanctions were actively preserved in a May 2025 ruling. Until then, Defendant's motion had not been properly docketed or scheduled. That delay is traceable to procedural uncertainty and lack of scheduling, not gamesmanship, as Plaintiff's counsel claims.

Defendant's counsel does not raise these issues to excuse procedural errors, but to clarify the sequence of events and affirm that they were the result of persistent and well-documented access barriers - again, not gamesmanship. At no point did Defendant's counsel feign ignorance or attempt to avoid obligations. Rather, he made good-faith efforts to submit filings through

2

alternative channels, remained in communication with Chambers, and ultimately confirmed restored access in writing (see **Exhibit 1, DE 27**). The record reflects ongoing engagement and attempts to comply, despite technical limitations that counsel had no control over. To suggest otherwise ignores both the documented facts and the professional standards under which counsel operated.

**POINT II: SANCTIONS WERE PROCURED THROUGH MATERIAL MISREPRESENTATION**

The most serious flaw in the sanctions process, and the one that most directly undermines its legitimacy, is Plaintiff's counsel's material misrepresentation to the Court regarding Defendant's counsel's participation in the "Joint Discovery Plan." Plaintiff's counsel's opposition fails to rebut the central claim that the sanctions were procured through misleading representations and critical omissions. It is undisputed that Plaintiff's counsel submitted a cover letter with his proposed Joint Discovery Plan to the Court on November 10, 2022 at 9:25 AM, *without copying Defendant's counsel* on his accompanying cover letter annexed to this Court submission , despite his knowledge that Defendant's counsel was experiencing ongoing CM/ECF login issues and was not receiving docket notifications. Crucially, Plaintiff's counsel's opposition does not - and cannot - assert that Defendant's counsel was contemporaneously copied on that submission's cover letter or was afforded any opportunity to respond to the contents of that cover letter during that period between Plaintiff's counsel's letter to Magistrate Judge Kiel on November 10, 2022, and the imposition of sanctions by the Court on the following day, November 11, 2022. The record confirms the filing of this letter, with no record of any of Mr. Szalkiewicz have copied Defendant's counsel on this letter (see **Exhibit 2, DE 17**).

Indeed, the sequence is undisputed. At 8:53am on November 10, 2022, Plaintiff's counsel sent an email to Defendant's counsel, containing his Joint Discovery Plan (copy of email, with attachment, is annexed hereto as **Exhibit 3**). Plaintiff's counsel responded to Defendant's counsel via email at 1:54 PM on November 10, 2022, indicating that the Joint Discovery Plan was actively being worked on. Defendant's counsel shortly thereafter sent another email to Mr. Szalkiewicz at 3:39 PM containing his redlined copy of the Joint Discovery Plaint (email with Defendant's filled Joint Discovery Plan is annexed hereto as **Exhibit 4**).

In his communication with the Court that day, which was filed via ECF but not served upon Defendant's counsel, Mr. Szalkiewicz failed to disclose that opposing counsel had been actively involved in preparing and submitting Defendant's proposed version of the Joint Discovery Plan. Moreover, after receiving Defendant's submission at 3:39 PM that same day, Mr. Szalkiewicz made no effort to inform the Court of its existence, despite knowing that Defendant's counsel, who lacked ECF access, was relying on him to effectuate the filing. The cover letter which Mr. Szalkiewicz sent to the Court on November 10, 2022, which misleadingly suggested a lack of participation by Defendant's counsel, thus constitutes a material omission that cannot be excused as inadvertent. To date, Mr. Szalkiewicz has offered no credible, good-faith explanation for this conduct.

It may therefore be safely assumed that Plaintiff's counsel deliberately filed his so-called "cover letter" in a manner that deprived Defendant's counsel of any contemporaneous notice or meaningful opportunity to respond before the Court issued its sanctions. As a result, the cover letter effectively functioned as an ex parte communication, knowingly submitted by Mr. Szalkiewicz, which materially misled the Court. This filing fostered the false impression that

Defendant's counsel had simply disregarded court directives, and it was that misimpression which directly led to the unjust sanctions order entered on November 10, 2022. Such conduct squarely implicates Rule 60(b)(3), which provides relief from judgments obtained through fraud, misrepresentation, or misconduct by an opposing party.

**POINT III: PLAINTIFF DISTORTS THE BASIS OF THE SANCTIONS ORDER**

Plaintiff's counsel attempts to compartmentalize the sanctions across two events, but in doing so mischaracterizes the totality of Defendant's conduct and obscures the lack of individualized analysis behind the sanction amounts. Plaintiff misleadingly insists Defendant was sanctioned for "two separate events," implying that any challenge to the total amount is disingenuous. This is entirely inaccurate. Defendant does not deny that sanctions were assessed based in part on the December 21, 2022 settlement conference. What Defendant disputes, and has documented in this Motion, is the overreach in assessing $11,000 in sanctions through vague, duplicative billing and unsupported certifications that lack specificity and compliance with the rules.

The suggestion that Defendant's Counsel intentionally conflated the basis for the sanctions is false. The Motion to Vacate explicitly references both November 10, 2022 and December 21, 2022. What is at issue is the credibility, scope, and procedural legitimacy of the fee submissions, and whether due process was followed in imposing such a far-reaching and punitive penalty.

As previously mentioned, Defendant's Counsel appeared at the December 21, 2022 conference and was prepared with pre-conference instructions from his client regarding

settlement parameters. Furthermore, and very significantly, Defendant's counsel had submitted a letter directly to Chambers via email on December 16, 2022 (see letter to Magistrate Judge Kiel, annexed hereto as **Exhibit 5**), in accordance with the Court's directive to [ESK_Orders@njd.uscourts.gov](mailto:ESK_Orders@njd.uscourts.gov) (in lieu of filing, which was still not available to Defendant's counsel at that time). While the letter was not a formal settlement memorandum, it was submitted in good faith to address jurisdictional concerns and to request adjournment of the settlement conference, in light of pending state court proceedings and concerns regarding Plaintiff's use of this forum to influence the outcome of previously filed litigation. This further confirms Defendant's counsel's engagement and intent to comply with the Court's order at a time when access to CM/ECF was still unavailable, a fact corroborated by the letter's absence from the docket and detailed in the Certification of Counsel previously referenced as Exhibit 5 to this Reply.

This December 16, 2022 submission is particularly significant because it directly refutes any suggestion that Defendant's counsel failed to engage with the Court or prepare for the settlement conference. It demonstrates that counsel took affirmative, good-faith steps to comply with pre-conference directives, despite being functionally unable to utilize the CM/ECF at that time, and raised jurisdictional and procedural objections central to this litigation. The fact that the letter was never docketed only further underscores the extent of the technical limitations Defendant's counsel faced, and how easily compliance efforts may have been overlooked or misunderstood in a record that lacked transparency.

Moreover, even assuming arguendo that some sanction was warranted, the monetary penalty imposed here exceeds what would reasonably be warranted for the extent of the

6

procedural lapses at issue. Sanctions of this magnitude should be reserved for willful misconduct or repeated violations, not for counsel who attended the conference, made a good faith pre-conference submission, and was actively attempting to comply with the Court's expectations despite technical barriers.

Sanctions imposed against an attorney must be proportionate to the alleged misconduct, grounded in a specific and reliable evidentiary record, and directed at conduct that the attorney had a fair and actual opportunity to prevent or correct. Imposing a $9,680 joint and several penalty on counsel who appeared in person, was prepared to engage, and relied in good faith on a reasonable, if arguably ambiguous, understanding of the Court's directives, lacks both legal justification and policy support. No authority should condone punishing attorneys in this fashion, under circumstances such as these, particularly where any ambiguity in the Court's expectations may have arguably contributed to the alleged violation. To impose a penalty of this magnitude under ambiguous or shifting standards risks chilling advocacy and undermining the trust that attorneys place in the clarity and fairness of judicial proceedings. The Court should not endorse such a precedent.

**POINT IV: FEE CERTIFICATIONS VIOLATED L. CIV. R. 54.2(a) AND LACKED BASIC TRANSPARENCY**

Plaintiff's attempt to defend the $11,000 in sanctions relies on superficial formalism and ignores the procedural requirements of Local Civil Rule 54.2(a) and Rule 16(f)(2). Neither fee certification, that of Mr. Szalkiewicz or Mr. Borenstein, included a retainer agreement or documentation establishing that the work billed was attributable to the sanctioned conduct. Plaintiff now contends that a retainer agreement was not required under Rule 54.2(a), but this argument is belied by the plain language of the rule and by the rule's underlying purpose,

7

ensuring that claimed fees are tethered to real, reviewed, and authorized engagements. The Court must be provided with evidence of fee arrangements and contemporaneous billing to assess reasonableness. That never occurred.

Moreover, the fee certifications themselves lack the clarity required to support any sanction. Mr. Borenstein's $5,000 invoice is particularly egregious. He never entered a notice of appearance, never attended any hearing, and submitted only a conclusory statement that he "prepared for the settlement conference," without time entries, itemized tasks, or verification that such work was causally linked to the alleged violation. Mr. Szalkiewicz's entries, meanwhile, encompass weeks of general litigation activity, including client updates and internal communications with no discernible nexus to either the November 10 or December 21 events for which sanctions were imposed.

Plaintiff's Counsel also falsely suggests that Defendant's Counsel claimed the entire $11,000 sanction arose solely from the November 10, 2022 nonappearance for the telephone conference. That is not the argument. Rather, Defendant has asserted that the original sanctions Order was entered on November 10, 2022, and then unjustly compounded by a second award issued after the December 21, 2022 conference, without any meaningful or individualized assessment of the conduct at issue. The resulting total was grossly disproportionate and punitive, particularly in light of the fact that counsel appeared at the second conference and had submitted a pre-conference communication. Defendant's motion challenges the totality of the sanctions imposed for both events, arguing that the process by which they were calculated and imposed was procedurally defective and unsupported by any reasonable measure of burden. No credible effort has been made to rebut that showing.

Further, Plaintiff's invocation of a secondary, outdated AOL email address (singer721@aol.com) as a supposed ECF routing solution is disingenuous. That address had not been accessed or used by Defendant's counsel in years and remained dormant on the ECF system without any functional linkage to the user's login or alert settings. Plaintiff's counsel was aware, through multiple direct emails, that communications were not reaching Defendant via ECF. Invoking that long-abandoned address now is a red herring, not a defense. Sanctions awards, particularly when based on fee certifications, must rest on detailed, transparent records that allow for meaningful judicial review. Here, both the substance and form of the submissions fell well short of that standard, rendering the resulting award unreliable and legally unsustainable.

**POINT V: PLAINTIFF'S RULE 11 ACCUSATIONS ARE BASELESS**

Plaintiff's counsel's accusation that Defendant's counsel "spliced" exhibits is not only inaccurate, it misrepresents the transparent structure of the submission.. The motion clearly identified the components of the exhibit, which were publicly filed documents on the docket. There was no intent to deceive the Court, only to illustrate that Plaintiff's counsel's billing shifted between entries in a manner that obscured what work was actually related to the sanctioned conduct (see Exhibit 6 of primary motion document).

If anyone's conduct warrants Rule 11 scrutiny, it is Plaintiff's counsel, who chose to submit a critical letter to the Court while failing to serve a copy upon opposing counsel with the communication, knowing that Defendant's counsel was electronically disabled at that time in regard to Court notifications. Such conduct inflicted clear prejudice and undermined the integrity of the process. It is precisely the kind of advocacy that Rule 11 and RPC 3.3 exist to deter, where an attorney exploits procedural blind spots to secure an unfair tactical advantage.

9

**POINT VI: CLARIFICATION REGARDING OCTOBER 3, 2022 DOCKET ENTRY**

Plaintiff's opposition cites the October 3, 2022 filing of the Answer and Counterclaim (DE 13) as purported evidence that Defendant's counsel had full access to CM/ECF at that time. That inference is both unfounded and factually inaccurate. Defendant's Counsel cannot recall precisely how the document was filed back in October of 2022, but during that period, numerous phone calls occurred between Defendant's counsel and the Court regarding ongoing access issues. It is likely that amidst the numerous communications with the Court during that period, a workaround was arranged in order to get the Defendant's Answer and Counterclaim filed, likely involving an alternative method of delivery to the Court with the docketing then performed by Court staff. What is absolutely verifiable is that no Notice of Electronic Filing was ever received by Defendant's counsel for that submission, and confirmation of filing to Defendant's counsel was a verbally provided by Court staff who assisted in the process. It is clearly on that basis that a contemporaneous correspondence to Plaintiff's Counsel included the phrase "as filed," reflecting Defendant's Counsel's good-faith belief that the filing had been completed through alternate means.

Moreover, as mentioned above, it is undisputed that Defendant's Counsel received no ECF communications from the Court in this matter until December 22, 2022. That disruption is further corroborated by a December 16, 2022 email submission to Chambers (previously referenced as Exhibit 5) and by a December 28, 2022 letter (previously referenced as Exhibit 1 DE 27), in which Defendant's counsel formally confirmed that full access had only just been restored. Any suggestion that the October 3, 2022 docket entry undermines Defendant's Counsel's claim of impaired access is directly refuted by the absence of system notices, the

10

ongoing need for out-of-channel communications, and the lack of any intervening ECF activity by Defendant's counsel until after that access was reestablished.

## CONCLUSION

The Motion to Vacate Sanctions is not a collateral attack, but a narrowly framed and well-supported request for relief from a significantly flawed Order. Plaintiff's opposition offers no legal or factual basis to preserve the full sanctions award, let alone expand it, as he now seeks. Defendant's former counsel respectfully maintains that vacatur is warranted under Rule 60(b)(1), (3), and (6). While it is firmly asserted and documented that Plaintiff's counsel has not conducted himself with clean hands, Defendant's former Counsel has already expressed, in good faith, that the $600 previously paid should be deemed full and final satisfaction of any sanction stemming from the November 10, 2022 nonappearance.

Most importantly, as acknowledged in the Court's March 7, 2025 Order, the Court has granted Defendant's counsel's request to formally withdraw from this matter. It is time for the accusations to end, and for the unwarranted weight of these sanctions to be lifted. What began as a procedural misstep has been allowed to metastasize into an outsized penalty, grossly punitive in scope, disproportionate in effect, and unsupported by equitable considerations. The interests of justice would be best served by bringing this matter to a close, whereby the remaining consequences are measured, proportionate, and consistent with principles of fundamental fairness.

I thank the Court for its kind attention to this matter.

I hereby declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct.

                                    Respectfully submitted,

                                    _____
                                        Ira W. Heller, Esq.

**Ira Heller Law, LLC**
Attorneys for Defendant
1317 Morris Avenue
Union, New Jersey 07083
Tel: 908-275-8626
Email: iwhelleresq@gmail.com
*Former Counsel to Baila Sebrow*