

Ira W Heller <iwhelleresq@gmail.com>

## Re: Initial Disclosures
1 message

**Ira Heller** <iwhelleresq@gmail.com>                                                              Thu, Nov 10, 2022 at 1:54 PM
To: Daniel Szalkiewicz <daniel@lawdss.com>

Hi Daniel, working on it now

IRA HELLER LAW, LLC
Ira W. Heller, Esq.
1317 Morris Avenue
Union, NJ 07083
908-275-8626
Fax 908-349-3005


> On Nov 10, 2022, at 8:53 AM, Daniel Szalkiewicz <daniel@lawdss.com> wrote:
>
>
> Please see attached.
>
> Very Truly Yours,
>
> Daniel S. Szalkiewicz, Esq.
>
> **Daniel Szalkiewicz & Associates, P.C.**
> 23 West 73rd Street, Suite 102
> New York, New York 10023
> Tel:  (212) 706-1007
> Direct Dial: (212) 760-1007
> Cell: (929) 373-2735
> Fax: (646) 849-0033

---



**Doe Initial Disclosures.pdf**
255K

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe,<br><br>  Plaintiff,<br><br>v.<br><br>Baila Sebrow<br><br>  Defendant | Case No. 2:21-cv-20706<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**For Plaintiff John Doe:**

Daniel S. Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, P.C.
23 W. 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Fax: (646) 849-0033

Borenstein, McConnell & Calpin, P.C.
155 Morris Avenue, Suite 201
Springfield, New Jersey  07081
Tel: (973) 379-2444
Fax: (973) 788-8600

**For Defendant Baila Sebrow**

Ira W. Heller, Esq.
Ira Heller Law, LLC
1317 Morris Avenue
Union, NJ 07083
Tel: 908-275-8626
Fax: 908-349-3005

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   Plaintiff alleges Defendant engaged in a three-year course of harassment towards him through the continuous sending of harassing text messages from spoofed accounts.  After Plaintiff ignored Defendant's text messages, Defendant began defaming Plaintiff to third parties.  She then enlisted the help of two other individuals to create fake and defamatory websites concerning the Plaintiff.

1

Plaintiff's first cause of action alleges harassment pursuant to N.J. Stat. § 2C:33-4 and § 2C:33-4 1343, 18 USCS § 1343.  Plaintiff's second cause of action alleges defamation and third cause of action is for intentional infliction of emotional distress.  Plaintiff's fourth cause of action alleges violations of N.J. Stat. § 2C:28-1 and N.J. Stat. § 2C:28-2 and the fifth cause of action is for tortious interference with Plaintiff's business through the posting of the false and defamatory websites.  Plaintiff's sixth cause of action alleges tortious interference with Plaintiff's future business prospects and seventh cause of action is for punitive damages.  Plaintiff's eighth, and final cause of action is for defamation per se.

Defendant has filed a counterclaim alleging three causes of action that are currently the subject of a motion to dismiss.

3. Have settlement discussions taken place? Yes ___X_____ No _____

(a) What was plaintiff's last demand?
     (1) Monetary demand: $ 10,000,000
     (2) Non-monetary demand: Full retraction of statements and agreement not to repost and defame plaintiff in the future.

(b) What was defendant's last offer?
     (1) Monetary offer: $ _____N/A___
     (2) Non-monetary offer: ____N/A____

4. The parties have not met pursuant to Fed. R. Civ. P. 26(f).

5. The Plaintiff has exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.  Defendant has not exchanged the information.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

   The Plaintiff does not anticipate any problems with completing disclosures.

7. The Plaintiff has filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties have not conducted discovery other than the above disclosures. If so, describe.

9. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:
   Plaintiff seeks discovery into defendant's statements.

(b) Discovery should not be conducted in phases or be limited to particular issues. Explain.

(c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures: Defendant to provide disclosures by November 12, 2022

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) on or before November 19, 2022

   (3) Service of initial written discovery on or before November 19, 2022.

   (4) Maximum of 15 Interrogatories by each party to each other party.

   (5) Maximum of 5 depositions to be taken by each party.

   (6) Motions to amend or to add parties to be filed by 30 days after completion of discovery.

   (7) Factual discovery to be completed by February 17, 2023.

   (8) Plaintiff's expert report due on February 28, 2023.

   (9) Defendant's expert report due on March 17, 2023.

   (10) Expert depositions to be completed by April 17, 2023.

   (11) Dispositive motions to be served within 30 days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.
   None.
(e) A pretrial conference may take place on May 30, 2023.

(f) Trial date: June 15, 2023 (__x__ Jury Trial).

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____ No __x____. If so, please explain.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
    Yes _____ No ____x__.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.
    Yes.

13. Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No __x____.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    Yes.

15. Is this case appropriate for bifurcation? Yes _____ No ____x____

16. An interim status/settlement conference (with clients in attendance), should be held in March 1, 2022.

17. We [do __x____ do not _____] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.
    None

_____
Daniel S. Szalkiewicz, Esq.


_____
Ira Heller, Esq.

4