Gmail

Ira W Heller <iwhelleresq@gmail.com>

## Re: Initial Disclosures
1 message

**Ira W Heller** <iwhelleresq@gmail.com>  Thu, Nov 10, 2022 at 3:38 PM
To: Daniel Szalkiewicz <daniel@lawdss.com>

Attached is my redlined copy, and 2nd copy with changes accepted.

Is your version already filed with the Court?

 IRA HELLER LAW, LLC

Ira W. Heller, Esq.
Tel: 908-275-8626
Fax: 908-349-3005
1317 Morris Avenue
Union, NJ 07083
iwhelleresq@gmail.com

This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you receive this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose such information for any purpose other than to provide the services for which you are receiving the information.

**Rule of Evidence 408 Applicability**:  This communication may contain a settlement offer and/or information presented as part of settlement discussions.  Such information and offers are subject to the restrictions of FRE and NJRE 408 and may not be used for any purpose.

**Reservation of All Rights and Defenses:** Unless specifically set forth to the contrary nothing herein may be interpreted as an admission and/or waiver of any rights or defenses, all of which are preserved.

**IRS CIRCULAR 230 COMPLIANCE:** To ensure compliance with the requirements imposed by the IRS in Circular 230 effective June 21, 2005, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

On Thu, Nov 10, 2022 at 3:25 PM Daniel Szalkiewicz <daniel@lawdss.com> wrote:
> The court appearance was today already.
>
> On Thu, Nov 10, 2022 at 1:54 PM Ira Heller <iwhelleresq@gmail.com> wrote:
>> Hi Daniel, working on it now
>>
>> IRA HELLER LAW, LLC
>> Ira W. Heller, Esq.
>> 1317 Morris Avenue
>> Union, NJ 07083
>> 908-275-8626
>> Fax 908-349-3005
>>
>>> On Nov 10, 2022, at 8:53 AM, Daniel Szalkiewicz <daniel@lawdss.com> wrote:
>>>
>>> Please see attached.
>>>
>>> Very Truly Yours,
>>>
>>> Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

---

2 attachments


**Joint Proposed Discovery Plan - w redline additions from IWH.docx**
35K


**Joint Proposed Discovery Plan - w joint comments from IWH - changes accepted.docx**
33K

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| John Doe,<br><br>             Plaintiff,<br><br>      v.<br><br>Baila Sebrow<br><br>             Defendant | Case No. 2:21-cv-20706<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**For Plaintiff John Doe:**
Daniel S. Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, P.C.
23 W. 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Fax: (646) 849-0033

**For Defendant Baila Sebrow**
Ira W. Heller, Esq.
Ira Heller Law, LLC
1317 Morris Avenue
Union, NJ 07083
Tel: 908-275-8626
Fax: 908-349-3005

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   Plaintiff alleges Defendant engaged in a three-year course of harassment towards him through the continuous sending of harassing text messages from spoofed accounts. After Plaintiff ignored Defendant's text messages, Defendant began defaming Plaintiff to third parties. She then enlisted the help of two other individuals to create fake and defamatory websites concerning the Plaintiff.

1

However, Defendant denies Plaintiff's allegations, and alleges sexual abuse over the course of their relationship, which began with an incident of date rape, and subsequent blackmail, due to photographs the Plaintiff took while Defendant was under the influence of the drug administered to the Defendant by the Plaintiff. Defendant remained in the relationship for approximately one year, which began under the circumstances explained above. An added complication was the Defendant's reasonable belief that she required a Jewish Religious Divorce (a "Get") in order to be released from the relationship. After the relationship ended in approximately October of 2018, she never sought any further contact with the Plaintiff. Defendant firmly asserts that any messages received by the Plaintiff after that time were not sent by her. Furthermore, Defendant denies any involvement with any postings on the internet, with which she has no involvement whatsoever, whether in the actual posting or soliciting others to make such postings.

Plaintiff's first cause of action alleges harassment pursuant to N.J. Stat. § 2C:33-4 and § 2C:33-4 1343, 18 USCS § 1343.  Plaintiff's second cause of action alleges defamation and third cause of action is for intentional infliction of emotional distress.  Plaintiff's fourth cause of action alleges violations of N.J. Stat. § 2C:28-1 and N.J. Stat. § 2C:28-2 and the fifth cause of action is for tortious interference with Plaintiff's business through the posting of the false and defamatory websites.  Plaintiff's sixth cause of action alleges tortious interference with Plaintiff's future business prospects and seventh cause of action is for punitive damages. Plaintiff's eighth, and final cause of action is for defamation per se.

Defendant firmly denies each and every cause of action alleged by the Plaintiff, and has

~~Defendant has~~ filed a counterclaim alleging three causes of action that are currently the subject of a motion to dismiss. Defendant has also filed a counterclaim against the Plaintiff for his ongoing campaign of defamation and harassment against her, subsequent to the far-reaching emotional harm caused by the Plaintiff's physical and emotional abuse he perpetrated against her.

3.  Have settlement discussions taken place? Yes ___X_____ No _____

(a) What was plaintiff's last demand?
  (1) Monetary demand: $ 10,000,000
  (2) Non-monetary demand: Full retraction of statements and agreement not to repost and defame plaintiff in the future.

(b) What was defendant's last offer?
  (1) Monetary offer: $ ──────── Defendant firmly maintains that she is the victim in this matter, and makes absolutely no offer to the Plaintiff. She further stands by

2

    her counter-demand of $10,000,000 from the Plaintiff for the far-reaching harm he caused her.

    (2)  Non-monetary offer: ——————Defendant did not initiate any of this, and it began with a Temporary Restraining Order filed by the Plaintiff in July of 2021, falsely accusing the Defendant of harassing him on the internet. Defendant will not agree to make "full retractions" of statements she didn't make, nor agree to refrain from "reposting" defamatory statements against the Plaintiff that she didn't post. This law suit is a continuation of a campaign of harassment against her by the Plaintiff, and at most, the Defendant will agree to drop her counterclaim if Plaintiff will agree to withdraw his complaint.

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

5. The Plaintiff has exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.  Defendant has not exchanged the information.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

    The Plaintiff does not anticipate any problems with completing disclosures.

7. The Plaintiff has filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties have not conducted discovery other than the above disclosures. If so, describe.

9. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:  Baila Sebrow, Deborah Rochlin, Michael Kogan, Tanya Kogan

    (b) Discovery should not be conducted in phases or be limited to particular issues. Explain.

    (c) Proposed schedule:

        (1) Fed. R. Civ. P. 26 Disclosures:  Defendant to provide disclosures by November 12, 2022

      (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) <u>on or before November 19, 2022</u>

      (3) Service of initial written discovery <u>on or before November 19, 2022</u>.

      (4) Maximum of <u>15</u> Interrogatories by each party to each other party.

      (5) Maximum of <u>5</u> depositions to be taken by each party.

      (6) Motions to amend or to add parties to be filed by <u>30 days after completion of discovery</u>.

      (7) Factual discovery to be completed by <u>February 17, 2023</u>.

      (8) Plaintiff's expert report due on <u>February 28, 2023</u>.

      (9) Defendant's expert report due on <u>March 17, 2023</u>.

      (10) Expert depositions to be completed by <u>April 17, 2023.</u>

      (11) Dispositive motions to be served within <u>30</u> days of completion of discovery.

  (d) Set forth any special discovery mechanism or procedure requested.
None.

  (e) A pretrial conference may take place on- May 30, 2023.

  (f) Trial date: June 15, 2023  (__x__ Jury Trial).

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____No__x____. If so, please explain.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____ No ____x__.
If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.
Yes.

13. Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No __x____.

4

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).
Yes.

15. Is this case appropriate for bifurcation? Yes _____ No ____x____

16. An interim status/settlement conference (with clients in attendance), should be held in March 1, 2022.

17. We [do __x_____ do not _____] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.
None

_____
Daniel S. Szalkiewicz, Esq.


_____
Ira Heller, Esq.

5