Gmail

Ira W Heller <iwhelleresq@gmail.com>

---

## John Doe v. Baila Sebrow - Case No.: 2:21-cv-20706

1 message

**Ira W Heller** <iwhelleresq@gmail.com>                    Fri, Dec 16, 2022 at 4:04 PM
To: ESK_orders@njd.uscourts.gov, orders@njd.uscourts.gov
Cc: Daniel Szalkiewicz <daniel@lawdss.com>
Bcc: Larissa Sufaru <larissa.irahellerlaw@gmail.com>, Betty Sebrow <bsebrow@aol.com>

    Please find letter attached in regard to the above referenced matter.

    Thank you!
    Ira W. Heller, Esq.

 IRA HELLER LAW, LLC

Ira W. Heller, Esq.
Tel: 908-275-8626
Fax: 908-349-3005
1317 Morris Avenue
Union, NJ 07083
iwhelleresq@gmail.com

This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you receive this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose such information for any purpose other than to provide the services for which you are receiving the information.

**Rule of Evidence 408 Applicability**:  This communication may contain a settlement offer and/or information presented as part of settlement discussions.  Such information and offers are subject to the restrictions of FRE and NJRE 408 and may not be used for any purpose.

**Reservation of All Rights and Defenses:** Unless specifically set forth to the contrary nothing herein may be interpreted as an admission and/or waiver of any rights or defenses, all of which are preserved.

**IRS CIRCULAR 230 COMPLIANCE:** To ensure compliance with the requirements imposed by the IRS in Circular 230 effective June 21, 2005, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

 **Letter to Magistrate Kiel 12-16-22.pdf**
86K

**IRA HELLER LAW, LLC**

IRA W. HELLER, ESQ.
(MEMBER OF BAR - NJ & NY)

1317 Morris Avenue, Union, NJ 07083

Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

December 16, 2022

**VIA EMAIL**
United States Magistrate Judge Edward S. Kiel
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

      Re: John Doe v. Baila Sebrow
      United States District Court, District of New Jersey
      Case No.: 2:21-cv-20706

Dear Magistrate Kiel,

      We represent the Defendant in the above-referenced matter. Please accept this letter in accordance with the Court's Civil Case Management Order, the Court's Order dated November 10, 2022 (DE 18), and Local Rules 16.1 and 37.1.

      It is our firm position that the Plaintiff's Complaint should have been dismissed outright by the Court immediately upon its filing, as it non-conforming with the rules of this Federal Court. As legal basis, we rely on the sixth, seventh, eighth Affirmative Defenses stated in our Answer and Counterclaim.

      This Complaint, therefore, should be withdrawn based upon the fourth, tenth, eleventh, second, first and fifth as legal basis. Most importantly we ask that the Court take judicial notice of the fact that the Plaintiff has a pending lawsuit in the Supreme Court of Nassau County in State of New York, Index No.: 611315/2021 vs. the parties, GABRIEL SOLOMON, MICHAEL KOGAN, TANYA KOGAN, and MBTA MANAGEMENT LLC, who by the investigation of Plaintiff, in which Mr. Szalkiewicz was involved, it was determined that these Defendants were the actual perpetrators of the allegations made by the Plaintiff against the Defendant against Ms. Sebrow. The parties herein also have pending litigation in the Superior Court of New Jersey, Essex County Family Division, arising out of the same incidents claimed in the Plaintiff's Complaint with this Court. The Plaintiff is alleging precisely the same allegations in that matter, arising out of the same facts and circumstances. I am representing the Defendant in that matter, which is now compounded by this frivolous lawsuit as a means to continue to harass, intimidate, abuse, religiously shame, and financially punish Ms. Sebrow who does not have the financial means to properly confront this multi-front onslaught.

      Mr. Daniel Szalkiewicz, Plaintiff's attorney in this matter, is serving as expert witness in the cases in the Superior Court of New Jersey and New York Supreme Court, and should thus be conflicted out of this case. Therefore, if this case is permitted to proceed, Mr. Szalkiewicz may have to be called upon as a material witness.

Regarding what has transpired thus far in the case, we firmly maintain that the allegations of Mr. Szalkiewicz client, who self identifies as "John Doe," are patently false. It is also very unfortunate that I have been now perceived as not participating in good faith, as in truth, as I only became aware of any Notices relevant to this case after receiving them directly from Mr. Szalkiewicz, only learning recently that the Court was sending my notices to an email address that has been out of use for almost 10 years. In truth, Mr. Szalkiewicz has been quite collegial in this way, and I have expressed my appreciation to him for having kept me somewhat informed. However, I do respectfully request that any actions taken by this Court as result of this internal error be vacated against me and my client, and I will promptly enter the corrected contact information upon the opening of the Court in the coming week.

Finally, I firmly reiterate our position that in light of the circumstances stated above, this Complaint should be rightfully withdrawn, or in the alternative, be dismissed Sua Sponte by this Court. In the alternative, I respectfully request the opportunity to file a Motion to Dismiss, based upon the above and other significant factors not referenced in this communication.

With regard to settlement, I would concur with Mr. Szalkiewicz, in that given our vastly differing opinions on this case, that the most prudent course of action at this point is to adjourn the settlement conference to allow for proper Motions to be heard. If this case is to go forward, it will also be the best part of discretion is to permit this matter to be heard first in the Superior Court of New Jersey, which preceded this matter, rather than unjustly subject Ms. Sebrow to what has become a multi-jurisdictional ambush.

Thanking the honorable Magistrate for your kind consideration in this matter.

Sincerely,

Ira W. Heller, Esq.

Cc: Daniel Szelkiewicz, Esq.
      *Attorney for Plaintiff*

2