UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>　　　　　Plaintiff,<br>v.<br><br>Baila Sebrow<br><br>　　　　　Defendant | Case No. 2:21-cv-20706<br>Declaration of Daniel S. Szalkiewicz, Esq. |

DANIEL S. SZALKIEWICZ declares as follows:

1. I am a partner at the law firm Veridian Legal P.C., attorneys for Plaintiff John Doe ("Plaintiff") in the above-captioned action. I submit this declaration in support of Plaintiff's motion for sanctions against Defendant Baila Sebrow ("Sebrow" or "Defendant") due to her failure to engage in meaningful discovery and her willful disregard of numerous court orders.

2. As detailed below, it has been a nearly three-year battle to obtain discovery from Sebrow.

3. On November 10, 2022, the Court issued a discovery order (DE 18). The following day, Plaintiff's counsel emailed a copy of the Order to Defendant's attorney. Exhibit 1.

4. The Order required the parties to "meet and confer for an e-discovery conference pursuant to Local Rule 26.1(d) by November 19, 2022." DE 18.

1

5.  On November 21, 2022, Defendant was served with Plaintiff's First Set of Interrogatories, First Request for Production of Documents, and a Notice of Deposition of Baila Sebrow. Exhibit 2.

6.  That same day, Plaintiff's counsel sent a follow-up email requesting a meeting with Sebrow's counsel to discuss ESI discovery. Exhibit 3.

7.  On November 23, 2022, counsel held a brief telephone call regarding the lack of discovery received from Sebrow. On December 5, 2022, our office sent Mr. Heller a letter detailing his failure to comply with the November 10 Order. Exhibit 4.

8.  After receiving no response, our office filed a letter on December 9, 2022, seeking leave to move to compel discovery and/or for sanctions. DE 20.

9.  On December 12, 2022, Judge Kiel ordered Sebrow to serve the disclosures required under Fed. R. Civ. P. 26(a)(1) by December 15, 2022. DE 21.

10. Defendant failed to comply. On December 16, 2022, I emailed Mr. Heller a copy of the court order and requested compliance. Exhibit 5.

11. Following Defendant's request to adjourn the settlement conference, I sent a follow-up letter to the Court on December 19, 2022, noting Defendant's continued noncompliance. Exhibit 6.

12. At a December 21, 2022, court conference, Judge Kiel granted Plaintiff leave to file an application for sanctions due to Defendant's failure to provide initial disclosures. DE 23.

13. That same day, I sent Defendant a letter requesting that the discovery responses be provided. Exhibit 7.

14. On December 23, 2022, I called Mr. Heller's office regarding ESI and outstanding discovery. He did not answer, and I followed up via email on December 26, 2022. Exhibit 8.

15. On December 27, 2022, I had another call with Mr. Heller, and at his request, sent him a summary of the outstanding discovery. When no responses were received, we filed a motion to strike Sebrow's answer. DE 24; Exhibit 9.

16. On January 5, 2023, Mr. Heller emailed that we would receive his discovery responses that day. Exhibit 10.

17. hen we did not, I followed up on January 6, 2023. Mr. Heller responded that we would receive them "over the weekend." Exhibit 11.

18. On January 9, 2023, Defendant served responses to the interrogatories and notice to produce, but they contained no documents and limited information. Exhibit 12.

19. That same day, I informed Mr. Heller that the responses lacked any documents. Exhibit 13.

20. On January 10, 2023, I sent a deficiency letter and proposed ESI protocol. Exhibit 14.

21. After receiving no reply, I followed up again on January 24, 2023. Exhibit 15.

22. One hour before a January 26, 2023 court appearance, Mr. Heller sent a letter claiming he was working with an expert and disputing the need for ESI. Exhibit 16.

23. At that conference, Plaintiff's discovery motion was denied as moot. The Court emphasized that "this case is all about ESI, isn't it?" DE 38. Defendant's counsel stated he would "look into it" and noted his client's device was undergoing forensic analysis. Defendant was also ordered to appear for a deposition.

24. Defendant's deposition began on January 31, 2023. She denied having seen her interrogatory responses before. She also continued to claim that messages from Plaintiff's phone were spoofed. Exhibit 17.

25. On February 5, 2023, Defendant turned over five emails allegedly from Plaintiff.

26. On February 8, 2023, Plaintiff filed a letter-motion asserting the emails were fabricated and outlining Defendant's discovery delays. DE 35.

4

27. On February 10, 2023, the Court directed Defendant to respond. Defendant wrote that she "vehemently denies" the authenticity of the texts and emails and claimed she had retained forensic experts." DE 39. Defendant then specifically offered to the court that:

> Regarding the Electronically Stored Information ("ESI"), we have no problem making any available ESI available to our adversary, as soon as our experts can ascertain what ESI is available. It is true that there have been some delays in my getting my bearings and catching up in this matter, for reasons already known to this Court. However, neither I nor my client have any intention of shirking our responsibility to provide what is required, as per the rules of this Court.
> DE 39

28. On February 18, 2023, Plaintiff filed another letter detailing Defendant's continued failure to comply with ESI discovery. DE 42.

29. On March 20, 2023, our office emailed Defendant's counsel requesting her devices and information regarding her expert's findings. Exhibit 18.

30. On April 6, 2023, Plaintiff requested that discovery be reopened due to Defendant's failure to engage in ESI discovery. DE 49.

31. After additional attempts to engage Defendant's counsel in conversation, on April 24, 2023, Plaintiff filed another letter detailing Defendant's failure to engage in meaningful discussion on ESI discovery. DE 51.

32. On May 4, 2023, Plaintiff's counsel again emailed Defendant's lawyer regarding ESI and expert information. When no response was received, Plaintiff filed a request for a conference on May 9, 2023.  Exhibit 19, DE 52.

33. On May 24, 2023, the Court issued a Letter Order (DE 56) noting Defendant's noncompliance with ESI discovery. Plaintiff was permitted to amend his complaint to add a fraudulent concealment claim based on the emails produced. DE 56.

34. Plaintiff filed an amended complaint on June 1, 2023. DE 58.

35. At a June 2, 2023 conference, Sebrow was ordered to provide access to her devices so that Plaintiff's expert could extract relevant data. She was also directed to provide iCloud credentials.  DE 70.

36. Additionally, at the conference, it was discovered that Sebrow had in her possession an iPhone that she used since 2019 but failed to obtain any data from the device.  DE 70.

37. Finally, at the conference, Plaintiff's counsel alerted the court that Sebrow's deposition did not conclude and the Court stated that it would need to continue after Plaintiff received the ESI.  DE 70.

38. On June 2, 2023, Plaintiff's counsel sent Defendant the expert's contact and details for data collection.  Exhibit 20.

6

39. After receiving no response, Plaintiff followed up via phone on June 5, 2023, and sent a confirmation letter. Exhibit 21.

40. On June 6, 2023, counsel sent another letter requesting a time for imaging the devices. Exhibit 22.

41. On On June 7, 2023, Plaintiff followed up by email. When Sebrow failed to confirm a time, Plaintiff filed an order to show cause on June 8, 2023. DE 60.

42. In response to the courts order that Sebrow show cause "why defendant's answer should not be stricken for defendant's: (1) continuing violations of Court orders (see ECF No. 56 ); (2) failure to make payment of the sanction imposed on May 24, 2023 (id.); and (3) failure to coordinate in good faith with plaintiff to comply with the Court's order of June 2, 2023 (ECF No. 59 )", on June 16 2023 Defendant filed a motion for reconsideration that did not contain any supporting documents and then filed a subsequent brief on June 19, 2023. DE 62 and 63.

43. On June 20, 2023, Plaintiff's counsel sent Defendant a letter requesting the motion be withdrawn. Exhibit 23. Defendant subsequently withdrew his motion. DE 64.

44. Despite the clear court order, Plaintiff once again attempted to obtain ESI from Defendant. Exhibit 24, DE 66.

7

45. On June 21, 2023, the Court denied the motion for reconsideration and reiterated that Defendant must comply with the June 2 order. DE 67.

46. On June 26, 2023, Plaintiff sent Defendant another request for her to comply with the court order. Exhibit 25. Heller indicated that he "fully intend[s] to respond." Rather than comply with ESI discovery, on July 5, 2023, Heller filed an objection to Judge Farbiarz. DE 71.

47. On July 7, 2023, Plaintiff opposed the objection, noting his extensive prior efforts to engage on ESI, including correspondence on at least ten occasions between November 2022 and May 2023. DE 72.

48. A conference occurred on August 10, 2023. At the conference, Judge Kiel made it clear that discovery was closed and "at this point of there's no discovery coming from the defendant to the plaintiff and discovery that I've ordered, then I'll do what I need to do in terms of making this case proceed." DE 88.

49. The parties appeared for a status conference on October 12, 2023. DE 100. At the conference, Judge Kiel gave Defendant the opportunity to file her answer so that:

> once that is filed, I'm going to get to a point where we have operative pleadings so that we can issue very – a decision on the pending motion for sanctions. And I can't do that until we have everything squared away on the pleadings and the pleadings closed.
> DE 100.

8

50. A conversation took place as to whether there was a pending sanctions motion, and when the court determined that it had been administratively terminated, Judge Kiel noted:

> And I think, Mr. Szalkiewicz, the more that I think about it, I think, based upon discussions at status conferences, that I was going to take the defendant's failure to provide discovery into consideration and do my own order on it. But let me take a look more closely at the docket, and I'll be more prepared to discuss what we're going to do on November 22nd.
> DE 100

51. The November 22, 2023 conference was adjourned and another conference occurred on February 29, 2024. DE 109. At the conference, Judge Kiel stated that because of Defendant's motion to reconsider his orders, "I think at this point, that you [sic] can't decide the sanctions issue because that's now before Judge Farbiarz, who's going to decide whether my previous orders regarding pseudonym and those types of things were proper or not." DE 109. Judge Kiel did later note that:

> as far as discovery – and, you know, as far as discovery, discovery's done from the defendant to the plaintiff. There are issues related to the sanctions that I think are encompassed in the appeal that's before Judge Farbiarz. So I think it's on track in terms of discovery, and we are going to – where we're going to go once Judge Farbiarz decides that appeal. And I think that we are all set. If everything is affirmed by Judge Farbiarz, which I have no idea, then we'll pick it up from where the case was and in terms of discovery, and I'll resolve the sanctions motion and where we are going with any further discovery that the plaintiff needs from the defendant.

9

DE 109

52.     On April 10, 2024, Judge Farbiarz denied Defendant's motion. DE 112.

53.     On November 6, 2024, the parties appeared for a conference before Judge Adams. At the conference, Defendant conceded she did not comply with the ESI order. DE 136 pg. 52. Judge Adams then noted Defendant's complete failure to comply with the ESI discovery orders:

> THE COURT: No, no. Electronic -- I'm talking about her phone and her email. You have an order from Judge Kiel telling you to do it. By your own words, the issue, the concerns you had, you raised before the prior judge in paperwork. It was denied. That means there's a decision on what you had to do. If you want to withhold documents as privileged, the right thing to do would have been to turn that stuff over and then create a privilege log for anything that you withheld on the grounds of privilege: attorney-client privilege, doctor-patient privilege -- I mean, you know, there are a number of privileges out there that you could have withheld, and then we could have addressed it. But you didn't even turn over the nonprivileged documents.
>
> MR. HELLER: The order was to turn over everything and all the passwords and giving him unfettered access. That was the objection, Your Honor --
> (Simultaneous conversation)
>
> THE COURT: So you defied -- you and your client defied a court order is what you're telling me.

DE 136

10

54.   The court then granted Plaintiff the ability to file a sanctions motion; however, because there was no answer, Plaintiff was unable to file the motion.

55.   To date, Sebrow still has not complied with the orders.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
        July 28, 2025

*/s/Daniel Szalkiewicz, Esq.*
Daniel S. Szalkiewicz