UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Doe.<br><br>    Plaintiff,<br><br>v.<br><br>Baila Sebrow<br><br>    Defendant. | Case No. 2:21-cv-20706 |

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT BAILA SEBROW

Daniel Szalkiewicz, Esq.
Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com
*Attorneys for Plaintiff*

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................3

PRELIMINARY STATEMENT & FACTUAL BACKGROUND .........................4

APPLICABLE RULES ........................................................................................6

ARGUMENT .......................................................................................................8

I. Sanctions to Strike the Pleadings is Warranted For Failure to Follow Court Orders ........................................................................................................8

    1. The extent of the party's personal responsibility............................................9

    2. Prejudice to Plaintiff .......................................................................................9

    3. History of Dilatoriness ..................................................................................10

    4. Willfulness or Bad Faith ...............................................................................11

    5. Alternative Sanctions ....................................................................................12

    6. Meritoriousness of the Claim........................................................................13

II. Sanctions are Warranted for the Withholding of Pertinent Evidence ..............13

# TABLE OF AUTHORITIES

**Cases**

Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 580 (3d Cir. 2018) ...................... 7
Comsat, Inc. v. Pentagon Performance, Inc., Civil Action No. 17-12132 (SDW) (LDW), 2019 U.S. Dist. LEXIS 97242, at *6 (D.N.J. Jan. 22, 2019) ................. 10
Mylifestyle Access., LLC v. Valor Fractal, LLC, Civil Action No. 20-13697 (SDW) (AME), 2022 U.S. Dist. LEXIS 208205, at *5 (D.N.J. Nov. 16, 2022) .... 6
NECA LLC v. Jazwares, LLC, Civil Action No. 23-3863 (SDW) (MAH), 2025 U.S. Dist. LEXIS 78026, at *36 (D.N.J. Apr. 24, 2025) ...................................... 12
Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984) ...................... 6, 9
Ramada Worldwide, Inc. v. Veer Enters., LLC, Civil Action No. 10-6480 ES-SCM, 2013 U.S. Dist. LEXIS 46099, at *9 (D.N.J. Mar. 28, 2013) ..................... 9
Roman v. City of Reading, 121 F. App'x 955, 959 (3d Cir. 2005) .......................... 8
Schindler Elevator Corp. v. Otis Elevator Co., Civil Action No. 09-cv-0560 (DMC), 2011 U.S. Dist. LEXIS 116883, at *18 (D.N.J. Mar. 24, 2011) .............. 7
Solomon v. Atl. City Hilton Casino & Resort, No. 10-5701 (NLH/AMD), 2013 U.S. Dist. LEXIS 65709, at *10-11 (D.N.J. Apr. 8, 2013) ................................... 8
Wachtel v. Health Net, Inc., 239 F.R.D. 81, 99 (D.N.J. 2006) ............................... 11

**Statutes**

F.R.C.P 37(c) ........................................................................................................ 11
FRCP 37(b)(2)(A)(iii) ............................................................................................ 6
Rule 26(e) ............................................................................................................ 12

Plaintiff John Doe ("Plaintiff"), by his attorneys, Veridian Legal P.C., respectfully submits this Memorandum of Law in support of his Motion for Sanctions against defendant Baila Sebrow ("Defendant" or "Sebrow") due to her willful and ongoing failure to comply with discovery orders, including her refusal to provide her electronic devices for forensic examination.

## PRELIMINARY STATEMENT & FACTUAL BACKGROUND

The parties were once romantically involved and, when Plaintiff broke it off, Sebrow began to unravel. Sebrow initially limited her harassment to messaging Plaintiff with vile statements and allegations about him and others and relentlessly calling him until he answered his phone. Sebrow – who is 61 years old – later claimed she was pregnant. When these methods were unsuccessful in getting Plaintiff's attention, Defendant began utilizing other tactics, which included using a texting service to anonymously contact Plaintiff claiming they were married and/or that Plaintiff was a rapist; anonymously messaging Plaintiff's family with the same claims; and even causing a website and social media pages to be created which claimed that Plaintiff was under investigation for raping hundreds of women.

Sebrow and her former counsel's dilatory conduct throughout this proceeding is well documented. On May 24, 2023, Magistrate Kiel stated "Defendant and defendant's counsel have disobeyed almost every order" and

4

concluded their "continuous flaunting" of court orders required additional sanctions (D.E. 56, p 8). In the same Order, Magistrate Kiel indicated there was "troubling evidence that defendant may have altered the Disputed Email" and that "plaintiff has credibly raised a potential claim relating to defendant's attempt to inject fraudulent documents into this litigation and conceal evidence (D.E. 56, p. 11-12). In short and, as recognized by Magistrate Kiel, "this case is all about ESI" (D.E. 56, p. 5) and Defendant has repeatedly fought discovery efforts seeking same, first refusing to enter into an ESI protocol (D.E. 56, p. 5) and then disobeying court orders to produce Defendant's phone.

    Defendant has avoided cooperating with ESI protocols from the inception of this matter (D.E. 21, D.E. 38, D.E. 49). At a June 2, 2023 appearance, Magistrate Kiel stated to Defendant's counsel about Defendant's phone "You're going to get it back from him [Defendant's forensic expert] and you're going to hand it over to plaintiff's counsel…and he's going to do what he needs to do to extract the information. And you prove whatever codes are necessary to access that phone" (D.E. 70, p. 5). Tellingly, Magistrate Kiel informed Defendant's counsel that he had directed him to confer in good faith and "If you're not going to confer in good faith, then I'm just going to order it" (D.E. 70, p. 9). The resulting Order states:

> Defendant shall turnover to plaintiff's counsel, by June 16, 2023, her old cellular telephone that is currently in the possession of defendant's expert. Defendant shall also provide access to her present cellular telephone and computer to

5

>plaintiff's expert by June 16, 2023. All information extracted from the devices by plaintiff's expert shall be promptly produced to defendant (D.E. 65).

On June 8, 2023, Plaintiff's counsel alerted the Court that he had been attempting to work with Defendant's counsel to schedule the forensic expert to comply with the order but was being stonewalled (D.E. 60, 60.1, 60.2). On June 21, 2023, the Court again ordered compliance with its June 2, 2023 order "promptly, albeit…already beyond the time required" (D.E. 67). Defendant objected to the June 2 and June 21 orders on July 5, 2023, long beyond the appeal time allowable under the rules (D.E. 71).

Defendant has made various arguments about why she could or would not provide her electronic devices ranging from claims they were not in her possession to concerns about attorney client privilege to constitutional considerations to financial limitations. To date, Defendant has neither provided Plaintiff with a forensic clone of her devices nor access to the devices themselves; she has also declined to provide Plaintiff with the ability to inspect cloud-based accounts, such as her iCloud.

## **APPLICABLE RULES**

F.R.C.P. 37 provides a list of sanctions which may result from a party's failure to make disclosures or to cooperate in discovery. F.R.C.P. 37(b)(2)(A)

indicates that, where a party has not obeyed a discovery order a court may issue orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Pursuant to FRCP 37(b)(2)(A)(iii), a court may strike a party's pleadings for failure to obey a discovery order. "In deciding whether to impose this or related sanctions which deprive a party of the right to proceed with or defend against a claim, a district court must consider six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
> Mylifestyle Access., LLC v. Valor Fractal, LLC, Civil Action No. 20-13697 (SDW) (AME), 2022 U.S. Dist. LEXIS 208205, at *5 (D.N.J. Nov. 16, 2022) citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

Notably, "the list of sanctions provided by Rule 37(b)(2)(A) is not exhaustive, and the decision to impose sanctions is 'generally entrusted to the discretion of the district court.' Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 580 (3d Cir. 2018).

F.R.C.P. 37(c)(1) provides that if a party fails to provide information then such information may not be used "on a motion, at a hearing, or at a trial" and, in addition, the court may order that party to pay reasonable expenses, including fees, may disclose same to the jury, and may impose other appropriate sanctions. F.R.C.P. 37(e) provides for sanctions available if a party fails to preserve electronically stored information. Such sanctions include:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

## ARGUMENT

### I. Sanctions to Strike the Pleadings is Warranted For Failure to Follow Court Orders

Looking at each of the factors found in Poulis striking is an appropriate sanction.

1. **<u>The extent of the party's personal responsibility</u>**

    "In determining whether dismissal is appropriate, the court looks to whether the party bears personal responsibility for the action or inaction leading to the dismissal. A finding that a party, and not solely its counsel, is responsible for a discovery violation will weigh in favor of default or dismissal." <u>Schindler Elevator Corp. v. Otis Elevator Co.</u>, Civil Action No. 09-cv-0560 (DMC), 2011 U.S. Dist. LEXIS 116883, at *18 (D.N.J. Mar. 24, 2011)(internal brackets and citations omitted).

    While Defendant Sebrow has only appeared in this action through counsel, it is believed that she is the force behind not turning over her devices. Her attorney indicated that she would not disclose the devices to a forensic to preserve her privacy. There is no other viable reason why Defendant's counsel would not disclose Sebrow's devices except to protect her interest.

2. **<u>Prejudice to Plaintiff</u>**

    Prejudice is defined as "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." <u>Roman v. City of Reading</u>, 121 F. App'x 955, 959 (3d Cir. 2005). "Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." <u>Solomon v. Atl. City Hilton</u>

9

Casino & Resort, No. 10-5701 (NLH/AMD), 2013 U.S. Dist. LEXIS 65709, at *10-11 (D.N.J. Apr. 8, 2013).

Plaintiff is clearly prejudiced by Defendant's utter disregard for the ESI and discovery orders. As Judge Kiel noted, this entire action is based on alleged spoofing of messages and ESI is pertinent to proving the veracity of the evidence. While Plaintiff has turned over all the messages between the parties, Sebrow has alleged they are fake messages. Despite this, Sebrow has not disclosed any messages coming from her devices and appears to attempt to use this defense without providing any discovery to Plaintiff.

### 3. History of Dilatoriness

Little needs to be said about Defendant's history of dilatoriness. As the court wrote in Polaris "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation . . . . A history . . . of ignoring these time limits is intolerable." Ramada Worldwide, Inc. v. Veer Enters., LLC, Civil Action No. 10-6480 ES-SCM, 2013 U.S. Dist. LEXIS 46099, at *9 (D.N.J. Mar. 28, 2013) citing Polaris, supra.

The court has written extensively on Sebrow's dilatory tactics. With regards to the ESI discovery, the Declaration of Daniel Szalkiewicz details Sebrow's history of ignoring the court orders.

10

4. **<u>Willfulness or Bad Faith</u>**

Court's have found willfulness and bad faith where "no excuse [had] been proffered for the excessive procrastination" or "where motions and orders were sent to a litigant at his home address, but he failed to respond." <u>Ramada</u>, <u>supra</u>.

In this case, it appears Defendant's lack of participation has a more nefarious motive. During her testimony in the domestic violence case, Defendant Sebrow repeatedly called this matter "corrupt." Defendant Sebrow first accused Judge Kiel of issuing the orders because Plaintiff "funded" Senator Menendez:

> Q What does underhandedly mean?
>
> A. Senator Menendez, who is that -- whom your client funded, appointed Judge Kiel, Magistrate Kiel, who gave him everything that he wanted, phone records for somebody that has an order of protection. I'm supposed to be protected against him. You know what he did with those phone numbers? He called -- he called people and he harassed them. That's what he did.
>
> Q Well –
>
> A Threatened them with jail.
>
> Q -- let's -- let's start with Senator Menendez. You're telling this court –
>
> A Yeah, I'm telling this court exactly what it was.
>
> Q -- that Senator Menendez somehow recommended the judge for appointment and somehow that represents [Plaintiff] being underhanded?

11

> A There was so much fraud, there was so much dirtiness that
> went on in that court
>
> Exhibit 26.

Defendant Sebrow continued her sworn testimony that she believed this case is corrupt:

> No, it was corrupt. That Federal case is corrupt and dirty, and it
> was used as an opportunity to get information for this case. You
> want to blow this up they'll -- they'll blow up. You want to blow
> this all over, blow this all over, do whatever you want, but
> that's what happened. It was dirty -- it was dirty -- that case
> was dirty.
>
> Exhibit 26.

Defendant Sebrow concluded that "there was major corruption in the Federal case," repeating the statement at least three times. Given Defendant Sebrow's lack of respect for this court, it cannot be said her failure to comply with the discovery orders were done in good faith.

5. **Alternative Sanctions**

A court must also consider "alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default." Comsat, Inc. v. Pentagon Performance, Inc., Civil Action No. 17-12132 (SDW) (LDW), 2019 U.S. Dist. LEXIS 97242, at *6 (D.N.J. Jan. 22, 2019). As in Comsat, it is apparent that alternative sanctions would be futile. Sebrow's entire defense is the messages presented by Plaintiff are fabricated. Plaintiff also has a cause of action for

12

fraudulent concealment. Without meaningful discovery and ESI Plaintiff will be unable to defend against Sebrow's assertions. "No lesser sanction than striking defendant's pleading and entering default would be effective." Comsat, Inc., supra.

### 6. Meritoriousness of the Claim

The final consideration is the merit of Plaintiff's claim. Plaintiff has already outlined his case in the confidential settlement memorandum submitted to this court. Additionally, Plaintiff has shown the level of harassment he endured in his motion to dismiss Defendant's counterclaims (DE 15). Without any meaningful participation by Defendant, Plaintiff's allegations are uncontroverted. More so, Plaintiff has already received a restraining order in the New Jersey domestic violence case while Defendant's was dismissed and denied in its entirety.

### II. Sanctions are Warranted for the Withholding of Pertinent Evidence

F.R.C.P 37(c) allows a Court to sanction a party for failing to disclose certain information without substantial justification. The rule's purposes are to: "(1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure." Wachtel v. Health Net, Inc., 239 F.R.D. 81, 99 (D.N.J. 2006).

13

To determine whether a party has violated Rule 37(c)(1) and whether sanctions are warranted, "a court must first determine whether there has been a violation of Rule 26(a) or Rule 26(e)." NECA LLC v. Jazwares, LLC, Civil Action No. 23-3863 (SDW) (MAH), 2025 U.S. Dist. LEXIS 78026, at *36 (D.N.J. Apr. 24, 2025). Rule 26(e) states:

> A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court

Here, Defendant was ordered to supplement her disclosure by providing the ESI that she previously withheld.

The Court must then determine whether the failure to comply with the court order "substantially justified." "Substantial justification' requires 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." Industria DE Alimentos Zenu S.A.S. v. Latinfood U.S. Corp., Civil Action No. 16-6576 (KM) (MAH), 2022 U.S. Dist. LEXIS 94672, at *39-40 (D.N.J. May 26, 2022).

14

There is no justification to failing to comply with numerous court orders requiring ESI discovery. The only apparent justification Sebrow has is that she thought the proceeding was "corrupt."

Finally, the court must determine if the failure to disclose was harmless. Id. In the instant case, the failure to preserve ESI discovery for four years cannot be deemed harmless. The information that was contained on Sebrow's phone is the cornerstone of the proceeding. The failure to comply with numerous court orders at the expense of Plaintiff should not go unpunished.

Finally, Sebrow should be directed to pay Plaintiff's costs and attorneys based on her failure to comply with the orders.

Dated:      July 28, 2025
            New York, New York

*Daniel S. Szalkiewicz, Esq.*
Daniel S. Szalkiewicz, Esq.