# Exhibit 2

 Daniel Szalkiewicz <daniel@lawdss.com>

---

## Discovery Demands/Interrogatories/EBT Notice

1 message

---

**Daniel Szalkiewicz** <daniel@lawdss.com>                                          Mon, Nov 21, 2022 at 1:42 PM
To: Ira W Heller <iwhelleresq@gmail.com>

Mr. Heller,

Please see attached.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

---

**3 attachments**

 **Notice of Deposition - Baila Sebrow.pdf**
161K

 **Sebrow Doc Demands.pdf**
345K

**Sebrow Interrogatories.pdf**
339K

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------X

JOHN DOE,

                      Plaintiff,               Case No.: 2:21-cv-20706

         -against-                       **PLAINTIFF'S FIRST SET OF**
                                               **INTERROGATORIES**

BAILA SEBROW,

                      Defendant.

-------------------------------------------------X

       Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules, Plaintiff JOHN DOE ("Plaintiff") by his attorneys, Daniel Szalkiewicz & Associates, P.C. and Borenstein, McConnell & Calpin, P.C., hereby propound to defendant BAILA SEBROW ("Ms. Sebrow" or "Defendant") this First Set of Interrogatories. The interrogatories are to be answered fully, separately, in writing and under oath, in accordance with the definitions and instructions set out below, within thirty (30) days of service.

       These interrogatories shall be read and interpreted in accordance with the definitions and instructions set forth below, together with the instructions, definitions, and rules of construction set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of New Jersey, which are incorporated herein by reference.

**DEFINITIONS**

1.      The Definitions set forth in Plaintiff's First Set of Requests for the Production of Documents are incorporated herein by reference.

2.      "Plaintiff" means the Plaintiff whose name You identified in Your Answer.

1

3.       "Baila" or "Ms. Sebrow" or "Sebrow" or "Defendant" means Defendant Baila Sebrow, her employees, contractors, or volunteers.

4.       "Defendant," "You," or "Your" means Defendant Baila Sebrow.

5.       The term "Complaint" means the Complaint in the above-captioned action, filed on December 23, 2021.

6.       The term "Answer" means the undated Answer and Counterclaim in the above-captioned action served by Your attorney on October 3, 2022.

7.       As used herein, the term "identify" when used with reference to an individual, means to: (1) state the individual's full name; (b) state the name and address of the individual's present or last known employer; (c) state the present position of employment and department if still employed; and (d) state the present or last known residence and telephone number of the individual.

8.       As used herein, the term "identify" when used with reference to a corporation, partnership, joint venture, institution or any legal person other than an individual, means to: (a) state the entity's full name; (b) state the present or last known address and telephone number; (c) state the name of an individual who was the appropriate contact at the corporation, partnership, joint venture, institution or other legal person.

9.       As used herein, the term "identify" when used with reference to a document or object, means to state: (a) the general nature of the document or object, *i.e.*, letter, memorandum, report, drawing, pamphlet, etc.; (b) the general subject matter of the document or object; (c) the name and current or last known business and home addresses of the original author or draftsman; (d) the addressee(s) and recipient(s) of the document; and (e) the date of the document.

10.     The term "identify" when used with reference to a communication, act or event, means to state: (a) the date, time and the location, and if a communication, the manner *i.e.*, via telephone, fax, or in person; (b) the names of the persons who took part in the communication, act or event, and identify them; (c) the names of any persons also present or who witnessed the communication, act or event, and to identify them; (e) what records were kept or have been created describing or relating the communication, act or event.

11.     As used herein, "Interrogatories" or "Interrogatory" refer to the individual or collective interrogatories set forth below.

12.     The term "concerning" as used herein means in whole or in part constituting, containing, embodying, reflecting, identifying, stating, relating to, referring to, showing, memorializing, amending, evidencing, or connected with any logical or factual way.

13.     The term "communication" or communications" refers to any form of oral, written, recorded, verbal, graphic, or non-verbal communication, whether in person, by telephonic, electronic, optical, or mechanical transmission, and whether pre-arranged or by chance or coincidence.

14.     The term "Person" as used herein includes a natural person, firm, association, organization, partnership, business, trust, corporation, company or public entity.

## **INSTRUCTIONS**

1.     All of these Interrogatories are directed to responsive information within Your knowledge, or within the knowledge of your agents and other employees (including attorneys).

2.     In each instance where an Interrogatory is answered upon information and belief, set forth the information and the basis for such information and belief.

3

3.      These Interrogatories should be answered separately and fully in writing under oath. If You are unable to answer an Interrogatory fully, submit as much information as is available and explain why Your answer is incomplete. If precise information cannot be supplied, submit (a) Your best estimate or judgment, so identified, and set out the source or basis of the estimate or judgment and (b) provide such information available to You as best approximates the information requested. Where incomplete answers, estimates, or judgments are submitted and You know of or have reason to believe there are other sources of more complete or accurate information, identify or describe those other sources of information.

4.      These Interrogatories are continuing in nature so as to require you to file supplemental responses as required by Rule 26(e) of the Federal Rules of Civil Procedure, and to include all information and documents prepared or received by You between the date of receipt of this request and the date of trial. Your responses to these Interrogatories should be supplemented not later than thirty (30) days prior to any hearing addressing the merits of any party's claims or defenses.

5.      If You decline to respond to any Interrogatory in whole or in part pursuant to a claim of privilege or confidentiality, please: (a) identify the subject matter, type (e.g., letter or memorandum), date and author of the privileged communication or information, all persons who prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

6.      If you answer any Interrogatory by reference to records from which the answer may be derived or ascertained, as permitted by Fed. R. Civ. P. 33(d): (a) the specification of

documents to be produced shall be in sufficient detail to permit the Defendants to locate and identify the record and to ascertain as readily as could Plaintiff; (b) You shall make available any computerized information or summaries thereof that You either have, or can adduce by a relatively simple procedure, unless these materials are privileged or otherwise immune from discovery; (c) You shall provide any relevant compilations, abstracts or summaries in Your custody or readily obtainable by You, unless these materials are privileged or otherwise immune from discovery; and (d) the documents shall be produced or made available for inspection and copying within seven (7) days after service of the answers to these Interrogatories or a date agreed upon by the parties.

7.      If in responding to any Interrogatory You claim any ambiguity in either the Interrogatory or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and include in Your response the interpretation or assumptions upon which Your response is made.

8.      In the event that any Interrogatory cannot be fully answered after the exercise of reasonable diligence, You shall furnish as complete an answer as You can and explain in detail the reasons why You cannot give a full answer, and state what is needed to be done in order to be in a position to fully answer and estimate when You will be in that position.

9.      If in responding to any Interrogatory You claim any objection as to the basis for not responding, respond to all parts of such Interrogatory to which Your objection does not apply.

10.      These Interrogatories are continuing in nature and may be amended and supplemented in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORIES**

1.      Identify all persons known to You who have any information or knowledge concerning the subject matter of this litigation, and for each such person, provide a summary of all facts known to that person regarding the subject matter of the litigation.

2.      Identify any and all social media posts or public statements You have made or caused to be made concerning Plaintiff.

3.      Identify any and all individual with whom You have spoken about Your various allegations about Plaintiff, including the medium and content of Your conversation.

4.      Set forth Your basis for calling Plaintiff 132 times on October 10, 2018.

5.      Set forth Your basis for claiming that Plaintiff made false representations of material facts, including the statements which You claim Plaintiff knew were false at the time they were made.

6.      Set forth the "extensive damages" suffered by You as a result of the allegedly defamatory statements made about You by Plaintiff.

7.      Set forth Your basis for contacting Plaintiff's workplace concerning Plaintiff.

8.      Set forth Your basis for responding to Plaintiff's September 7, 2018 wishes that You have a happy and healthy new year with "Thank you.  Same to you.  And if you have sex with anyone else, may you contract a highly contagious incurable lifelong STD!  Amen Amen V'Amen Love and kisses!"

9.      Set forth Your basis for telling Plaintiff, on September 26, 2018 that "What you did to me (and others) is called sexual coercion.  That is a form of rape.  I'm not sure if NY would try you criminally for what you did.  But, a class action civil suit against you will definitely hold up."

6

10.     Identify the name of the person with whom You spoke for 2.5 hours on or about August 26, 2020 who told you she dated Plaintiff.

11.     Identify the content of each and every photograph you alleged Plaintiff took of you and used to blackmail you.

12.     State each time Plaintiff allegedly blackmailed you using photographs.

13.     State the exact time, location, and date of each time Plaintiff allegedly raped you.

14.     Set forth the names of each individual you informed that Plaintiff raped you.

15.     Set forth each incident of sexual abuse that was allegedly performed by Plaintiff.

16.     Identify the names of each person that had access to your Visa Card 4147202110910146 from October 2018 until December 2020.

17.     Identify the make and model of each phone you have had in your possession and control from October 2018 until December 2020.

18.     Set forth the basis that you believed you were entitled to a Get as required by Jewish law.

19.     Set for your basis for telling Nicole Kiderman that ███████ sexually abused his daughter.


Dated:  New York, New York
            November 21, 2022

                                    **Daniel Szalkiewicz & Associates, P.C.**


                                    ___*/s/ Daniel Szalkiewicz*___
                                    By: Daniel S. Szalkiewicz, Esq. (DS2323)
                                    23 W. 73rd Street, Suite 102
                                    New York, New York 10023
                                    (212) 706-1007
                                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, a copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES** was served by email on the following:

IRA HELLER LAW, LLC
Attn: Ira Heller, Esq.
1317 Morris Avenue
Union, New Jersey
(908) 275-8626
iwhelleresq@gmail.com

By: Daniel S. Szalkiewicz, Esq. (DS2323)
23 W. 73rd Street, Suite 102
New York, New York 10023
(212) 706-1007
*Attorneys for Plaintiff*

8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------X
JOHN DOE,

                Plaintiff,

         -against-

BAILA SEBROW,

               Defendant.
-------------------------------------------------X

Case No.: 2:21-cv-20706

**PLAINTIFF'S FIRST REQUEST FOR**
**THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Civil Rules, Plaintiff, JOHN DOE ("Plaintiff"), by his attorneys, Daniel Szalkiewicz & Associates, P.C. and Borenstein, McConnell & Calpin, P.C., hereby requests that defendant BAILA SEBROW ("Ms. Sebrow" or "Defendant")  produce the below indicated documents in their possession, custody or control for inspection and copying at the offices of Daniel Szalkiewicz & Associates, P.C., 23 W. 73rd Street, Suite 102 New York, New York 10023, within thirty days of service hereof.  If requested documents are within Defendant's possession, custody, or control (meaning that they are in the possession of an agent or can otherwise be obtained on request), they must be produced.  If the requested documents are not within Defendant's possession, custody, or control, please so state.  In such event, Defendant is hereby requested to furnish same as soon as such documents come into Defendant's possession, custody, or control.

These document requests shall be read and interpreted in accordance with the definitions and instructions set forth below, together with the instructions, definitions, and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local

1

Rules of the U.S. District Court for the District of New Jersey, which are incorporated herein by reference.

## **INSTRUCTIONS**

1.      Unless otherwise specified, documents requested are those created, written, or exchanged between January 1, 2017 and the present.

2.      In responding to these Requests, furnish all documents, including attachment copies, and enclosures, in their entirety, without abbreviation or expurgation.  All documents includes all documents kept in electronic form, such as electronic mail files, audio records such as voicemail, caller identification lists of placed, received, and missed calls, files stored on a computer hard drive or server, files stored on any tablet, smart phone, or similar mobile electronic device, and files kept on a computer disk, CD-ROM, DVD, cloud, or other external storage device (e.g., a thumb drive, external hard drive).

3.      The present tense of a verb shall include its past tense and vice versa.

4.      If any document requested herein was formerly in Your possession, custody, or control (or that of Your representative) and has been lost or destroyed or otherwise disposed of You are requested to submit, in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and. if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed, and, if destroyed, the conditions of and any reasons for such destruction, and the person(s) requesting and performing the destruction.

5.      If production of any requested document or information is objected to on any ground other than privilege, you shall identify the nature, date, title, current custodian(s), addressee(s), author(s) or sender(s), recipient(s), and its length in pages and other physical descriptions sufficient to permit accurate identification, provide a general description of its subject matter, and state the grounds for objection.

6.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be redacted from the document and the rest of the document shall be produced.

7.      All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

8.      Each page of each document should be numbered consecutively. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

9.      Documents attached to each other (physically or via electronic mail) should not be separated.

10.      In producing the requested documents, even though the Requests are directed to You, furnish all documents which are available to You, including documents in the possession of any of Your officers, directors, employees, agents, attorneys, including, but not limited to investigators, accountants, or consultants, and not merely such documents in Your possession.

11.      With respect to any document kept in any electronic format, each such document is to be produced in .tiff and or .pdf format, with applicable load files, and shall be text-searchable and include all meta-data associated with the electronic file from which the document

derives, in particular the following non-privileged captured objective field data and metadata:

BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, CUSTODIAN, PARENTID, CHILDID, BATESRNG, PRPERTIES, AUTHOR, FROM, TO, CC, BCC, SUBJECT, EMAILSUBJECT, DATESENT, TIMESENT, DATECREATED, TIMECREATED, DATERCVD, TIMERCVD, FILENAME, FILEPATH, FILESIZE, APPLICATION, FOLDERID, NATIVEFILE, DOCEXTENSION, HASH, and HEADER.

12.    Any error reports generated during TIFF conversion should be produced identifying files that could not be processed. Where converting a document to TIFF format is either impossible or not practicable, or when producing ESI in a format other than a TIFF format you should identify those documents and state why converting the documents to TIFF format is impossible and/or impracticable and/or why the ESI is not otherwise being produced in TIFF format.

13.    With respect to any documents that are being produced other than as a TIFF image, you are requested to provide a Bates-stamped slip page in TIFF format. You are to also produce a corresponding link to the native document that is also being produced, which includes the relative path and filename of that native document. This link to the native documents can be produced either as part of the Data Load File (DAT file) or as a separate cross-reference file. All data load files (OAT, Opticon, Cross-Reference file(s)) should be in ANSI (plain text) format, unless Unicode fom1at is agreed to in advance.

14.    If any document is within the scope of any request for production, but is not being produced pursuant to a claim of privilege or confidentiality, please:

a.    identify the subject matter, type (e.g., letter or memorandum), date and author of

the privileged communication or information, all persons who prepared or sent it,

and all recipients or addressees;

b.    identify each person to whom the contents of each such communication or item of

information have heretofore been disclosed, orally or in writing;

c.    state what privilege is claimed; and

d.    state the basis upon which the privilege is claimed.

15.    This is a continuing request for information. If, after making your initial response,

you obtain or become aware of any further information responsive to this discovery demand, you

are required to produce such additional information to plaintiff.


## DEFINITIONS

1.    The following definitions apply to all discovery requests:

a.    **Communication.** "Communication" includes, but is not limited to, any oral or

written inquiries, discussions, conversations, negotiations, agreements, contracts, understandings,

meetings, telephone conversations, letters, correspondence, notes, telegrams. telexes,

telefacsimiles, electronic communications, or other forms of written or oral exchange by words,

thoughts or ideas to another person(s) or to a file. All requested communications shall include any

tape recordings or any writings, electronically stored, printed, typed, handwritten or other readable

documents, correspondence, memoranda, reports, contracts, diaries, analyses, log books, minutes,

notes, studies, surveys and forecasts, or other documents exchanged.

b.    **Document.** The term "document" is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without

limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. "Document" means any and all written, typewritten, printed, photographed, recorded, transcribed, punched, taped, filed, or graphic matter of any kind or nature, however produced or reproduced, including the complete original or, where no original is available, a complete copy of the original, and each non-identical copy of the original (e.g., where different because of notes made on the copy); any form of collected data for use with electronic data processing equipment, and any mechanical, visual, or sound recordings in your custody, possession, or control including but not limited to: correspondence, e-mails, telegrams, teletypes, memoranda, notes, reports, agreements, diaries, date books, work papers, statements, tapes, discs, minutes, entries, books of account, and lists.  The term also includes all information stored in a computer system although not yet printed, all information stored on computer disks or hard drives, all information stored on computer tape backups, and all information stored on CD-ROM, including voicemail or e-mail.

c.      **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.      **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

e.      **Parties.** The terms "plaintiff" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its

officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

  f.  **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

  g.  **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

  2.  The terms "all" and "each" shall be construed as all and each.

  3.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  4.  The use of the singular form of any word includes the plural and vice versa.

  5.  "Plaintiff" means the Plaintiff whose name You identified in Your Answer.

  6.  "Ms. Sebrow" or "Baila" or "Defendant" means Defendant Baila Sebrow, her employees, contractors, or volunteers.

  7.  The term "Complaint" means the Complaint in the above-captioned action, filed on December 23, 2021.

  8.  The term "Answer" means the undated Answer and Counterclaim in the above-captioned action served by Your attorney on October 3, 2022.


## **REQUESTS FOR PRODUCTION**

  1.  All documents, communications, and correspondence between You and Plaintiff.

  2.  All documents, communications, and correspondence between You and Nadia Kiderman.

3.      All documents, communications, and correspondence – including statements made to the press, police, Beth Din/Bais Din, or any third party – in which You discuss Plaintiff or any of the allegations contained within the Complaint or Your Answer.

4.      All documents, communications, and correspondence evidencing statements You made or caused to be made about Plaintiff on social media or elsewhere online.

5.      All documents, communications, and correspondence which supports, refutes, evidences, relates to, or otherwise pertains to payments made on Your Visa credit or debit card ending in 0146 to SpoofCard on or about August 10, 2020; July 10, 2020; June 10, 2020; May 10, 2020; April 10, 2020; March 10, 2020; February 10, 2020; January 11, 2020; December 10, 2019; November 9, 2019; October 10, 2019; September 9, 2019; November 21, 2018; and October 21, 2018.

6.      All documents, communications, and correspondence which supports, refutes, evidences, relates to, or otherwise pertains to the police report referenced in Your Answer (Case#: 2018-013-0100-71, Complaint#: 2018-1434).

7.      All documents, communications, and correspondence which supports, refutes, evidences, relates to, or otherwise pertains to Your claim that Plaintiff possesses intimate images of you.

8.      All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim that You "Just sent an email to my relatives to transfer if they have a portfolio with ███████. Let's see you "bang" your way out of that one!"

9.      All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim that Plaintiff wanted to marry you (see:

8

Your text message dated 7/30/18 which stated, in part, "why the hell did you keep telling me that you want to marry me? I have those texts!!!!" and Your text message dated 8/3/18 which stated, in part, "You tell me you want to marry me and out of the blue you dump me.").

10.    All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim You were not in an "emotionally sound state" (see: Your text message dated 8/17/18 which stated "Then I will have to say it was rape because I wasn't in an emotionally sound state.").

11.    All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim that You will show Plaintiff's e-mails to third parties in which he "targeted" you while married (see: Your text messages dated 8/17/18 which stated "You do realize that if it goes public, I will show your emails that you targeted me while married. And since I was grief stricken and emotionally weak – you took advantage. The entire Jewish community will go crazy on you" and "Ok. You want to play dirty. I'll have to show the emails you sent me while I was married. How you targeted me. How I told you I can't date you. How you convinced me saying you love me. How you used me and you dumped me. I will then bring in witnesses to similar things. You need to understand very clearly: YOU ARE AN EMBARARASSMENT TO ME. I DO NOT WANT TO MARRY YOU. I WANT NOTHING FROM YOU. Is that clear enough? You have that whore Susan. You deserve each other. And I'm very happy that you found each other again.").

12.    All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim that You are in "contact with the press (see: Your text message dated 8/18/18 in which You state, in part, "…I promise you that if this

goes public, you'll be lynched for what you did to me and others. I'm already in contact with the press. One wrong move, and you'll be in cheirim. So watch your step!").

13. All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your age on the date of August 18, 2018.

14. All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim that you were pregnant with Plaintiff's child (see: Your text messages dated 8/20/18 which state "I will terminate it. But, I need to mentally prepare myself" and "I'm doing what I need to do. I may try something on my own that's less cruel to a fetus.").

15. All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to medical treatment received by You in August of 2018 (see: Your text message dated 8/21/18 which stated "I'm being tested, examined and treated by my physician. You don't need to pay for anything, and there's nothing for you to worry about regarding this matter…").

16. All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim Plaintiff told You how to apologize for putting a roofie in Your drink (see: Your text message dated 9/1/18 in which You state "I also have screenshots where you're telling me how to apologize for the way you put a roofie in my drink.").

17. All documents, communications, and correspondence which supports, evidences, relates to, or otherwise pertains to Your contact with Plaintiff's workplace (see Your text messages dated 9/14/18 in which You state: "Why did you delete my friend request? You want to play hostile? No problem. I can play the same game!...I might contact your workplace…Let's

10

get this straight. I'm not obsessed over you. The more people I speak to, the more I'm turned off by you. But the hostility you created by unfriending me is just making an enemy out of me.").

18.     All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim that You "spoke to some people in shul about what you did to me and others for the last 15 years. I gave your name to one person and that you're MD for ▨▨▨▨▨. I was advised that since I'm a public figure, I need to go public with my story. I will also make sure that my therapist and gynecologist who are mandated reporters have the info about you in my medical chart. I'm sorry. But your cycle of abuse needs to stop. And if you're thinking of hiring a hit man, you will be the first suspect."

19.     All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to You calling Plaintiff 132 times on October 10, 2018 (see: text message exchange which provides Plaintiff: "…You called me an hour before Shabbat 132 attempts. Just leave me alone. I will not respond any more. You need help. I hope you get it" You: "He was a former NYPD…I was responding to your text. That's why I tried to reach you. You are besmirching me.").

20.     All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Plaintiff's allegation that You directed third parties to upload false and defamatory statements about him online.

21.     All documents, communications, and correspondence which supports, evidences, relates to, refutes, or otherwise pertains to Your claim that You possess a damaging recording about Plaintiff (see: Your e-mail to Plaintiff dated October 10, 2018 in which You state, in part,

11

"Just remember 'People in glass houses should not throw stones.' I have a very damaging

recording about you that could destroy your family.  I would hate to put it on social media."

22.    Copies of each police report or complaint you filed against ▨▨▨▨.

23.    Copies of all documents in which you accused ▨▨▨▨ of rape.

24.    Copies of all documents in which you accused ▨▨▨▨ of blackmail.

25.    Copies of all documents in which you accused ▨▨▨▨ of incest.


Dated: New York, New York
       November 21, 2022


By:_____
   DANIEL SZALKIEWICZ

   Daniel Szalkiewicz & Associates, P.C.
   Attorneys for Plaintiff
   23 W. 73rd Street, Suite 102
   New York, NY 10023
   (212) 706-1007
   daniel@lawdss.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, a copy of the foregoing **PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** was served by email on the following:

IRA HELLER LAW, LLC
Attn: Ira Heller, Esq.
1317 Morris Avenue
Union, New Jersey
(908) 275-8626
iwhelleresq@gmail.com

By: Daniel S. Szalkiewicz, Esq. (DS2323)
23 W. 73rd Street, Suite 102
New York, New York 10023
(212) 706-1007
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------X

JOHN DOE,

                         Plaintiff,

                   Case No.: 2:21-cv-20706

        -against-

                                    **NOTICE OF DEPOSITION**

BAILA SEBROW,                   **OF BAILA SEBROW**

                       Defendant.

-------------------------------------------------X

       PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff JOHN DOE, by and through his attorneys Daniel Szalkiewicz & Associates, P.C. and Borenstein, McConnell & Calpin, P.C., shall take the deposition upon oral examination of Defendant Baila Sebrow ("Deponent").

       Said deposition will commence on December 9, 2022 at 10:00 a.m. EST at the offices of Borenstein McConnell Calpin, P.C., located at 155 Morris Avenue, Suite 201 Springfield, New Jersey 07081 before a notary public or other official qualified to administer oaths.  If, for any reason, the deposition is not completed on the day scheduled, it will be continued day to day, excluding Saturdays, Sundays and holidays, until completed.

       The deposition will be recorded by stenographic means and will be recorded by voice or video recording.  The deposition will be used for such purposes as are permitted under the Federal Rules of Civil Procedure.  You are invited to attend and to cross-examine.

       Deponent shall produce at this deposition each and all of the documents identified and requested in the attached Plaintiff's First Set Interrogatories Propounded upon Defendant Baila

Sebrow and Plaintiff's First Request for the Production of Documents, to the extent these

documents have not been produced previously.

Dated: November 21, 2022

By:_____
DANIEL SZALKIEWICZ

Daniel Szalkiewicz & Associates, P.C.
Attorneys for Plaintiff
23 W. 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, copies of the foregoing were served by email to
Defendant's attorney, Ira Heller, Esq. at iwhelleresq@gmail.com:

- NOTICE OF DEPOSITION OF BAILA SEBROW

Dated: New York, New York
        November 21, 2022

_____
Daniel Szalkiewicz