# Exhibit 12



Daniel Szalkiewicz <daniel@lawdss.com>

---

## Re: Discovery
1 message

**Ira W Heller** <iwhelleresq@gmail.com>  Mon, Jan 9, 2023 at 3:15 PM
To: Daniel Szalkiewicz <daniel@lawdss.com>

Hi Daniel,

I meant to have it to you first thing this morning, but was saddled with a deposition that just finished now.

Attached please find my client's responses to your First Interrogatories and Notice to Produce.

Best,
Ira



Ira W. Heller, Esq.
Tel: 908-275-8626
Fax: 908-349-3005
1317 Morris Avenue
Union, NJ 07083
iwhelleresq@gmail.com

This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you receive this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose such information for any purpose other than to provide the services for which you are receiving the information.

**Rule of Evidence 408 Applicability**:  This communication may contain a settlement offer and/or information presented as part of settlement discussions.  Such information and offers are subject to the restrictions of FRE and NJRE 408 and may not be used for any purpose.

**Reservation of All Rights and Defenses:** Unless specifically set forth to the contrary nothing herein may be interpreted as an admission and/or waiver of any rights or defenses, all of which are preserved.

**IRS CIRCULAR 230 COMPLIANCE:** To ensure compliance with the requirements imposed by the IRS in Circular 230 effective June 21, 2005, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

On Mon, Jan 9, 2023 at 12:19 PM Daniel Szalkiewicz <daniel@lawdss.com> wrote:
> Ira,

Another day has come and gone. I still do not have anything.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033


On Fri, Jan 6, 2023 at 4:11 PM Ira W Heller <iwhelleresq@gmail.com> wrote:
> Of course, so sorry for the delay. As I told you, I was awaiting two pieces of information that took me a day longer than I expected. It is a bit too close to Shabbat to convert the docs appropriately, I will get them to you over the weekend.
>
> My best,
> Ira
>
> 
>
> Ira W. Heller, Esq.
> Tel: 908-275-8626
> Fax: 908-349-3005
> 1317 Morris Avenue
> Union, NJ 07083
> iwhelleresq@gmail.com
>
> This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you receive this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose such information for any purpose other than to provide the services for which you are receiving the information.
>
> **Rule of Evidence 408 Applicability**:  This communication may contain a settlement offer and/or information presented as part of settlement discussions.  Such information and offers are subject to the restrictions of FRE and NJRE 408 and may not be used for any purpose.
>
> **Reservation of All Rights and Defenses:** Unless specifically set forth to the contrary nothing herein may be interpreted as an admission and/or waiver of any rights or defenses, all of which are preserved.
>
> **IRS CIRCULAR 230 COMPLIANCE:** To ensure compliance with the requirements imposed by the IRS in Circular 230 effective June 21, 2005, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
>
>
> On Fri, Jan 6, 2023 at 2:38 PM Daniel Szalkiewicz <daniel@lawdss.com> wrote:

Ira,

You wrote me that your responses would be received yesterday. I did not receive them from you. Are you still planning on responding?

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Thu, Jan 5, 2023 at 8:26 AM Ira Heller <iwhelleresq@gmail.com> wrote:
> Daniel,
>
> Your discovery demands are complete. Please excuse the slight delay, I need to obtain one more piece of information, and will have the papers over to you today.
>
> Best,
> Ira
>
> IRA HELLER LAW, LLC
> Ira W. Heller, Esq.
> 1317 Morris Avenue
> Union, NJ 07083
> 908-275-8626
> Fax 908-349-3005

**2 attachments**

 **Defendant Response to First Interrogatories 1-5-23.pdf**
27K

 **Defendant Response to Request for Production of Documents 1-5-23.pdf**
26K

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------X

JOHN DOE,  Case No.: 2:21-cv-20706

Plaintiff,

vs.  **DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S FIRST REQUEST FOR**
BAILA SEBROW  **THE PRODUCTION OF DOCUMENTS**

Defendant.

---------------------------------------------------X

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR DOCUMENTS AND FIRST SET OF INTERROGATORIES

Defendant, by and through its attorneys, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiff's Request for Documents and First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1. Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2. In making the accompanying responses and objections to Plaintiff's requests for documents and interrogatory, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. Defendant will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Defendant, as set forth in the Federal Rules of Civil Procedure. Defendant's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from other.

1

   4. A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendant performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Defendant acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

   5. Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

   6. Plaintiff will make available for inspection at Defendant's offices responsive documents. Alternatively, Plaintiff will produce copies of the documents.

   7. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

   1. Defendant objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

   2. Defendant objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

   3. Defendant objects to each document request to the extent that it calls for production of a privilege log for internal documents of Defendant. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges protecting such internal documents from discovery.

   4. Defendant objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

   5. Defendant objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff previously produced to Defendant. Responding to such requests and interrogatory would

be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiff as for Defendant. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Plaintiff to Defendant in the course of Defendant's civil litigations with Plaintiff, all correspondence between the Defendant and Plaintiff, all other information provided by Plaintiff to Defendant, and all information produced by Defendant to Plaintiff in response to discovery requests of Plaintiff or all documents produced by Defendant in the course of any other civil litigations between the parites. All such documents and information will not be produced.

6.  Plaintiff's document requests and interrogatory call for the production of documents and information that were produced to the Defendant by other entities and that may contain confidential information regarding third parties or provided by third parties not a party to this litigation.

7.  To the extent any of Plaintiff's document requests or its interrogatory seek documents or answers that include expert material, Defendant objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

8.  Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

## **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1.  Plaintiff objects to Definition No. 1.-a. regarding "communication" or "communications" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Defendant further objects to Definition No. 1.-a. to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

2.  Plaintiff objects to Definition No. 1.-b. regarding "document" or "documents" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Plaintiff further objects to Definition No. 1.-b. to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

3.  Plaintiff objects to Definition No. 1.-c. regarding "party" or "parties", "plaintiff" or "defendant" as it relies on an unidentified Plaintiff, "John Doe", who may or may not be known to Defendant; as it also refers to a Defendant named in its Complaint who does not legally exist. Therefore, there are no "party(ies)", "plaintiff(s)", defendant(s)", as that term is

defined. Subject to and notwithstanding this objection, in responding to these discovery requests, Defendant will treat the terms as individuals and entities, named as parties to this lawsuit, listed on Plaintiff's Rule 26(a)(1) Initial Disclosures.

4. Defendant objects to Definition No. 5 regarding the identity of "plaintiff". Plaintiff has only been identified as "John Doe", who may or may not be known to the Defendant and any identification made by Defendant in the Answer filed is pure conjecture at this point. Plaintiff also failed to identify himself as required in his Rule 26(a)(1) Initial Disclosures. Therefore, there is no "plaintiff" as that term is defined. Subject to and notwithstanding this objection, Defendant will use the presumption made in her Answer that "John Doe" may be a man named XXXXXX.

5. Defendant objects Definition No. 6 regarding the identity of "defendant". Plaintiff has named a nonexistent person as the Defendant in his lawsuit. Plaintiff also listed this same nonexistent person in Plaintiff's Rule 26(a)(1) Initial Disclosures. Subject to and notwithstanding this objection, Defendant will use the presumption made thus far in this litigation that she is the Plaintiff's intended Defendant.

6. Defendant objects to the Instructions to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

7. Defendant objects to Instructions on the grounds that they are vague and ambiguous, that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, and that it is overly broad and unduly burdensome.

8. Defendant objects to Instructions regarding documents "in your possession, custody, or control" and "created, transmitted, or received by you" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Plaintiff further objects to this instruction as overbroad and unduly burdensome to the extent it seeks (a) documents in the possession, custody, or control of individuals, agencies, or entities other than Defendant.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this interrogatory as Plaintiff has not been identified, therefore it is impossible for Defendant to provide a proper response until such time as Plaintiff is definitively identified. Further, Defendant objects to this interrogatory as this document request is overbroad, vague, and ambiguous and unduly burdensome to the extent it seeks information that is readily or more accessible to Plaintiff, from Plaintiff's own files, and the burden of providing such information in answering this interrogatory is substantially the same or less for Defendant as for Plaintiff. See Federal Rule of Civil Procedure 33(d).

RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to this interrogatory as this document request is overbroad, vague, and ambiguous and unduly burdensome to the extent it seeks information that is readily or more accessible to Plaintiff, from Plaintiff's own files, and the burden of providing such information in answering this interrogatory is substantially the same or less for Defendant as for Plaintiff. See Federal Rule of Civil Procedure 33(d).

RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendant objects to this interrogatory as Plaintiff has not been identified, therefore it is impossible for Defendant to provide a proper until such time as Plaintiff is definitively identified. Defendant objects to this document request as overbroad, burdensome, vague, and ambiguous. Plaintiff further objects to this request to the extent that it relies upon the terms "statement" and "third parties" as they are not properly defined. Upon information and belief, Defendant did not make any "statements", as Defendant presumes to be defined, to the press; any "statements" to the police are of public record and easily obtained by the Plaintiff; any "statements" made to the Bet Din, Plaintiff has either been provided or was present for same, the person Defendant presumes to be the Plaintiff does turn out to be the same.

RESPONSE TO DOCUMENT REQUEST NO. 4:

Upon information and belief, Defendant did not make or cause to be made any such statements.

RESPONSE TO DOCUMENT REQUEST NO. 5:

This documentation has already been obtained by the Plaintiff's attorney, provided to Plaintiff's attorney or still under investigation and will be provided to Plaintiff's attorney upon receipt.

RESPONSE TO DOCUMENT REQUEST NO. 6 and 22:

These documents are of public record and were or can be obtained by Plaintiff's attorney or were provided to Plaintiff's attorney. The information given to Plaintiff in regard to this report is the same identifying information in the possession of the Defendant, and to the extent it is unavailable to the Plaintiff, it is equally unavailable to the Defendant.

RESPONSE TO DOCUMENT REQUEST NO. 7-19 and 21, 23 - 25:

To the extent that these documents exist and are in custody of the Defendant, they are attached hereto.

RESPONSE TO DOCUMENT REQUEST NO. 20:

These allegations are blatantly false. Defendant never instructed, directed third parties to

5

upload false and defamatory statements about Plaintiff online.

Dated January 5, 2023

                                              IRA HELLER LAW, LLC
                                              1317 Morris Avenue
                                              Hillside, NJ 07083
                                              908-275-8626
                                              iwhelleresq@gmail.com

                                              By: _____
                                                  Ira W. Heller, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------X

JOHN DOE,                                               Case No.: 2:21-cv-20706

Plaintiff,

vs.                                                       **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF**

BAILA SEBROW                                **INTERROGATORIES**

Defendant.
---------------------------------------------------X

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES RELATING TO JURISDICTIONAL DISCOVERY**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant states its responses and objections to Plaintiff's First Set of Interrogatories Relating to Jurisdictional Discovery ("Interrogatories") as follows:

## **GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

1. Defendant objects to Plaintiffs' Interrogatories to the extent they deviate from or purport to impose requirements other than or in addition to those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the District of New Jersey, and/or the orders of this Court.

2. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information or documents outside the scope of discovery permissible under the Federal Rules of Civil Procedure.

3. Defendant objects to Plaintiffs' Interrogatories to the extent that they seek information or documents protected by the Attorney-Client Privilege, the Attorney Work Product Doctrine, or any other applicable privilege or immunity. None of these responses is intended as, or should be construed as a waiver or relinquishment of any part of the protections afforded by the Attorney-Client Privilege, the Attorney Work Product Doctrine, or any other applicable privilege or immunity.

4. Defendant objects to Plaintiffs' Interrogatories to the extent that they seek information or documents that are beyond his custody, possession, or control and/or seek information that is equally available to Plaintiffs.

5. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information or documents for any period of time beyond any applicable statute of limitations.

6. Defendant objects to Plaintiffs' Interrogatories because they contain undefined terms which make them vague, ambiguous, overbroad, unduly burdensome, and oppressive.

7. Defendant expressly limits its responses to Plaintiffs' Interrogatories to the information or documents that can be located after a reasonable and diligent search, within the short period allowed, of its records believed most likely to contain the responsive information.

8. Defendant's investigation into the facts alleged in Plaintiffs' Complaint is ongoing, and she continues to search for information or documents responsive to Plaintiffs' Interrogatories. As additional information or documents become available, Defendant reserves the right to amend, modify, clarify and/or supplement its responses and objections as appropriate.

9. Defendant's decision to provide information or documents notwithstanding the objectionable nature of Plaintiffs' Interrogatories is not to be construed as an admission that the information or document is relevant, as a waiver of the general or specific objections, or as an agreement that future requests for similar discovery will be treated in a similar manner.

10. These General Objections and Limitations apply to each of Plaintiffs' Interrogatories as though restated in full in response thereto. To the extent Defendant asserts objections to individual requests, those objections shall apply equally to any subparts of the request.

11. Defendant objects to the Interrogatories to the extent they require information reflecting conduct or circumstances pertaining to an unidentified Plaintiff, who may or may not be known to Defendant, and such Interrogatories are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12. Defendant objects to the Interrogatories to the extent she may or may not be the intended Defendant, as the named Defendant is not a legal person, whether or not she is amenable to jurisdiction in this district.

13. Defendant objects to the Interrogatories, and any implied or express instruction or direction in the Interrogatories, that impose or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

14. Defendant objects to the Interrogatories to the extent they seek disclosure of proprietary and/or confidential business information of Defendant or third parties. To the extent the Interrogatories do seek such information, Defendant will respond only pursuant to a Protective Order under Fed. R. Civ. P.26(c).

15. Defendant objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

16. Defendant reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Interrogatories, unless Defendant specifically states otherwise.

17. Defendant objects to the Interrogatories to the extent they seek information from third parties under which she does not control such persons.

18. Defendant objects to the Interrogatories to the extent they call for information which "concerns" or "relates to" a particular topic on the ground that providing information with any relationship to a particular topic is unduly burdensome and out of proportion to the information's potential relevance. Without waiving any objections, Defendant will use appropriate efforts to ensure all information is provided reasonably "concerning" or "relating to" a particular topic.

19. Defendant 's general objections are applicable to, and included in, Defendant 's specific objections and answers set forth below.

## RESPONSES AND OBJECTIONS

**Interrogatory 1:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, oppressive, unduly burdensome, argumentative, and calls for speculation. Without waiving the objections, Defendant responds that she is unaware of the identity of any persons, other than the Plaintiff, who may have knowledge of the facts alleged in the Complaint as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. Assuming her presumption is correct Defendant has already identified such persons in her initial Disclosures.

**Interrogatory 2:**

Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, oppressive, unduly burdensome, argumentative, and calls for speculation. Without waiving the objections, Defendant responds that she is unaware of any social media posts concerning Plaintiff nor did she cause any to be created or posted.

**Interrogatory 3:**

Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he is properly identified. Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, oppressive, unduly burdensome, argumentative, and calls for speculation. Without waiving the objections, Defendant has not made any public statements about the Plaintiff nor did she cause any to be made.

**Interrogatory 4:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, oppressive, unduly burdensome, argumentative, and calls for speculation. Defendant responds as follows: I do not recall calling "132 times," however, I remember being desperate to reach Mr. ▓, as I wanted to secure a "Get" from him, due to the fact that on 3 separate occasions over the prior year, Mr. ▓ had handed me jewelry, and said the required verse which makes a formal declaration of the transaction required by Jewish Law to formalize a betrothal between a man and a woman. Furthermore, Mr. ▓ conspicuously did so in front of random people who could technically qualify as the required two witnesses to the transaction. In order to get this situation resolved, I needed Mr. ▓'s cooperation, and he was completely ignoring my calls, and I was extremely distressed about it. I know I pushed the redial many times on that day, and do not even recall as to whether he even answered any of my calls.

**Interrogatory 5:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he is properly identified. However, based upon the presumption that the Defendant is ▓▓▓, in July of 2021, Defendant falsely accused me of making Twitter posts which were appearing on Google associating ▓▓▓ with being a Date Rapist. Based upon these allegations, I was served with a Temporary Restraining Order ("TRO") on July 15, 2021. These allegations were false, as the Defendant later discovered who posted these Twitter postings, and it was not the Defendant. After obtaining his TRO in New Jersey, approximately two weeks later, the Defendant (assuming Defendant is ▓▓▓) went to the West Orange Municipal Court, and falsely claimed that Defendant had violated the terms of the TRO, for having received an email from Defendant's Twitter dating site. In fact, in order for Plaintiff (assuming Plaintiff is ▓▓▓) to receive that message, he would have had to have actively signed up to receive. Accordingly, Plaintiff (▓▓) made a false representation to the Municipal Court in Order to obtain a warrant for Defendant's arrest.

**Interrogatory 6:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he is properly identified. However, based upon the presumption that the Plaintiff is ▓▓, damages to Defendant began long before there were any postings when Plaintiff ▓▓) plied the Defendant with a date rape drug, took intimate photographs of the Defendant while she was under the influence of these drugs, and made her life a living hell for the better part of a year. The decision to resurrect this pain was not that of the Defendant, but the Plaintiff who falsely claims the Defendant was harassing him and making defamatory postings about him in the time after the abusive relationship ended.

**Interrogatory 7:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such

time as he or she is properly identified. However, based on her presumption of his identify, her response is at the contact at Plaintiff's workplace was at the behest of the Plaintiff

**Interrogatory 8:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. The Defendant denies making this statement.

**Interrogatory 9:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. Defendant does not specifically recall making this particular statement, but Defendant affirms that what Plaintiff (XXXXX) did is a form of sexual assault, and it is a criminal act. Defendant does not recall making distinctions between criminal prosecution and a civil suit.

**Interrogatory 10:**
Defendant's recollection is that she had a conversation with XXXXXXXX. Defendant cannot attest as to the exact length of the phone call.

**Interrogatory 11:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. If Plaintiff is XXXXX, then Defendant was shown photographs once, which she recalls having graphic photographs of herself unclothed, and positioned in a manner to reveal her breasts and genitalia. Defendant cannot identify specific details of each and every photograph, as though Mr. XX referenced them frequently, she was shown the photographs only once. If Mr. XX will furnish the photographs, the Defendant will be able to identify them.

**Interrogatory 12:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. If Plaintiff is XXXXX, then the Plaintiff blackmailed the Defendant each time he wanted to coerce her into having sex.

**Interrogatory 13:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. If Plaintiff is XXXXX, then Defendant states she was coerced into having sex with him in Random hotels in Manhattan and New Jersey, and in his car. He also did so at a weekend event in Westchester for Religious Divorcees on Presidents Day Weekend in 2018, where Mr. XX followed her around. Debbie Rochlin inquired at that event as to whether she wanted her to keep Mr. XX away from her, and asked Defendant if she felt she needed security due to Mr. XX's stalking her. Also, at a weekend run by Jacob Strauss in New Jersey at a "Shabbos Nachamu" event in 2018.

**Interrogatory 14:**
Defendant responds that she is unaware of the identity of the Plaintiff, as Plaintiff has yet to be identified. Defendant has made a presumption as to who he is but cannot be certain until such time as he or she is properly identified. If Plaintiff is XXXXXX, then Defendant informed the following people with regard to Mr. XX's having sexually assaulted her: Rabbi Eytan Feiner, Rabbi Eliezer Zwickler, Rabbanit Bracha Jaffe, Rabbi Love, Debby Rochlin, Cantor Benny Rogosnitzky, Fran Shulman, Linda Roth, Rabbi Dovid Cohen, Rabbi Feinstein's Gabbai, and the Defendant's children.

**Interrogatory 15:**
See Response to Interrogatory 13

**Interrogatory 16:**
The people who had access to Defendant's credit card were XXXXXX, her children, and Nadia Kiderman, Defendant's gym had her card information, and there were some stores that she frequented who kept her credit card on file.

**Interrogatory 17:**
Defendant identifies her phone as an iPhone.

**Interrogatory 18:**
On 3 separate occasions XXXXXX handed the Defendant jewelry, and said the required verse which makes a formal declaration of the transaction required by Jewish Law to formalize a betrothal. Furthermore, Mr. XX conspicuously did so in front of random people who could technically qualify as the required two witnesses to the transaction.

**Interrogatory 19:**
Defendant denies knowing anyone named Nicole Kiderman, and has not had any conversations with her.

Dated: January 5, 2023

> IRA HELLER LAW, LLC
> 1317 Morris Avenue
> Hillside, NJ 07083
> 908-275-8626
> iwhelleresq@gmail.com
>
> By: _____
> Ira W. Heller, Esq.
>
> On behalf of Defendant