# Exhibit 14



Daniel Szalkiewicz <daniel@lawdss.com>

## Doe v. Sebrow
1 message

**Daniel Szalkiewicz** <daniel@lawdss.com>  Tue, Jan 10, 2023 at 11:06 AM
To: Ira W Heller <iwhelleresq@gmail.com>

Ira,

Please see the attached letter.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

📄 **2023.01.10 Ltr to Heller Discovery Def.pdf**
278K

# Daniel Szalkiewicz
# & Associates

23 West 73rd Street  T: (212) 706-1007
Suite 102  F: (646) 849-0033
New York, NY 10023  lawdss.com

January 10, 2023

**Via E- Mail Only (iwhelleresq@gmail.com)**
Ira Heller Law, LLC.
Attn: Ira Heller, Esq.
1317 Morris Avenue
Union, New Jersey 07083

*Re:*   *John Doe v. Baila Sebrow*
*United States District Court, District of New Jersey*
*Case No.: 2:21-cv-20706*

Dear Mr. Heller,

I am in possession of your purposed discovery responses and interrogatories dated January 5, 2023. However, the responses are woefully insufficient and are hereby rejected.

**Document Responses**
Please accept this letter as a follow-up to a brief phone call we had on November 23, 2022, concerning the status of this matter.

**Response to Request One**: You objected to the request as you assert Plaintiff has in her possession and control the same documents. However, you have continuously alleged that the documents we produced are forgeries and fabrications; therefore, your client has a burden of producing what she believes the be the original, unaltered, text messages, emails, and other communications.

**Response to Request Two**: You once again objected to this demand as you stated Plaintiff has the documents in his possession. However, as with the correspondence and text messages between the Plaintiff and Defendnat, you are alleging the messages are false. If your client is willing to consent to the authenticity of the messages, we will not request her to turn over the messages between Kiderman and Defendant.

**Response to Request Three**: Your objection is invalid. If you made statements to any third parties concerning the allegations in the complaint or your counterclaim, you are required to turn over said documents.

**Response to Request Six and Twenty-Two**: Plaintiff does not have the report nor can he obtain it. You are required to turn over a copy of the police report. It is not a public record.

**Response to Requests 7-19 and 21, 23-25**: You stated that the documents are attached hereto. However, no discovery documents were attached to your responses.

DS & A

January 10, 2023
Page 2

---

**Interrogatory Responses**

Initially, you provided us with unsworn interrogatory responses. Federal Rules of Civil Procedure (FRCP) 33 states "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and they must be signed. Defendant has not signed the document under oath and it is therefore rejected.

**Response to Interrogatory One**: Your response indicates that the only people who have knowledge of the subject matter of the litigation are those listed in your untimely initial disclosures. The people listed in that document were Plaintiff, Baila Sebrow, Daniel Szalkiewicz, Gabriel Solomon, Michael Kogan, Tanya Kogan and MBTA Management LLC, and Spoofcard. However, throughout your other responses, it is clear that there are more individuals who have knowledge of the allegations in the complaint and counterclaim and therefore this response must be amended and **completely** answered.

**Response to Interrogatory Three**: This appears to be a response to interrogatory two, not three, and must be amended to properly respond to the interrogatory.

**Response to Interrogatory Eight**: This statement came from a text message sent by your client.

**Response to Interrogatory Nine**: This statement came from a text message sent by your client.

**Response to Interrogatory Eleven**: The answer is incomplete. The interrogatory requests that Sebrow "identify the content of each and every photograph you alleged Plaintiff took of you and used to blackmail you," however, she provides a vague and general response.

**Response to Interrogatory Thirteen**: This response is also incomplete. It requests the "exact time, location, and date of each time Plaintiff allegedly raped" Sebrow, however you only provided general nonspecific times.

**Response to Interrogatory Seventeen**: This response is also incomplete. It also requested the model of the iPhone.

**ESI Discovery**

Given the Defendant's lack of any meaningful documents and denials of the all the allegations, it is clear ESI discovery is necessary. We will send a separate letter detailing what we would like to have conducted in order to complete the discovery process, but at a minimum, we will be requesting to have her computer and iPhone analyzed. We propose the following preliminary parameters of the electronic search and retrieval with respect to metadata, format, time period, and scope:

DS & A

January 10, 2023
Page 3

---

- The search shall include, at a minimum, all documents, emails, chats, texts, voicemails, image files, movie files, other multimedia, backups, Google takeout folders, and recordings on the devices;
- Metadata included in the retrieval should include file name and date created, date sent, custodian, GPS and/or other location data, author, dates modified, recipients, and source paths;
- Native format production; and
- The date range we propose is December 1, 2017 to present, which comports with the allegations contained within our Complaint.

We will permit you to select the ESI vendor. Once done, please let us know and we will provide you with a list of proposed search terms to have submitted to the vendor for discovery.

**Defendant's Deposition**

Defendant's deposition was noticed for December 9, 2022, however, you failed to produce her. We propose the following deposition dates:

January 25, 2023 at 10:00 A.M.
January 30, 2023 at 10:00 A.M.
February 1, 2023 at 10:00 A.M.
February 2, 2023 at 10:00 A.M.
February 3, 2023 at 10:00 A.M.

The deposition will take place at the offices of Borenstein McConnell Calpin, P.C., located at 155 Morris Avenue, Suite 201 Springfield, New Jersey 07081. Please let me know by January 13, 2023, which date works for you and your client and we will schedule the reporter.

I note that fact discovery concludes on February 17, 2023, so the depositions must be conducted forthwith.

Thank you.

Very Truly Yours,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.

By: Daniel S. Szalkiewicz, Esq.
*daniel@lawdss.com*