# Exhibit 16

 Gmail

Daniel Szalkiewicz <daniel@lawdss.com>

---

## Response to Deficiency Letter

1 message

**Ira W Heller** <iwhelleresq@gmail.com>                                   Thu, Jan 26, 2023 at 12:41 PM
To: Daniel Szalkiewicz <daniel@lawdss.com>

Daniel,

Please find letter response to your letters of 1/10 and 1/24 attached.

Sincerely,

 IRA HELLER LAW, LLC

Ira W. Heller, Esq.
Tel: 908-275-8626
Fax: 908-349-3005
1317 Morris Avenue
Union, NJ 07083
iwhelleresq@gmail.com

This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you receive this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose such information for any purpose other than to provide the services for which you are receiving the information.

**Rule of Evidence 408 Applicability**:  This communication may contain a settlement offer and/or information presented as part of settlement discussions.  Such information and offers are subject to the restrictions of FRE and NJRE 408 and may not be used for any purpose.

**Reservation of All Rights and Defenses:** Unless specifically set forth to the contrary nothing herein may be interpreted as an admission and/or waiver of any rights or defenses, all of which are preserved.

**IRS CIRCULAR 230 COMPLIANCE:** To ensure compliance with the requirements imposed by the IRS in Circular 230 effective June 21, 2005, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

📄 **Letter to Szalkiewicz 1-26-23 - response to discovery deficiency letter.pdf**
40K



IRA HELLER LAW, LLC

IRA W. HELLER, ESQ.
(MEMBER OF BAR · NJ & NY)

1317 Morris Avenue, Union, NJ 07083

Tel: 908-275-8626 / Fax: 908-349-3005
iwhelleresq@gmail.com

January 25, 2023

Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

Re: ▨ v. Sebrow – Docket # FV-07-265-22 / Sebrow v. ▨ – Docket # FV-07-487-22

Dear Mr. Szalkiewicz,

Please accept this letter as response to your Deficiency Notices of January 10, 2023 and January 24, 2023. Responses are in bold red, below.

**Response to Request One**: You objected to the request as you assert Plaintiff has in her possession and control the same documents. However, you have continuously alleged that the documents we produced are forgeries and fabrications; therefore, your client has a burden of producing what she believes the be the original, unaltered, text messages, emails, and other communications.

**We are currently working on obtaining these documents with our expert.**

**Response to Request Two**: You once again objected to this demand as you stated Plaintiff has the documents in his possession. However, as with the correspondence and text messages between the Plaintiff and Defendnat, you are alleging the messages are false. If your client is willing to consent to the authenticity of the messages, we will not request her to turn over the messages between Kiderman and Defendant.

**Same answer as above, we allege that certain messages therein are not accurate, and we are currently working with our expert to obtain them.**

**Response to Request Three**: Your objection is invalid. If you made statements to any third parties concerning the allegations in the complaint or your counterclaim, you are required to turn over said documents.

**We stick by our response that any statements made to the Bet Din and police can be independently obtained or has already in the possession of the plaintiff. There were no statements to the press.**

**Response to Request Six and Twenty-Two**: Plaintiff does not have the report nor can he obtain it. You are required to turn over a copy of the police report. It is not a public record.

**We stick by our response that the police records can be obtained by plaintiff and we believe they may have been provided**

**Response to Requests 7-19 and 21, 23-25**:  You stated that the documents are attached hereto.  However, no discovery documents were attached to your responses.

**That response was worded incorrectly. It should have read: "To the extent that these document s exist, they are in the possession of the defendant."**

## Interrogatory Responses

Initially, you provided us with unsworn interrogatory responses.  Federal Rules of Civil Procedure (FRCP) 33 states "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and they must be signed.  Defendant has not signed the document under oath and it is therefore rejected.

**Response to Interrogatory One**: Your response indicates that the only people who have knowledge of the subject matter of the litigation are those listed in your untimely initial disclosures.  The people listed in that document were Plaintiff, Baila Sebrow, Daniel Szalkiewicz, Gabriel Solomon, Michael Kogan, Tanya Kogan and MBTA Management LLC, and Spoofcard.  However, throughout your other responses, it is clear that there are more individuals who have knowledge of the allegations in the complaint and counterclaim and therefore this response must be amended and **completely** answered.

**Your statement is not true, and based upon assumptions which have no evidentiary support.**

**Response to Interrogatory Three**:  This appears to be a response to interrogatory two, not three, and must be amended to properly respond to the interrogatory.

**Response to Interrogatory Eight**:  This statement came from a text message sent by your client.

**No, they allegedly came from my client, but is currently being investigated by our expert and our answer stands.**

**Response to Interrogatory Nine**:  This statement came from a text message sent by your

client.

**See answer above**

**Response to Interrogatory Eleven**:  The answer is incomplete.  The interrogatory requests that Sebrow "identify the content of each and every photograph you alleged Plaintiff took of you and used to blackmail you," however, she provides a vague and general response.

**This is the best response we can provide at this time.**

**Response to Interrogatory Thirteen**: This response is also incomplete. It requests the "exact time, location, and date of each time Plaintiff allegedly raped" Sebrow, however you only provided general nonspecific times.

**See response above**

**Response to Interrogatory Seventeen**: This response is also incomplete. It also requested the model of the iPhone.

**See response as above**

## ESI Discovery

Given the Defendant's lack of any meaningful documents and denials of the all the allegations, it is clear ESI discovery is necessary. We will send a separate letter detailing what we would like to have conducted in order to complete the discovery process, but at a minimum, we will be requesting to have her computer and iPhone analyzed. We propose the following preliminary parameters of the electronic search and retrieval with respect to metadata, format, time period, and scope:

**What documents are lacking? All text messages have been allegedly turned over by the Plaintiff.**

I will discuss depositions with you at the proceeding.

Sincerely,

Ira W. Heller, Esq.