**KEMENY, RAMP & RENAUD, LLC**
*Alexander J. Kemeny, Esq. (Attorney I.D. No.: 039842009)*
7-G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 853-1725 | Fax: (732) 853-1730
Email: akemeny@kemenylaw.com
Website: www.KemenyLaw.com
***Attorneys for Defendant, Betty Sebrow, improperly pled as Baila Sebrow***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JOHN DOE**, <br><br> Plaintiff, <br><br> v. <br><br> **BAILA SEBROW**, <br><br> Defendant. | <u>Civil Action No.</u><br>2:21-cv-20706 (MEF) (SDA) |

---

## Memorandum of Law in Support of
## Defendant's Motion for a Judgment on the Pleadings

---

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................1

LEGAL STANDARD.............................................................................2

I.    Count I Should Be Dismissed Because "Harassment" is Not a Civil Cause of Action.....................................................................................................4

A.    No Civil Cause of Action for Harassment Exists under New Jersey Law......4

B.    The Criminal Statutes Cited by Plaintiff Fail to Establish a Civil Claim ......5

II.    Count II, Alleging Libel Per Se, Should Be Dismissed Because It Is Barred By New Jersey's One-Year Statute of Limitations on Defamation Claims ...........7

III.    Count III, Alleged Intentional Infliction of Emotional Distress, Should Be Dismissed Because It Is Predicated on Plaintiff's Time Barred Defamation Claim 9

IV.    Count IV Should Be Dismissed Because There Is No Private Right of Action in New Jersey for Perjury or False Swearing and Plaintiff's Claims are Barred by the Litigation Privilege .......................................................12

V.    Count V Should be Dismissed Because Plaintiff Has Failed to Plead What Damages He Sustained from Defendant's Alleged Tortious Interference with His Employment Relationship.......................................................................13

VI.    Count VI, Alleging Interference with Prospective Business Relations Through Defamatory Statements, Should Be Dismissed Because It Is Time Barred by N.J.S.A. § 2A:14-3..............................................................16

VII.    Count VII Should Be Dismissed Because Punitive Damages Are a Remedy, Not a Standalone Cause of Action .......................................17

VIII.    Count VIII, Asserting Defamation, Should Be Dismissed Because It Is Barred by the Applicable Statute of Limitations, N.J.S.A. 2A:14 3 ...................18

IX.    Count IX Should Be Dismissed Because New Jersey Does Not Recognize a Tort for Spoliation of Evidence and Plaintiff's Allegations Do Not Support a Claim for Fraudulent Concealment ....................................................................18

X.    Count X, Alleging Abuse of Process, Should Be Dismissed Because the Filing of False Police Reports Does Not Constitute Process and Plaintiff Fails to Allege How Process Was Abused Once Issued..................................................20

CONCLUSION ......................................................................................22

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint attempts to stretch a personal dispute into sprawling litigation, asserting ten separate causes of action that largely repackage time-barred defamation claim under various labels. Every one of Plaintiff's claims arises from the alleged online defamatory statements made on a website in 2019 are beyond New Jersey's strict one-year statute of limitations for defamation claims, N.J.S.A. 2C:33–4, which runs from the initial date of publication and is **not** tolled by the discovery rule. Lawrence v. Bauer Pub. & Printing Ltd., 78 N.J. 371, 375 (1979). Plaintiff's time barred claims include Counts II (Libel Per Se), IIII (Intentional Infliction of Emotional Distress), VI (Tortious Interference with Prospective Business Relations Through Defamatory Statements) and VIII (Defamation).

The other counts in the Amended Complaint should also be dismissed because they attempt to assert civil causes of action where no such type of action exists under New Jersey law or Plaintiff has failed to allege a sufficient factual basis to proceed. Count I should be dismissed because "harassment" is not a civil cause of action under New Jersey law. Count IV should be dismissed because there is no private right action for perjury or false swearing and, even if there were, Plaintiff's claims would be barred by the litigation privilege. Count V should be dismissed because Plaintiff has not identified any damages that were caused by

Defendant's alleged tortious interference with Plaintiff's employment relationship. Count VII should be dismissed because punitive damages are not a cause of action; they are a remedy. The court should dismiss Count IX  because New Jersey does not recognize a spoliation as an independent tort and Plaintiff's allegations fail to set forth a claim for fraudulent concealment. And, finally, the court should dismiss Plaintiff's Count X, alleging that Defendant engaged in abuse of process by filing false police reports because the filing of police reports does not constitute "process" and the Amended Complaint fails to identify how a legal process was abused once it was instituted.

Accordingly, a judgment on the pleadings should be granted pursuant to Rule 12(c), dismissing the entirety of Plaintiff's Amended Complaint.

## **LEGAL STANDARD**

A motion for judgment on the pleadings pursuant to Rule 12(c) is decided under the same standard as governs Rule 12(b)(6) motions, but operate once the pleadings have closed. Revell v. Port Auth. Of New York, 598 F.3d 128, 134 (3d Cir. 2010). Thus, a party is entitled to judgment on the pleadings where the pleadings of the non-moving party fail to provide a sufficient factual basis for the court to conclude that the claimant could plausibly be entitled to relief, disregarding conclusory statements and taking all remaining factual allegations by

the non-movant as true, while drawing any reasonable inferences therefrom.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bistrian v. Levi, 696 F.3d 352, 355

(3d Cir. 2012).

The moving party bears the burden of showing that no claim has been

stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is

appropriate if, accepting all of the facts alleged in the complaint as true, the

plaintiff has failed to plead "enough facts to state a claim to relief that is plausible

on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see

also Umland v. PLANCO Fin. Serv., Inc., 542 F.3d 59, 64 (3d Cir. 2008).

However, this assumption of truth is inapplicable to legal conclusions

couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. at

662. In other words, although a complaint need not contain detailed factual

allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The factual allegations must be sufficient to raise a plaintiff's right to relief

above a speculative level, see id. at 570, such that the court may "draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While "[t]he plausibility

standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

As set forth below, Plaintiff's Amended Complaint should be dismissed in its entirety by way of a judgment on the pleadings.

### I.    Count I Should Be Dismissed Because "Harassment" is Not a Civil Cause of Action

Plaintiff's First Cause of Action should be dismissed because "harassment" is not a civil cause of action in New Jersey and the criminal statutes cited by Plaintiff do not provide a private right of action. Moreover, the count should not be preserved as a poorly pled claim for intentional infliction of emotional distress because Plaintiff pled intentional infliction of emotional distress in Count III.

### A. No Civil Cause of Action for Harassment Exists under New Jersey Law

"Under New Jersey law, civil harassment is not a cause of action." Sexton v. N.J. Dep't of Corr., No. 21-20404, 2024 WL 4615763, at *17 (D.N.J. Oct. 30, 2024). Simply put, "New Jersey law has not recognized harassment as a free-standing civil cause of action for damages." Hodge v. McGrath, Civ. No. 4684-12T2, 2014 WL 6909499, at *1 (N.J. Super. Ct. App. Div. Dec. 10, 2014).

In Lin v. Chase Card Services, the Third Circuit affirmed dismissal of a civil claim for a violation of the criminal harassment statute, N.J.S.A. 2C:33–4, finding that "[n]either the New Jersey Supreme Court nor the State's Legislature has

created a private cause of action under N.J.S.A. 2C:33–4 [the criminal harassment statute], and we will not do so here." C.A.3 (N.J.) 2011, 427 Fed. Appx. 118, 2011 WL 1770532. So too, this court should decline to recognize harassment as a new civil cause of action in New Jersey.

Instead of allowing the Plaintiff to proceed in his prosecution of a non-existent cause of action, this court should reach the same conclusion that the late Judge Pisano reached in Arce v. Bank of Am., when he noted, "Plaintiff is attempting to bring a civil cause of action against Defendant for an alleged violation of N.J.S.A. 2C:33–4. This is blatantly improper. Accordingly, Plaintiff's claim pursuant to N.J.S.A. 2C:33-4 is DISMISSED." Civ. A. No. 13 2776, 2013 WL 6054817, at *5 (D.N.J. Nov. 15, 2013).

## B.  The Criminal Statutes Cited by Plaintiff Fail to Establish a Civil Claim

To the extent Plaintiff seeks to assert a civil claim under the federal mail and wire fraud and statutes, 18 U.S.C. §§ 1341 and 1343 or New York Penal Law sections in Count I of his Amended Complaint, the count should be dismissed because those criminal statutes do not provide a private right of action.

No private cause of action exists under the federal mail fraud statute, 18 U.S.C. § 1341, or the federal wire fraud statute, 18 U.S.C. § 1343. Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999) (finding that claims alleging a private cause of action for violations of 18 U.S.C. §§ 1341 and

Page 5 of 23

1343 were properly dismissed). <u>See</u> <u>also</u> <u>Official Publications, Inc. v. Kable News Co.</u>, 884 F.2d 664, 667 (2d Cir. 1989) (noting that "18 U.S.C. §§ 1341 and 1343… do not provide a private right of action."); <u>Jones v. TD Bank</u>, 468 Fed. Appx. 93, 94 (3d Cir. 2012) (holding that no right of private action exists under 18 U.S.C. § 1341).

To support his claim for harassment, Plaintiff references in the Amended Complaint New York Penal Law §§ 240.21 through 240.32, which are "offenses against the public order" and include various degrees of criminal harassment. <u>See</u> N.Y. Penal Law §§ 240.00, and  240.21 through 240.32. However, like New Jersey, "New York does not recognize a [civil] cause of action to recover damages for harassment." <u>Goldstein v. Tabb</u>, 575 N.Y.S.2d 902 (App. Div. 1991) Moreover, New York courts have repeatedly held that New York's penal statutes do not confer on individuals any right to civil relief or recovery unless the statute expressly confers a civil right of action or it can be fairly implied. <u>Hammer v. Am. Kennel Club</u>, 803 N.E.2d 766, 768 (N.Y. 2003), <u>See</u> <u>also</u> <u>Golden v. Diocese of Buffalo, NY</u>, 125 N.Y.S.3d 813, 815(App. Div. 2020); and <u>Sheehy v. Big Flats Community Day</u>, 73 N.Y.2d 629, 633, (App. Div. 1989). For instance, in <u>Golden v. Diocese of Buffalo, NY</u>, the New York Appellate Division concluded that NY Penal Law § 240.45,  establishing second degree criminal nuisance as an offense against the

public order did not imply a private right. See Golden v. Diocese of Buffalo, NY,

125 N.Y.S.3d at 815.

Since harassment is not a civil cause of action in New Jersey and none of the

criminal statutes referenced in Count I establish a private right of action, Count I of

the Amended Complaint should be dismissed pursuant to Rule 12(c).

## II.    Count II, Alleging Libel Per Se, Should Be Dismissed Because It Is Barred By New Jersey's One-Year Statute of Limitations on Defamation Claims

Count II of the Amended Complaint alleging that Defendant engaged in libel

per se should be dismissed because it is barred by N.J.S.A. 2A:14-3, which

provides a strict one-year statute of limitations on libel and slander claims which

begins to run from the date the defamatory material was published. See Lawrence

v. Bauer Pub. & Printing Ltd., 78 N.J. 371, 375 (1979) (holding, the statute of

limitation period begins from the date of publication.)

Under New Jersey law, "[e]very action at law for libel or slander shall be

commenced within 1 year next after the publication of the alleged libel or slander."

N.J.S.A. 2A:14-3; Rumbauskas v. Cantor, 138 N.J. 173, 183 (1994). This time

limit is strictly construed and begins to run from the date of first publication of the

defamatory statement rather than the date on which the statement was discovered.

Lawrence v. Bauer Pub. & Printing Ltd., 78 N.J. 371, 375 (1979) (holding that "the

discovery rule is inapplicable to libel actions.") See also Williams v. Bell Tel.

Labs., Inc., 132 N.J. 109, 121, (1993) ("this Court 'has squarely held that the

discovery rule [of tolling the statute of limitations] is not available in the

interpretation or application of N.J.S.A. 2A:14–3.'"

Under the well-established "single publication rule," the statute of

limitations does not reset each time a defamatory statement is accessed or viewed

online. Barres v. Holt, Rinehart & Winston, Inc., 131 N.J. Super. 371, 374-375,

379, 390 (Law Div.1974), aff'd, 141 N.J. Super. 563, 359 A.2d 501 (App. Div.

1976), aff'd, 74 N.J. 461, 378 (1977). Instead, the limitations period runs from the

date the statement was first made publicly available. Id.

The statute limitations period begins from the date of publication instead of

the date that Plaintiff discovered that the statement was published.  Lawrence v.

Bauer Pub. & Printing Ltd., 78 N.J. at 375-760. The statute does not allow for

tolling based upon when the publication was discovered or that the statement

caused injury. Id.; See also Baran v. ASRC/MSE, 815 Fed. App'x. 633, 637 (3d

Cir. 2020) (holding that New Jersey's discovery does **not** apply to defamation

claims).

Plaintiff's Amended Complaint concedes that the underlying conduct

forming the basis for his defamation claims occurred "[i]n or amount July of

2019," when "three websites were created concerning Plaintiff." (AC¶125). Those

"websites" included a Twitter account, Instagram Account, and "website,

www.real[Plaintiff]_.com."  (AC ¶¶ 125-128) There appears to be a typographical error in Paragraph 127 of the Amended Complaint because it conflicts with Paragraph 125, by that that the second account website [the Instagram account] was **also** created in July 2020," rather than in or around July of 2019, as alleged in Paragraph 125. Nonetheless, whether the publication occurred in July of 2019 or July of 2020 is immaterial because both dates are well beyond a year before Plaintiff filed this present action on December 23, 2021.Therefore, on its face, Count II is time-barred and should be dismissed.

### III.    Count III, Alleged Intentional Infliction of Emotional Distress, Should Be Dismissed Because It Is Predicated on Plaintiff's Time Barred Defamation Claim

Count III of the Amended Complaint asserting that Defendant caused intentional infliction of emotional distress should be dismissed because it is predicated on the same conduct alleged in his time barred defamation claim.

When "an intentional tort count . . . is predicated upon the same conduct on which the defamation count is predicated, the defamation cause completely comprehends" the intentional tort claim. LoBiondo v. Schwartz, 323 N.J. Super. 391, 417 (App. Div. 1999). As a result, if there is "no actionable defamation [claim], there can be no claim for damages flowing from the alleged defamation but attributed to a different intentional tort whose gravamen is the same as that of the defamation claim." Id.; See also G.D. v. Kenny, 411 N.J. Super. 176, 194 (App.

Div. 2009), aff'd, 205 N.J. 275 (2011). Similarly, "a party who claims that its

reputation has been damaged by a false statement cannot circumvent the strictures

of the law of defamation or of product disparagement by labeling its action as one

for negligence." Dairy Stores, Inc. v. Sentinel Pub. Co., 191 N.J. Super. 202, 217

(Law. Div. 1983), aff'd, 198 N.J. Super. 19 (App. Div. 1985), aff'd, 104 N.J. 125

(1986).

Notably, the New Jersey Supreme Court issued a decision just yesterday

(August 7, 2025), in Salve Chipola, III v. Sean Flannery, wherein it determined that

that the one-year statute of limitations for defamation claims applies to false light

claims because:

> the conduct at the heart of both defamation and false light
> invasion of privacy claims is essentially the same; and holding
> otherwise would cause false light to engulf the tort of defamation
> and eradicate the narrowed one-year limitations period that is
> intended to balance potentially tortious behavior with free speech
> rights.
>
> Salve Chipola, III v. Sean Flannery, (A-2-24) (088836),
> Decided August 7, 2025.

A party "may not pursue a claim for intentional infliction of emotional

distress to circumvent the required elements of or defenses applicable to another

cause of action that directly governs a particular form of conduct." Griffin v. Tops

Appliance City, Inc., 337 N.J. Super. 15, 24 (App. Div. 2001). As the New Jersey

Supreme Court has noted, "[t]here is… a certain symmetry or parallel between

claims of emotional distress and defamation that calls for consistent results."
Decker v. Princeton Packet, Inc., 116 N.J. 418, 432 (1989).

In Rodriguez v. Home News, the New Jersey Appellate Division found that
the plaintiff's negligence claim asserting that the newspaper "negligently and
carelessly wrote and published… charges which were false concerning the
plaintiff's place of business" were time barred by New Jersey's statute of
limitations for libel and slander. 137 N.J. Super. 320, 323 (App. Div. 1975).
Similarly, in McCleneghan v. Turi, the Third Circuit found that the plaintiff could
not "circumvent the defamation statute of limitations by repackaging the same
claims under a tortious interference theory." 567 Fed. Appx. 150, 156 (3d Cir.
2014) (applying Pennsylvania law).

Here, the gravamen of Plaintiff's claim for IIED is that Defendant
intentionally disparaged him, causing him to suffer from emotional distress.
Plaintiff contends that Defendant "conduct[ed] cyber harass[ment]" "in an effort to
destroy Plaintiff's good name" and that Defendant undertook these "actions
knowing the statement… were false and knowing that Plaintiff was not the one
publishing the statements… in his own name" (AC ¶178). These pleadings fit
precisely under the definition of defamation and libel which in New Jersey is "'[a
false] statement, communicated to a third person, and tends to lower the subject's
reputation in the estimation of the community or to deter third persons from

associating with him.'" <u>W.J.A. v. D.A.</u>, 210 N.J. 229, 238 (2012). As such, the one-year statute of limitations period on defamation claims applies, and Count III, alleging IIED, should be dismissed with prejudice.

### IV. Count IV Should Be Dismissed Because There Is No Private Right of Action in New Jersey for Perjury or False Swearing and Plaintiff's Claims are Barred by the Litigation Privilege

Count IV of Plaintiff's Amended Complaint asserting that Defendant violated New Jersey's perjury and false swearing statutes, N.J. Stat. §§ 2C:28-1 and 2C:28-2, should be dismissed for two reasons. First, those statutes do not create a private right of action; and second, Defendant's statements are protected by the litigation privilege.

Perjury is a criminal offense. <u>Harmon v. Holmes</u>, 712 F. Supp. 451 (D.N.J. 1989). It does not create a private cause of action under New Jersey law. <u>Id.</u> In fact, "[n]o private right of action exists under either federal or New Jersey perjury statutes." <u>Ali v. Person</u>, 904 F. Supp. 375, 377 n.1 (D.N.J. 1995). <u>See also</u> <u>R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.</u>, 168 N.J. 255, 271 (2001). As such, Count IV, alleging perjury or false swearing should be dismissed with prejudice.

Furthermore, the litigation privilege which protects a litigant from civil liability for statements made in the course of judicial, administrative, or legislative proceedings. <u>Erickson v. Marsh & McLennan Co.</u>, Inc., 117 N.J. 539, 563, 569

(1990) (citing <u>Rainier's Dairies v. Raritan Valley Farms</u>, 19 N.J. 552, 558, (1955)).

The privilege extends to "'any communication (1) made in judicial and quasi-

judicial proceedings; (2) by litigants or other participants authorized by law; (3) to

achieve the objects of the litigation; and (4) that have some connection or logical

relation to the action.'" <u>Hawkins v. Harris</u>, 141 N.J. 207, 216 (1995). <u>See also</u>

<u>Ruberton v. Gabage</u>, 280 N.J. Super. 125, 133 (App. Div.), cert. den. 142 N.J. 451,

(1995) (holding that the immunity extends to all statements made in connection

with judicial proceedings and is not limited to what a person testified to under

oath).

Here, Plaintiff's claims arise from statements Defendant allegedly made in a

certification filed in the New Jersey Superior Court, Family Part, Essex County,

during a domestic violence proceeding (AC ¶¶ 187–194). These statements fall

squarely within the scope of the litigation privilege. Thus, even if perjury or false

swearing could otherwise give rise to a civil cause of action,  Defendant would be

immune from civil under the litigation privilege. As such, Count IV should be

dismissed with prejudice.

### V.    Count V Should be Dismissed Because Plaintiff Has Failed to Plead What Damages He Sustained from Defendant's Alleged Tortious Interference with His Employment Relationship

Count V of Plaintiff's Amended Complaint, asserting that Defendant

tortiously interfered with Plaintiff's employment relationship, should be dismissed

because Plaintiff fails to allege that he suffered any cognizable loss from
Defendant's alleged interference with his employment relationship.

To state a viable claim for tortious interference with an existing contract in
New Jersey, a plaintiff must allege: (1) The existence of a valid and enforceable
contract; (2) That the defendant knew of that contract; (3) That the defendant
intentionally and maliciously interfered with that contract; (4) That the interference
caused the loss of the contract or a breach; and (5) Resulting damages. See
DiGiorgio Corp. v. Mendez & Co., 230 F. Supp. 2d 552, 558 (D.N.J. 2002) (citing
Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 751–52, 563 A.2d 31
(1989)). "An essential element of the cause of action is that the interference must
have caused the loss of the contract or the prospective gain." Id.

Although the details of alleged damages do not need to be "spelled out in
great detail," a plaintiff must allege "what anticipated economic benefit he would
have received (but did not receive) but for the tortious interference." The Indian
Express Private Ltd. v. Hali, CV202741ESCLW, 2022 WL 154354, at *7 (D.N.J.
Jan. 18, 2022) (dismissing plaintiff's claims of tortious interference with existing
or prospective economic advantage arising from an email). In analyzing a
complaint, the court is not "not required to credit bald assertions" of economic loss
that are not supported by any details. Id. (quoting McCargo v. Hall, CIV.A. 11-533
ES, 2011 WL 6725613, at *1 (D.N.J. Dec. 20, 2011)).

In <u>Indian Express</u>, the court dismissed a tortious interference claim on a

12(b)(6) motion where plaintiff failed to plead a concrete contractual loss. There,

petitioner claimed that the defendant committed the tort of intentional interference

with contract and prospective economic advantage by sending an email to the

editorial board of a publication he ran, alerting the board of a (different) lawsuit

plaintiff was involved with, and claimed that he had been "avoiding" the lawsuit

and its "serious legal claims." There, plaintiff alleged the "sole intent and purpose"

of sending the email was to "wrongfully interfere, intentionally and maliciously

and without justification." The court dismissed the claim because no damages were

alleged in the pleadings. Relying on <u>Printing Mart</u>'s "but for" requirement, the

court held, "[w]hile the details of damages need not be spelled out in great detail,

there is no allegation concerning what anticipated economic benefit he would have

received (but did not receive) but for the tortious interference and dismissed,

asserting, the court is "not required to credit bald assertions."

In this case, Plaintiff's Amended Complaint lacks any specific or concrete

allegation of lost contractual rights or prospective gain. Plaintiff merely asserts that

Defendant's conduct "caused employment stress and loss of reputation" and that

"[a]fter Plaintiff's employer became aware of these communications" he was

"compelled to meet with a compliance team to discuss the nature of Sebrow's

emails" (AC ¶ 94, ¶¶ 200–204). He never alleges that he personally lost any

income or that his employment was terminated, suspended, altered, or in any way formally impaired. Because Plaintiff fails to identify any financial loss that he suffered as a result of the Defendant's alleged interference, Count VI should be dismissed in its entirety under Rule 12(c).

### VI.    Count VI, Alleging Interference with Prospective Business Relations Through Defamatory Statements, Should Be Dismissed Because It Is Time Barred by N.J.S.A. § 2A:14-3

Plaintiff's Sixth Cause of Action alleging tortious interference with prospective economic advantage should be dismissed because the gravamen of Plaintiff's tortious interference claim concerns reputational harm arising from Defendant's allegedly defamatory statements that are subject to the one-year statute of limitations under N.J.S.A. 2A:14-3. As discussed in further detail above in Section III of this Brief, when an intentional tort is predicated upon defamatory conduction, the defenses that are applicable to the defamation are equally applicable to the other intentional tort claims. LoBiondo v. Schwartz, 323 N.J. Super. at 417; Dairy Stores, Inc. v. Sentinel Pub. Co., 191 N.J. Super. at 217.

Like with Count III of Plaintiff's Amended Complaint, the allegations in Count VI arise entirely from statements allegedly posted online by Defendant accusing Plaintiff of personal misconduct and other wrongdoing (AC ¶¶ 211–214). The Amended Complaint expressly alleges that Defendant's conduct "prevent[ed] Plaintiff from obtaining new clients" by damaging his online reputation and that

Defendant "created a web of lies and websites to interfere with Plaintiff's ability to be retained by new clients" (AC ¶ 212, ¶ 213).

According to Plaintiff's own Amended Complaint, these statements were published on a website, Twitter, Instagram around July of 2019 or, at the latest, July 2020. and then a Twitter and Instagram account were created in 2019 and July of 2020 that "directed readers" to that website. (AC ¶ 125-128), well more than a year before he filed this legal action, on December 23, 2021. Accordingly, his claims that Defendant tortiously interfered with a prospective business relationship through defamatory statements is barred by N.J.S.A. § 2A:14-3 and Count IV should be dismissed.

## VII.    Count VII Should Be Dismissed Because Punitive Damages Are a Remedy, Not a Standalone Cause of Action

Count VII of Plaintiff's Amended Complaint should be dismissed because it asserts "punitive damages" as an independent cause of action. "Punitive damages are a remedy incidental to cause of action, not a substantive cause of action in and of themselves." <u>DiAntonio v. Vanguard Funding, LLC</u>, 111 F. Supp. 3d 579, 585 (D.N.J. 2015). As such ,"a claim for punitive damages may lie only where there is a valid underlying cause of action." <u>Smith v. Whitaker</u>, 160 N.J. 221, 235 (1999). Because Count VII of the Amended Complaint improperly seeks to assert punitive damages as an independent cause of action, the count should also be dismissed.

### VIII.    Count VIII, Asserting Defamation, Should Be Dismissed Because It Is Barred by the Applicable Statute of Limitations, N.J.S.A. 2A:14 3

Plaintiff's Eighth Cause of Action should be dismissed because, as discussed in Section II of this Brief, (addressing Count II, libel per se), Plaintiff's claims for defamation arising from statements made in 2019 and 2020, are barred by New Jersey's strict one-year statute of limitation on defamation claims. See N.J.S.A. 2A:14-3 and Section II of this Brief.

### IX.    Count IX Should Be Dismissed Because New Jersey Does Not Recognize a Tort for Spoliation of Evidence and Plaintiff's Allegations Do Not Support a Claim for Fraudulent Concealment

Count IX of the Amended Complaint, which alleges that Defendant should be dismissed because the New Jersey does not recognize an independent tort of spoliation and Plaintiff has failed to allege facts that would support a claim for fraudulent concealment.

New Jersey Supreme Court has expressly declined to recognize "a new tort of intentional spoliation." Rosenblit v. Zimmerman, 166 N.J. 391, 406 (2001). In fact, New Jersey neither recognizes "intentional spoliation" nor does it recognize "negligent spoliation" as separate cause of action. Swick v. The New York Times Co., 357 N.J. Super. 371, 375 (App. Div. 2003).

To established a claim for fraudulent concealment action, a Plaintiff must show:

(1) That defendant in the fraudulent concealment action had a
legal obligation to disclose evidence in connection with an
existing or pending litigation;

(2) That the evidence was material to the litigation;

(3) That plaintiff could not reasonably have obtained access to
the evidence from another source;

(4) That defendant intentionally withheld, altered or destroyed
the evidence with purpose to disrupt the litigation;

(5) That plaintiff was damaged in the underlying action by
having to rely on an evidential record that did not contain the
evidence defendant concealed.

Rosenblit v. Zimmerman, 166 N.J. at 406–07.

Claims for fraudulent concealment are grounded in fraud and, therefore,
must meet the heightened pleading standard of Fed. R. Civ. P. 9(b) by being
pleaded with particularity. See Animal Sci. Products, Inc. v. China Nat. Metals &
Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 877 (D.N.J. 2008); See also
Gibbs v. Massey, CIV.A.07-3604(PGS), 2009 WL 838138, at *7 (D.N.J. Mar. 26,
2009). While Rule 9(b) does not require that every material detail of exactly when,
where, and to whom a fraud was perpetrated, a plaintiffs must be plead with
sufficient precision. Id.

Here, however, Plaintiff's allegations fall short. First of all, the evidence that
Plaintiff alleges was concealed cannot be "material to the litigation" because none
of is relevant to a sustainable cause of action that Plaintiff may proceed on in this

case. Put another way, the evidence that Plaintiff claims was spoliated could not be

material to his case because he no case. To the extent that he may have had a an

actionable claim to prosecute because of defamatory statements he alleges were

published by Defendant on or before July of 2020, that claim expired when he

failed to file suit within the one-year statute of limitations set forth in N.J.S.A.

2A:14-3. Second, Plaintiff has not identified how he was allegedly "damaged in

[this] action by having to rely on an evidential record that did not contain the

evidence defendant concealed." Rosenblit v. Zimmerman, 166 N.J. at 07.

Accordingly, Count XI of the Amended Complaint should be dismissed pursuant to

Rule 12(c).

> ### X.  Count X, Alleging Abuse of Process, Should Be Dismissed Because the Filing of False Police Reports Does Not Constitute Process and Plaintiff Fails to Allege How Process Was Abused Once Issued.

Count X of the Amended Complaint, alleging that Defendant engaged in

"abuse of process" by "filing fake police reports" (AC ¶ 223) should be dismissed

because the filing of a police report does not constitute "process," and Plaintiff

fails to identify any manner in which Defendant abused process once a judicial

process was instituted.

The term "process," as used in abuse of process cases, "refers to the abuse of

procedural methods used by a court to 'acquire or exercise its jurisdiction over a

person or over specific property.'" Ruberton v. Gabage, 280 N.J. Super. 125, 131

(App. Div. 1995) quoting *Black's Law Dictionary* 1084 (5th ed.1979). The term

"includes the 'summons, mandate, or writ used by a court to compel the

appearance of the defendant in a legal action or compliance with its orders." Id.

quoting *Webster's Ninth New Collegiate Dictionary* 937 (1986).

　　Malicious abuse of process requires the improper and perverted use of legal

process after it has already been issued. Tedards v. Auty, 232 N.J. Super. 541, 549

(App. Div. 1989). The "process" is not considered abused unless, after obtaining it,

a defendant engages in additional conduct that exposes an ulterior motive, such as

using the process as a tool to "coerce or oppress" the plaintiff. Id. at 550.

　　"Bad motives or malicious intent" giving rise to the institution process are

not enough. Fielder Agency v. Eldan Const. Corp., 152 N.J. Super. 344, 348 (Law.

Div. 1977). "A malicious abuse of process claim cannot be premised upon a

sinister motive, alone." Galbraith v. Lenape Reg'l High Sch. Dist., 964 F. Supp.

889, 898 (D.N.J. 1997). Without some coercive or improper use of the court's

procedures, an abuse-of-process claim cannot exist. Penwag Property Co. v.

Landau, 148 N.J. Super. 493, 499 (App. Div. 1977), aff'd, 76 N.J. 595 (1978).  In

other words, there can be no actionable abuse of process until the process occurs

and is then used for an improper purpose.  Ruberton v. Gabage, 280 N.J. Super. at

131.

Here, Defendant could not have misused the judicial "process" by filing "false police reports" because the filing of a police report is not "process." Simply put, a report to the police alone is not a procedural method of a court to exercise jurisdiction over a person. Moreover, even if the filing of a police report constituted judicial "processes," Plaintiff failed to allege that Defendant used that process to coerce or oppress Plaintiff. In fact, Plaintiff alleges that Defendant "concealed the fake police report she filed, and Plaintiff is unable to access the report." (AC ¶ 226.) Accordingly, Count X should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint fails to state a single claim upon which relief can be granted. Four of the ten counts stemming from defamatory statements alleged made in July of 2019, or possibly July of 2020, are time barred by New Jersey's strict one-year statute of limitations for libel and slander, N.J.S.A. 2C:33–4; and the remaining counts allege causes of action that do not exist under New Jersey law or are unsupported by sufficient factual allegations

The law does not permit a plaintiff to revive time-barred defamation claims by rebranding them under alternative tort theories. Nor may a plaintiff pursue remedies in the absence of a valid cause of action or by making threadbare recitations of the elements of a cause of action that are supported only by

conclusory statements. Accordingly, a judgment on the pleadings should be

granted pursuant to Federal Rule of Civil Procedure 12(c), dismiss the Amended

Complaint in its entirety, with prejudice.


                              **KEMENY, RAMP & RENAUD, LLC**
                              Attorneys for Defendant, Betty Sebrow

Dated: August 8, 2025         By: _____*/s/ Alexander J. Kemeny*_____
                              **ALEXANDER J. KEMENY**
                              NJ Attorney I.D.: *039842009*