**KEMENY, RAMP & RENAUD, LLC**
*Alexander J. Kemeny, Esq. (Attorney I.D. No.: 039842009)*
7-G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 853-1725 | Fax: (732) 853-1730
Email: akemeny@kemenylaw.com
Website: www.KemenyLaw.com
***Attorneys for Defendant, Betty Sebrow, improperly pled as Baila Sebrow***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE**, <br><br> Plaintiff, <br><br> v. <br><br> **BAILA SEBROW**, <br><br> Defendant. | <u>Civil Action No.</u> <br> 2:21-cv-20706 (MEF) (SDA) |

**Defendant's Brief in Opposition to Plaintiff's Motion to Strike**

## Introduction

Plaintiff John Doe's motion for sanctions, which seeks to strike Defendant Betty Sebrow's Answer to the Amended Complaint and obtain a default judgment, should be denied. Plaintiff's underlying claims are legally defective, time-barred, or not cognizable under New Jersey law, and therefore no alleged spoliation of evidence could have prejudiced his ability to pursue this action. Moreover, the severe sanction requested is wholly disproportionate to the discovery issues at hand, particularly where those issues stemmed largely from the conduct of prior counsel rather than from Sebrow herself.

The factors set forth in <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984) weigh strongly against the imposition of a case-terminating sanction. Sebrow's limited personal responsibility does not justify such an extreme remedy, the alleged prejudice to Plaintiff is minimal and curable through far less severe measures, and Sebrow not only possesses meritorious defenses, but Plaintiff lacks any viable claims altogether.

## **Legal Standard**

The Third Circuit has noted on "numerous occasions" that "dismissals with prejudice… are drastic sanctions" that have been labelled as "extreme" by the Supreme Court. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867–68 (3d Cir. 1984); quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (referring to "the extreme sanction of dismissal).

Federal Rules of Civil Procedure Rule 37(b)(2)(A) contains seven non-exclusive sanctions the Court may impose for violations of a court order in discovery. They include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In <u>Poulis v. State Farm Fire & Cas. Co.</u>, the Third Circuit set forth factors to be examined by a trial court to determine if and what sanctions should be imposed. 747 F.2d 863, 868 (3d Cir. 1984). The <u>Poulis</u> factors are:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

<u>Id.</u>

Courts should also weigh "the severity of the transgression, whether it was intentional, negligent or inadvertent, and the timing and circumstances of the eventual document production." <u>Younes v. 7-Eleven, Inc.</u>, 312 F.R.D. 692, 713 (D.N.J. 2015).

> Other factors to consider are the nature and quality of the conduct at issue, whether the attorney or the client is responsible for the culpable conduct, whether there was a pattern of wrongdoing requiring a stiffer sanction, whether the wrongdoing actually prejudiced the wrongdoer's opponent or hindered the administration of justice, and the existence of mitigating factors. Since all sanctions originate from equity (<u>Bull v. United Parcel Service, Inc.</u>, 665 F.3d 68, 83 (3d Cir.2012)), the totality of the circumstances should be evaluated to determine the appropriate sanction.

Id.

While the Third Circuit generally defers to the District Court's discretion regarding the imposition of factions, a "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir.2002). "A default or dismissal is an 'extreme' sanction, reserved for cases where a party has acted in 'flagrant bad faith' and 'callous disregard of [his or her] responsibilities.'" Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 712 (D.N.J. 2015) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). Prior to entering a dismissal, "it is necessary for the district court to consider whether lesser sanctions would better serve the interests of justice." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)

"In the context of sanctions, it bears emphasis that 'the severity of the prejudice caused by the violation should be proportional to the sanction imposed in an effort to cure that prejudice.'" Wilkerson v. Brown, Civ. No. 96-4920, 2009 WL 2049162, at *5 (D.N.J. July 8, 2009) (quoting Bowers v. Nat'l Collegiate Athletic Ass'n, 564 F. Supp. 2d 322, 335 (D.N.J. 2008)) (emphasis added). "A dispositive sanction is warranted only where 'the non-responsible party's case is severely

impaired because it lacked the information that was not produced.'" <u>GN Netcom, Inc. v. Plantronics, Inc.</u>, 930 F.3d 76, 82 (3d Cir. 2019) (quoting <u>Bull v. United Parcel Serv., Inc.</u>, 665 F.3d 68, 83 (3d Cir. 2012) (holding "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits.") <u>Id</u>. at 80. <u>See</u> <u>also</u> <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003) (defining "prejudicial harm" as "the burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy").

## **Legal Argument**

**I.  Plaintiff has no valid legal claims against Sebrow and, as such, his motion for sanctions should be denied.**

The final <u>Poulis</u> factor is "the *meritoriousness* of the claim or defense." <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d at 868. Notably, even just "the existence of a prima facie defense is a factor to be weighed" with other factors in determining whether sanctions are warranted. <u>Id.</u>, at 870. Here, however, it is not just that the defendant has prima facie defense to assert; but, rather, Plaintiff has no viable cause of action.

Plaintiff seeks to strike Sebrow's Answer to the Amended Complaint and obtain a default judgment because of her violation of court orders regarding

electronically stored (ESI), which resulted in alleged spoliation of evidence. Yet, none of the ESI could be spoliated because none of it was relevant to any viable claims that Plaintiff could assert.

Spoliation is the destruction, alteration, or withholding of relevant data, documents, or other evidence which the controlling party could reasonably foresee would be discoverable in litigation, <u>Bull v. United Parcel Serv., Inc.</u>, 665 F.3d 68, 73 (3d Cir. 2012). Evidence is relevant to a matter only if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401.

As set forth in Sebrow's pending Motion for Judgment on the Pleadings seeking Dismissal of Plaintiff's Amended Complaint, Plaintiff's entire Amended Complaint fails to set forth a viable claim upon which relief can be granted. Every one of Plaintiff's claims arises from the alleged online defamatory statements made on a website in 2019 are beyond New Jersey's strict one-year statute of limitations for defamation claims, N.J.S.A. 2C:33–4, which runs from the initial date of publication and is **not** tolled by the discovery rule. <u>Lawrence v. Bauer Pub. & Printing Ltd.</u>, 78 N.J. 371, 375 (1979). Plaintiff's time barred claims include Counts II (Libel Per Se), IIII (Intentional Infliction of Emotional Distress), VI (Tortious Interference with Prospective Business Relations Through Defamatory Statements) and VIII (Defamation).

The other counts in the Amended Complaint also fail to assert viable claims because they attempt to assert civil causes of action where no such type of action exists under New Jersey law or Plaintiff has failed to allege a sufficient factual basis to proceed (and appears to lack such a factual basis). Count I seeks to assert a claim for "harassment," but no such civil cause of action exists under New Jersey law. Sexton v. N.J. Dep't of Corr., No. 21-20404, 2024 WL 4615763, at *17 (D.N.J. Oct. 30, 2024) ("Under New Jersey law, civil harassment is not a cause of action."); See also Hodge v. McGrath, Civ. No. 4684-12T2, 2014 WL 6909499, at *1 (N.J. Super. Ct. App. Div. Dec. 10, 2014). ("New Jersey law has not recognized harassment as a free-standing civil cause of action for damages.")

Count IV seeks to assert a civil claim for perjury, but perjury is a criminal offense, and "[n]o private right of action exists under either federal or New Jersey perjury statutes." Ali v. Person, 904 F. Supp. 375, 377 n.1 (D.N.J. 1995). See also R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 168 N.J. 255, 271 (2001). Moreover, the statements for which Plaintiff seeks civil damages against Sebrow were made in the context of a judicial proceeding and, therefore, protected by the litigation privilege. See Erickson v. Marsh & McLennan Co., Inc., 117 N.J. 539, 563, 569 (1990); See also Hawkins v. Harris, 141 N.J. 207, 216 (1995).

Count V of Plaintiff's Amended Complaint, asserts that Sebrow tortiously interfered with Plaintiff's employment relationship by emailing Plaintiff's work email, but Plaintiff does not allege that he lost his job or suffered any financial loss as a result of those emails. Since "the loss of the contract or the prospective gain" are an "essential element" of a tortious interference claim, Plaintiff has no viable claim arising from the emails that Sebrow sent to him at his work email. DiGiorgio Corp. v. Mendez & Co., 230 F. Supp. 2d 552, 558 (D.N.J. 2002) (citing Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 751–52, 563 A.2d 31 (1989)).

Count IX attempts to set forth a civil claim for spoliation, but New Jersey does not recognize a spoliation as an independent tort and Plaintiff's allegations fail to set forth a claim for fraudulent concealment because to do so, a Plaintiff must demonstrate that the defendant concealed evidence that was material to the litigation and that he was allegedly "damaged in [this] action by having to rely on an evidential record that did not contain the evidence defendant concealed." Rosenblit v. Zimmerman, 166 N.J. 391, 407(2001). Here, Plaintiff has not set forth any viable claims to which the missing ESI may have been relevant nor can he was damaged by having to rely on an evidential record that was missing the ESI he alleges Sebrow concealed.

Finally, Plaintiff's Count X, alleged that Sebrow engaged in abuse of process by filing false police reports because the filing of police reports does not constitute

"process" and the Amended Complaint fails to identify how any legal process was abused once it was instituted. The term "process," as used in abuse of process cases, "refers to the abuse of procedural methods used by a court to 'acquire or exercise its jurisdiction over a person or over specific property.'" Ruberton v. Gabage, 280 N.J. Super. 125, 131 (App. Div. 1995) quoting *Black's Law Dictionary* 1084 (5th ed.1979). The term "includes the 'summons, mandate, or writ used by a court to compel the appearance of the defendant in a legal action or compliance with its orders." Id. quoting *Webster's Ninth New Collegiate Dictionary* 937 (1986). As such, a police report alone does not constitute process. Moreover, without some coercive or improper use of the court's procedures, an abuse-of-process claim cannot exist, Penwag Property Co. v. Landau, 148 N.J. Super. 493, 499 (App. Div. 1977), aff'd, 76 N.J. 595 (1978), and no such coercive or improper use of process was alleged by Plaintiff.

Since Plaintiff has not valid cause of action against Sebrow, his motion to strike her answer for alleged spoliation of evidence should be denied and Sebrow's pending motion for a judgment on the pleadings should be granted.

II. **Plaintiff's request to strike Sebrow's Answer to the Second Amended Complaint and enter a default judgment is a drastic and extreme sanction that is inappropriate and should, therefore, be denied.**

The drastic sanction of striking Sebrow's Answer to the Second Amended Complaint and enter a default judgment is unwarranted and inappropriate. Even if the court decides to enter sanctions against Sebrow, it should not elect to impose the harshest available remedy when alternative effective remedies are available, such as allowing for or imposing an adverse inference. Moreover, such a harsh sanction is particularly inappropriate where it appears that Sebrow had good cause for concern about turning over her phone and provided total access to her communications and computer systems and it was her prior attorney's dilatory and ineffective counsel that caused the discovery violations.

### A. Sebrow's personal responsibility for the discovery violations weighs against the striking of her Answer because much of the fault appears to be that of her prior counsel.

The Poulis factors weigh against the entry of the case termination sanction Plaintiff seeks. In considering those factors, a represented person's personal responsibility for not adhering with a court order is of significant importance. See Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994) (quoting Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 807 (3d Cir. 1986) (stating that the Third Circuit has "increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault."); Wortman v. Brown, No. 05-1411, 2006 WL 1044787, at *2 (D.N.J. Apr. 18, 2006); See also IFMK Realty II, LLC v. Atl. Prop. Dev. LLC,

CV206989MASDEA, 2022 WL 2439905, at *4 (D.N.J. Apr. 14, 2022) (holding that when imposing sanctions, a court should particularly consider "whether the misconduct that occurred is attributable to the party or to the party's attorney.").

Here, Sebrow's personal responsibility as compared to her prior attorney's responsibility weighs against imposing the harshest available remedy. Sebrow's counsel provided answers to interrogatories and Sebrow was by Plaintiff's counsel. Szalkiewicz Declaration ¶¶ 18 and 24.

In responding to Plaintiff's counsel's discovery demands, Sebrow's counsel raised concerns about granting Plaintiff access to her all of her passwords and "unfettered access" to her devises, emails, and computer systems, (See Doc. 136, pg. 69) but appeared to be dilatory in responding, failed to timely seek protective orders to limit discovery or the manner in which it would be taken, and did not offer methods by which Plaintiff's counsel or expert could be provided with the necessary limited access to the discovery sought while protecting Sebrow's interests in protecting confidential information, including financial, health, attorney-client communications, which Plaintiff would have access to if given full access to Sebrow's phone and electronica communication and computer systems.

Furthermore, as Plaintiff notes in his Amended Complaint, Ms. Sebrow is a shadchan, or matchmaker, in the Jewish community. See Amended Complaint

(Doc. 58), ¶ 2. As such, her work and communications involve highly sensitive personal information about third parties. Her personal devices contain third-party private data concerning individuals in a close-knit orthodox community seeking to be matched with a potential spouse. Unlike attorney client protections, there is no "shadchan-single" privilege. Sebrow and her counsel, therefore, had legitimate privacy concerns about granting full access to her phone and electronic communications but her prior counsel failed to navigate the issue appropriately.

Notably, both Plaintiff's counsel and this court appear to recognize that it was Sebrow's prior counsel's lack of responsiveness, delay, and failure to cooperate that has caused the discovery problems, which resulted in both Sebrow as well as her prior counsel being sanctioned monetarily by the court already. See Szalkiewicz Declaration, Transcript of Court Hearing held on November 6, 2024 (Doc. 136, pg. 69), and Letter Order dated May 24, 2023 (Doc 56).

### B. The prejudice to the Plaintiff caused by Sebrow's discovery failures is small and easily rectified with other possible sanctions that fall far short of dismissal.

Plaintiff asserts that the reason he wants to obtain the ESI he seeks is because "this entire action is based on alleged spoofing of messages and ESI is pertinent to proving the veracity of the evidence." Plaintiff Brief, pg. 10. He claims that he "has turned over all the messages between the parties," but the ESI

discovery he seeks from Sebrow is relevant because "Sebrow has alleged they are fake messages." Id.

As set forth above, entering another discovery sanction against Sebrow is unwarranted and inappropriate because Plaintiff has no viable claims on which he can proceed or for which he needs discovery. However, even if the court were to find otherwise, much better suited sanctions are available under Rule 37(b), rather than the extreme, case ending punishment of striking Sebrow's Answer and entering a default judgment against her. For instance, the court could simply enter an order that the jury will be instructed that it may or shall make an adverse inference from Sebrow's failure to provide her phone for inspection or directing that the communications that Plaintiff claims Sebrow sent but that alleges were spoofed or faked be taken as fact. See Rule 37(b)(2)(A).

Notably, according to Plaintiff, he has no need to obtain any records from Sebrow's phone or computer systems other than so as to verify that the messages she sent him are true and accurate. That issue could have been resolved with a motion requesting an adverse inference rather than repeated motion applications to the court seeking to have Sebrow hand over unfettered access to the personal information on her phone and electronic systems. Yet, instead, Plaintiff has used Sebrow's prior attorney's lack of responsiveness and ineffectiveness as a basis to

obtain monetary sanctions and punish Sebrow financially instead of simply obtaining a quick and effective resolution that would resolve the evidentiary issue concerning the veracity of those messages. This is not about enforcement of Court Rules, or vindication to his claims. It is about punishment and control.

### C. The extreme sanction of striking Sebrow's Answer is inappropriate when she not only has meritorious defenses, but Plaintiff lacks a legal claim for which relief upon which he could succeed.

The last Poulis factor is "the *meritoriousness* of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d at 868. Even the mere "existence of a prima facie defense is a factor to be weighed." Id., at 870.

Here, Plaintiff's request that the court strike Sebrow's Answer should be denied because he seeks discovery sanctions in a case where he has no viable claims. It is not merely that Sebrow has viable defenses. Plaintiff lacks any viable claims. As such, his attempt to avoid a decision on the merits of this case should be denied.

Nearly all of the Poulis factors weigh against the nuclear sanction that Plaintiff seeks. The extent of Sebrow's personal responsibility for the discovery violations weighs against the striking of her Answer. The prejudice to the Plaintiff caused by Sebrow's discovery failures is small and easily rectified with other possible sanctions far short of dismissal. Sebrow's personal conduct does not

appear to be willful or the result of bad faith, but rather the result of ineffective prior counsel. Finally, the extreme sanction of striking Sebrow's Answer is inappropriate when she not only has meritorious defenses, but Plaintiff lacks a legal claim for which relief upon which he could succeed.

## Conclusion

For the foregoing reasons, Plaintiff's motion for sanctions seeking to strike Defendant Sebrow's Answer to the Amended Complaint and enter a default judgment should be denied. Plaintiff's underlying claims are fatally defective, time-barred, or not recognized under New Jersey law, and thus no spoliation of evidence could have prejudiced his ability to prosecute this action. The drastic sanction of striking Sebrow's pleadings and entering default is wholly disproportionate to the alleged discovery issues, particularly where those issues were largely attributable to the dilatory conduct of prior counsel, not Sebrow herself.

The Poulis factors weigh decisively against the imposition of a case-terminating sanction: Sebrow's personal responsibility does not warrant such a sanction the prejudice to Plaintiff is slight and remediable by far less severe measures, and Sebrow possesses meritorious defenses while Plaintiff lacks viable claims altogether. Accordingly, Plaintiff's motion should be denied.

**KEMENY, RAMP & RENAUD, LLC**
Attorneys for Defendant, Betty Sebrow

Dated: September 22, 2025    By:    */s/ Alexander J. Kemeny*
**ALEXANDER J. KEMENY**
NJ Attorney I.D.: *039842009*