**KEMENY, RAMP & RENAUD, LLC**
*Alexander J. Kemeny, Esq. (Attorney I.D. No.: 039842009)*
7-G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 853-1725 | Fax: (732) 853-1730
Email: akemeny@kemenylaw.com
Website: www.KemenyLaw.com
*Attorneys for Defendant, Betty Sebrow, improperly pled as Baila Sebrow*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAILA SEBROW,<br><br>　　　　　Defendant. | <u>Civil Action No.</u><br>2:21-cv-20706 (MEF) (SDA) |

_____

**Defendant's Reply Brief to Plaintiff's Opposition to Defendant's Motion for a Judgement on the Pleadings**
_____

# **TABLE OF CONTENTS**

LEGAL STANDARD..................................................................................................2

I.  Count III, Alleged Intentional Infliction of Emotional Distress, Should Be Dismissed Because the Amended Complaint Fails to Allege Sufficient Facts to Support Such a Claim.................................................................3

II. Count V, Tortious Interference with Plaintiff's Employment Relationship, Should Be Dismissed Because Plaintiff Failed to Plead a Cognizable Economic Loss Stemming from Defendant's Alleged Interference. ...............9

III. Count VI, Tortious Interference with Prospective Business Relations, Should Be Dismissed Because It Is Predicated on Alleged Defamatory Statements that Occurred Beyond the One-Year Statute of Limitations for Defamation Claims and Plaintiff has Failed to Plead Damages................11

IV. Count IX, Fraudulent Concealment, Should Be Dismissed Because Plaintiff Fails to Show He Was Damaged by Relying Upon an Evidential Record Without the ESI.....................................................................................13

CONCLUSION ......................................................................................................15

## **PRELIMINARY STATEMENT**

Defendant, Betty Sebrow, ("Defendant") respectfully submits this reply brief in support of dismissal of the remaining counts in Plaintiff's Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Despite Plaintiff's efforts to reframe his allegations, to preserve four out of the ten counts that Defendant seeks to dismiss – Intentional Infliction of Emotional Distress (Count III), Tortious Interference with Employment Relationship (Count V), Tortious Interference with Prospective Business Relations (Count VI), and Fraudulent Concealment (Count IX), each of those counts fails to state a claim and should be dismissed.

First, Plaintiff's claim for intentional infliction of emotional distress is deficient because the Amended Complaint fails to allege facts showing "severe emotional distress" of the type recognized under New Jersey law. Allegations of sleeplessness, humiliation, and embarrassment are insufficient, particularly where Plaintiff does not allege treatment, diagnosis, or objectively verifiable harm.

Second, the tortious interference with employment relationship claim should be dismissed because Plaintiff has not pleaded a specific, cognizable economic loss. He does not allege that he was fired or lost any employment compensation that he otherwise would have received from his employer and fails to identify any damages.

Third, the tortious interference with prospective business relations claim is time-barred, as it is entirely predicated upon allegedly defamatory statements made in 2019 and 2020, well outside the one-year statute of limitations for defamation under N.J.S.A. 2A:14-3. Even aside from timeliness, the claim fails for lack of particularized allegations of a specific lost contract or business opportunity.

Finally, the fraudulent concealment claim must be dismissed because Plaintiff cannot show that he suffered any harm from relying on an evidentiary record that allegedly omitted certain ESI. The underlying claims that Plaintiff contends were undermined by the supposed concealment are either time-barred, non-actionable, or otherwise insufficiently pleaded, thereby precluding any showing of damage.

## LEGAL STANDARD

Once the pleadings have closed, a FED. R. CIV. P. 12(c) motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is governed by the same standard that governs a FED. R. CIV. P. 12(b)(6) motion. Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010). Accordingly, a movant is entitled to a judgment on the pleadings when the non-movant's pleadings fail to provide a sufficient factual basis for the court to conclude that the claimant could plausibly be entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). A court disregards mere

conclusory statements and only assumes the veracity of well-pled factual allegations when deciding which allegations "plausibly give rise to an entitlement to relief." Levi, 696 F.3d at 365 (quoting Iqbal, 556 U.S. at 679).

The moving party bears the "burden of showing that no claim has been presented," Hedges v. United States, 404 F.3d 744 (3d Cir. 2005), and dismissal is appropriate if, accepting all of the facts alleged in the complaint as true, the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  This assumption of truth, however, is inapplicable to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 556 U.S. at 678.  In other words, although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citing to Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> **I.    Count III, Alleged Intentional Infliction of Emotional Distress, Should Be Dismissed Because the Amended Complaint Fails to Allege Sufficient Facts to Support Such a Claim.**

In <u>Buckley v. Trenton Saving Fund Soc.</u>, the New Jersey Supreme Court identified the four elements that must be met to establish a claim for IIED. See <u>Buckley v. Trenton Saving Fund Soc.</u>, 111 N.J. 355, 366–67 (1988). Under that test,

> a plaintiff must establish: (1) that Defendants acted intentionally or recklessly, both in doing the act and in producing emotional distress; (2) that Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all bounds of decency; (3) that Defendants' actions were the proximate cause of the emotional distress; and (4) that the emotional distress suffered was so severe that no reasonable person could be expected to endure it. <u>Mardini v. Viking Freight, Inc.</u>, 92 F.Supp.2d 378, 384 (D.N.J.1999) (citing <u>Buckley v. Trenton Sav. Fund Soc'y</u>, 111 N.J. 355, 544 A.2d 857 (1988)).
>
> <u>Parikh v. UPS</u>, 491 Fed. Appx. 303, 308 (3d Cir. 2012) (emphasis added).

The New Jersey Supreme Court has defined "severe emotional distress" as "any type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so, including ... posttraumatic stress disorder." <u>Taylor v. Metzger</u>, 152 N.J. 490, 515 (1998) (quoting <u>Poole v. Copland, Inc.</u>, 125 N.C.App. 235, 481 S.E.2d 88, 93 (1997) (internal quotations omitted)). "It is not enough to establish that a party is acutely upset by reason of the incident. In order to be actionable, the claimed emotional distress must be sufficiently substantial to result in physical illness or serious psychological sequelae." <u>Aly v. Garcia</u>, 333 N.J. Super. 195, 204 (App. Div. 2000).

Page 4 of 15

An unspecified number of headaches, loss of sleep, nervous tension, aggravation, and embarrassment in front of a person's children are "insufficient as a matter of law to support a finding that the mental distress was so severe that no reasonable man could be expected to endure it." Buckley v. Trenton Saving Fund Soc., 111 N.J. at 368. Likewise, evidence that a plaintiff was "emotionally devastated," "unable to concentrate, made to feel constantly insecure and have extreme loss of self-esteem," "was physically unable to work on her doctorate for at least one year and cried excessively," is insufficient to show the type of severe emotional distress required to sustain an IIED claim. See Harris v. Middlesex Cnty. Coll., 353 N.J. Super. 31, 47 (App. Div. 2002) (affirming summary judgment as plaintiff's IIED claim because the Plaintiff had "not produced any expert's report to support her claims" nor had she "presented any evidence that she had sought counseling or psychiatric treatment for emotional distress.")

Plaintiffs may not merely assert that they suffered severe emotional distress but rather they "must at least allege the kind of illness or stress they endured for their claim to survive a motion to dismiss." Botts v. The New York Times Co., CIV.A. 03-1582(MLC), 2003 WL 23162315, at *9 (D.N.J. Aug. 29, 2003), aff'd sub nom. Botts v. New York Times Co., 106 Fed. Appx. 109 (3d Cir. 2004). Moreover, at least six New Jersey District Court decisions have found that a plaintiff must have alleged that he sought treatment of his or her alleged distress to

avoid dismissal of IIED claim on a motion under Rule 12(b)(6). See <u>Avetzuk v. Hertz Corp.</u>, 2:23-CV-22568 (BRM), 2025 WL 559845, at *7 (D.N.J. Feb. 20, 2025); <u>Chong v. City of Hoboken</u>, CV2115825SDWLDW, 2022 WL 3357899, at *6 (D.N.J. Aug. 15, 2022); <u>Phillips v. New Jersey Transit</u>, CV 19-13427, 2021 WL 1661087, at *12 (D.N.J. Apr. 28, 20210; <u>Wang v. N.J. State Police</u>, No. 3:18-cv-11933-BRM-TJB, 2019 WL 3887126, at *6-8 (D.N.J. Aug. 19, 2019) <u>Barboza v. Greater Media Newspapers</u>, CIV.A.07-635(MLC), 2008 WL 2;875317, at *6 (D.N.J. July 22, 2008); <u>Botts v. N.Y. Times Co.</u>, No. 03-1582, 2003 WL 23162315, at *9 (D.N.J. Aug. 29, 2003)).

In, <u>Ramirez v. United States</u>, 998 F. Supp. 425 (D.N.J. 1998), the plaintiff was arrested and imprisoned for two-and-a-half pursuant to an arrest warrant issued for a different individual with a similar. He filed suit against the United States, the Immigration and Naturalization Service (INS), and various federal and county officials, claiming, among other things, both intentional and negligent infliction of emotional distress. <u>Id.</u> at 429. The court dismissed those claims, explaining that the plaintiff had "not allege[d] any specific traumatic symptoms that he incurred as a result of this detention" and failed to assert facts from which "a reasonable jury to infer that this two and a half hour detention resulted in severe emotional distress that no reasonable person could be expected to endure." <u>Id.</u> at 434.

In Mardini v. Viking Freight, Inc., 92 F. Supp. 2d 378, 384–85 (D.N.J. 1999), the plaintiff alleged that her employer discriminated, "that the defendants 'intended to and did inflict severe emotional distress'" on her, and that a result of the defendants' "'outrageous acts ... Plaintiff became physically distraught and sustained a shock to her nervous system and suffered severe emotional distress.'" 92 F. Supp. 2d at 384–85. The District Court dismissed the plaintiff's IIED claim because the plaintiff had "not alleged that she had to seek medical assistance, or that any specific ailments afflicted her." Id. at 385.

In Hassoun v. Cimmino, 126 F. Supp. 2d 353, 372 (D.N.J. 2000), then District Court Judge – and later Third Circuit Court Judge – Judge Joseph A. Greenaway, Jr., dismissed the plaintiff's IIED claim because the Plaintiff had failed to "allege the symptoms of severe emotional distress." 126 F. Supp. 2d at 372. In reaching his decision to dismiss, he noted that "[i]n Buckley, the plaintiff's 'complaints amount[ed] to nothing more than aggravation, embarrassment, an unspecified number of headaches, and loss of sleep'" and that the New Jersey Supreme Court found those "allegations insufficient as a matter of law." Id. (quoting Buckley, 111 N.J. at 368).

After apparently recognizing that Plaintiff's allegations of defamation are time-barred under N.J.S.A. 2A:14-3, Plaintiff now attempts to preserve Count III by claiming that his IIED claim, as pled, is based upon more than merely is claims

that Defendant disparaged him (See Plaintiff's Opposition Brief, pg. 6-7), the First Amended Complaint identifies only one basis for Plaintiff's IIED claim, which is Defendant's alleged engagement "in the intentional, extreme and outrageous conduct of cyber harassing via the Sebrow Internet Plan in an effort to destroy Plaintiff's good name." (FAC ¶ 177.) However, even if the court were to construe Plaintiff's Amended Complaint as alleging that Defendant's phone calls, emails and messages were extreme and outrageous conduct that caused Plaintiff to suffer severe emotional distress, Plaintiff's Amended Complaint would still fail to set forth a claim for IIED.

In his Amended Complaint, the only factual details Plaintiff provides about his what symptoms of severe emotional distress he experienced are as follows:

> 152. These known impacts of the Sebrow Internet Plan, as well as knowing these false and defamatory statements were online and being disseminated to the world at large have caused Plaintiff to experience immense and severe emotional distress.
>
> 153. Plaintiff has spent numerous sleepless nights tortured by feelings of humiliation and embarrassment that third parties who Sebrow knows and as well as those who found the product of the Sebrow Internet Plan online read Defendants' statements and believe them to be true.

(FAC ¶¶ 152-53)

Nowhere in the Amended Complaint does Plaintiff claim that he sought treatment for his alleged distress nor does his distress appear to rise to the level of

the Plaintiff's distress in Buckley, where the Plaintiff suffered from headaches in addition to loss of sleep, nervous tension, aggravation, and embarrassment. Buckley v. Trenton Saving Fund Soc., 111 N.J. at 368 (finding such symptoms to be "insufficient as a matter of law" to sustain a claim for IIED). Because Plaintiff fails to plead sufficient facts evincing severe mental distress such as may be diagnosable and require medical attention, Count III, alleging IIED, should be dismissed.

> II. **Count V, Tortious Interference with Plaintiff's Employment Relationship, Should Be Dismissed Because Plaintiff Failed to Plead a Cognizable Economic Loss Stemming from Defendant's Alleged Interference**.

Count V of Plaintiff's Amended Complaint should be dismissed because Plaintiff fails to allege that he suffered any cognizable economic loss resulting from Defendant's alleged interference with his employment relationship.

To state a viable claim for tortious interference with contractual relations under New Jersey law, a plaintiff must allege: (1) the existence of a contract; (2) defendant's intentional and malicious interference with the contract; (3) the loss of the contract as a result of the interference; and (4) resulting damages. Baxter Healthcare Corp. v. HQ Specialty Pharma Corp., 157 F. Supp. 3d 407, 420 (D.N.J. 2016); Digiorgio Corp. v. Mendez & Co., 230 F. Supp. 2d 552, 558 (D.N.J. 2002). Although the details of alleged damages need not be "spelled out in great detail," a plaintiff must allege "what anticipated economic benefit he would have received (but did not receive) but for the tortious interference." Indian Express Priv. Ltd. V. Hali,

2022 WL 154354, at *7 (D.N.J. Jan. 18, 2022) (dismissing defendant's claim of tortious interference allegedly arising from an email sent by plaintiff for failure to sufficiently allege damages). In analyzing a complaint, a court is "not required to credit bald assertions" of economic loss that are not adequately supported by any details. Id. (quoting McCargo v. Hall, 2011 WL 6725613, at *1 (D.N.J. Dec. 20, 2011)).

In Indian Express, the court dismissed a tortious interference claim on a 12(b)(6) motion because the defendant failed to plead a concrete contractual loss. Id. The court held an email sent to the editorial board of a publication ran by the defendant, alerting the board of a different lawsuit and its "serious legal claims" that the defendant had "been avoiding," did not meet the fourth or fifth elements of a tortious interference claim. Id. at *2,5. Here, Plaintiff alleges he sufficiently pleaded a cognizable financial loss by asserting that Defendant's conduct "caused Plaintiff to lose at least one client," (FAC ¶150), and forced Plaintiff to meet with a compliance team regarding emails Defendant allegedly sent to Plaintiff's monitored work account (FAC ¶94). Specifically, Plaintiff contends that certain emails discussing Plaintiff's intention to leave his employer and his alleged commission of various crimes (FAC ¶84, ¶61), in addition to an email claiming Defendant had allegedly encouraged her relatives to cease business *if* they had a portfolio with Plaintiff's employer (FAC ¶57), constitute sufficient proof that Plaintiff suffered

economic harm because of Defendant's conduct. Like the deficient pleading in Indian Express, these allegations are mere "bald assertions" that fail to explain what economic benefit Plaintiff would have received (but did not receive) but for Defendant's interference. He does not allege that he was fired or lost any compensation that he otherwise would have received from his employer. Moreover, Plaintiff neglects to explain how having to attend a compliance meeting with his employer had a negative impact on him financially.

Because Plaintiff fails to plead a cognizable financial loss stemming from Defendant's alleged interference, Count VI should be dismissed in its entirety.

### III. Count VI, Tortious Interference with Prospective Business Relations, Should Be Dismissed Because It Is Predicated on Alleged Defamatory Statements that Occurred Beyond the One-Year Statute of Limitations for Defamation Claims and Plaintiff has Failed to Plead Damages.

Count VI, alleging for tortious interference with prospective economic advantage should be dismissed becaus it is entirely predicated on allegedly defamatory statements made online by Defendant in 2019 and 2020. Since the gravamen of the claim is reputational harm, it is governed by the one-year statute of limitations for defamation under N.J.S.A. 2A:14-3. LoBiondo v. Schwartz, 323 N.J. Super. 391, 417 (App. Div. 1999). Plaintiff's Amended Complaint confirms that Defendant's statements, accusing him of misconduct and harming his ability to secure clients, were made well over a year before the lawsuit was filed on December

23, 2021, rendering the tortious interference claim time-barred and subject to dismissal.

While Plaintiff's opposition brief attempts to preserve his tortious interference with prospective economic advantage claim by asserting that the claim arises from Defendant's "broader pattern of attempting to cause Plaintiff serious emotional distress," the argument is nonsensical and even acknowledges that tortious interference with prospective economic advantage claim arises from false statements Defendant allegedly made to others. (Plaintiff's Opposition Brief, pg. 16) Moreover, if the Count VI were in fact based upon Defendant's alleged intentional infliction of emotional distress upon Plaintiff, it would be subject to dismissal as duplicative of Plaintiff's Count III, alleging IIED.

To sustain a tortious interference claims, a plaintiff must allege "specific prospective contracts that were interfered with" by a defendant. Storis, Inc. v. GERS Retail Sys., No. 94-4400, 1995 WL 337100, at *15 (D.N.J. May 31, 1995) (dismissing a claim for intentional interference with prospective economic advantage pursuant to FED. R. CIV. P. 12(b)(6) because a plaintiff "failed to identify a single customer or a single contract that it was likely to consummate, but failed to consummate, due to the actions taken" by the defendant). Here, like in Storis, Inc., Plaintiff does not identify a single customer or a single contract that he would have obtained in lieu of Defendant's alleged tortious interference. Instead, Plaintiff

merely claims that Defendant's conduct caused him to "lose at least one client." (FAC ¶150).  Notably, however, Plaintiff is employed at "a major financial institution," (FAC ¶85) and does not allege the customer he lost would have resulted in any additional compensation from his employer or otherwise had he managed to retain this one client.  His bald assertion is a far cry from alleging "specific prospective contracts" that Plaintiff lost because of Defendant. It merely shows that he lost customer of his employer because of Dendant's allegedly defamatory statements that occurred beyond the statute of limitations.  As such, to the extent that there may have been a claim that is now time barred, it appears to have been a claim that Plaintiff's employer could have asserted, but not one that Plaintiff could have asserted even if he had filed his complaint within the statute of limitations.

Because the Amended Complaint fails to allege any specific prospective contracts that were alleged interfered with by Defendant, Count VI should be dismissed with prejudice.

> **IV. Count IX, Fraudulent Concealment, Should Be Dismissed Because Plaintiff Fails to Show He Was Damaged by Relying Upon an Evidential Record Without the ESI.**

To establish a claim for fraudulent concealment in the litigation context, a plaintiff must show that: (1) the defendant "had a legal obligation to disclose evidence in connection with an existing or pending litigation;" (2) "that the evidence was material to the litigation;" (3) that the "plaintiff could not reasonably have

obtained access to the evidence from another source;" (4) that the defendant "intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation;" and (5) that the plaintiff "was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence [the] defendant concealed." Rosenblit v. Zimmerman, 166 N.J. 391, 406-07 (2001). Claims for fraudulent concealment are grounded in fraud and, therefore, must meet the heightened pleading standard of FED. R. CIV. P. 9(b) by being pleaded with particularity. See Animal Sci. Prods., Inc. v. China Nat'l Metals & Mins. Imp. & Exp. Corp., 596 F. Supp. 2d. 842, 877-78 (D.N.J. 2008); see also Gibbs v. Massey, No. 07-3604, 2009 WL 838138, at *7 (D.N.J. Mar. 26, 2009).

Here, Plaintiff alleges that Defendant's alleged failure to produce the ESI harmed him in the underlying civil litigation because its production would demonstrate Defendant "committed perjury, created the SpoofCard account, and engaged in harassing, defamatory conduct." (FAC ¶230). As set forth in Defendant's Memorandum in Support of a Judgment on the Pleadings, Count IV alleging perjury, Count I alleging harassment, and Count VIII alleging defamation each fail to state a sufficient factual basis upon which Plaintiff could plausibly be entitled to relief, and therefore, Plaintiff cannot demonstrate any harm stemming from Defendant's alleged fraudulent concealment. Merely stating that Plaintiff could have demonstrated these allegations of perjury, harassment, and defamation

does not negate the fact that these claims either (1) fail to allege a civil or private cause of action under New Jersey law or (2) are barred by the applicable statute of limitations. Because the Amended Complaint fails to plead with particularity that Plaintiff suffered any harm from Defendant's alleged fraudulent concealment, Count IX should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint fails to state a single claim upon which relief can be granted. Indeed, none of the four counts that remain contested by Plaintiff in his opposition sufficiently plead facts to support Defendant's alleged intentional infliction of emotional distress, alleged tortious interference with an existing contractual relationship or prospective business advantage, or alleged fraudulent concealment of ESI. Accordingly, Defendant respectfully requests that this Court grant a FED. R. CIV. P. 12(c) motion for a judgment on the pleadings and dismiss the Amended Complaint in its entirety, with prejudice.

KEMENY, RAMP & RENAUD, LLC
Attorneys for Defendant, Betty Sebrow

Dated: September 29, 2025        By:     /s/ Alexander J. Kemeny
                                         ALEXANDER J. KEMENY
                                         NJ Attorney I.D.: 039842009