UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JOHN DOE,**

      Plaintiff,

v.

**BAILA SEBROW**,

      Defendant.

Case No. 2:21-cv-20706 (MEF) (SDA)

**OPINION AND ORDER
ON MOTION TO VACATE**

**THIS MATTER** comes before the Court on the motion of Attorney Ira Heller ("Attorney Heller"), former counsel for Defendant Baila Sebrow ("Defendant"), to vacate sanctions previously imposed upon him and his client ("Motion To Vacate").[1] (ECF No. 151). Plaintiff John Doe ("Plaintiff") filed an opposition. (ECF No. 157). Attorney Heller filed a reply to Plaintiff's opposition. (ECF No. 159). This Court decides this Motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Motion to Vacate is **DENIED**.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the extensive history of this action, which was described in detail by the Court in its (1) March 28, 2025 Order and Opinion (ECF No. 147);

---

[1] Notably, as has been Attorney Heller's consistent pattern throughout this litigation, he does not even properly cite to the sanctions orders he seeks to vacate. Attorney Heller's notice of motion seeks to "vacat[e] the sanctions originally imposed by this Court's November 10, 2022 Order, and recently preserved in the May 7, 2025 Order." (ECF No. 151, at 1, ¶1). Neither of these Orders imposed monetary sanctions. The November 10, 2022 Order stated "the imposition of sanctions is appropriate for defendant's counsel's failure to appear for the conference, failure to prepare substantially for the conference, and failure to obey the Court's order." (ECF No. 18). However, it invited plaintiff's counsel to submit an affidavit of service, and permitted Defendant to file a response. (*Id.*). Monetary sanctions were not actually imposed by the Court until its Order of May 24, 2023. (ECF No. 56). The May 7, 2025 Order was an Order granting Attorney Heller's motion to withdraw. It had nothing to do with sanctions except to remind Attorney Heller that, while he was being relieved as counsel, he was still obligated to pay the sanctions as *previously* ordered. (ECF No. 148). The Court could deny Attorney Heller's motion to vacate on these grounds alone.

and (2) May 7, 2025 Order and Opinion (ECF No. 148), both of which are incorporated herein. Only the additional background relevant to this Motion To Vacate is set forth herein. Suffice it to say, the procedural history of this matter demonstrates a long and protracted history of Attorney Heller and Defendant missing deadlines, failing to appear for Court conferences, ignoring Court rules, repeatedly violating Court Orders, and flagrantly misrepresenting the record in this case. It was this conduct that led to Judge Kiel to impose significant sanctions in his May 24, 2023 Order. (ECF No. 56). Unfortunately, this conduct persisted even after the sanctions award, and continues to be on display with the instant, patently frivolous motion.

On October 3, 2022, Attorney Heller filed an Answer on behalf of Defendant. This fact alone is significant because, although Attorney Heller claims his Pacer account was not functioning correctly at the time, he filed the Answer electronically on the Court's Case Management Electronic Filing System ("CM/ECF") system. (ECF No. 13). He could not have accomplished this without a working Pacer account.

Shortly thereafter, then Magistrate Judge Edward Kiel issued a Letter Order setting an initial scheduling conference for November 10, 2022 at 11:00 a.m. and requiring the parties to meet and confer and submit a proposed joint discovery plan at least three days prior to the conference. (ECF No. 14). Attorney Heller claims he never received this Order due to issues with his Pacer account, but he does not dispute that Plaintiff's counsel personally sent him a copy of Judge Kiel's Order on November 1, 2022 – ten days prior to the conference. (ECF No. 157, ¶7, Ex. 2). Indeed, Attorney Heller acknowledged receipt of the Order via email the very next day. (*Id.* ¶ 8, Ex. 3). Plaintiff's counsel emailed Attorney Heller a draft proposed joint discovery plan on November 7, 2022. (*Id.* ¶ 9, Ex. 5). Attorney Heller acknowledged receipt of the draft order the very next day, and told Plaintiff's counsel he would get back to him. (*Id.* ¶ 10, Ex. 6). Plaintiff's

2

counsel reminded Attorney Heller that the proposed joint discovery plan was already past due. (*Id.* ¶ 11, Ex. 7).

Attorney Heller failed to get back to Plaintiff's counsel with his contributions to the joint discovery plan, forcing Plaintiff's counsel to file his version of the joint discovery plan, without Attorney Heller's contributions, on 9:25 a.m. on November 10, 2022, the morning of the initial scheduling conference. (*Id.* ¶ 13; ECF No. 17). The conference went forward with Judge Kiel at 11:00 a.m. as scheduled. (ECF No. 18). Attorney Heller failed to appear. (*Id.*). Almost three hours ***after*** the scheduled conference, at 1:54 p.m., Attorney Heller wrote Plaintiff's counsel to advise he was "working on [the joint discovery plan] now" and almost two hours after that, at 3:39 p.m. he finally emailed his changes to the joint discovery plan to Plaintiff's counsel. (*Id.* ¶ 14, Exs. 9 and 10). Of course, by that point, the conference had long since passed. Attorney Heller does not dispute this timeline of events (ECF No. 151, at ECF-designated pp. 3-4, ¶¶ 3-4). Yet, he nevertheless argues that Plaintiff's counsel made a misrepresentation to the Court in his November 10, 2022 letter wherein he stated:

> I apologize for the tardiness of this submission, but our office has still not received consent from the defendant to submit a proposed joint order. So that the court has an order for today's conference, I am uploading a copy of Plaintiff's proposed order that was sent to the defendant's counsel on November 7, 2022. To date, the defendant's counsel has not provided us with any feedback on the contents of the order.

(ECF No. 17).

On November 10, 2022, Judge Kiel issued an Order in which he indicated that "the imposition of sanctions is appropriate for [Attorney Heller's] failure to appear for the conference, failure to prepare substantially to participate in the conference, and failure to obey the Court's order." (ECF No. 18). Judge Kiel did not actually impose any monetary sanctions in this Order.

3

Rather, he invited Plaintiff's counsel to file an affidavit of services for the time he expended in preparing his own proposed discovery plan, preparing for the initial scheduling conference, and attending that conference. (*Id.*). He also afforded Attorney Heller the opportunity to respond. (*Id.*). In that same Order, Judge Kiel set an in-person settlement conference for December 21, 2022 and specifically required both Attorney Heller and Defendant to appear. (*Id.*).

Plaintiff's counsel subsequently submitted an affidavit of services rendered seeking $990 in fees. (ECF No. 19). Contrary to Attorney Heller's argument, the submission from Plaintiff's counsel was accompanied by a detailed description of time billed, and was limited to just those tasks delineated in Judge Kiel's Order. (*Id.*). Attorney Heller did not file a response.

In an Order dated December 12, 2022, Judge Kiel again reminded the parties that "[c]ounsel *and their clients* are reminded that… their *collective attendance* at the *in person* settlement conference set for December 21, 2022 at 1:30 p.m. IS MANDATORY." (ECF No. 21) (emphasis added). Attorney Heller submitted a confidential settlement memorandum to Judge Kiel in advance of the settlement conference. (ECF No. 56 at 4). Then, on December 20, 2022, the day before the settlement conference, Attorney Heller contacted Judge Kiel's chambers to inquire as to whether Defendant was required to attend the settlement conference on the following day, and chambers' staff reiterated that Defendant was required to appear. (*Id.*). Thus, Attorney Heller was clearly aware that he was appearing for a settlement conference and that his client needed to appear, as he was informed twice in writing and once via phone.

Despite this, Attorney Heller appeared for the December 21, 2022 settlement conference without his client. He disingenuously claimed he thought it was a discovery conference and that his client did not need to appear. However, this assertion was directly undermined by the fact that Attorney Heller submitted a settlement statement, demonstrating he knew it was a settlement

4

conference. Defendant's failure to appear rendered any efforts at settlement futile, and directly contravened Judge Kiel's multiple Orders and the personal instructions reiterated by chambers. As a result, on December 21, 2022, Judge Kiel once again directed Plaintiff's counsel to file an affidavit of services for the time expended preparing a settlement memorandum and for attending the conference. (ECF No. 23). Defendant was again afforded the opportunity to respond. (*Id.*).

Plaintiff's counsel subsequently submitted a second affidavit of services, again accompanied by a supporting invoice with detailed time entries, seeking a total of $9,815 in fees. (ECF No. 25). In addition to the affidavit of Daniel Szalkiewicz, Esq., Plaintiff's counsel of record in the case, the fee application included an affidavit from Abraham Borenstein, Esq., who was identified as co-counsel for Plaintiff. (*Id.*). Attorney Szalkiewicz sought $4,815 in fees, supported by detailed time records for only those tasks delineated in Judge Kiel's Order. (*Id.*). Attorney Borenstein sought $5000 in fees, claiming he was charging a reduced rate of $500 per hour and had spent a total of 10 hours to prepare for the settlement conference including meeting with the client, reviewing and editing the settlement statement, and communicating with Plaintiff. (*Id.*) However, Attorney Borenstein did not include detailed time records. (*Id.*). Attorney Heller objected to that second affidavit of services on January 4, 2023, arguing that Mr. Borenstein never filed a notice of appearance and that Plaintiff's counsel failed to provide a retainer agreement. (ECF No. 31).

Several months passed before Judge Kiel entered his Order imposing sanctions on May 24, 2023. (ECF No. 56). As noted by Judge Kiel in his Order, in the intervening months, Attorney Heller and Defendant continued to engage in a pattern of dilatory conduct including failing to serve initial disclosures, failing to participate in discovery, failing to enter into required electronically stored information (ESI) protocol and, in general, "disobey[ing] almost every order." (*Id.* at 5-8).

Judge Kiel noted that "[D]efendant and [Mr. Heller] have repeatedly failed to attend conferences, meet deadlines, and file submissions required by the Court." (*Id.* at 8). There can be no doubt that this ongoing conduct impacted Judge Kiel's decision to impose the large sanctions award that he did. Indeed, Judge Kiel found that "in addition to the sanctions … imposed … in the Initial Scheduling Order, defendant and defendant's counsel's continuous flaunting of this Court's orders mandates the imposition of additional sanctions." Judge Kiel noted that Defendant did not oppose the first fee application. (*Id.*). He also specifically addressed and rejected Attorney Heller's objections to the second fee application, holding that Mr. Borenstein's fees could not be avoided simply because a formal notice of appearance was lacking and that the submission of a retainer agreement was not required. (*Id.* at 9-10). Judge Kiel then Ordered: (1) Attorney Heller to personally reimburse Plaintiff in the amount of $990 based on the first affidavit of services; and (2) Defendant and Attorney Heller to reimburse Plaintiff in the amount of $9,680 based on the second affidavit of services, having reduced the requested amount from $9,815 due to a mathematical error. (*Id.*).

In an Order entered on July 12, 2023, as a result of Attorney Heller's repeated violations of the Pseudonym Order (ECF No. 37), Judge Kiel directed Plaintiff's counsel to submit yet another affidavit of services for time spent reviewing and redacting documents filed on the public docket by Attorney Heller containing Plaintiff's personal-identifying information. (ECF No. 77). Plaintiff's counsel subsequently submitted his third affidavit of services, accompanied by a supporting invoice, for $450. (ECF No. 86). In an order entered on September 14, 2023, Judge Kiel ordered Attorney Heller to pay an additional $450 to Plaintiff. (ECF No. 90). At that point, between Attorney Heller and Defendant, Plaintiff was owed $11,120 in total. To date, it appears only $600 has been paid. (ECF No. 151, ¶ 3).

6

Defendant filed a "Motion to Accept Objections" before Judge Farbiarz on October 20, 2023, appealing Judge Kiel's prior Orders. (ECF No. 96). This application was denied by Judge Farbiarz on April 10, 2024 on the grounds it did not clearly identify the orders to which Defendant was objecting. (ECF No. 112).

On May 7, 2025, the Undersigned granted a motion filed by Attorney Heller to withdraw as counsel for Defendant. (ECF No. 148). In doing so, the Undersigned addressed Plaintiff's opposition to that motion, in part, because Attorney Heller had paid only $700[2] of the $11,120 in sanctions owed to Plaintiff. (ECF No. 140). In granting the motion to withdraw, the Undersigned noted that:

> Nor is Plaintiff precluded from collecting the previously awarded sanctions from [Attorney Heller] by virtue of his withdrawing from this case. [Attorney Heller] is an officer of the Court who is bound by the Rules of Professional Conduct. His withdrawal does not relieve him of his obligation to comply with this Court's prior Order. If he fails to do so, Plaintiff can avail himself of all available remedies, including seeking a judgment against [Attorney Heller] or filing an appropriate disciplinary proceeding.

(ECF No. 148).

Now, more than two years after the Order imposing the sanctions and despite a failed appeal to the District Judge, on June 20, 2025 Attorney Heller moved to "vacat[e] the sanctions originally imposed by this Court's November 10, 2022 Order, and recently preserved in the May 7, 2025 Order." (ECF No. 151 at ECF-designated pp. 1, 3). Attorney Heller argues that: (a) he "was not receiving CM/ECF notifications due to a technical access issue beyond [his] control," which he claims was "finally resolved in December 2022," and that his "only source of information about case developments came from direct emails forwarded . . . by [Plaintiff's counsel]" (*id.* at ECF-

---

[2] In Attorney Heller's Notice of Motion, he seeks reimbursement of the "$600 previously paid." (ECF No. 1). It is not clear whether $600 or $700 has been paid.

7

designated pp. 3, 5); (b) Plaintiff's counsel's November 10, 2022 letter to the Court indicating he had not received feedback from Attorney Heller with regard to the joint discovery plan was a "misrepresentation… that deliberately cast [him] in a negative light" (*id.* at ECF-designated p. 4) and did not copy Attorney Heller on the letter; and (c) the amount of sanctions imposed was "unduly harsh and punitive" and was based upon fee applications that failed to include a retainer agreement or specific billing information, or included time entries extending beyond the scope of Judge Kiel's Order (*id.* at ECF-designated pp. 4-6). Plaintiff opposes the motion on various grounds, which will be discussed below.

## LEGAL ANALYSIS

**I.    The Standard**

Plaintiff files this motion under Fed. R. Civ. P. 60(b), which states

> On motion and just terms, the court may relieve a party or its legal representative from a ***final*** judgment, order, or proceeding for the following reasons:
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)    the judgment is void;
> (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added).

Attorney Heller specifically relies on: (a) Rule 60(b)(1) concerning mistake, inadvertence, and excusable neglect based on the aforementioned issues he claimed to be having with CM/ECF notifications; (b) Rule 60(b)(3) concerning misrepresentation by an adversary, based on his claim

8

that Plaintiff's counsel allegedly failed to advise the Court that Attorney Heller emailed his suggested changes for the proposed joint discovery plan; and (c) the catch-all provision of Rule 60(b)(6) based upon his arguments that the sanctions imposed were not warranted included fees improperly sought by Plaintiff's counsel.

A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (internal quotation marks and citations omitted). This is because it is well-settled law that "[t]he remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987) (internal quotation marks and citations omitted); *see Johnson v. Koehler*, No. 24-2054, 2024 WL 4210527, at *1 (3d Cir. Sept. 17, 2024) (holding the same). Relief under Rule 60(b) may not be granted when a party could have sought the same relief by means of a direct appeal. *See Fonzone v. Tribune Corp.*, 608 F. App'x 76, 79 (3d Cir. 2015). A motion pursuant Rule 60 "'may not be used as a second bite at the apple' or to 'relitigate a point of disagreement between the Court and the litigant.'" *Zhaojin Ke v. DiPasquale,* No. 18-cv-125, 2019 WL 4889109, at *2 (W.D. Pa. Oct. 3, 2019) (citing *United States v. Fausnaught,* No. 03-CR-32, 2018 WL 1911247, at *3 (M.D. Pa. Apr. 20, 2018) (citing *Jones v. Shannon*, No. 05-cv-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013).

## II.     Attorney Heller's Motion Is Untimely

As an initial matter, Attorney Heller's motion is untimely. A motion to vacate under Fed. R. Civ. P. 60 must be filed within a "reasonable time" and, if filed under subsections (1), (2) and (3), must be filed no more than a year after the entry of the original judgment or order. Fed. R. Civ. P. 60(c)(1). Rule 60(c)(1) imposes a one-year limitation on seeking relief from an order if the

9

argument relies upon either Rule 60(b)(1) or Rule 60(b)(3). *See* Fed. R. Civ. P. 60(c)(1). Here, Judge Kiel's orders concerning sanctions being levied upon Attorney Heller were entered on November 10, 2022, December 21, 2022, May 24, 2023, and September 14, 2023. (*See* ECF Nos. 18, 23, 56, 90).[3] The Motion To Vacate was not filed until June 20, 2025, which was more than two years after the first three orders were issued and nearly two years after the last order was issued. (ECF No. 151). The one-year deadline set forth in Rule 60(c)(1) "cannot be extended," and thus the Court lacks the discretion to extend it, even if were inclined to do so. *In re TK Holdings Inc.*, No. 24-1604, 2025 WL 2602538, at *1 n.2 (3d Cir. Sept. 9, 2025); *see* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under . . . [Rule] 60(b)." Thus, Attorney Heller's application under subsections 60(b)(1) and 60(b)(2) are time-barred. *See Dietsch v. United States*, 2 F.Supp.2d 627, 632 (D.N.J. 1998) (motion to vacate filed more than two years after the court's opinion was rendered barred as untimely).

While a motion to vacate filed under the catch-all provision of Rule 60(b)(6) does not contain a specific one year time-limitation, it must be filed within the "reasonable" time period after the Order is issued. "What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Dietsch*, 2 F.Supp.2d at 633 (citing *Devon v. Vaughn,* No. 94-2534, 1995 WL 295431, at *2 (E.D. Pa. Apr.27, 1995) (quoting *Kagan v. Caterpillar Tractor,* 795 F.2d 601, 610 (7th Cir.1986)). Waiting two years to file a motion to vacate, when there is no intervening change in law, no newly-discovered evidence, and no explanation provided as to the reason for delay in

---

[3] Technically, Attorney Heller's motion only seeks to vacate the November 10, 2022 Order. However, in the interests of completeness, the Court will consider all four sanctions Orders.

filing does not satisfy this standard. *See Moolenaar*, 822 F.2d at 1348 (holding that a two-year delay was not a reasonable time); *Green v. Kijakazi*, No. 18-cv-11822, 2023 WL 3052729, at *3 (D.N.J. Apr. 21, 2023) ("The Court of Appeals for the Third Circuit has previously found that a delay of approximately two years is not reasonable.").

To the extent Attorney Heller argues that the Undersigned's Order entered on May 7, 2025 granting his motion to withdraw (ECF No. 148) somehow extended his one-year deadline to seek relief under Rue 60 by preserving the sanctions imposed upon him, the argument is disingenuous and without merit. First, Attorney Heller presents no supporting case law whatsoever in support of this proposition. Second, the Undersigned's Order did not address the merits of the sanctions at all. (ECF No. 148) Rather, the Court made it clear that, although Attorney Heller was being relieved as counsel, he was not being relieved of his obligation to comply with the Court's *prior* Orders to pay sanctions (something which he still has yet to do).

Therefore, Attorney Heller's motion is time-barred. The motion can be denied on these grounds alone.

## III. Attorney Heller's Motion Fails To Satisfy the Stringent Standard Under Rule 60

In addition to being untimely, Attorney Heller's motion fails for the simple reason that it raises nothing new. It repeats arguments that either were raised, or could have been raised, at the time the sanctions applications were originally considered. Recall that, prior to issuing his decision, Judge Kiel twice invited Attorney Heller to respond to Plaintiff's counsel's fee application. (ECF Nos. 18 and 23). Attorney Heller failed to submit any opposition to the initial fee application of Plaintiff's counsel, which concerned his failure to prepare for or participate in the initial pretrial scheduling conference. (ECF No. 56). Attorney Heller could have explained to the Court his purported issues with CM/ECF. He could have advised the Court about his

11

communications with Plaintiff's counsel concerning the joint discovery plan. He could have objected to the time entries submitted by Plaintiff's counsel. He did none of that. He therefore waived any objection to that fee application. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) (holding that if opposing party wishes to challenge attorney fee award it must object with specificity to the fee request); *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989) (holding the court can only reduce fee awards in response to specific objections asserted by the opposing party). Attorney Heller certainly cannot raise such objections for the first time in the context of a motion to vacate, when this information was well within his knowledge at the time the motion was originally decided.

Attorney Heller filed a two-page opposition to the second fee application filed by Plaintiff's counsel (ECF No. 25), which concerned his failure to bring Defendant to the settlement conference. (ECF No. 31). In the opposition, Attorney Heller raised objections to the inclusion of Attorney Borenstein's fees because he never filed a notice of appearance. (*Id.*). He also objected on the grounds that a retainer agreement was not provided. (*Id.*). These objections were specifically addressed, and rejected, by Judge Kiel in his decision. (ECF No. 56). Attorney Heller cannot re-raise these objections in the context of a motion to vacate simply because he disagreed with Judge Kiel's determination. *Zhaojin Ke*, 2019 WL 4889109, at *2. A motion to vacate is not a substitute for an appeal and this is precisely the type of "second bite at the apple" that Rule 60 prohibits. *Id.* at *2; *see also Fonzone*, 608 F. App'x at 79. Attorney Heller did not voice any objection to the detailed time entries provided by Plaintiff's counsel that formed the basis for the monetary sanctions award and is therefore precluded from raising those objections now.

There are additional reasons Attorney Heller's motion fails procedurally. As is clear from the plain language, Rule 60 motions are reserved for *final* judgments or orders. Fed. R. Civ. P. 60;

12

*see also Anello Fence, LLC v. VCA Sons, Inc.*, No. 13-cv-3074 (JMV) (JBC), 2019 WL 4894562, at *2 (D.N.J. Oct. 3, 2019). There is no dispute that sanctions Orders issued by Judge Kiel were not final orders. Indeed, this matter is still pending. Thus, Rule 60 is not an available remedy at this time. Further, Attorney Heller neglected to file a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59.[4]

Attorney Heller also had available to him the ability to appeal Judge Kiel's sanctions Order to the District Judge. Fed. R. Civ. P. 72(a); Local Civ. Rule 72.1(c)(1)(A); 28 U.S.C. § 636. Indeed, he filed an untimely, non-specific and indiscernible appeal to District Judge Farbiarz on October 20, 2023, which at least briefly mentioned the sanctions Orders. (ECF No. 96 at ECF-designated p. 18). Judge Farbiarz denied that application *without* prejudice on April 10, 2024 because "it [was] not clear what order or orders [were] being objected to." (ECF No. 112). Judge Farbiarz explained that, if Attorney Heller wished to re-file his motion, he must "specify with precision which order or orders [he] objects to." (*Id.*). Attorney Heller never filed another motion. Attorney Heller was thus aware of his right of appeal from a Magistrate Judge's Order, but never availed himself of that remedy. *See Bass v. New Jersey*, 689 F. App'x 715, 717 n.3 (3d Cir. 2017) (noting that appeals court did not have jurisdiction to hear an appeal of a Magistrate Judge's order that was not appealed to the District Judge).

In sum, Attorney Heller's motion is improper because: (i) it does not relate to a final order; (ii) he did not properly appeal Judge Kiel's Orders to the District Judge which was his first avenue of recourse; (iii) he neglected to raise many of the arguments he now raises in his motion at the time the original application was decided, even though they were known to him at that time; and

---

[4] Motions for reconsideration are not expressly recognized in the Federal Rules – rather, they are treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).

13

(iv) he seeks to reargue objections that were raised, and rejected, by Judge Kiel at the time the original Orders were entered. This serves as yet another basis for summarily denying Attorney Heller's Motion.

### IV. Attorney Heller Has Failed To Demonstrate Mistake, Inadvertence, Surprise, or Excusable Neglect

Putting aside the fundamental issues with Attorney Heller's motion, it also fails substantively. Attorney Heller argues that he is entitled to relief under Rule 60(b)(1) for mistake, inadvertence, and excusable neglect based on purported issues he had with CM/ECF at the beginning on this case. This argument falls flat.

First, although Attorney Heller claims that the email address listed for his Pacer account was associated with a former firm, he had a second email address associated with that account: singer721@aol.com, which appears to be a personal email address. (ECF No. 157, ¶ 5). While Attorney Heller claims this email address "had not been accessed or used… in years and remained dormant," he offers no explanation as to why, assuming this assertion is true, he failed to update it given that he apparently had "years" to do so. (ECF No. 159 at ECF-designated p. 9). Indeed, Local Civil Rule 10.1(a) requires counsel to "advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk." It continues "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court." D.N.J. Local Civ. R. 10.1(a). If Attorney Heller changed firms, or was no longer using the email addresses initially provided when his Pacer account was established, then it was his duty to update the Court. Instead, he apparently waited "years" to provide the update and filed his initial pleading in this matter knowing his contact information was not valid.

Second, the fact that Attorney Heller was able to file an answer in this case (ECF No. 13) undermines his assertion that he did not know his Pacer login information and was not receiving notices. Simply stated, he would not have been able to file this document without an active Pacer account.

Third, Attorney Heller does not dispute that Plaintiff's counsel sent him a copy of the Initial Pretrial Scheduling Order on November 1, 2022, which set forth both the date of the conference and the deadline for submission of the proposed joint discovery plan. (ECF No. 157, ¶ 7, Ex. 2). Indeed Attorney Heller acknowledged receipt of the Order via email the very next day. (*Id.* ¶ 8, Ex. 3). Thus, even if Attorney Heller was not receiving CM/ECF notices, he had a copy of the Court's Order, and has no excuse for failing to timely submit his contributions to the proposed joint discovery plan or failing to attend the conference.

Fourth, even if Attorney Heller were experiencing issues in receiving timely electronic notifications, "[i]t is the duty of . . . counsel to monitor the electronic docket on a regular basis, regardless of whether counsel receives any notification of an inquiry by the Court." *Prospero v. Woods at Mass. Condo. Ass'n*, No. 06-cv-6161, 2007 WL 327386, at * 2 n.4 (D.N.J. Jan. 31, 2007). He knew he was representing a client in active litigation. He knew an Answer had been filed and that would trigger activity in the case. He purportedly knew he was having trouble with his Pacer account. Therefore, he had a duty to affirmatively monitor the electronic docket in this case on a regular basis while his account issues were being rectified to make sure he did not miss anything.

In sum, there was no mistake, inadvertence, or excusable neglect here. The Court is not frankly unconvinced that Attorney Heller did not have access to his Pacer account. If he did not, it was his own fault. Putting that aside, he had actual notice of the Court Order from Plaintiff's counsel. Thus, there is no basis to vacate Judge Kiel's sanctions Orders on these grounds.

V.  **Attorney Heller Has Not Proven Fraud, Misrepresentation, or Misconduct by Plaintiff's Counsel**

Attorney Heller next argues that he is entitled to relief under Rule 60(b)(3) because Plaintiff's counsel's November 10, 2022 letter to the Court misrepresented his involvement in preparing the joint discovery plan. (ECF No. 17). This is directly contradicted by the undisputed facts. As recounted above, even if Attorney Heller was not receiving electronic filings on CM/ECF, he acknowledged receiving a copy of the Initial Scheduling Order on November 1, 2022 by Plaintiff's counsel. (ECF No. 157, ¶¶ 7,8, Exs. 2, 3). He therefore knew the deadline to submit the joint discovery plan was November 7, 2022 and he knew the Court conference was at 11:00 a.m. on November 10, 2022. (ECF No. 14). Attorney Heller also acknowledged receiving a draft of the joint discovery plan from Plaintiff's counsel on November 7, 2022. (ECF No. 157 ¶¶ 9,10, Exs. 5, 6). Attorney Heller nevertheless failed to get back to Plaintiff's counsel with his input to the joint discovery plan until 3:39 p.m., a full 3 days after it was due to be filed with the Court and nearly 4 hours after the scheduled conference. (*Id.* ¶ 14, Exs. 9 and 10). There was nothing improper about Plaintiff's counsel submitting the proposed joint discovery plan without Attorney Heller's input, nor was it a misrepresentation for Plaintiff's counsel to inform the Court that he had "not received consent from the defendant to submit a proposed joint order" or that "to date [as of 9:34 a.m., when the letter was submitted], the defendant's counsel ha[d] not provided us with any feedback on the contents of the order." (ECF No. 17). In fact, it is a perfectly accurate representation of what transpired.

Attorney Heller's argument that he was not copied on the letter is equally specious. Plaintiff's counsel cannot be accused of engaging in *ex parte* communications with the Court for one simple reason: all communications, other than confidential settlement memoranda, were filed on the public docket. This is deemed proper service under the Federal Rules. *See* Fed. R. Civ. P.

16

5(b)(2)(E) ("A paper is served under this rule by… sending it to a registered user by filing it with the court's electronic-filing system…").

**VI.    There is No Basis for Relief Under the "Catch-All" Provision of Rule 60**

Finally, Attorney Heller seeks relief under the catch-all provision of Fed. R. Civ. P. 60(b)(6), which allows for "any other reason that justifies relief." Relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022); *see BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) (holding that Rule 60(b)(6) "provides only grounds for relief not already covered by the preceding five paragraphs," because "[w]ere it otherwise, the catchall provision could swallow the preceding paragraphs and be used to circumvent their time bars" (internal quotation marks, alterations, and citation omitted)). Thus, to the extent Attorney Heller attempts to assert any of the aforementioned arguments under Rule 60(b)(6) to bypass the one-year deadline for relief under Rule 60(b)(1) or (b)(3), they are rejected. The independent bases raised by Attorney Heller under Rule 60(b)(6) are as follows: (i) the affidavits of service submitted by Plaintiff's counsel did not contain detailed billing records; (ii) Plaintiff's counsel failed to submit a retainer agreement; (iii) the sanctions award included fees incurred by Mr. Borenstein, who was not counsel of record; and (iv) the sanctions award included tasks beyond the scope of Judge Kiel's Orders.  (ECF No. 151). None of these arguments are even remotely meritorious and they will be addressed in summary fashion.

First, there were detailed time records attached to each of Plaintiff's counsel's fee applications. (ECF Nos. 19-1 and 25-2). They were submitted under seal, evaluated by Judge Kiel and specifically referenced in his decision. (ECF 56 at 10-11). Thus, there is no merit to this argument.

Second, Plaintiff's counsel was not required to submit a retainer agreement. Local Civil Rule 54.2 does not mandate the submission of a retainer agreement. Rather, it states that an application for counsel fees "shall include an affidavit *or* other documenting complying with 28 U.S.C. § 1746 *describing* all fee agreements and setting forth both the amount billed to the client for fees and disbursements and the amount paid." D.N.J. Local Civ. R. 54.2. Thus, a retainer agreement is not required. *See Great W. Mining & Mineral Co. v. ADR Options, Inc.*, No. 09-cv-2907, 2012 WL 5200068, at *1 (D.N.J. Oct. 22, 2012) (holding that when a court awards attorneys' fees as a sanction against opposing counsel, a fee agreement need not be submitted in support of that fee award). Here, both the affidavits of Attorney Szalkiewicz and Attorney Borenstein (ECF Nos. 19, 25, and 25-1) contained the information required by Local Civil Rule 54.2 and, therefore, no retainer agreement was required.

Third, Judge Kiel already considered Attorney Heller's arguments pertaining to Attorney Borenstein. (ECF No. 56 at 9-10). Attorney Heller offers nothing new in this regard; he just reiterates his previous arguments. (ECF Nos. 151, 159). As explained above, this is not a valid basis for a motion to vacate. It is nothing more than a chance to take a "second bite at the apple" and will not be allowed.

Fourth, Attorney Heller argues that the fees billed go beyond the scope of Judge Kiel's Orders as to what would be recoverable, namely, time spent on the (i) preparation of the joint discovery plan, preparation for the conference, and attendance at the conference (ECF No. 18), and (ii) preparation of a settlement memorandum and attendance at the settlement conference (ECF No. 23). (ECF No. 151 at ECF-designated p. 4 ¶ 12 and p. 7 ¶ 12).[5] It is interesting that Attorney

---

[5] There is a numbering error in Attorney Heller's certification and, as a result, there are two paragraphs numbered 12. ECF page designations are included to avoid any confusion.

18

Heller makes this argument given his accusations he never saw any detailed time records – which raises the question of on what basis does Attorney Heller allege that the fees go beyond the scope of Judge Kiel's Order. Moreover, Attorney Heller's arguments appear to be based upon the misguided belief that Plaintiff's counsel was only permitted to submit fees in connection with the missed initial scheduling conference (ECF No. 18), when he is well aware that there was a second order entered allowing Plaintiff's counsel to submit time related to the botched settlement conference. (ECF No. 23). A review of the time records submitted reveals that the time submitted by Plaintiff's counsel was related to only those tasks specified by Judge Kiel.

### VII. Plaintiff's Request for Counsel Fees

Although no formal cross-motion was filed, Plaintiff's counsel seeks fees for having to respond to what he accurately describes as a "frivolous" motion. The Court certainly would be well within its rights to impose such sanctions here, given the procedural, factual and legal flaws with Attorney Heller's Motion. Fed. R. Civ. P. 11. However, given the significant sanctions award that is still owed by Attorney Heller, and the fact that he is no longer involved in this case, the Court declines to impose additional sanctions at this time. However, Attorney Heller and Defendant are once again reminded of their ongoing obligation to pay the sanctions previously ordered. The $990 and $9,680 awarded pursuant to ECF No. 56 were required to be paid by May 31, 2023. The $450 awarded pursuant to ECF No. 90 was required to be paid by September 19, 2023. To date, only $600 (possibly $700) has been paid. Attorney Heller and/or Defendant shall pay the amounts due and owing within 30 days of this Order or they may face additional sanctions including, but not limited to, daily monetary sanctions until the full amount is paid, an ethics referral, or the entry of a Judgment on Plaintiff's behalf.

## VIII.  Conclusion

For the reasons set forth herein, the Court finds Attorney Heller's Motion to Vacate to be completely lacking in merit. It is untimely. It is not from a final Order. It fails to satisfy the standards of Rule 60. Attorney Heller failed to exhaust available appeals. Finally, it is substantively lacking in merit. The motion is therefore denied.

## ORDER

For good cause shown:

IT IS, on this **30th** day of **January**, **2026** hereby ORDERED as follows:

1. Attorney Heller's Motion To Vacate is DENIED.

2. The Clerk is directed to terminate the motion at ECF No. 151.

3. Attorney Heller and/or Defendant shall pay the outstanding sanctions within 30 days of this Order, or Plaintiff's counsel can seek additional sanctions and/or a judgment.

4. Plaintiff's counsel shall serve a copy of this Order on Attorney Heller via email and regular mail within 3 days of this Order, and then file proof of service thereof.

5. Defendant's current counsel shall provide a copy of this Order to Defendant within 3 days of this Order.

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge