UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,**<br><br>       Plaintiff,<br><br>v.<br><br>**BAILA SEBROW,**<br><br>       Defendant. | Case No. 2:21-cv-20706 (MEF) (SDA)<br><br>**ORDER ON MOTION TO<br>STRIKE ANSWER**<br><br>February 13, 2026 |

**STACEY D. ADAMS**, United States Magistrate Judge.

    **THIS MATTER** having come before this Court on Plaintiff John Doe's motion filed on July 28, 2025 to strike the answer ("Motion To Strike") of Defendant Baila Sebrow (ECF No. 162); and Defendant having filed an opposition to the Motion To Strike on September 22, 2025 (ECF No. 174); and Plaintiff having filed a reply in further support of the Motion To Strike on September 29, 2025 (ECF No. 175); and

    **WHEREAS**, the Motion To Strike seeks to strike Defendant's answer pursuant to Rule 37 as a sanction due to Defendant's repeated failures to abide by discovery orders issued by this Court between November 2022 and November 2024 (*see* ECF No. 162-1); and Defendant having been represented by Attorney Ira Heller during that time period; and Attorney Heller having been sanctioned several times for his failure to abide by Court orders (*see* ECF Nos. 56, 90); and this Court having recently denied on January 31, 2026 Attorney Heller's motion to vacate the sanctions levied against him (ECF No. 180); and

    **WHEREAS**, Attorney Heller having moved to withdraw as counsel for Defendant in January 2025 (ECF No. 139); and this Court having granted Attorney Heller's motion to withdraw

in May 2025 (ECF No. 148); and Attorney Alexander Kemeny having filed an appearance on behalf of Defendant in June 2025 (ECF No. 152), which was only one month before Plaintiff filed the Motion To Strike; and the Court being hesitant to impose such a harsh sanction as striking the answer upon Defendant if some of the fault in not abiding by discovery orders lies with former counsel; and

**WHEREAS**, Defendant, now represented by Attorney Kemeny, filed a motion for judgment on the pleadings pursuant to Rule 12(c) ("JOTP Motion") in August 2025 (ECF No. 167); and Plaintiff having filed an opposition to the JOTP Motion (ECF No. 173); and Defendant having filed a reply in further support of the JOTP Motion (ECF No. 176); and Attorney Kemeny arguing, *inter alia*, that: (a) Plaintiff's claim for harassment fails to state a civil cause of action under New Jersey law, (b) Plaintiff's claims for libel and defamation are barred by the statute of limitations, and (c) Plaintiff's claim for perjury does not exist as a private right of action (ECF No. 167-1); and Plaintiff having not responded substantively to those particular arguments in the opposition to the JOTP Motion (*see generally* ECF No. 173), thereby raising the possibility that the JOTP Motion may at least be resolved in part in favor of Defendant;[1] and

**WHEREAS**, in deciding the Motion To Strike, a court must consider:

> (1) the extent of a party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) *the meritoriousness of the claim or defense.*

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis added); and

---

[1] In view of the arguments raised by Attorney Kemeny in support of Defendant's JOTP Motion, the decision by Defendant's former counsel, Attorney Heller, to not file a pre-answer motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is a curious one.

although the JOTP Motion will be addressed by District Judge Farbiarz, this Court recognizing the potential incongruity of addressing the sixth *Poulis* factor, *i.e.*, the meritoriousness of Plaintiff's claims, for the Motion To Strike before the District Judge has had the opportunity to address the merits of those same claims in deciding the JOTP Motion, wherein a court:

> must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party, and may not grant the motion unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (internal citations and quotation marks omitted); and

**WHEREAS**, this Court also being inclined to provide Defendant with the opportunity to cure any discovery deficiencies now that she has retained new counsel, Attorney Kemeny, before the harsh sanction of having her pleadings stricken were to befall her; and

**WHEREAS**, there can be no doubt that Defendant has been repeatedly ordered to produce her cellular phones, computers, and iCloud account information to Plaintiff's forensic expert (ECF Nos. 59, 70, 136); and

**WHEREAS**, any privacy concerns Defendant has raised can be adequately addressed by providing the devices and account data to a forensic expert, and then having that forensic expert conduct a forensic evaluation of the devices based upon search terms, date ranges, and other parameters agreed upon by counsel to the parties as ESI protocol; and

**WHEREAS**, the Court is inclined to provide Attorney Kemeny with one final opportunity for Defendant to provide the devices and account information to Plaintiff's forensic expert and for the parties to meet and confer to agree upon appropriate search terms, date ranges, and other parameters; and for good cause shown:

**IT IS**, on this **11th** day of **February**, **2026**, hereby **ORDERED** as follows:

1. Plaintiff's Motion To Strike (ECF No. 162) is DENIED WITHOUT PREJUDICE.

2. As was previously discussed on the record by the parties with former Magistrate Judge Kiel on June 2, 2023, and then subsequently directed in the order of Judge Kiel entered on that same date (ECF Nos. 59, 70), Defendant shall turn over to Plaintiff's expert, by **February 27, 2026**: (a) her old cellular telephone, meaning the telephone she utilized immediately prior to the cellular telephone she was utilizing in June 2023; (b) the cellular telephone she was utilizing in June 2023, whether or not it is the telephone she is currently using; (c) the computer she was utilizing in June 2023, whether or not it is the computer she is currently using; and (d) access to her iCloud account. All information extracted from these three devices and the iCloud account by Plaintiff's expert shall be promptly produced to Defendant's counsel for review.

3. Prior to those devices being turned over and access to the iCloud account being given, Counsel shall meet and confer as to the search terms to be utilized and an ESI protocol to be implemented by **February 20, 2026**. The Court notes that among the best search terms to utilize would be Plaintiff's actual name. The Court cautions Plaintiff to request only communications between Plaintiff and Defendant and communications related to, about or concerning Plaintiff, and to avoid any communications concerning Defendant's matchmaking functions to the extent feasible (unless Plaintiff was somehow involved).

4. If Defendant fails to produce the aforementioned three devices and access to the iCloud account to Plaintiff's expert by February 27, 2026, then Plaintiff is granted leave to move for entry of an order imposing the following sanctions upon Defendant: (a) barring Defendant from asserting any defenses that she is the victim of spoofing and that she is not the source of all

5

statements concerning Plaintiff that are at issue; and (b) the entry of an adverse inference against Defendant that she is the source of all statements concerning Plaintiff that are at issue.

5. Any further relief sought by Plaintiff would need to await a decision on Defendant's Motion For JOTP.

6. The Clerk is directed to terminate the Motion To Strike at ECF No. 162.

**SO ORDERED.**

*/s/ Stacey D. Adams*
**STACEY D. ADAMS, U.S.M.J.**