**VERIDIAN LEGAL**

23 West 73rd Street   T: (212) 706-1007
Suite 102   F: (646) 849-0033
New York, NY 10023   veridianlegal.com

February 25, 2026

<u>**Via ECF**</u>
United States Magistrate Judge Stacey D. Adams
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

*Re:   **John Doe v. Baila Sebrow**
   **United States District Court, District of New Jersey**
   **Case No.: 2:21-cv-20706***

Dear Judge Adams,

Our office represents Plaintiff in the above-captioned action. Please accept this letter motion requesting the entry of the sanctions order.

The court is aware of the tortured history of this case and it will not be recited herein. On February 11, 2026, this court issued an order requiring the defendant, Baila Sebrow ("Sebrow") to meet and confer to discuss search terms by February 20, 2026 and for Sebrow to produce two cell phones, a computer, and access to her iCloud account to a forensic by February 27, 2026.

On February 20, 2026, I sent Sebrow's counsel the proposed search terms. On February 24, 2026, I received a response from Mr. Kemeny. He informed us that Sebrow could not comply with the turning over of devices and would not comply with the remainder of the order.

Concerning the first iPhone, Sebrow asserts that "[a]fter Mr. Heller's representation of Ms. Sebrow in this case concluded, Ms. Sebrow traveled to Mr. Heller's office to pick up her file along with the iPhone. She returned home by Uber and during the course of returning home she misplaced and lost the iPhone." The court can note that the Mr. Heller's representation of Ms. Sebrow concluded on May 7, 2025, so the phone was "lost" sometime after that date. It is also important to state that during the DV matter, Sebrow's expert, Matthew "Motti" Gabler testified that he was able to clone at least part of Sebrow's now lost iPhone.

Concerning the second iPhone, Sebrow now states now for the first time that "[i]n or around December 2024, she traded that iPhone in for a newer model. She no longer has that device."

Regarding her computer, Sebrow also now informed us for the first time that the "computer that Ms. Sebrow had in use in 2023 broke some time ago and was discarded. She does not have the device."

This leaves us with her iCloud. In his email, Sebrow's counsel asserts:

Veridian Legal P.C.

February 25, 2026
Page 2

---

        Ms. Sebrow did not begin utilizing her iCloud until around 2021. She does not believe any of the data stored in the iCloud account is relevant because it was not in existence at the time of the conduct alleged to have occurred in Plaintiff's complaint. She is also extremely concerned that it includes highly personal and sensitive information from the people who rely on her for matchmaking services and that there will attorney client privileged communications in the account that reference the Plaintiff by name which would become part of what Plaintiff's expert obtains when searching through the account. She has additional privacy concerns regarding highly sensitive, privileged, and confidential information that may be stored in the account, but the two I mentioned are among her biggest concerns. As such, she is unwilling to provide her login credentials for the iCloud account.

        After receiving the email, I called Mr. Kemeny and explained again that we would not be in physical possession of the iCloud account and it would be searched for the agreed upon terms that were sent on February 20.  His office would then review the relevant documents for any issues.  Irrespective of our position, Ms. Sebrow has indicated that she will not be permitting our expert to image her iCloud account by the February 27, 2026.

        It is therefore respectfully requested that an order be entered (a) barring Defendant from asserting any defenses that she is the victim of spoofing and that she is not the source of all statements concerning Plaintiff that are at issue and (b) the entry of an adverse inference against Defendant that she is the source of all statements concerning Plaintiff that are at issue.

        Thank you in advance.

Respectfully submitted,

VERIDIAN LEGAL P.C.

*/s/ Daniel S. Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**