# KEMENY, RAMP & RENAUD, LLC

TRUSTED TRIAL COUNSEL

**Alexander J. Kemeny, Esq.**
akemeny@kemenylaw.com
www.kemenylaw.com

7-G Auer Court
Williamsburg Commons
East Brunswick, NJ 08816

Office Tel.: (732) 853-1725
Direct Dial: (732) 853-1025
Facsimile: (732) 853-1730

March 5, 2026

**Via ECF**
Hon. Stacey D. Adams, U.S.M.J.
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

  Re: **John Doe v. Baila Sebrow**
     **Case No.: 2:21-cv-20706**

Dear Judge Adams:

Pursuant to the Court's March 2, 2026 Text Order, Defendant, Betty Sebrow ("Defendant"), improperly pled and commonly known as "Baila" Sebrow, respectfully submits this letter brief to show cause why the relief requested in Plaintiff's February 25, 2026 letter-motion (ECF 183) should not be granted and, in the alternative, why any imposed sanction should be limited to a tailored trial instruction to the jury that they may make an adverse inference.

**Relevant Background**

1. On February 11, 2026, the Court entered an Order (Doc. 182) denied Plaintiff's motion to strike Defendant's answer without prejudice and directed

Defendant, to turn over specified devices and provide access to her iCloud account by February 27, 2026.

2. On February 24, 2026, undersigned counsel advised Plaintiff's counsel of Defendant's response to the Order including the factual circumstances communicated by Defendant concerning the devices and her position concerning iCloud access.

3. Plaintiff thereafter filed his February 25, 2026 letter (Doc. 183) requesting: (i) an order barring Defendant's spoofing defenses; and (ii) an adverse inference that Defendant is the source of all statements concerning Plaintiff at issue.

4. On March 2, 2026, the Court entered a Text Order (Doc. 184) directing Defendant to respond by March 6, 2026 and show cause why Plaintiff's requested relief should not be granted.

5. Defendant has submitted a Declaration noting the apparent significant expansion in scope of the time period for which ESI is being sought and explaining: (i) the circumstances of the missing older iPhone; (ii) the trade-in of the June 2023 iPhone in December 2024; (iii) the breakage and discarding of the June 2023 computer; (iv) Defendant's position regarding iCloud access; and (v) the factual basis for Defendant's iCloud-related privacy concerns and fear of misuse of personal data

Re: <u>John Doe v. Baila Sebrow</u>  Hon. Stacey D. Adams, U.S.M.J.
Case No.: 2:21-cv-20706  March 4, 2026
  Page 3 of 10

# Legal Argument

**I. The severe sanctions Plaintiff seeks are disproportionate and not supported by the culpability findings required for such relief.**

Federal Rules of Civil Procedure Rule 37(b)(2)(A) contains seven non-exclusive sanctions the Court may impose for violations of a court order in discovery. They include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In <u>Poulis v. State Farm Fire & Cas. Co.</u>, the Third Circuit set forth factors to be examined by a trial court to determine if and what sanctions should be imposed. 747 F.2d 863, 868 (3d Cir. 1984). The <u>Poulis</u> factors are:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

Id.

Courts should also weigh "the severity of the transgression, whether it was intentional, negligent or inadvertent, and the timing and circumstances of the eventual document production." Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 713 (D.N.J. 2015).

> Other factors to consider are the nature and quality of the conduct at issue, whether the attorney or the client is responsible for the culpable conduct, whether there was a pattern of wrongdoing requiring a stiffer sanction, whether the wrongdoing actually prejudiced the wrongdoer's opponent or hindered the administration of justice, and the existence of mitigating factors. Since all sanctions originate from equity (Bull v. United Parcel Service, Inc., 665 F.3d 68, 83 (3d Cir.2012)), the totality of the circumstances should be evaluated to determine the appropriate sanction.
> Id.

While the Third Circuit generally defers to the District Court's discretion regarding the imposition of sactions, a "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir.2002). "A default or dismissal is an 'extreme' sanction, reserved for cases where a party has acted in 'flagrant bad faith' and 'callous disregard of [his or her]

responsibilities.'" Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 712 (D.N.J. 2015) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). Prior to entering a dismissal, "it is necessary for the district court to consider whether lesser sanctions would better serve the interests of justice." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)

"In the context of sanctions, it bears emphasis that 'the severity of the prejudice caused by the violation should be proportional to the sanction imposed in an effort to cure that prejudice.'" Wilkerson v. Brown, Civ. No. 96-4920, 2009 WL 2049162, at *5 (D.N.J. July 8, 2009) (quoting Bowers v. Nat'l Collegiate Athletic Ass'n, 564 F. Supp. 2d 322, 335 (D.N.J. 2008)) (emphasis added). "A dispositive sanction is warranted only where 'the non-responsible party's case is severely impaired because it lacked the information that was not produced.'" GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 82 (3d Cir. 2019) (quoting Bull v. United Parcel Serv., Inc., 665 F.3d 68, 83 (3d Cir. 2012) (holding "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits.") Id. at 80. See also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (defining "prejudicial harm" as "the burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy").

Re: John Doe v. Baila Sebrow     Hon. Stacey D. Adams, U.S.M.J.
Case No.: 2:21-cv-20706     March 4, 2026
    Page 6 of 10

Plaintiff requests sanctions that would effectively decide the central dispute of authorship and source of the challenged statements by precluding defenses and imposing an inference in Plaintiff's favor. Defendant respectfully submits that such relief is disproportionate in light of why these devices are unavailable.

As set forth in Defendant's Declaration:

- **Older iPhone (the "old" phone):** acquired around 2017, used through approximately end of 2019, and not functional at the start of this litigation. After Plaintiff instituted legal proceedings, that phone was left with prior counsel and was later lost after Defendant retrieved her file and traveled home by Uber, despite prompt efforts to locate it.

- **June 2023 iPhone:** used from approximately end of 2019 through end of 2024 (including June 2023) and traded in around December 2024 when Defendant obtained a newer model; Defendant no longer possesses it.

- **June 2023 computer:** broke and was discarded; Defendant no longer possesses it.

Additionally, Defendant's Declaration explains that prior to the Court's February 26, 2026 Order (Doc. 182) expanding discovery to devices used in June 2023, Plaintiff's counsel had represented Plaintiff sought ESI only for 2018–2021, and Defendant was not aware Plaintiff would seek (or the Court would order)

discovery of ESI from 2022–2023. This context is directly relevant to assessing culpability, willfulness, and the proportionality of the sanction requested.

Even if the Court concludes Defendant should have preserved devices differently, that does not justify the extraordinary step of stripping Defendant of core defenses and effectively establishing the central merits issue by sanction. If any sanction is deemed necessary, it should be narrowly tailored and trial-focused rather than case-dispositive.

## II. Defendant's refusal to provide iCloud access does not justify merits-determinative relief; at most it warrants a limited, trial-focused sanction.

Defendant understands that the February 11, 2026 Order directed "access to her iCloud account." Defendant is unwilling to provide access to iCloud, and her position is grounded as set forth in the attached Declaration:

1. **Extraordinary sensitivity and third-party confidentiality:** Defendant's iCloud contains highly personal and sensitive information, including sensitive information shared by individuals who rely on Defendant for matchmaking services.

2. **Privilege:** Defendant believes the account also contains attorney-client privileged communications, including communications that may reference Plaintiff by name.

3. **Irreversible disclosure risk:** Defendant is concerned that if any third party—whether Plaintiff, Plaintiff's counsel, or any expert or examiner retained by Plaintiff—obtains access, the information could be copied, disseminated, or otherwise disclosed in a way that cannot be reversed, and Defendant believes that risk cannot be eliminated even if access were subject to a protective protocol, a protective order, or Court control.

4. **History of broad requests and concerns of misuse:** Defendant's Declaration describes prior instances in which Plaintiff obtained broad categories of personal records (including phone records dating back to January 2016 and bank records in the domestic violence matter), and Defendant's belief that Plaintiff used such information to contact third parties and intimidate or frighten Defendant and others.

5. **Temporal relevance as alleged:** Defendant did not begin using iCloud until approximately 2021 and believes that the information in her iCloud account post-dates the wrongful conduct Plaintiff claims in his Amended Complaint (Doc. 58) that Defendant engaged in through the phone and internet.

Defendant does not raise this refusal lightly. Nonetheless, the appropriate response is not to impose merits-determinative sanctions that effectively adjudicate the central issue of authorship/source. If the Court determines a sanction is warranted

based on refusal of iCloud access, the sanction should be carefully limited to what is necessary and proportionate.

### III. In the alternative, any sanction should be limited to a tailored adverse-inference instruction (not defense preclusion).

If the Court determines that some sanction is warranted, Defendant respectfully requests that the Court deny defense-preclusion relief and instead limit sanctions to a jury instruction expressly advising the jury that they may make an adverse inference. A preclusion order would effectively decide the central dispute. A jury instruction is materially less drastic and better calibrated to any culpability finding the Court makes.

Defendant requests that any instruction be limited to a permissive inference jury instruction. Specifically, that, in the event that Defendant's pending motion for a judgment on the pleadings is not granted and this matter is not resolved prior to trial, that the jury that be instructed at time of trial that it **may** draw an adverse inference against Defendant, based upon her failure to retain and make available for inspection ESI that was sought by Plaintiff, that Defendant is the source of all statements concerning Plaintiff that are at issue.

Re: <u>John Doe v. Baila Sebrow</u>  Hon. Stacey D. Adams, U.S.M.J.
Case No.: 2:21-cv-20706  March 4, 2026
Page 10 of 10

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court find Defendant has shown cause and deny Plaintiff's requested sanctions. Alternatively, Defendant respectfully requests that any sanction be limited to a jury instruction that the jury may draw an adverse inference against Defendant as a result of her conduct.

Respectfully submitted,

*Alex Kemeny*

**ALEXANDER J. KEMENY**

cc: Daniel S. Szalkiewicz, Esq. (via ECF)
    Client (via email)