

23 West 73rd Street    T: (212) 706-1007<br>
Suite 102    F: (646) 849-0033<br>
New York, NY 10023    veridianlegal.com

March 13, 2026

<u>**Via ECF**</u>
United States Magistrate Judge Stacey D. Adams
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

*Re:*    ***John Doe v. Baila Sebrow***
        ***United States District Court, District of New Jersey***
        ***Case No.: 2:21-cv-20706***

Dear Judge Adams,

      Our office represents Plaintiff in the above-captioned action. Please accept this letter in opposition to Defendant Sebrow's Order to Show Cause. The law on this issue has been fully briefed several times, and there have been multiple court orders directing Sebrow to turn over the three devices and iCloud information. Defendant Sebrow is willfully not complying with the February 26, 2026 Order, and her current Order to Show Cause is simply an attempt to untimely reargue previous orders.

      At the court conference held on June 2, 2023, at which Defendant was personally present, Judge Kiel ordered the two phones, iCloud information, and computer to be turned over (DE 70). Contrary to Defendant's position, the February 26, 2026 Order did not expand discovery but rather reiterated the same devices that had previously been ordered to be produced. Based on her filings, Defendant was fully aware of this:

1. Motion to Reconsider from Defendant: "On June 2, 2023, this Court issued an Order requiring Defendant to turn over her personal cellular telephones and personal computer to Plaintiff's expert for extraction of data without any restriction" (DE 63).

2. June 20, 2023 Letter from Defendant to Court: "the Court's having Ordered Ms. Sebrow turn over her personal phone and personal computer to Mr. Szalkiewicz, thus giving Mr. Szalkiewicz unfettered access to all of her personal information to be disclosed on several occasions" (DE 64).

3. July 5, 2023 Letter from Defendant to Court: "As per the Court Order, Ms. Sebrow was required to turnover her electronic devices, which included the turnover of an old broken iPhone device currently in the possession of a phone forensics expert in California, and demanded that Ms. Sebrow provide unfettered access to the Plaintiff of her telephone and computer, absent any restrictions" (DE 71).

      The devices sought were also the subject of discovery in multiple other court orders and motions. Defendant was aware of this and still chose to disregard those orders. Defendant also

March 13, 2026
Page 2

---

does not address the fact that her expert witness has a forensic image of the phone that was allegedly lost in an Uber.

Finally, regarding the iCloud account, Plaintiff has on several occasions offered to implement parameters and has provided Defendant with ESI search terms. Despite this, Defendant has still refused to allow a forensic expert to back up her account.

Plaintiff has waited three years and spent countless dollars in attorney's fees seeking the information at issue. The February 26, 2026 Order contained a clear directive and clearly indicated what the remedy would be for noncompliance. As such, it is respectfully requested that the Order not be modified and that an Order be entered (a) barring Defendant from asserting any defense that she is the victim of spoofing and that she is not the source of the statements concerning Plaintiff that are at issue, and (b) directing the entry of an adverse inference against Defendant that she is the source of the statements concerning Plaintiff at issue.

Thank you in advance.

Respectfully submitted,

VERIDIAN LEGAL P.C.

*/s/ Daniel S. Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**