# KEMENY, RAMP & RENAUD, LLC

TRUSTED TRIAL COUNSEL

| **Alexander J. Kemeny, Esq.** | 7-G Auer Court | Office Tel.: (732) 853-1725 |
|---|---|---|
| akemeny@kemenylaw.com | Williamsburg Commons | Direct Dial: (732) 853-1025 |
| www.kemenylaw.com | East Brunswick, NJ 08816 | Facsimile: (732) 853-1730 |

May 4, 2026

**<u>Via ECF</u>**
Hon. Stacey D. Adams, U.S.M.J.
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

> **Re:    <u>John Doe v. Baila Sebrow</u>**
> **Case No.: 2:21-cv-20706**

Dear Judge Adams:

This firm represents Defendant, Betty "Baila" Sebrow. Defendant respectfully submits this letter in response to the letter filed by Plaintiff's counsel on Friday (May 1, 2026) seeking leave to file a proposed Second Amended Complaint. Defendant does not consent to Plaintiff's proposed amendment and objects to Plaintiff's request being considered or granted by informal letter application.

Plaintiff's request for leave to file a Second Amended Complaint should be denied because it violates Local Civil Rule 15.1(a), Plaintiff cannot demonstrate good cause under Rule 16, and the proposed amended pleading would cause significant prejudice to Defendant. Furthermore, Plaintiff's attempt to revive the portion of the tortious interference with prospective business that the court dismissed is likely futile and would only cause unnecessary delay because it appears to be based on Plaintiff's disparagement claim, which the court has already decided is time barred by the statute of limitations.

For the court's reference, I am enclosing a copy of the red-lined version of Plaintiff's Second Amended Complaint and Exhibit 1 that were provided to me by Plaintiff's counsel. They appear to have been accidentally omitted from Plaintiff's recent filing.

Re: <u>John Doe v. Baila Sebrow</u>                                          Hon. Stacey D. Adams, U.S.M.J.
    Case No.: 2:21-cv-20706                                                                      May 4, 2026
                                                                                                  Page 2 of 7

Plaintiff's counsel spoke with me and asked for my consent in a phone call that took place after 5:00 pm on Tuesday, April 28, 2026, and then emailed me the proposed Second Amended Complaint after I requested to see before providing a response to his request. I wanted the opportunity to review the pleading and speaking with my client before responding to his request. I was in a deposition the entire day on Wednesday and was in court and was out of the office on Thursday. Plaintiff's counsel filed his letter application on Friday, before I had the opportunity to fully review, analyze, and discuss the proposed amended pleading with my client and respond to Plaintiff's request for consent to amend. After having had the opportunity to consider the request, Defendant states that she does not consent and opposes Plaintiff's effort to obtain leave of court by way of a letter application.

Defendant should not be required to respond fully to a proposed post-discovery amended pleading through abbreviated letter practice, particularly where Plaintiff's proposed amendment attempts to revive claims that have already been dismissed. Moreover, Plaintiff's request should be denied on substantive grounds because he cannot demonstrate the diligence required to amend pleadings under Rule 16, the proposed amendment would result in significant prejudice to Defendant, and, Plaintiff's proposed amendment would be futile to the extent that it seeks to revive a claim based upon an allegedly disparagement statement to one of Plaintiff's prospective that is barred by the one year statute of limitations for defamation claims.

## **<u>Relevant Procedural History</u>**

Pursuant to the Court's Orders, all motions to amend pleadings had to be filed no later than March 17, 2023(ECF 18), and fact discovery had to be completed by March 30, 2023. (ECF 32. Both deadlines passed more than three years ago.

Defendant filed a motion for a judgment on the pleadings on August 08, 2025, seeking dismissal of counts contained within Plaintiff's Amended Complaint. On April 10, 2026, the Court entered its order dismissing nearly all the counts in Plaintiff's initial Amended Complaint, and preserved only two counts on narrow grounds, where Judge Farbiarz believed further briefing was warranted.

Based on undersigned counsel's review of the discovery materials and disclosures received from prior defense counsel, Defendant is not aware of Plaintiff having identified any treating psychologist, psychiatrist, therapist, counselor, physician, or other medical provider in his initial disclosures or any supplemental disclosures. Defendant is likewise not aware of Plaintiff having identified Nancy

Lenorah Meyers, or the identify of any other allegedly lost client or prospective client, as a person with discoverable information or as part of any damages computation. If Plaintiff contends otherwise, Defendant respectfully requests that Plaintiff be required to identify the specific disclosure, date, and document in which those witnesses and damages theories were disclosed.

## **Legal Argument**

### I.     **Plaintiff's request should not be granted by letter application.**

Local Civil Rule 15.1(a) provides that, except as otherwise provided or excused by the Court, "a party who seeks leave to amend a pleading shall do so by motion." Plaintiff now seeks leave to file a new pleading after the deadline to amend pleadings has expired, after fact discovery closed on March 30, 2023, after Defendant filed and fully briefed a Rule 12(c) motion, and after the Court dismissed most of the claims in Plaintiff's Amended Complaint. Defendant should not be required to respond fully to a proposed post-discovery amended pleading through abbreviated letter practice, particularly where Plaintiff's proposed amendment attempts to revive claims that have already been dismissed.

### II.     **Plaintiff cannot show good cause under Rule 16(b)(4).**

The deadline to amend pleadings expired more than three years ago. Because the deadline has passed, Plaintiff must first satisfy Rule 16(b)(4)'s good-cause standard before Rule 15(a)(2) applies. Rule 16(b)(4) places upon the moving party the "burden to show due diligence." <u>Race Tires Am., Inc. v. Hoosier Racing Tire Corp.</u>, 614 F.3d 57, 84 (3d Cir. 2010).

Plaintiff cannot show diligence. The proposed new allegations are not based on newly discovered evidence. They are based on facts that were uniquely within Plaintiff's own knowledge long before the Court's April 10, 2026 Opinion and long before fact discovery closed.

Plaintiff seeks to add allegations that he has visited a psychologist weekly since February 2018, has been diagnosed with depression and post-traumatic stress disorder, and has sought guidance from multiple rabbis regarding his distress. If those allegations are true, Plaintiff knew of them years ago. Plaintiff knew whether he was treated with a psychologist and whether he had been diagnosed with PTSD.

Plaintiff also seeks to add allegations concerning Nancy Lenorah Meyers, whom Plaintiff identifies as a prospective client who allegedly declined to retain Plaintiff after receiving a call from Defendant. Again, if that allegation is true, Plaintiff either knew or should have known during discovery that Ms. Meyers was an allegedly lost prospective client and damages witness.

Plaintiff argues that he "could not have known the specific factual deficiencies the Court would identify until the Court issued its April 10, 2026 Opinion." ECF No. 190 at 2. That does not establish good cause. The Opinion did not create new facts. It identified pleading defects. Plaintiff should not be permitted to wait for an adverse ruling and then add facts that, if true, were known to Plaintiff all along.

Plaintiff's reliance on United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242 (3d Cir. 2016) is misplaced. In that case, discovery had been stayed, the plaintiff sought its first amendment promptly after dismissal, and the Third Circuit applied Rule 15's liberal standard because the deadline to amend pleading had not yet passed. The decision makes no reference to the good cause standard set forth in Rule 16. Here, Plaintiff concedes that Rule 16(b)(4) applies, fact discovery closed more than three years ago, - as did the deadline to amend pleadings – and the proposed amendment depends on facts and witnesses uniquely within Plaintiff's knowledge. The Court's Opinion may have been based on the pleading deficiencies of Plaintiff's initial Amended Complaint, but it did not create those deficiencies, and Defendant identified those deficiencies in August of last year when she filed her motion for a judgment on the pleadings.

**III.    The proposed amendment would substantially prejudice Defendant because fact discovery is closed and the newly alleged witnesses, providers, and damages theories were not disclosed.**

Even if Plaintiff could satisfy Rule 16, leave should be denied under Rule 15 because the proposed amendment would unfairly prejudice Defendant. Fact discovery closed on March 30, 2023. Plaintiff now seeks to add allegations that would require significant new discovery into mental health treatment, diagnoses, causation, damages, and an allegedly lost prospective client.

Plaintiff now alleges weekly psychological treatment since February 2018, depression, and PTSD. Those allegations would require discovery into Plaintiff's alleged providers, the dates and scope of treatment, treatment records, diagnoses, causation, prior mental-health history, alternative stressors or intervening causes,

medications, prognosis, damages, potential treating-provider testimony, and whether expert discovery or a Rule 35 examination would be appropriate.

Plaintiff's proposed amendment also attempts to revive his prospective-business-interference claim by identifying Ms. Meyers as an allegedly lost prospective client. That allegation would require discovery into who Ms. Meyers is, when and how she allegedly considered retaining Plaintiff, what financial assets were allegedly at issue, whether there was a reasonable probability of an actual business relationship, when Defendant allegedly called her, what was allegedly said, whether phone records or contemporaneous communications exist, when Ms. Meyers allegedly declined to retain Plaintiff, whether she or any other prospective client declined for reasons unrelated to Defendant, and the amount and basis of any claimed lost fees or commissions.

The fact that no trial date has been set does not eliminate prejudice. Defendant will either be forced to defend against undisclosed evidence, or the case will have to be reopened for substantial additional discovery. Either result is prejudicial.

After a review of discovery materials and disclosures received from prior defense counsel, I am not aware of Plaintiff having identified any treating psychologist, psychiatrist, therapist, counselor, physician, or other medical provider in initial disclosures or any supplemental disclosures as required by Rule 26. I also did not see any indication of Plaintiff having identified Nancy Lenorah Meyers, or any other allegedly lost client or prospective client, as a person with discoverable information in initial disclosures or any supplemental disclosures If Plaintiff contends that such disclosures were made, Defendant respectfully requests that Plaintiff be required to identify the specific disclosure, date, and document in which those witnesses and damages theories were disclosed.

Rule 26(a)(1)(A) required Plaintiff to disclose individuals likely to have discoverable information that he may use to support his claims, documents and materials he may use to support his claims, and a computation of damages with supporting materials. Rule 26(e) required supplementation of incomplete or incorrect disclosures. Rule 37(c)(1) provides that a party who fails to identify a witness or information as required by Rule 26(a) or Rule 26(e) may not use that witness or information unless the failure was substantially justified or harmless.

Defendant does not ask the Court to determine whether preclusion of such evidence under Rule 37 is warranted based upon this letter submission. However,

Plaintiff's apparent nondisclosures are relevant to whether allowing Plaintiff to amend his pleadings at this stage  would be prejudicial. The proposed amendment depends on witnesses and categories of evidence that Plaintiff apparently did not disclose during discovery, which strongly weighs against permitting Plaintiff to amend his pleadings more than three years after fact discovery closed.

## IV.    Count II of the Plaintiff's proposed Second Amended Complaint appears to be futile.

The proposed Second Amended Complaint raises serious futility concerns. Notably, the proposed prospective business interference claim in Plaintiff's Second Amended Complaint does not allege when Defendant allegedly called Ms. Meyers, when Ms. Meyers supposedly declined to retain Plaintiff, or when the alleged prospective business opportunity was lost. The Court dismissed the Plaintiff's disparagement claim on statute of limitations grounds and dismissed much of Plaintiff's prior prospective business interference claim because Plaintiff alleged only the "loss of at least one client" without pleading who the client was, when the client was lost, or how Defendant's conduct caused the alleged loss. (ECF 187 at 5-6). Plaintiff now supplies a name, but he still does not plead the timing of the alleged call or the alleged loss. The failure to provide the date of this allegedly defamatory phone call suggests that the phone call occurred more than one year prior to the filing of Plaintiff's initial complaint and is therefore barred by the statute of limitations which caused the Court to dismiss Plaintiff's prior disparagement claims.

Plaintiff's defamation and libel claims were already dismissed on statute of limitations grounds. Plaintiff should not be permitted to avoid that ruling by relabeling alleged defamatory speech as tortious interference without, at minimum, pleading when the alleged statement occurred and why the claim is timely.

## Conclusion

Plaintiff's application should be denied on procedural grounds because it seeks to circumvent the protections afforded by formal motion practice that would allow the Defendant a proper opportunity to respond. The request to amend should also be denied on the substantive grounds that Plaintiff unduly delayed in making the request and cannot show good cause pursuant to Rule 16; the permitting the proposed amendment at this time is unfairly prejudicial; and the proposed amendment appears to include a the revival of a count that is barred by the statute of limitations and is, therefore, futile.

In the event that the Court grants any portion of Plaintiff's request, leave to amend should be conditioned on Plaintiff providing complete Rule 26 disclosures, identifying all treating providers and all allegedly lost clients or prospective clients, producing all relevant records and documents, executing appropriate authorizations, and providing Defenandant an opportunity to depose Plaintiff and any newly identified witnesses available, allowing Defendant to require Plaintiff to undergo a psychological or psychiatric exam, and obtain expert discovery.

Plaintiff should not be permitted to revive dismissed claims by letter, after discovery closed, based on witnesses and damages facts that were allegedly known to him for years but apparently were never disclosed. For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's request for leave to file a Second Amended Complaint.

Thank you for the court's time and attention to this matter.

Respectfully submitted,

**ALEXANDER J. KEMENY**

Enclosures
cc:    All counsel of record (via ECF)
       Client (via email)