# KEMENY, RAMP & RENAUD, LLC

TRUSTED TRIAL COUNSEL

| | | |
|---|---|---|
| **Alexander J. Kemeny, Esq.** | 7-G Auer Court | Office Tel.: (732) 853-1725 |
| akemeny@kemenylaw.com | Williamsburg Commons | Direct Dial: (732) 853-1025 |
| www.kemenylaw.com | East Brunswick, NJ 08816 | Facsimile: (732) 853-1730 |

May 7, 2026

**Via ECF**

Hon. Stacey D. Adams, U.S.M.J.
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

>          Re:    **John Doe v. Baila Sebrow**
>                 **Case No.: 2:21-cv-20706**

Dear Judge Adams:

Please accept this letter brief in lieu of a more formal brief in support of the motion to be relieved as counsel for Defendant Betty Sebrow, improperly pled as Baila Sebrow ("Defendant") that is being filed on behalf of myself and my firm, Kemeny, Ramp & Renaud, LLC (collectively, the "Firm"). The Firm seeks withdrawal because Defendant has substantially failed to fulfill her payment obligations after repeated warnings, continued representation would impose an unreasonable financial burden on the Firm, and the attorney-client relationship has been materially impaired.

## **Relevant Background**

The action was filed on December 23, 2021, and the Firm entered its appearance for Defendant approximately-two-and-a-half years later, on June 23, 2025, after the case had already been pending for approximately three and one-half years. Declaration of Alexander J. Kemeny, Esq. ("Kemeny Decl."), ¶ 3. By that time, fact discovery had already been deemed complete, extensive motion practice had occurred, discovery and ESI disputes had already arisen, sanctions had been imposed or sought in connection with those disputes, and Defendant's prior counsel had been relieved. Id., ¶ 25.

The Plaintiff had filed a First Amended Complaint, which asserted ten causes of action and sought injunctive, declaratory, compensatory, punitive, and other relief. Id., ¶ 26. Because the Firm entered the case at that late procedural stage, it was necessary to review the docket, prior filings, prior Court orders, prior counsel's file materials, discovery history, ESI-related disputes, sanctions issues, and the procedural history concerning Defendant's responsive pleadings; develop litigation strategy; communicate with Defendant; and prepare Defendant's Answer and Affirmative Defenses. Id., ¶¶ 27-28.

After being retained, the Firm responded to Plaintiff's motion seeking additional sanctions, including striking Defendant's Answer, and prepared and filed Defendant's motion for judgment on the pleadings. Id., ¶¶ 28-29. By Opinion and Order dated April 10, 2026, the Court granted substantial relief on that motion, entering judgment in Defendant's favor on most of Plaintiff's claims and preserving only limited issues for further briefing or proceedings. Id., ¶ 31. What remains of the motion for judgment on the pleadings has been administratively terminated pending supplemental briefing on the remaining issues. Id., ¶ 40.

The Firm's work has been substantial. The invoices issued in this matter reflect more than 225 hours of work by attorneys and staff, including review of the case history and docket, review of prior filings and orders, preparation of Defendant's Answer and Affirmative Defenses, motion practice concerning Plaintiff's claims, opposition to Plaintiff's sanctions motion, review and response to Court orders, settlement-related work, and communications with Defendant and opposing counsel. Id., ¶ 33.

Defendant retained the Firm pursuant to a written Agreement to Provide Legal Services dated June 10, 2025. Id., ¶ 4. The Retainer Agreement required Defendant to pay legal fees, costs, and expenses, and expressly provided that, if Defendant's bill was not paid within thirty days, the Firm could file a written request with the Court to withdraw as Defendant's attorney because of nonpayment. Id., ¶¶ 5-7. An initial retainer payment of $20,000.00 was received by the Firm on June 22, 2025, and the Firm proceeded with representing Defendant despite the fact that the Retainer Agreement contemplated a $25,000.00 retainer. Id., ¶ 8.

By August 13, 2025, Defendant's retainer had been depleted, and the Firm asked Defendant to replenish the retainer within thirty days and pay unpaid invoices. Id., ¶ 9. Defendant failed to keep her account current. Id., ¶ 10.

From June 23, 2025, until April 23, 2026, no payments were received by the Firm for the services we had rendered to Defendant. Id., ¶ 11. Since April 24, 2026, the Firm has received payments totaling $6,618.00 toward Defendant's balance, but those payments have not cured the arrearage. Defendant remains indebted to the Firm in the amount of $63,778.50 for legal services and costs provided through the end of April 2026. Id., ¶ 11.

The Firm repeatedly warned Defendant that withdrawal would be sought if she failed to satisfy her payment obligations. Id., ¶¶ 12-23. Among other things, Defendant was warned in writing on February 25, 2026, March 5, 2026, March 13, 2026, March 31, 2026, April 10, 2026, April 16, 2026, May 1, 2026, and May 5, 2026. Id. The Firm also advised Defendant that she should seek other legal counsel if she could not satisfy the payment obligations. Id., ¶¶ 16, 19-22.

## Legal Standard

Local Civil Rule 102.1 provides that, unless substitute counsel appears, "no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. In deciding whether leave should be granted, courts in this District apply the New Jersey Rules of Professional Conduct, including RPC 1.16. Haines v. Liggett Grp., Inc., 814 F. Supp. 414, 422-23 (D.N.J. 1993).

RPC 1.16(b) permits withdrawal where the client substantially fails to fulfill an obligation to the lawyer regarding the lawyer's services after reasonable warning, where continued representation will impose an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client, or where other good cause exists. RPC 1.16(b)(5)-(7). Upon withdrawal, counsel must take reasonably practicable steps to protect the client's interests, including reasonable notice, time to employ other counsel, and surrender of papers and property to which the client is entitled. RPC 1.16(d).

The Court's discretion is guided by four practical considerations: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Substantial nonpayment, reasonable warnings, and the prospect of continued uncompensated work may constitute good cause for withdrawal. See Cherry Hill, 994 F. Supp. at 253. Withdrawal is not automatic merely because representation has become difficult, expensive, or less profitable than anticipated; courts remain attentive to whether withdrawal would materially prejudice the client, burden the Court, or cause undue delay. See McDaniel v. Daiichi Sankyo, Inc., 343 F. Supp. 3d 427, 431-34 (D.N.J. 2018). However, where counsel establishes an ethically recognized basis for withdrawal, provides reasonable notice, avoids unnecessary disclosure of privileged or confidential information, and proposes reasonable steps to protect the client and the orderly administration of the case, leave to withdraw is consistent with L. Civ. R. 102.1, L. Civ. R. 103.1, and RPC 1.16. ee Cherry Hill, 994 F. Supp. at 253.

## Argument

### I.    Good cause exists for withdrawal.

The reason for withdrawal is straightforward and supported by the record submitted with the motion. Defendant agreed to pay the Firm's fees and costs, including by maintaining payment obligations under the Retainer Agreement, and the Retainer Agreement expressly contemplated that the Firm could seek leave to withdraw if bills were not timely paid. Kemeny Decl., ¶¶ 4-7. Defendant did not keep the account current, allowed the retainer to be depleted, failed for months to remit payment despite repeated requests, and remains indebted to the Firm in the amount of $63,778.50 after only partial payments that did not cure the arrearage. Id., ¶¶ 8-11.

The Firm also gave Defendant repeated and reasonable warning. Defendant was advised multiple times by telephone and in writing that the Firm would seek leave to withdraw if payment was not made. Id., ¶¶ 12-23. The Firm set payment deadlines, extended those deadlines after Defendant requested additional time, warned that withdrawal would be sought if payment was not made, and repeatedly advised Defendant to seek substitute counsel if she could not meet her payment obligations. Id. That is precisely the type of reasonable warning contemplated by RPC 1.16(b)(5).

Continued representation would also impose an unreasonable financial burden under RPC 1.16(b)(6). This case is procedurally complex and contentious. The Firm

came into the matter years after filing, after fact discovery had been deemed complete, after ESI disputes and sanctions issues had arisen, and after prior counsel had been relieved. Id., ¶¶ 3, 24-26. The Firm then reviewed the docket and prior record, prepared Defendant's Answer and Affirmative Defenses, opposed a sanctions motion seeking to strike Defendant's Answer, prepared and filed a motion for judgment on the pleadings, addressed letter applications and Court communications, participated in settlement-related proceedings, and otherwise managed a heavily litigated case. Id., ¶¶ 26-32. The invoices reflect more than 225 hours of work by attorneys and staff. Id., ¶ 32.

Nor is the burden merely historical. Remaining proceedings include supplemental briefing on the limited issues identified after the April 10, 2026 Opinion and Order, outstanding ESI/sanctions-related issues, and further conferences or other proceedings as directed by the Court. Id., ¶¶ 33, 39-40. Requiring the Firm to continue in this matter despite the substantial arrearage, Defendant's failure to cure that arrearage after repeated warnings, and the absence of adequate assurance of future payment would place the Firm in an unreasonable financial position. Id., ¶¶ 23, 34.

Additionally, there are attorney-client relationship issues that further support withdrawal. Counsel and Defendant have had numerous communications concerning litigation strategy, and they have not always agreed concerning the best manner in which to proceed. Id., ¶ 35. The Firm does not disclose the substance of those communications because doing so could reveal privileged or confidential information. Id., ¶ 36. But when those issues are combined with the substantial unpaid balance and Defendant's failure to cure the arrearage, the attorney-client relationship has been materially impaired and continued representation has become unreasonably difficult. Id., ¶ 37.

## II.    Withdrawal will not materially prejudice the parties, harm the administration of justice, or unduly delay the case.

The remaining factors also support withdrawal. First, the motion is not filed for delay, tactical advantage, or avoidance of any specific deadline. Id., ¶ 38. Defendant has been given advance notice of the Firm's intention to seek withdrawal, is being served with the moving papers, and has been advised that she should promptly retain substitute counsel or proceed pro se if permitted by the Court. Id., ¶¶ 43-44.

Second, no trial date or final pretrial conference has been scheduled. Id., ¶ 39. Judge Farbiarz has already entered judgment in Defendant's favor on most of Plaintiff's claims, and only limited issues remain for supplemental briefing or further proceedings. Id. What remains of Defendant's motion for judgment on the pleadings has been administratively terminated pending that supplemental briefing. Id. The Firm respectfully requests that Defendant be afforded a limited period, such as thirty days, to retain substitute counsel or advise the Court that she will proceed pro se, and that any affected deadlines be adjusted as the Court deems appropriate. Id., ¶ 40.

Third, withdrawal will not alter Defendant's obligations under any existing Court orders. This case has involved ESI and sanctions issues, including outstanding ESI-related issues and Plaintiff's related request for sanctions. Id., ¶ 40. Those issues are reflected in the docket, Court orders, and parties' submissions. The Firm's withdrawal would not impair the Court's ability to enforce its orders or otherwise manage those issues. See ECF No. 148 (granting prior counsel's withdrawal while preserving existing obligations arising from prior orders).

Fourth, the Firm will comply with RPC 1.16(d). If withdrawal is granted, the Firm will take reasonable steps to protect Defendant's interests, including providing reasonable notice, cooperating in the orderly transfer of the file to substitute counsel upon written authorization, advising Defendant of known upcoming deadlines, and complying with any further directions of the Court. Kemeny Decl., ¶¶ 43-44.

### III.    The Firm has provided sufficient nonprivileged information and has avoided unnecessary public disclosure of confidential materials.

The Firm has not publicly attached invoices, billing records, the Retainer Agreement, or attorney-client communications. Id., ¶ 46. The Declaration provides the nonprivileged facts necessary for the Court to evaluate the motion: the payment obligation, the arrearage, the warnings provided, the complexity of the case, the burden of continued representation, the limited remaining procedural posture, and the transition steps the Firm will take if withdrawal is granted.
This approach is appropriate because a withdrawal motion should not become a
However, if the Court determines that additional information is necessary to decide the motion, the Firm respectfully requests leave to submit any such materials for in camera review and/or under seal. Id.

## **Conclusion**

For the foregoing reasons, the Firm respectfully requests that the Court enter the proposed Order granting leave for Kemeny, Ramp & Renaud, LLC and Alexander J. Kemeny, Esq. to be relieved as counsel for Defendant, affording Defendant a limited period to retain substitute counsel or proceed pro se, and granting such other relief as the Court deems just and proper.

Thank you for the court's time and attention to this matter.

Respectfully submitted,
**KEMENY, RAMP & RENAUD, LLC**

**ALEXANDER J. KEMENY**

Enclosures
cc:    All counsel of record (via ECF)
       Client (via Frist Class Mail, Certified Mail RRR, and Email)