**KEMENY, RAMP & RENAUD, LLC**
*Alexander J. Kemeny, Esq. (Attorney I.D. No.: 039842009)*
7-G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 853-1725 | Fax: (732) 853-1730
Email: akemeny@kemenylaw.com
Website: www.KemenyLaw.com
*Attorneys for Defendant, Betty Sebrow, improperly pled as Baila Sebrow*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>BAILA SEBROW,<br><br>    Defendant. | Civil Action No.<br>2:21-cv-20706 (MEF) (SDA)<br><br>**DECLARATION OF ALEXANDER J. KEMENY IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL** |

I, **ALEXANDER J. KEMENY**, of full age, hereby declare as follows:

1. I am an attorney at law of the State of New Jersey and a member of Kemeny, Ramp & Renaud, LLC. My firm is counsel of record for Defendant Betty Sebrow, improperly pled as Baila Sebrow ("Defendant"), in the above-captioned action. I am personally familiar with the matters asserted herein.

2. I submit this Declaration in support of my firm's motion pursuant to L. Civ. R. 102.1 for leave to be relieved as counsel for Defendant.

3.  My firm did not represent Defendant at the outset of this action. This action was filed on December 23, 2021 (ECF No. 1). My firm entered its appearance on behalf of Defendant on June 23, 2025 (ECF No. 152), after the case had already been pending for about three and a half years and after Defendant's prior counsel had been relieved by Order dated May 7, 2025 (ECF No. 148).

**Retainer Agreement and Payment Obligations**

4.  Defendant retained my firm pursuant to a written Agreement to Provide Legal Services dated June 10, 2025 (the "Retainer Agreement").

5.  Under the Retainer Agreement, Defendant agreed to provide an initial retainer of $25,000.00 and pay my firm for legal services at the hourly rates set forth in the agreement, together with costs and expenses incurred in connection with the representation. The Retainer Agreement provides that all bills for legal services, costs, and expenses are due upon receipt.

6.  The Retainer Agreement also provides that Defendant must fully cooperate with the firm, provide information relevant to the issues involved in the matter, and pay all bills as required by the agreement.

7.  The Retainer Agreement further provides that, if Defendant's bill is not paid within thirty days, the firm may file a written request with the Court to withdraw as Defendant's attorney because of nonpayment.

Page 2 of 13

8.  On or about June 22, 2025, an initial retainer of $20,000.00 was received by my firm and we proceeded with representing Defendant despite the fact that the Retainer Agreement required Defendant to provide an initial retainer of $25,000.00.

9.  By August 13, 2025, Defendant's retainer had been depleted. My firm issued a trust request asking Defendant to replenish the retainer within thirty days and sought payment for unpaid invoices.

10.  After application of the initial retainer and other amounts then held or credited to Defendant's account, Defendant failed to keep her account current. No payment was remitted by or on behalf of Defendant for several months despite repeated communications from my firm requesting payment and advising Defendant that my firm would seek leave to withdraw if payment was not made.

11.  From June 23, 2025, until April 23, 2026, no payments were received by my firm for the services we had rendered to Defendant.

12.  Since April 24, 2026, my firm has received payments toward Defendant's balance totaling $6,618.00. Those payments have not cured the arrearage. Defendant is currently indebted to my firm in the amount of $63,778.50 for legal services and costs provided by my firm through the end of April 2026.

### Repeated Warnings and Opportunity to Cure

13.  On September 10, 2025, I emailed Defendant, advised her that she had an outstanding past-due balance owed to my firm, and requested payment.

14.  Since that time, I have had multiple telephone conversations with Defendant concerning her outstanding balance and advised that my firm would seek to be relieved as counsel if payment was not made.

15.  On February 25, 2026, I advised Defendant in writing that payment was required for my firm to continue representing her. I advised Defendant that, if payment of at least $20,000.00 was not received by March 26, 2026, my firm would file a motion seeking to be relieved as counsel.

16.  On March 5, 2026, I again advised Defendant in writing that $20,000.00 was required to be paid by March 26, 2026, and that the remaining balance was required to be paid by April 26, 2026. I further advised Defendant that, if either deadline was not met, my firm would file a motion to be relieved as counsel and would seek collection of the debt owed to the firm.

17.  In that same March 5, 2026 written communication, I advised Defendant that, if she believed she would be unable to meet those deadlines or failed to make the required payments, she should immediately seek other legal counsel.

18.  On March 13, 2026, I again reminded Defendant in writing that a required payment was due in less than two weeks and that, without receipt of that

payment, my firm would seek to be relieved as counsel and seek collection of the unpaid balance.

19.  After Defendant requested additional time, my firm agreed to extend the payment deadlines. On March 31, 2026, I confirmed in writing that my firm would agree to hold off seeking to be relieved as counsel if Defendant paid $30,000.00 by April 21, 2026, and paid the remaining balance by May 12, 2026.

20.  On April 10, 2026, after the Court issued its Opinion and Order on Defendant's motion for judgment on the pleadings (ECF No. 187), I reminded Defendant of the revised payment deadlines and advised that, absent a satisfactory resolution of the payment issue, my firm would seek to be relieved as counsel and pursue collection of the amounts owed. I also again advised Defendant that, if she did not believe she could satisfy those payment obligations on time, she should immediately seek other legal counsel.

21.  On April 16, 2026, after the Court scheduled an in-person status conference before Magistrate Judge Adams (ECF No. 189), I advised Defendant that, unless the payment deadlines were met, I anticipated that my firm would have filed a motion to be relieved as counsel by the time of the conference. I further advised Defendant that it would be prudent for her to appear at the conference or retain other counsel before the conference so that new counsel could attend and take over once my firm's representation ended.

22.  On May 1, 2026, after further discussions concerning Defendant's unpaid balance, her efforts to have my firm's invoices paid, and potential payment options, I advised Defendant that I intended to file the motion to be relieved as counsel early the following week.

23.  On May 5, 2026, I again advised Defendant in writing that my firm would be filing a motion with the Court for permission to withdraw as counsel before the May 12, 2026 status conference. I specifically advised Defendant that she should immediately begin the process of retaining new counsel to represent her going forward, and that she should move promptly so replacement counsel could become familiar with the case and be prepared to appear or otherwise address the Court's requirements.

24.  Despite repeated warnings, Defendant has not cured the arrearage and has not provided adequate assurance that she will be able to pay the outstanding balance or future fees and costs necessary to continue the representation.

### Procedural Posture, Complexity of the Representation, and Continuing Burden

25.  When my firm appeared, fact discovery had already been deemed complete by Order dated April 5, 2023 (ECF No. 48); Plaintiff had already filed the First Amended Complaint (ECF No. 58); Defendant's prior responsive pleadings had been stricken (ECF Nos. 73, 76, 102, and 107); sanctions had been

imposed in connection with discovery and filing issues (ECF Nos. 56 and 90);

Defendant's prior counsel had moved to vacate sanctions (ECF No. 151); and

Defendant's prior counsel had been relieved by Order dated May 7, 2025 (ECF No.

148).

26.  Plaintiff had filed his First Amended Complaint (ECF No. 58), which

asserted ten separate causes of action and sought injunctive, declaratory,

compensatory, punitive, and other relief. The allegations involved claims of

defamation, tortious interference, destruction or concealment of ESI, alleged

police, and alleged reputational and business damages.

27.  Because my firm entered the case at that late procedural stage, it was

necessary to review the docket, prior filings, prior Court orders (including ECF

Nos. 48, 56, 76, 90, 107, 147, 148, and 155), prior counsel's file materials,

discovery history, ESI-related disputes, sanctions-related issues, and the procedural

history concerning Defendant's responsive pleadings. It was also necessary to

develop a litigation strategy, communicate with Defendant concerning that

strategy, and prepare Defendant's Answer and Affirmative Defenses to the First

Amended Complaint.

28.  My firm prepared and filed Defendant's Answer and Affirmative

Defenses on July 7, 2025 (ECF No. 158). Given the length and nature of the First

Amended Complaint (ECF No. 58), that filing required a paragraph-by-paragraph

response to more than 200 allegations and the assertion of numerous affirmative defenses.

29.  Shortly thereafter, Plaintiff filed a motion seeking sanctions against Defendant, including the striking of Defendant's Answer (ECF No. 162). My firm was required to respond to that motion, which involved alleged ESI discovery violations and sanctions issues that arose before my firm appeared in this matter. My firm filed Defendant's opposition to Plaintiff's motion on September 22, 2025 (ECF No. 174). Plaintiff filed a reply on September 29, 2025 (ECF No. 175). The Court denied Plaintiff's motion without prejudice by Order dated February 11, 2026 (ECF No. 182).

30.  My firm also prepared and filed Defendant's motion for judgment on the pleadings directed to the claims asserted in the First Amended Complaint (ECF No. 167). Plaintiff filed opposition to that motion on September 22, 2025 (ECF No. 173), and my firm filed Defendant's reply brief on September 30, 2025 (ECF No. 176).

31.  By Opinion and Order dated April 10, 2026 (ECF No. 187), the Court granted substantial relief on Defendant's motion for judgment on the pleadings, entering judgment in Defendant's favor on most of Plaintiff's claims and preserving only two narrow issues for further briefing or proceedings. The Court also entered a Text Order dated April 10, 2026 directing supplemental materials on the

remaining open issues on a schedule to be set by the Magistrate Judge (ECF No. 188).

32. My firm also addressed letter applications and Court communications concerning the case, including Plaintiff's letter seeking leave to amend the complaint after the Court's April 10, 2026 Opinion and Order (ECF No. 190), Defendant's opposition to that request (ECF No. 191), and the Court's May 5, 2026 Text Order denying Plaintiff's request (ECF No. 193).

33. The work required since my firm appeared has been substantial. The invoices issued in this matter reflect more than 225 hours of work by attorneys and staff of my firm. That work included review of the case history and docket, review of prior filings and orders, preparation of Defendant's Answer and Affirmative Defenses, motion practice concerning Plaintiff's claims, opposition to Plaintiff's sanctions motion, review and response to Court orders, settlement-related work, and communications with Defendant and opposing counsel.

34. Continued representation would require my firm to perform additional substantial work in a case that remains procedurally complex and contentious, including further proceedings concerning the narrow remaining claims or issues identified in the Court's April 10, 2026 Opinion and Order (ECF No. 187) and April 10, 2026 Text Order (ECF No. 188), issues concerning the remaining portion of Defendant's motion for judgment on the pleadings (ECF Nos. 167 and 192), and

issues concerning ESI and sanctions raised in the Court's February 11, 2026 Order (ECF No. 182), Plaintiff's February 25, 2026 letter (ECF No. 183), the Court's March 2, 2026 Order to Show Cause (ECF No. 184), Defendant's response (ECF No. 185), and Plaintiff's response (ECF No. 186).

35.  Given the substantial unpaid balance, Defendant's failure to cure the arrearage despite repeated warnings, and the amount of work that would still be required if my firm remains counsel of record, continued representation would impose an unreasonable financial burden on my firm.

**Attorney-Client Relationship and Transition Issues**

36.  I have had numerous communications with Defendant concerning litigation strategy. Counsel and Defendant have not always agreed concerning the best manner in which to proceed.

37.  While the existence of these disagreements alone would not warrant being relieved as counsel, when those disagreements are combined with Defendant's substantial unpaid balance and failure to cure the arrearage, they materially impair the attorney-client relationship and make continued representation unreasonably difficult.

38.  This motion is not filed for purposes of delay, tactical advantage, or to avoid any particular deadline. It is based on Defendant's substantial nonpayment, the resulting financial burden, and the impaired attorney-client relationship.

39.  As of the date of this Declaration, no trial date or final pretrial conference has been scheduled. By Opinion and Order dated April 10, 2026 (ECF No. 187), the Court entered judgment in Defendant's favor on most of Plaintiff's claims, leaving only limited issues for further proceedings concerning fraudulent concealment and a narrow aspect of Plaintiff's tortious interference claim. The Court directed that supplemental materials be filed on those remaining issues on a schedule to be set by the Magistrate Judge (ECF No. 188), and what remains of Defendant's motion for judgment on the pleadings (ECF No. 167) has been administratively terminated pending that supplemental briefing (ECF No. 192).

40.  An in-person status conference before Magistrate Judge Stacey D. Adams is presently scheduled for May 12, 2026, at 10:00 a.m. (ECF No. 189). Lead trial counsel and both parties have been ordered to appear in person (ECF Nos. 189 and 193). The stated subjects for that conference include the briefing schedule for the remaining issues identified in Judge Farbiarz's April 10, 2026 Opinion and Order (ECF No. 187), outstanding ESI-related issues, Plaintiff's related request for sanctions, and possible settlement. (ECF No. 189).

41.  If the Court grants this motion, I respectfully request that Defendant be afforded a limited period, such as thirty days, to retain substitute counsel or advise the Court that she will proceed pro se, and that any deadlines affected by the substitution period be adjusted as the Court deems appropriate.

42. The history of the discovery and ESI issues in this case is reflected in the docket, Court orders, hearing transcripts, and submissions filed by counsel, including the Court's February 11, 2026 Order denying Plaintiff's motion to strike without prejudice (ECF No. 182), Plaintiff's February 25, 2026 letter (ECF No. 183), the Court's March 2, 2026 Order to Show Cause (ECF No. 184), Defendant's response (ECF No. 185), and Plaintiff's response (ECF No. 186). If withdrawal is granted, my firm will cooperate reasonably with substitute counsel, or with Defendant if she proceeds pro se, to transfer the file and avoid foreseeable prejudice, subject to applicable confidentiality obligations and Court orders.

43. Defendant has been provided advance notice of my firm's intention to seek withdrawal. Defendant is being served with the moving papers by regular mail, certified mail, and email.

44. I have advised Defendant that she should promptly seek new counsel and be prepared to proceed without my firm's services if the Court grants this motion, and that all deadlines and obligations in this matter remain in effect unless and until modified by the Court.

45. If withdrawal is granted, my firm will take reasonable steps to protect Defendant's interests consistent with RPC 1.16(d), including providing reasonable notice, cooperating in the orderly transfer of the file to substitute counsel upon

written authorization, advising Defendant of any known upcoming deadlines, and complying with any further directions of the Court.

46. I have not attached invoices, billing records, the Retainer Agreement, or attorney-client communications to this public filing in order to avoid unnecessary disclosure of confidential or potentially privileged information. This Declaration is intended to provide only the nonprivileged information reasonably necessary for the Court to decide this motion. If the Court determines that any additional information or materials are necessary, I respectfully request leave to submit them for the Court's in camera review and/or under seal.

47. Based on Defendant's substantial failure to fulfill her payment obligations after reasonable warning, the unreasonable financial burden caused by continued representation without payment, and the breakdown in the attorney-client relationship, I respectfully request that the Court enter an Order relieving Kemeny, Ramp & Renaud, LLC and me as counsel for Defendant in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 7, 2026                    By:  _____
                                          **ALEXANDER J. KEMENY**