**KEMENY, RAMP & RENAUD, LLC**
*Alexander J. Kemeny, Esq. (Attorney I.D. No.: 039842009)*
7-G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 853-1725 | Fax: (732) 853-1730
Email: akemeny@kemenylaw.com
Website: www.KemenyLaw.com
*Attorneys for Defendant, Betty Sebrow, improperly pled as Baila Sebrow*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>BAILA SEBROW,<br><br>        Defendant. | Civil Action No.<br>2:21-cv-20706 (MEF) (SDA)<br><br><br>**DECLARATION OF ALEXANDER J. KEMENY IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL** |

I, **ALEXANDER J. KEMENY**, of full age, hereby declare as follows:

1.     I am an attorney at law of the State of New Jersey and a member of Kemeny, Ramp & Renaud, LLC. The Firm is counsel of record for Defendant Betty Sebrow, improperly pled as Baila Sebrow ("Defendant"), in the above-captioned action. I am personally familiar with the matters stated in this Declaration.

2.      I submit this Declaration in support of the refiled motion of Kemeny, Ramp & Renaud, LLC and Alexander J. Kemeny, Esq. (collectively, the "Firm") pursuant to L. Civ. R. 102.1 and the Court's July 8, 2026 Text Order (ECF No. 205) for leave to be relieved as counsel for Defendant.

3.      The Firm previously filed a Motion to Be Relieved as Counsel on May 7, 2026 (ECF No. 194). This Declaration is intended to provide the Court with a complete, updated, and appropriately limited factual record supporting the Firm's renewed request without requiring the Court to assemble the relevant facts from the prior motion papers and subsequent docket events.

4.      The Firm did not represent Defendant at the outset of this action. The action was filed on December 23, 2021 (ECF No. 1). The Firm entered its appearance on June 23, 2025 (ECF No. 152), after the matter had already been pending for approximately three and one-half years and after Defendant's prior counsel had been relieved by Order dated May 7, 2025 (ECF No. 148).

**Retainer Agreement, Payment Obligations, and Outstanding Balance**

5.      Defendant retained the Firm pursuant to a written Agreement to Provide Legal Services dated June 10, 2025 (the "Retainer Agreement").

6.      Under the Retainer Agreement, Defendant agreed to provide an initial retainer of $25,000.00 and to pay the Firm for legal services at the hourly rates

stated in the agreement, together with costs and expenses incurred in the representation. The Retainer Agreement provides that bills for legal services, costs, and expenses are due upon receipt.

7.      The Retainer Agreement also requires Defendant to cooperate with the Firm, provide information relevant to the representation, and satisfy her payment obligations. It further provides that the Firm may seek leave to withdraw because of nonpayment if a bill remains unpaid for thirty days.

8.      On or about June 22, 2025, the Firm received an initial retainer payment of $20,000.00 and proceeded with the representation even though the Retainer Agreement contemplated an initial retainer of $25,000.00.

9.      By August 13, 2025, the retainer had been depleted. The Firm requested that Defendant replenish the retainer and pay unpaid invoices. Defendant thereafter failed to keep her account current despite repeated communications requesting payment and warning that the Firm would seek leave to withdraw if payment was not made.

10.     As of the filing of the original withdrawal motion, Defendant owed the Firm $63,778.50 for legal services and costs provided through the end of April 2026.

11.     Since the original motion was filed, the Firm has continued to perform substantial additional work in this matter, including work concerning the May 12,

2026 conference, preparation and repeated revision of a draft settlement agreement, communications with Defendant, additional conferences and communications with the Court, and work associated with the firm's request to be relieved as counsel.

12.    The Firm's invoice dated July 20, 2026 reflects 46.0 additional hours of attorney time beginning May 1, 2026, together with limited expenses, totaling $21,883.30. That invoice brings Defendant's total outstanding balance to $85,661.80. Of that total, $63,778.50 remains past due from earlier invoices.

13.    Defendant has not cured the past-due balance and has not provided adequate assurance that she will be able to pay the existing balance or the additional fees and costs that continued representation would require.

### Repeated Warnings and Opportunities to Cure

14.    Beginning no later than September 10, 2025, I repeatedly advised Defendant that her account was past due and requested payment. I also had multiple telephone conversations with Defendant concerning the unpaid balance and the possibility that the Firm would seek leave to withdraw if the account was not brought current.

15.     On February 25, 2026, I advised Defendant in writing that payment was required for the Firm to continue the representation and that the Firm would move to withdraw if at least $20,000.00 was not received by March 26, 2026.

16.     On March 5 and March 13, 2026, I again advised Defendant in writing of the payment deadlines, warned that the Firm would seek leave to withdraw if the deadlines were not met, and advised her to seek substitute counsel if she could not satisfy the payment obligations.

17.     After Defendant requested additional time, the Firm extended the deadlines. On March 31, 2026, I confirmed that the Firm would refrain from moving to withdraw if Defendant paid $30,000.00 by April 21, 2026 and the remaining balance by May 12, 2026.

18.     On April 10 and April 16, 2026, I again reminded Defendant of the revised payment deadlines, advised that the Firm would seek leave to withdraw if the payment issue was not resolved, and advised her to obtain substitute counsel if she could not meet the obligations.

19.     On May 1 and May 5, 2026, I again advised Defendant that the Firm intended to file a motion to withdraw and that she should promptly begin retaining new counsel. The payment issue was not resolved, and the Firm filed its original motion on May 7, 2026.

## Complexity of the Representation and Work Performed

20.    The Firm entered the action at a procedurally complex stage after fact discovery had been deemed complete, responsive pleadings had been stricken, discovery and ESI disputes had arisen, sanctions had been imposed or sought, and Defendant's prior counsel had been relieved.

21.    After appearing, the Firm reviewed the extensive docket and prior counsel's materials, analyzed the history of the pleadings, discovery, ESI disputes, and sanctions issues, developed litigation strategy, and prepared Defendant's Answer and Affirmative Defenses to the First Amended Complaint.

22.    The Firm also opposed Plaintiff's motion seeking additional sanctions and the striking of Defendant's Answer, prepared and filed Defendant's motion for judgment on the pleadings, and addressed subsequent applications, Court orders, and case-management issues.

23.    By Opinion and Order dated April 10, 2026 (ECF No. 187), the Court granted substantial relief on Defendant's motion for judgment on the pleadings and left limited issues for further proceedings. The Firm thereafter addressed Plaintiff's request for leave to amend, Defendant's opposition to that request, and the Court's May 5, 2026 Text Order denying the request. (ECF Nos. 190, 191, and 193.)

24.    On May 7, 2026, before the scheduled May 12 conference, the Firm filed its original Motion to Be Relieved as Counsel. (ECF No. 194.)

**May 12, 2026 Conference and Subsequent Efforts Efforts**

25.    The Firm's invoices reflect more than 270 hours of attorney and staff time devoted to this matter. Since the May 12, 2026 conference alone, more than sixteen hours of attorney time has been spent principally concerning preparation and revision of settlement agreement and communications with Defendant

26.    On May 13, 2026, the Court administratively terminated the action for ninety days pending consummation of the settlement. (ECF No. 200.)

27.    After the May 12 conference, the Firm continued representing Defendant and undertook substantial additional work in an effort to memorialize the terms placed on the sealed record and bring the matter to a final resolution.

28.    I prepared an initial written settlement agreement and transmitted it to Defendant for review. After receiving Defendant's comments and concerns, I reviewed the issues she raised and prepared multiple revised versions of the proposed agreement.

29.    Between May 12, 2026 and the date of this Declaration, I engaged in extensive written and oral communications with Defendant concerning the proposed agreement.

30.     Despite those efforts, Defendant did not authorize me to transmit any version of the proposed written agreement to Plaintiff's counsel. Plaintiff's counsel has not received a draft settlement agreement from me.

31.     On May 20, 2026, after the initial post-conference efforts had not resulted in authorization to transmit a proposed agreement, I filed a letter requesting that the Court address the Firm's pending withdrawal request. (ECF No. 201.)

32.     The Court thereafter conducted additional conferences concerning the status of the settlement process and preparation of a written agreement. (ECF Nos. 202 and 204.)

33.     On June 30, 2026, the Court directed defense counsel to provide a confidential status update by July 6, 2026. (ECF No. 204.)

34.     I submitted the requested update on July 6, 2026 and limited it to the information I believed necessary to advise the Court of the status of the matter while protecting Defendant's confidential information and attorney-client communications.

35.     On July 8, 2026, the Court granted defense counsel leave to refile an updated motion to withdraw and permitted counsel to submit an ex parte certification directly to chambers if additional attorney-client communications were necessary to support the motion. (ECF No. 205.)

36.    The Firm recently received the official sealed transcript of the May 12, 2026 proceeding. I reviewed the transcript in full and made limited additional minor revisions to the proposed written agreement based upon that review. None of those minor revisions were to portions of the draft settlement agreement that Defendant has objected to.

37.    Earlier today, on July 23, 2026, I sent Defendant the sealed transcript, a clean copy of the revised proposed agreement, and a redlined copy showing the most recent revisions. I also sent Defendant a detailed written communication concerning the transcript and the proposed agreement and requested that she advise whether she approved the proposed agreement, was prepared to execute it, and authorized me to transmit it to Plaintiff's counsel for review.

38.    As of the execution of this Declaration, Defendant has not authorized me to transmit the proposed agreement to Plaintiff's counsel and I have not received a proposed draft settlement agreement from Plaintiff's counsel.

### Impasse and Breakdown in the Attorney-Client Relationship

39.    Despite the substantial time and effort devoted to preparing and repeatedly revising the proposed written agreement, reviewing Defendant's comments, communicating with Defendant, and participating in additional

proceedings before the Court, the Firm and Defendant have been unable to reach agreement concerning the proposed written memorialization.

40.    The resulting impasse is not merely a disagreement over isolated wording. It has materially affected the attorney-client relationship and the ability of counsel and client to communicate, collaborate, and proceed with the mutual trust necessary for effective representation.

41.    The attorney-client relationship has deteriorated to the point that I do not believe I can continue to represent Defendant effectively in connection with completion of the settlement process, any proceeding concerning implementation or enforcement of the settlement, or any other proceeding that may be directed by the Court.

42.    I do not provide further details concerning the substance of my communications with Defendant because I seek to disclose no more confidential information than is reasonably necessary to support the Firm's request to withdraw.

43.    If the Court determines that additional information concerning the breakdown in the attorney-client relationship is necessary, I respectfully request permission to provide that information directly to chambers ex parte, under seal, in camera, or in another manner the Court deems appropriate, consistent with the Court's July 8, 2026 Text Order and the Firm's professional obligations.

## Transition Issues and Requested Relief

44.    No trial date or final pretrial conference is presently scheduled, and the action remains administratively terminated pending consummation of the settlement. (ECF No. 200.)

45.    The Court's July 8, 2026 Text Order permits Plaintiff to file a motion to enforce the settlement if the matter is not resolved. (ECF No. 205.)

46.    If the Court grants the Firm's motion, I respectfully request that Defendant be afforded thirty days to retain substitute counsel or advise the Court that she will proceed pro se.

47.    Because of the present posture and the possibility of motion practice, I also respectfully request that any response deadline applicable to Defendant be temporarily stayed during that thirty-day substitution period, or until substitute counsel appears or Defendant advises the Court that she will proceed pro se, whichever occurs first, unless the Court directs otherwise.

48.    Defendant's last known mailing address is 12 Beechwood Drive, Lawrence, New York 11559. Her last known email address for service and communications is bailasebrow@gmail.com.

49.    Defendant has been provided advance notice of the Firm's intention to seek withdrawal and is being served with the moving papers by regular mail, certified mail, and email.

50.    If withdrawal is granted, the Firm will take reasonable steps to protect Defendant's interests consistent with RPC 1.16(d), including providing reasonable notice, cooperating in the orderly transfer of the file to substitute counsel upon written authorization, advising Defendant of known upcoming deadlines, and complying with any further directions of the Court.

51.    The Firm has not attached invoices, billing records, the Retainer Agreement, draft settlement agreements, or attorney-client communications to this public filing in order to avoid unnecessary disclosure of confidential or potentially privileged information.

52.    This Declaration is intended to provide only the nonprivileged information reasonably necessary for the Court to decide the Firm's motion while avoiding disclosures that could prejudice Defendant in this action, any settlement-related proceeding, or other pending litigation.

53.    Based upon Defendant's substantial failure to fulfill her payment obligations after repeated notice and opportunities to cure, the unreasonable financial burden that continued representation would impose upon the Firm, the extensive but unsuccessful efforts to obtain agreement concerning the proposed

written memorialization, and the resulting breakdown in the attorney-client

relationship and impairment of the Firm's ability to represent Defendant

effectively, I respectfully request that the Court enter an Order relieving Kemeny,

Ramp & Renaud, LLC and me as counsel for Defendant in this action.


I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 23, 2026                    By: _____

**ALEXANDER J. KEMENY**