# KEMENY, RAMP & RENAUD, LLC

TRUSTED TRIAL COUNSEL

| | | |
|---|---|---|
| **Alexander J. Kemeny, Esq.** | 7-G Auer Court | Office Tel.: (732) 853-1725 |
| akemeny@kemenylaw.com | Williamsburg Commons | Direct Dial: (732) 853-1025 |
| www.kemenylaw.com | East Brunswick, NJ 08816 | Facsimile: (732) 853-1730 |

July 23, 2026

**<u>Via ECF</u>**
Hon. Stacey D. Adams, U.S.M.J.
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

        Re:   **<u>John Doe v. Baila Sebrow</u>**
                   **Case No.: 2:21-cv-20706**

Dear Judge Adams:

Please accept this letter brief in support of the refiled motion of Kemeny, Ramp & Renaud, LLC and Alexander J. Kemeny, Esq. (collectively, the "Firm") to be relieved as counsel for Defendant Betty Sebrow, improperly pled as Baila Sebrow ("Defendant"). The Firm's seeks to be relieved as counsel on two grounds. rests on two independent grounds. First, despite substantial work after the May 12, 2026 conference to prepare and repeatedly revise a proposed written agreement, the Firm and Defendant have been unable to reach agreement concerning the proposed written memorialization, and the resulting impasse has caused a breakdown in the attorney-client relationship that prevents effective continued representation. Kemeny Decl. ¶¶ 27-43. Second, Defendant has substantially failed

to satisfy her payment obligations after repeated notice and opportunities to cure, and continued representation would impose an unreasonable financial burden on the Firm. See ECF No. 194; Kemeny Decl. ¶¶ 5-19. Second

## Relevant Background

The action was filed on December 23, 2021. The Firm entered its appearance for Defendant on June 23, 2025, after the matter had already been pending for approximately three and one-half years and after Defendant's prior counsel had been relieved. Kemeny Decl. ¶ 4. The Firm entered at a procedurally complex stage involving an extensive docket, prior pleading issues, discovery and ESI disputes, sanctions-related matters, and substantial motion practice. Id. ¶¶ 20-23.

After appearing, the Firm reviewed the docket and prior counsel's materials, prepared Defendant's Answer and Affirmative Defenses, opposed Plaintiff's motion seeking additional sanctions and the striking of Defendant's Answer, prepared and filed Defendant's motion for judgment on the pleadings, and addressed subsequent applications, Court orders, and case-management issues. Id. ¶¶ 21-23. By Opinion and Order dated April 10, 2026, the Court granted substantial relief on Defendant's motion for judgment on the pleadings and left limited issues for further proceedings. Id. ¶ 23.

Re: <u>John Doe v. Baila Sebrow</u>                                    Hon. Stacey D. Adams, U.S.M.J.
   Case No.: 2:21-cv-20706                                                             July 23, 2026
                                                                                              Page 3 of 11

      The work performed has been substantial. The Firm's invoices reflect more than 270 hours of attorney and staff time devoted to this matter. Since the May 12, 2026 conference alone, the Firm has recorded more than sixteen hours of attorney time principally concerning preparation and repeated revision of settlement documentation and communications with Defendant. Id. ¶ 25.

      Defendant retained the Firm pursuant to a written Agreement to Provide Legal Services dated June 10, 2025. Id. ¶ 5. The Retainer Agreement required payment of the Firm's fees, costs, and expenses and contemplated that the Firm could seek leave to withdraw if a bill remained unpaid for thirty days. Id. ¶¶ 6-7. After the retainer was depleted, Defendant failed to keep her account current despite repeated requests for payment and warnings that the Firm would seek leave to withdraw. Id. ¶¶ 8-9, 14-19.

      When the original withdrawal motion was filed, Defendant owed the Firm $63,778.50 for legal services and costs provided through the end of April 2026. Id. ¶ 10. The Firm thereafter continued to perform substantial additional work. The Firm's July 20, 2026 invoice reflects 46.0 additional hours of attorney time beginning May 1, 2026, together with limited expenses, totaling $21,883.30. Defendant's total outstanding balance is now $85,661.80, of which $63,778.50 remains past due from earlier invoices. Id. ¶¶ 11-13.

On May 7, 2026, before the scheduled May 12 conference, the Firm filed its original motion to withdraw. Id. ¶ 24. Following the May 12 conference, the Court administratively terminated the action pending consummation of the settlement, and the Firm continued the representation in an effort to prepare a written memorialization and bring the matter to a final resolution. Id. ¶¶ 26-27.

After the May 12 conference, the Firm undertook substantial additional work in an effort to prepare a written memorialization and bring the matter to a final resolution. I prepared an initial written agreement and sent it to Defendant for review. After receiving Defendant's comments and concerns, I reviewed the issues she raised and prepared multiple revised versions. I also engaged in extensive written and oral communications with Defendant, participated in additional Court conferences, reviewed relevant Court orders, prepared the confidential status submission directed by the Court, and continued revising the proposed agreement. Id. ¶¶ 27-35.

The Firm recently received the official sealed transcript of the May 12 proceeding. I reviewed the transcript in full and made limited additional revisions to the proposed agreement based upon that review. Id. ¶ 36. None of those minor revisions were to portions of the draft settlement agreement that Defendant has objected to. Id.

On July 23, 2026, I sent Defendant the sealed transcript, a clean copy of the revised proposed agreement, a redlined copy showing the recent revisions, and a detailed written communication concerning the transcript and the proposed agreement. Id. ¶ 37. I asked Defendant to review the sealed transcript of the settlement proceeding advise whether she approved the proposed written agreement, was prepared to execute it, and authorized me to transmit it to Plaintiff's counsel for review. Id.

As of the execution of the accompanying Declaration, Defendant had not authorized the Firm to transmit any version of the proposed agreement to Plaintiff's counsel; Plaintiff's counsel had not received a draft from the Firm; and Plaintiff's counsel has not provided me with a draft of settlement agreement to review with my client. Id. ¶¶ 30, 38. Despite the substantial time and effort devoted to preparing and repeatedly revising the proposed agreement and communicating with Defendant, the Firm and Defendant have been unable to reach agreement concerning the proposed written memorialization. Id. ¶ 39.

**<u>Legal Standard</u>**

Local Civil Rule 102.1 provides that, unless substitute counsel appears, "no attorney may withdraw an appearance except by leave of Court." D.N.J. L. Civ. R. 102.1. In deciding whether leave should be granted, courts in this District apply the

New Jersey Rules of Professional Conduct, including RPC 1.16. *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 422-23 (D.N.J. 1993).

RPC 1.16(b) permits withdrawal when a client substantially fails to fulfill an obligation to the lawyer regarding the lawyer's services after reasonable warning, when continued representation will impose an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client, or when other good cause exists. N.J. RPC 1.16(b)(5)-(7). Upon withdrawal, counsel must take reasonably practicable steps to protect the client's interests, including reasonable notice, time to employ other counsel, and surrender of papers and property to which the client is entitled. N.J. RPC 1.16(d).

The Court's discretion is guided by four practical considerations: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *United States ex rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehabilitation Systems, Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Substantial nonpayment, reasonable warnings, and the prospect of continued uncompensated work may constitute good cause for withdrawal. *Cherry Hill*, 994 F. Supp. at 253. Withdrawal is not automatic merely because representation has become difficult, expensive, or less profitable than anticipated; courts remain

Re: <u>John Doe v. Baila Sebrow</u>                    Hon. Stacey D. Adams, U.S.M.J.
   Case No.: 2:21-cv-20706                                    July 23, 2026

attentive to whether withdrawal would materially prejudice the client, burden the Court, or cause undue delay. *McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 427, 431-34 (D.N.J. 2018).

## <u>Argument</u>

### I.    Good Cause Exists for Withdrawal.

#### A. *Defendant's Nonpayment and the Resulting Financial Burden Independently Support Withdrawal.*

Defendant agreed to pay the Firm's fees and costs, but she did not keep her account current and has not cured the substantial arrearage. Kemeny Decl. ¶¶ 5-13. The Firm gave repeated notice by telephone and in writing, established payment deadlines, extended those deadlines after Defendant requested additional time, warned that the Firm would seek leave to withdraw if payment was not made, and advised Defendant to obtain substitute counsel if she could not meet her obligations. Id. ¶¶ 14-19. Those facts satisfy RPC 1.16(b)(5).

Continued representation would also impose an unreasonable financial burden under RPC 1.16(b)(6). Defendant's total outstanding balance is $85,661.80, including $63,778.50 that remains past due from earlier invoices. Id. ¶¶ 10-13. Continued representation would require additional work concerning completion of the settlement process, possible motion practice, client communications, transition

issues, and any further proceedings directed by the Court. Requiring the Firm to undertake that additional work without payment of the past-due balance or adequate assurance of payment would place the Firm in an unreasonable financial position.

### B. The Post-Conference Impasse Has Rendered Continued Representation Unreasonably Difficult.

The Firm continued working after the May 12 conference in an effort to complete the written memorialization without further Court intervention. Those efforts included preparing the initial agreement, reviewing Defendant's comments and concerns, preparing multiple revised versions, engaging in extensive oral and written communications, participating in additional Court conferences, preparing a confidential status submission, obtaining and reviewing the sealed transcript, making further limited revisions, and sending Defendant the transcript, a clean draft, a redline, and a detailed written explanation. Id. ¶¶ 27-37.

Despite those efforts, the Firm and Defendant have been unable to reach agreement concerning the proposed written memorialization, and Defendant has not authorized the Firm to transmit the proposed agreement to Plaintiff's counsel. Id. ¶¶ 30, 38-39. The resulting impasse is not merely a disagreement over isolated wording. It has materially affected the attorney-client relationship and the ability of

counsel and client to communicate, collaborate, and proceed with the mutual trust necessary for effective representation. Id. ¶ 40.

The relationship has deteriorated to the point that counsel does not believe the Firm can continue to represent Defendant effectively in connection with completion of the settlement process, any proceeding concerning implementation or enforcement of the settlement, or any other proceeding the Court may direct. Id. ¶ 41. Continued representation has therefore been rendered unreasonably difficult and good cause exists under RPC 1.16(b)(6) and (7).

The Firm does not describe the substance of Defendant's comments, requested revisions, or attorney-client communications because those details are not necessary to decide this motion. Id. ¶ 42. If the Court determines that additional information is necessary, the Firm respectfully requests permission to provide it by the protected procedure authorized in the Court's July 8, 2026 Text Order. Id. ¶ 43.

## II.    Reasonable Transition Protections Will Avoid Material Prejudice or Delay.

The motion is not filed for delay or tactical advantage. The Firm filed its original motion before the May 12 conference, continued to assist Defendant after that conference, and devoted substantial additional time to the proposed written memorialization before refiling as authorized by the Court. Kemeny Decl. ¶¶ 24,

27-38. No trial date or final pretrial conference is presently scheduled, and the action remains administratively terminated pending consummation of the settlement. Id. ¶ 44.

To protect Defendant, the Firm requests that she be afforded thirty days to retain substitute counsel or advise the Court that she will proceed pro se. Id. ¶ 46. Because the present posture may result in motion practice, the Firm also requests that any response deadline applicable to Defendant be temporarily stayed during that thirty-day substitution period, or until substitute counsel appears or Defendant advises the Court that she will proceed pro se, whichever occurs first, unless the Court directs otherwise. Id. ¶¶ 45-47.

### III. Limited Public Disclosure Protects Defendant's Confidential Information.

Consistent with RPC 1.6, the Firm has deliberately limited this public submission to the information reasonably necessary for the Court to decide the motion. The Firm has not attached invoices, billing records, the Retainer Agreement, draft settlement agreements, the sealed transcript, or attorney-client communications. Kemeny Decl. ¶ 51. The accompanying Declaration likewise avoids disclosures that could prejudice Defendant in this action, any settlement-related proceeding, or other pending litigation. Id. ¶ 52.

Re: <u>John Doe v. Baila Sebrow</u>                                      Hon. Stacey D. Adams, U.S.M.J.
   Case No.: 2:21-cv-20706                                                          July 23, 2026
                                                                                   Page 11 of 11

The Court's July 8, 2026 Text Order permits counsel to submit an *ex parte* certification directly to chambers if additional attorney-client communications are necessary to support the motion. (ECF No. 205.) The Firm believes that the accompanying Declaration provides sufficient nonprivileged information to decide the motion. If the Court requires more, the Firm respectfully requests permission to provide it *ex parte*, under seal, in camera, or in another manner the Court deems appropriate.

## **<u>Conclusion</u>**

For the foregoing reasons, the Firm respectfully requests that the Court enter the proposed Order granting leave for Kemeny, Ramp & Renaud, LLC and Alexander J. Kemeny, Esq. to be relieved as counsel for Defendant and affording Defendant thirty days to retain substitute counsel or advise the Court that she will proceed *pro se*.

Thank you for the Court's time and attention to this matter.

Respectfully submitted,
**KEMENY, RAMP & RENAUD, LLC**

**ALEXANDER J. KEMENY**

Enclosures
cc:    All counsel of record (via ECF)
       Client (via Frist Class Mail, Certified Mail RRR, and Email)