**DEFENDANT'S OPPOSITION TO COUNSEL'S MOTION TO WITHDRAW**

Your Honor:

Defendant respectfully submits this Opposition to counsel's Motion to Withdraw and requests that the Court deny the motion or, alternatively, defer ruling on the motion until Defendant has a reasonable opportunity to secure substitute counsel. Withdrawal at this critical stage of the proceedings would substantially prejudice Defendant and impair her ability to protect her rights.

Throughout this litigation, Defendant has acted in good faith and has never abandoned her obligations to counsel. Although Defendant has experienced severe financial hardship, she consistently made every effort to satisfy her financial obligations and maintain legal representation.

When counsel advised Defendant that additional payment was required or he would withdraw, Defendant immediately began raising funds. Within approximately one week, Defendant successfully raised approximately $6,618.00 toward her legal fees. This occurred immediately before counsel filed the initial Motion to Withdraw and demonstrates Defendant's commitment to continuing her representation and honoring her financial obligations.

After the initial motion to withdraw was filed, Defendant did not abandon her efforts. She continued seeking financial assistance, searching for substitute counsel, communicating with counsel regarding her efforts, and pursuing every available avenue to obtain additional funds to satisfy the outstanding balance.

Unfortunately, Defendant's financial circumstances deteriorated further because of events that occurred during the pendency of this litigation. The plaintiff filed a Notice of Pendency against Defendant's home, preventing Defendant from refinancing her property or accessing equity that could have been used to satisfy her legal obligations and continue paying counsel.

In addition, Defendant has experienced what she believes has been a continuing pattern of interference with her ability to earn a living during the course of this litigation. Defendant has experienced situations in which individuals and organizations that hired her, or intended to hire her, subsequently became the subject of legal threats, subpoenas, or litigation initiated by Plaintiff.

For example, Defendant understands that Meir Eichler received a legal demand letter, threats, and a subpoena from Plaintiff after engaging Defendant's professional services, and Jake Strauss received threatening phone calls, from Plaintiff's attorney, Avi Borenstein. Defendant further believes that email and phone communications involving Plaintiff's friend, Nancy Liroah Myer were part of efforts to discourage or intimidate individuals who sought to assist Defendant or retain her professional services. Defendant's experience was that these occurrences significantly impaired her ability to obtain work and generate the income necessary to pay her attorney.

Defendant offers these facts solely to explain the extraordinary financial hardship she experienced while attempting to satisfy her financial obligations to counsel. They are not offered

for the purpose of litigating the merits of those underlying disputes in connection with this motion. Despite these obstacles, Defendant continued raising funds, seeking financial assistance, and pursuing every reasonable avenue to maintain legal representation.

Counsel was aware that Defendant was actively raising funds and intended to continue paying her legal fees as funds became available. Defendant demonstrated her commitment by raising approximately $6,618.00 within one week and by continuing her fundraising efforts thereafter. Defendant never indicated that she wished to terminate the attorney-client relationship or abandon her defense.

Defendant's inability to immediately satisfy the remaining balance was therefore not the result of unwillingness, neglect, or bad faith. Rather, it resulted from extraordinary financial hardship that intensified during the litigation despite Defendant's diligence and continuing efforts to obtain the necessary funds.

Withdrawal at this stage would cause substantial prejudice. This litigation has been pending for several years and remains active. Significant issues remain before the Court, including disputes concerning the scope and enforcement of the parties' alleged settlement agreement. Defendant maintains that the parties reached an agreement only with respect to the two remaining claims after the Court dismissed the plaintiff's other claims, and Defendant disputes any attempt to expand that agreement beyond what was actually agreed upon.

The timing of counsel's withdrawal is especially prejudicial. Defendant faces significant legal issues requiring careful legal advocacy while simultaneously attempting to secure replacement counsel under severe financial constraints. Defendant is also required to respond to pending proceedings concerning the alleged settlement while facing the loss of legal representation. Proceeding without counsel under these circumstances would place Defendant at a substantial disadvantage and risk substantial prejudice.

Defendant has consistently acted diligently, in good faith, and with respect for the Court throughout these proceedings. Despite overwhelming financial hardship, Defendant continued to seek funding, attempted to preserve the attorney-client relationship, and took concrete steps toward satisfying her financial obligations. Her inability to fully satisfy the outstanding legal fees was the product of extraordinary circumstances beyond her control—not any lack of effort or intent to honor her obligations.

For all of these reasons, Defendant respectfully requests that the Court deny counsel's Motion to Withdraw. Alternatively, should the Court determine that withdrawal is appropriate, Defendant respectfully requests that the Court stay the effectiveness of any order permitting withdrawal for a reasonable period to allow Defendant to complete her fundraising efforts and obtain substitute counsel so that she is not left unrepresented during these critical proceedings.

Respectfully submitted,

Defendant