**Response Regarding the Failure to Execute the Proposed Written Settlement Agreement**

Your Honor:

I respectfully submit this response to explain why I did not execute the proposed written settlement agreement following the settlement that was placed on the record.

My failure to execute the written settlement agreement was not a refusal to honor the settlement placed on the record, nor was it an attempt to act in bad faith or disregard the Court's authority. Rather, it was based upon my understanding of what was agreed to and my inability to knowingly and voluntarily sign a written agreement that I believed did not accurately reflect that understanding.

At the time the settlement was placed on the record, my understanding was that the settlement resolved **only the two remaining claims** that were then pending before this Court. That was the understanding upon which I agreed to the settlement. I did not understand that I was agreeing to a broader resolution of claims or issues beyond those two remaining claims.

My understanding was based upon the explanation provided to me by my attorney during the settlement process. I relied upon my attorney's explanation in deciding whether to agree to the settlement. In addition, I was on speakerphone with my rabbi and members of my family during the settlement proceedings. They heard the discussions as they occurred and understood, as I did, that the settlement was limited to the two remaining claims before the Court. Their understanding was consistent with my own and reinforced my good-faith belief regarding the scope of the agreement.

During the settlement proceedings, I also expressly stated that I was "fuzzy" regarding the settlement. As reflected in the transcript, I communicated that I did not have a complete understanding of all of the terms being discussed. My statement was not an attempt to avoid resolution. Rather, it reflected my genuine uncertainty and my desire to ensure that any written agreement accurately represented what I had knowingly agreed to in open court.

When I later reviewed the proposed written settlement agreement, I believed that it contained provisions extending beyond what I understood had been agreed upon in court. Because the proposed written agreement did not reflect my understanding that the settlement was limited to the two remaining claims, I could not, in good faith, execute that document.

At no time did I intend to delay, obstruct, or frustrate resolution of this matter. My concern was that signing the proposed written agreement would bind me to terms that I had not knowingly or voluntarily agreed to accept. I believed it was necessary to ensure that the written agreement accurately reflected the settlement placed on the record before signing a legally binding document.

I also respectfully ask the Court to consider the circumstances under which I have been litigating this matter. Throughout these proceedings, I have experienced what I believe has been an ongoing pattern of intimidation and harassment that has affected both my personal safety and my ability to earn a living.

During the Family Court proceedings, the plaintiff admitted that he had me followed and that photographs were taken of me. Those admissions are reflected in the Family Court transcripts.

My concerns remain ongoing. As recently as Friday, July 31, an unfamiliar individual remained outside my residence for an extended period while observing my home. Someone inside my residence photographed the individual because of the length of time he remained there and his conduct. This incident intensified my concerns for my personal safety and contributed to my apprehension about executing a written agreement that I did not fully understand.

I have also experienced what I believe has been continued interference with my ability to earn a living. Individuals and organizations that have hired me, or intended to hire me, have, in my experience, been met with legal threats, subpoenas, or litigation. For example, Meir Eichler received a threatening letter and served with a subpoena from Plaintiff, as recently as a few weeks ago. Jake Strauss received threatening phone calls from Plaintiff's attorney, Avi Borenstein. I also contend that Plaintiff's friend, Nancy Liorah Myer has been involved in email and phone communications that I perceived as part of these efforts to discourage or intimidate individuals, particularly Meir Eicher who sought my assistance, or engage my professional services.

I further respectfully request that the Court consider that the plaintiff filed a Notice of Pendency against my home during the course of these proceedings. The Notice of Pendency has imposed substantial financial hardship by impairing my ability to utilize my property as a financial resource and making it significantly more difficult to obtain the funds necessary to support myself, retain counsel, and defend this litigation.

The cumulative effect of these circumstances has placed me under extraordinary pressure while attempting to understand and evaluate the proposed written settlement agreement. They made it all the more important that I fully understand and voluntarily agree to every provision before signing a binding legal document.

My inability to execute the proposed written settlement agreement was not an act of bad faith. It resulted from my genuine belief, based upon my attorney's explanation and my understanding of the proceedings, that the settlement resolved only the two remaining claims before the Court; from my express statement on the record that I was "fuzzy" regarding the settlement; from my belief that the proposed written agreement contained terms beyond what I understood had been agreed upon; and from the extraordinary circumstances under which I was attempting to evaluate that agreement.

I respectfully request that the Court consider my understanding of the settlement, my reliance upon counsel's explanation, my statement on the record expressing uncertainty, the consistency

of that understanding with those who listened to the proceedings with me, and the circumstances described above when evaluating my conduct regarding the memorialization of the settlement.

I have endeavored throughout these proceedings to act honestly and in good faith. I respectfully ask the Court to consider the totality of these circumstances.

Respectfully submitted,

Defendant