# KEMENY, RAMP & RENAUD, LLC

TRUSTED TRIAL COUNSEL

| | | |
|---|---|---|
| **Alexander J. Kemeny, Esq.** | 7-G Auer Court | Office Tel.: (732) 853-1725 |
| akemeny@kemenylaw.com | Williamsburg Commons | Direct Dial: (732) 853-1025 |
| www.kemenylaw.com | East Brunswick, NJ 08816 | Facsimile: (732) 853-1730 |

August 7, 2026

**<u>Via ECF</u>**
Hon. Stacey D. Adams, U.S.M.J.
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

> **Re:    <u>John Doe v. Baila Sebrow</u>**
> **Case No.: 2:21-cv-20706**

Dear Judge Adams:

Please accept this letter in reply to Defendant Betty "Baila" Sebrow's Opposition to the Firm's renewed motion to be relieved as counsel (ECF No. 209-1) and her Response Regarding the Failure to Execute the Proposed Written Settlement Agreement (ECF No. 209-2). Ms. Sebrow does not dispute the principal facts supporting withdrawal, and her settlement response, together with my continuing inability to obtain instructions from her, further demonstrates why I cannot continue representing her effectively.

Under L. Civ. R. 102.1 and RPC 1.16(b)(5)-(7), withdrawal may be permitted where a client substantially fails to fulfill an obligation to counsel after reasonable warning, continued representation imposes an unreasonable financial burden, or other good cause exists. See <u>Rusinow v. Kamara</u>, 920 F. Supp. 69, 71 (D.N.J. 1996).

Ms. Sebrow does not dispute that she owes our firm $85,661.80, including $63,778.50 that was already past due when the first motion to withdraw was filed. She also does not dispute the repeated warnings, extensions, and advice that she should obtain substitute counsel if she could not satisfy her payment obligations. See ECF No. 206-1, ¶¶ 5-19. Rather, she explains that she has experienced significant financial hardship and states that she raised approximately $6,618.00.

Re: John Doe v. Baila Sebrow
Case No.: 2:21-cv-20706

Hon. Stacey D. Adams, U.S.M.J.
August 7, 2026
Page 2 of 3

That may explain her inability to pay, but it does not cure the substantial arrearage or address the additional unpaid work that continued representation would require.

Ms. Sebrow's claimed prejudice also does not warrant denial of the motion. No trial or final pretrial conference is scheduled, and the case remains administratively terminated pending consummation of the settlement. The proposed Order gives Ms. Sebrow thirty days to retain substitute counsel or proceed *pro se* and temporarily protects affected deadlines during that period. Ms. Sebrow states that she has already been attempting to obtain substitute counsel. Her alternative request for additional time is therefore substantially addressed by the relief already requested.

Ms. Sebrow's response regarding why she has not yet signed a settlement agreement also demonstrates that there has been a breakdown of the attorney-client relationship, such that my firm can no longer provide effective or appropriate representation for Ms. Sebrow. In particular, she states that she understood the settlement to be limited to the two claims that remained after Judge Farbiarz's April 10, 2026 Opinion and that her understanding was based upon my explanation to her. (See ECF No. 209-2 at 1.) Her stated recollection of the explanation I provided does not accurately reflect the explanation I gave.

Additionally, while Ms. Sebrow's response about why she has not signed a settlement agreement may accurately reflect her most recent reservations, it does not set forth all of the communications issues that we have had leading up to the settlement being placed on the record or during the time when I was attempting to prepare a draft agreement that would meet with her approval. Most recently, after Ms. Sebrow filed her response with the Court, I again asked her on August 5, 2026 whether she approved the proposed agreement, was prepared to execute it, and authorized me to transmit it to Plaintiff's counsel. She did not respond.

At this juncture, I do not believe it is necessary for me to provide to the Court copies or details of the email communications I have exchanged with Ms. Sebrow for the Court to decide the pending motion to withdraw. However, if Your Honor requires additional information concerning my communications with Ms. Sebrow, I respectfully request permission to provide it *ex parte*, under seal, or in camera consistent with the Court's July 8, 2026 Text Order.

The Court does not need to determine the scope or enforceability of the settlement to decide the motion for leave to withdraw. Ms. Sebrow's substantial

nonpayment, the resulting financial burden on the Firm, her assertion that I incorrectly advised her concerning the settlement, and the breakdown in the attorney-client relationship establish good cause for withdrawal. For these reasons, the Firm respectfully requests that the Court grant the renewed motion and enter the proposed Order.

Respectfully submitted,

**ALEXANDER J. KEMENY**

Enclosures
cc:    All counsel of record (via ECF)
       Client (via Cert. Mail RRR, First-Class Mail, Email)