**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JOHN DOE,

Plaintiff,

v.

BAILA SEBROW,

Defendant.

Case No. 2:21-cv-20706 (MEF) (SDA)

**ORDER GRANTING MOTION TO WITHDRAW**

**THIS MATTER** having come before the Court upon the motion ("Motion") of Kemeny, Ramp & Renaud, LLC and Alexander J. Kemeny, Esq. of that firm (collectively, "Counsel") both seeking to be relieved as counsel for Defendant Baila Sebrow, also known as Betty Sebrow ("Sebrow), which was properly served on Sebrow and Plaintiff John Doe ("Plaintiff'). (ECF Nos. 206, 208). In response to this Court's order directing Sebrow to respond to the Motion (ECF No. 207), Sebrow filed opposition to the Motion (ECF No. 209), to which Counsel filed a reply. (ECF No. 210). Plaintiff did not respond to or oppose the Motion. The Court, having considered the papers filed in support of and in opposition to the Motion, decides the Motion without oral argument pursuant to Fed. R. Civ. P. 78, and makes the following findings:[1]

**WHEREAS**, the standards for assessing whether attorneys may be relieved of their representation of their client in a pending case are set forth in Local Civil Rule 102.1 and the Rules of Professional Conduct ("R.P.C.") 1.16, *Daniek v. Duda*, No. 15-cv-6032, 2016 WL 4435677, at *2 (D.N.J. Aug. 17, 2016);

[1] Counsel's previous motion to withdraw as counsel (ECF No. 194) was administratively terminated when the parties reached a settlement that was placed on the record. (ECF Nos. 199, 200). However, the Court subsequently permitted Counsel to renew the motion to withdraw because Sebrow would not agree to the draft settlement agreements that Counsel had prepared and which Counsel believed to reflect the parties' agreement. (ECF No. 205).

**WHEREAS**, unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court, *see* L. Civ. R. 102.1;

**WHEREAS**, no trial date has been set in this matter, *see id.* ("After a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court.");

**WHEREAS**, R.P.C. 1.16(a) provides that an attorney shall withdraw from the representation of a client if: (1) the representation will result in a violation of the R.P.C. or other law; (2) the attorney's physical or mental condition materially impairs the attorney's ability to represent the client; (3) the attorney is discharged; or (4) the client seeks to use or persists in using the attorney's services to commit or further a crime or fraud, R.P.C. 1.16(a);

**WHEREAS**, R.P.C. 1.16(b) provides that an attorney may be permitted to withdraw from representing a client where: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the attorney's services that the attorney reasonably believes is criminal or fraudulent; (3) the client has used the attorney's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the attorney considers repugnant or with which the attorney has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or (7) other good cause shown for withdrawal exists, R.P.C. 1.16(b);

**WHEREAS**, in reviewing a motion to withdraw as counsel, the Court must consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which

withdrawal will delay resolution of the case," *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993);

**WHEREAS**, the decision to permit an attorney to withdraw is within the discretion of the Court, *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (citation omitted);

**WHEREAS**, Counsel seeks to withdraw by specifically invoking R.P.C. 1.16(b)(5) (where the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled), (b)(6) (where the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client), and (b)(7) (where other good cause shown for withdrawal exists) (ECF No. 206-2 p. 6);

**WHEREAS**, Counsel argues that Sebrow's retainer payment of $20,000 was depleted as of August 2025 due to extensive research, motion practice, Court appearances, investigation, preparation, and other legal work engaged in by Counsel upon entering the case after it had already been pending for 3 1/2 years, including: (1) drafting a motion for judgment on the pleadings that was largely successful, resolved several claims in Sebrow's favor, and left only limited issues for further proceedings; (2) preparing for and engaging in settlement discussions and preparation of a settlement agreement; and (3) the overall expenditure of more than 270 hours of attorney and staff time for this case (ECF No. 206-1 pp. 2-4, 6-8; ECF No. 206-2 pp. 2-4);

**WHEREAS**, Counsel argues that Sebrow did not replenish the retainer or pay unpaid invoices, despite Counsel's repeated requests for Sebrow to do so since September 2025 and despite Counsel having extended the courtesy of providing Sebrow more time to pay the remaining balance (ECF No. 206-1 pp. 3-5; ECF No. 206-2 pp. 3, 7-8);

**WHEREAS**, Counsel argues that Sebrow has an outstanding balance owed to Counsel in the amount of $85,661.80 (ECF No. 206-1 p. 4; ECF No. 206-2 pp. 3, 7); and

**WHEREAS**, apart from Sebrow's failure to pay Counsel fees that are reasonably due and owing and that she committed to pay, Counsel also argues that Sebrow has refused to execute any of the drafts of the proposed settlement agreement provided by Counsel or to otherwise agree to consummate the settlement, even though those drafts reflect the settlement reached by the parties that was placed on the record in Court and memorialized in a transcript, and thus Counsel and Sebrow are at an impasse that "has materially affected the attorney-client relationship and the ability of counsel and client to communicate, collaborate, and proceed with the mutual trust necessary for effective representation" (ECF No. 206-2 pp. 8-9);

**WHEREAS**, Sebrow opposes the Motion because: (1) she is experiencing financial hardship because Plaintiff has allegedly: (a) filed a notice of pendency against her home, thereby blocking her efforts to access the home's equity to pay Counsel; and (b) orchestrated efforts to stifle her employment prospects; (2) she has managed to "raise" approximately $6,618 so far in a good-faith effort to pay her fees (although the Court notes that she does not state that she has *remitted* that amount to Counsel and, even if she had, it is only a small percentage of what is owed); (3) the draft settlement agreements that have been presented to her so far do not, in her opinion, reflect her understanding of what was agreed to by the parties; and (4) she would otherwise be prejudiced if required to retain new counsel at this juncture (ECF Nos. 209-1, 209-2);

**WHEREAS**, Counsel in the reply reiterates that Sebrow's opposition buttresses Counsel's arguments as to Sebrow's nonpayment of her legal bills and as to the breakdown of communication between Counsel and Sebrow (ECF No. 210);

**WHEREAS**, substantial nonpayment by a client, reasonable warnings by counsel to the client, and the prospect of continued uncompensated work by counsel – which is the precise situation presented in the instant matter – constitutes good cause for withdrawal by counsel, *see Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 84-85 (3d Cir. 2013) (reversing a

District Court's order denying an attorney's motion to withdraw, reasoning that even in the absence of the appearance of substitute counsel for the client, the client's failure to pay unpaid fees despite counsel's requests for payment presented a sufficient basis to permit withdrawal); *Liberty Mut. Ins. Co. v. Yip*, No. 20-cv-3641, 2021 WL 4206299, at *2-3 (D.N.J. Sept. 16, 2021) (granting attorney's motion to withdraw because the unpaid fees to date were substantial, and the balance would continue to grow);

**WHEREAS**, an impasse as to the client's adherence to a settlement agreement reached on the record that has materially affected the attorney-client relationship to the point where the attorney and the client can no longer collaborate – which is also the situation presented in the instant matter – constitutes good cause to permit withdrawal, *see Swift v. Pandey*, No. 13-cv-650, 2026 WL 1029420, at *7 (D.N.J. Apr. 15, 2026) (granting attorney's motion to withdraw because the client refused to comply with a settlement agreement that had been reduced to an order and ignored the attorney's efforts imploring the client to comply);

**WHEREAS**, Sebrow will not be prejudiced by the withdrawal of Counsel because this matter is effectively concluded, with the material terms of the settlement placed on the record before the undersigned such that, even if the parties cannot reach an agreement as to the specific terms of the written settlement there was enough information placed on the record to conclude that the matter is, for all intents and purposes, over. At best, Sebrow may face a motion to enforce the settlement agreement and, given that she and Counsel do not have a meeting of the minds as to language in the written settlement agreement, Counsel would be of no assistance to her in defending against such motion. Therefore, given the procedural posture of the case, the limited proceedings that may subsequently ensue, and the disconnect between Counsel and Sebrow, the Court concludes that Sebrow will not be prejudiced by Counsel's withdrawal;

**WHEREAS**, the Court concludes that the withdrawal by Counsel is appropriate and warranted under applicable R.P.C.s, will not cause prejudice to Sebrow or, for that matter, to Plaintiff, will not cause harm to the administration of justice, and will not delay resolution of the case; and for good cause shown:

**IT IS ON THIS 30th day of October, 2026 ORDERED:**

1. Counsel's Motion to Withdraw (ECF No. 206) is hereby **GRANTED**. Kemeny, Ramp & Renaud, LLC and Alexander J. Kemeny, Esq. of that firm are terminated as counsel for Defendant Sebrow.

2. Sebrow shall have until **December 7, 2026** to retain new counsel or Defendant Sebrow will be deemed to be proceeding *pro se* (self-represented) in this matter.

3. Plaintiff shall hold off on filing anything further in this matter until after December 7, 2026, to allow Sebrow to retain new counsel, if so desired.

4. Counsel shall serve a copy of this Order on Sebrow via regular mail, certified-mail-return-receipt-requested, and email, and shall file proof of the same with the Court by **November 6, 2026**.

5. The Clerk is directed to terminate the Motion at ECF No. 206, and to terminate Kemeny, Ramp & Renaud, LLC and Alexander J. Kemeny, Esq. of that firm as counsel for Defendant Sebrow on the docket.

**IT IS SO ORDERED.**

*s/ Stacey D. Adams*
**STACEY D. ADAMS**
**UNITED STATES MAGISTRATE JUDGE**